IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

         Plaintiffs,

v.

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GMBH & CO. KG,

         Defendant.

Case No.3:10CV718-WMC

**MOTION BY WAGO KONTAKTTECHNIK GMBH & CO. KG TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

  Defendant WAGO Kontakttechnik GmbH & Co. KG respectfully moves for dismissal of the Complaint with respect to WAGO Kontakttechnik GmbH & Co. KG on grounds of insufficient service of process and lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(5)-(6). In the alternative, WAGO Kontakttechnik GmbH & Co. KG hereby joins in the contemporaneously filed motion by WAGO Corporation for a more definite statement, *see* Fed. R. Civ. P. 12(e), and incorporates by reference the points and authorities presented by WAGO Corporation in support of that motion, as if fully restated herein. *See* Fed. R. Civ. P. 12(g)(2).

  Service of process with regard to WAGO Kontakttechnik GmbH & Co. KG is purported to have been made on the registered agent for WAGO Corporation, a Nevada corporation headquartered in Wisconsin, which is a separate legal entity that is also named as a Defendant in this action. WAGO Kontakttechnik GmbH & Co. KG is not WAGO Corporation but is a German limited partnership with no presence in the United States. Indeed, the Complaint alleges

that the offices of WAGO Kontakttechnik GmbH & Co. KG are located in Germany. The individual on whom the purported service of process for WAGO Kontakttechnik GmbH & Co. KG was made is not (i) its registered agent, (ii) its general partner, or (iii) a person otherwise authorized to receive service of process on behalf of WAGO Kontakttechnik GmbH & Co. KG.

As for personal jurisdiction, the Complaint contains only a conclusory allegation of personal jurisdiction, made "on information and belief," which does not satisfy Plaintiffs' obligation to establish a prima facie factual basis to support the exercise of personal jurisdiction by this Court.

## I. BACKGROUND

This civil action alleging six counts of patent infringement was commenced by Plaintiffs' filing of the Complaint on November 16, 2010. (Document 1 on the docket of this proceeding, hereinafter cited in the form "Docket 1") The Complaint was not anticipated, and Plaintiffs declined to assent to an enlargement of time to respond, except on the condition that Defendants "commit that they will use this time to investigate Rockwell Automation's claims and prepare an answer to the Complaint as opposed to preparing and filing a motion." (Cook, Decln., Attachment 1)

The Complaint incorrectly alleges that WAGO Kontakttechnik GmbH & Co. KG is a "German corporation" (Docket 1, ¶ 4), even though it is known in U.S. law that the designation "GmbH & Co. KG" on its face indicates that an entity is a limited partnership ("KG") which "has a limited liability company ('GmbH') as general partner." *Washington v. Expo Co. GmbH & Co. KG*, 2007 U.S. Dist. LEXIS 69198, *4, n.1 (E.D. Mich. 2007).

The Complaint alleges that the offices of WAGO Kontakttechnik GmbH & Co. KG are located in Germany and not in the United States.  (Docket 1, ¶ 4)  Notwithstanding the location of WAGO Kontakttechnik GmbH & Co. KG in Germany, the Complaint's allegation of personal jurisdiction over WAGO Kontakttechnik GmbH & Co. KG is limited to the following bare-bones, conclusory allegation which is made "on information and belief":

> This Court has personal jurisdiction over WAGO [Kontakttechnik] GmbH [& Co. KG] because, <u>on information and belief</u>, WAGO [Kontakttechnik] GmbH [& Co. KG] is the parent corporation of WAGO, WAGO [Kontakttechnik] GmbH [& Co. KG] engages in continuous and systematic business within this district, and/or WAGO [Kontakttechnik] GmbH [& Co. KG] has placed infringing products into the stream of commerce by selling and/or offering to sell products into this judicial district with knowledge that such products would be shipped into and/or used in this judicial district.

(Docket 1, ¶ 9, emphasis added)

The affidavit of service purports to establish that service of process was made with respect to WAGO Kontakttechnik GmbH & Co. KG on November 17, 2010.  (Docket 5)  Two nearly identical affidavits of service are included within the same submission.  (*Id.*)  The first such affidavit states that a certain Gregory S. Rinn "identified himself as the Registered Agent for Wago Kontakttechnik GmbH & Co. KG and as a person authorized to accept service of process for Wago Kontakttechnik GmbH & Co. KG."  (Docket 5 at 2)  Using the same language, the second such affidavit states that the Mr. Rinn "identified himself as the Registered Agent for Wago Corporation and as a person authorized to accept service of process for Wago Corporation."  (Docket 5 at 4)

In a sworn declaration attached hereto, Mr. Rinn states that he is the registered agent for WAGO Corporation (also named as a Defendant in this proceeding) but not for WAGO

Kontakttechnik GmbH & Co. KG.  (Rinn, Decln., ¶¶ 6-7)  Mr. Rinn also states that he did not understand at the time of service that he was being asked to accept service on behalf of WAGO Kontakttechnik GmbH & Co. KG, as well as WAGO Corporation.  (*Id.*, ¶¶ 6)  Mr. Rinn states that he is not a general partner of WAGO Kontakttechnik GmbH & Co. KG and is not an officer, director, or managing agent of WAGO Kontakttechnik GmbH & Co. KG.  (*Id.*, ¶ 7)  Mr. Rinn further states that he is not authorized to accept service of process on behalf of WAGO Kontakttechnik GmbH & Co. KG.  (*Id.*)

Public records of the State of Wisconsin corroborate Mr. Rinn.  A search for the term "WAGO" in the online database of the Wisconsin Department of Financial Institutions turns up approximately 100 entries with the letter sequence *w-a-g-o* in their name, but only one entry for a company named "WAGO."  (Cook, Decln., Attachment 2 at 3)  That entry is linked to a record showing that the "WAGO" in question is WAGO Corporation, a corporation organized in Nevada, for which Mr. Rinn is listed as the registered agent.  (*Id.*, Attachment 3).  The Wisconsin Department of Financial Institutions database does not include a listing for WAGO Kontakttechnik GmbH & Co. KG.  (*Id.*, Attachment 2)

In addition, in the alternative to this motion to dismiss, WAGO Kontakttechnik GmbH & Co. KG hereby joins in the contemporaneously filed motion by WAGO Corporation for a more definite statement and incorporates by reference the background discussion presented in support of the motion for a more definite statement, as if fully restated herein.  *See* Fed. R. Civ. P. 12(g)(2).

## II. LEGAL STANDARD

### A. Insufficient Service of Process

The Federal Rules of Civil Procedure provide that, when service of process is made on a partnership within a judicial district of the United States, service may be made by either of two methods:

> by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(1) (which is incorporated by reference into Fed. R. Civ. P. 4(h)(1)(A)) or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B).

With regard to service under state law, only Wisconsin law is potentially applicable because both the place of service and the location of this Court are in Wisconsin. Under Wisconsin law, service on a partnership is effected by serving each general partner. *See* Wis. Stat. § 801.11(6). Where, as here, a general partner is a limited liability company, service must be made "upon an officer, director or managing agent" of the limited liability company. Wis. Stat. § 801.11(5) (which is incorporated by reference into Wis. Stat. § 801.11(6)).

Plaintiffs are asserting that service upon the registered agent of WAGO Corporation is a valid substitute for service upon WAGO Kontakttechnik GmbH & Co. KG. Under Wisconsin law, however, WAGO Corporation is a "separate legal entity" from WAGO Kontakktechnik GmbH & Co. KG. *Conservatorship of Prom v. Sumitomo Rubber Industries, Ltd.*, 224 Wis. 2d

743, 760 (1999). Even if, *arguendo*, WAGO Kontakttechnik GmbH & Co. KG (a limited partnership and not a corporation) were the parent of WAGO Corporation, as Plaintiffs have alleged in the Complaint (Docket 1, ¶ 5), "the mere existence of a parent-subsidiary relationship between two corporations is not sufficient to provide a court with jurisdiction." *Id.* The dispositive question is whether the parent corporation has "control over the subsidiary corporation," and Wisconsin law answers that question in the affirmative only when the "parent controls its subsidiary to such an extent that the separate corporate identity of the subsidiary should be disregarded." *Id.* A determination to disregard the separate identity of a corporation in this context must be based on a balancing of fifteen factors:

> (1) common stock ownership, (2) overlapping directors and officers, (3) combined use of corporate offices, (4) capitalization of the subsidiary by the parent, (5) financing of the subsidiary by the parent, (6) control of the subsidiary's stock by the parent, (7) use of the subsidiary's property by the parent, (8) intercorporate loans, (9) parental incorporation of the subsidiary, (10) consolidated tax returns, (11) independent decision making by the subsidiary, (12) independent decision making by the directors of the subsidiary, (13) observance of formal corporate legal requirements, (14) contracts between the subsidiary and parent, and (15) fraud or injustice to third parties.

*Id.* at 760-61.

With regard to service under the Federal Rules, in this case, the requirements are hardly distinguishable from the requirements for service under Wisconsin law. Federal Rule 4 provides for service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

### B. Lack of Personal Jurisdiction

"A federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits," and "Wisconsin courts generally require plaintiffs to satisfy the requirements of the state's long-arm statute." *Hy Cite Corp. v. Badbusinessbureau.com*, L.L.C., 297 F. Supp. 2d 1154, 1157 (W.D. Wis. 2004). In addition, "[d]ue process requires that a nonresident defendant have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Id.* (brackets in the original) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The plaintiff has the burden of demonstrating the existence of personal jurisdiction over the defendants." *Steel Warehouse of Wisconsin, Inc. v Leach*, 154 F.3d 712, 714 (7th Cir. 1998); *see also Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Hy Cite Corp. v. Badbusinessbureau.com*, L.L.C., 297 F. Supp. 2d at 1157. If a "plaintiff has failed to meet its burden with respect to the *due process clause*, it is unnecessary to consider the requirements of the long arm statute." *Genetic Technologies Ltd. v. Interleukin Genetics Inc.*, 2010 U.S. Dist. LEXIS 82707, *4 (W.D. Wis. 2010) (emphasis in the original).

"The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a district court rules on a motion to dismiss for lack of personal jurisdiction based on the submission of written materials, the plaintiff is required only to make out a prima facie case of personal jurisdiction. *See id.*

While courts have, from time to time, permitted discovery to determine whether there is a factual basis upon which personal jurisdiction may be exercised, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d 934, 947 (7th Cir. 2000).  Conclusory allegations are insufficient "to make out a prima facie showing that exercising personal jurisdiction over defendant . . . would be appropriate." *Genetic Technologies Ltd. v. Interleukin Genetics Inc.*, 2010 U.S. Dist. LEXIS 82707, *7 (W.D. Wis. 2010).

In general, "corporate ownership alone is not sufficient for personal jurisdiction." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d at 943.

### C. Motion for a More Definite Statement

As discussed above, in the alternative to this motion to dismiss, WAGO Kontakttechnik GmbH & Co. KG hereby joins in the contemporaneously filed motion by WAGO Corporation for a more definite statement and incorporates by reference the discussion of the applicable legal standard presented in support of the motion for a more definite statement, as if fully restated herein.  *See* Fed. R. Civ. P. 12(g)(2).

### III. ARGUMENT

### A. Insufficient Service of Process

As discussed above, WAGO Kontakttechnik GmbH & Co. KG is a limited partnership which has a limited liability company as its general partner.  Plaintiffs purport to have served WAGO Kontakttechnik GmbH & Co. KG in Germantown, Wisconsin, by serving Gregory S.

Rinn, the registered agent for WAGO Corporation, which is a Nevada corporation headquartered in Wisconsin.  (Docket 5 at 1-2)  As discussed above, Mr. Rinn is neither a general partner of WAGO Kontakttechnik GmbH & Co. KG nor an officer, director or managing agent of WAGO Kontakttechnik GmbH, and he is not otherwise authorized to accept service of process on behalf of WAGO Kontakttechnik GmbH & Co. KG.  As a result, the requirements of service under neither Wisconsin law nor the Federal Rules have been satisfied.

In drafting the Complaint, Plaintiffs have taken pains to allege "[o]n information and belief, WAGO is a subsidiary of WAGO [Kontakttechnik] GmbH [& Co. KG]."  (Docket 1, ¶ 5)  Indeed, WAGO Kontakttechnik GmbH & Co. KG, a German limited partnership, is the shareholder of WAGO Corporation, a Nevada corporation headquartered in Wisconsin.  (Rinn, Decln., ¶ 3)  However, it is questionable whether a corporation can accurately be characterized as a "subsidiary" of a limited partnership, since the term "subsidiary" is generally understood to mean a corporation that is controlled by another corporation.  *See, e.g.*, *Chilmark Partners, LLC v. MTS, Inc.*, 2003 U.S. Dist. LEXIS 7077, *11 (N.D. Ill.) ("A subsidiary corporation is 'a corporation in which a parent corporation has a controlling share.'") (quoting BLACK'S LAW DICTIONARY 345 (7th ed. 1999)).

In any case, WAGO Corporation is a "separate legal entity" from WAGO Kontakktechnik GmbH & Co. KG.  *Conservatorship of Prom v. Sumitomo Rubber Industries, Ltd.*, 224 Wis 2d at 760.  Even if, *arguendo*, the relationship between WAGO Kontakttechnik GmbH & Co. KG and WAGO Corporation were treated as equivalent to a parent-subsidiary relationship, as Plaintiffs allege, "the mere existence of a parent-subsidiary relationship . . . is not sufficient to provide a court with jurisdiction."  *Id.*  The Court must determine whether the parent corporation has

sufficient "control over the subsidiary corporation" to justify disregarding the corporate form, and Wisconsin law requires such a determination to be made by a weighing of fifteen factors. *Id.* at 760-61.

Of those fifteen factors, which are set forth in cases such as *Conservatorship of Prom v. Sumitomo Rubber Industries, Ltd.*, 224 Wis. 2d at 760-61, the only factors that would potentially support a finding of control are five factors that are present in nearly every case in which a corporation's stock is owned by another entity. Those five factors by themselves cannot be dispositive; otherwise, service on a subsidiary would always be sufficient, and Wisconsin law is clear that such service on a subsidiary is not sufficient without showing that there is a justification for a court to disregard the corporate form:

- Regarding factors (1) and (6), the stock of WAGO Corporation is owned by WAGO Kontakttechnik GmbH & Co. KG. (Rinn, Decln., ¶ 3)
- Regarding factors (2) and (12), the board of directors of WAGO Corporation consists of two general managers and one employee of WAGO Kontakttechnik GmbH & Co. KG. (*Id.*, ¶ 5)
- Regarding factor (9), WAGO Corporation was initially incorporated by WAGO Kontakttechnik GmbH & Co. KG in 1979. (*Id.*, ¶ 3)

The remaining ten factors all support a determination that WAGO Corporation is a distinct legal person and is not controlled by WAGO Kontakttechnik GmbH & Co. KG "to such an extent that the separate corporate identity of the subsidiary should be disregarded." *Conservatorship of Prom v. Sumitomo Rubber Industries, Ltd.*, 224 Wis. 2d at 760. Accordingly, service on the registered agent of WAGO Corporation is insufficient to accomplish service of

process on WAGO Kontakttechnik GmbH & Co. KG:

- Regarding factors (3) and (7), WAGO Kontakttechnik GmbH & Co. KG does not share WAGO Corporation's offices or other property.  (Rinn, Decln., ¶ 2)

- Regarding factor (4), WAGO Corporation was organized in 1979 and has not received injections of capital since 1987.  (*Id.*, ¶ 3)

- Regarding factor (5), WAGO Corporation operates at a profit, selling the WAGO Kontakttechnik GmbH & Co. KG product line in the United States, and is self-financing.  (*Id.*, ¶ 3)

- Regarding factor, (8) there are no intercorporate loans between WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG.  (*Id.*, ¶ 4)

- Regarding factor (10), WAGO Corporation's tax returns are not consolidated with the tax returns of WAGO Kontakttechnik GmbH & Co. KG.  (*Id.*, ¶ 4)

- Regarding factor (11), the day-to-day operations of WAGO Corporation are managed independently of WAGO Kontakttechnik GmbH & Co. KG.  (*Id.*, ¶ 5)

- Regarding factor (13), the accounts and corporate records of WAGO Corporation are not commingled with the accounts or records of any other company.  (*Id.*, ¶ 4)

- Regarding factor (14), WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG deal with each other on an arms-length basis.  (*Id.*, ¶ 4)

- Regarding factor (15), there has been no allegation of fraud or injustice to third parties which might otherwise justify disregarding the corporate form in this case.

Thus, Plaintiffs will not be able to demonstrate that WAGO Kontakttechnik GmbH & Co. KG controls WAGO Corporation in a manner that justifies disregarding the corporate form — because it does not. The separate corporate identity of WAGO Corporation should be upheld by this Court, and service of process on the registered agent of WAGO Corporation should be deemed insufficient to accomplish service of process on WAGO Kontakttechnik & Co. KG. *See Conservatorship of Prom v. Sumitomo Rubber Industries, Ltd.*, 224 Wis. 2d at 761.

### B. Lack of Personal Jurisdiction

Plaintiffs' allegation of a factual basis for this Court's exercise of personal jurisdiction over WAGO Kontakttechnik GmbH & Co. KG is limited to the following conclusory allegation:

> This Court has personal jurisdiction over WAGO [Kontakttechnik] GmbH [& Co. KG] because, <u>on information and belief</u>, WAGO [Kontakttechnik] GmbH [& Co. KG] is the parent corporation of WAGO, WAGO [Kontakttechnik] GmbH [& Co. KG] engages in continuous and systematic business within this district, and/or WAGO [Kontakttechnik] GmbH [& Co. KG] has placed infringing products into the stream of commerce by selling and/or offering to sell products into this judicial district with knowledge that such products would be shipped into and/or used in this judicial district.

(Docket 1, ¶ 9, emphasis added) As discussed above, conclusory allegations are insufficient "to make out a prima facie showing that exercising personal jurisdiction over defendant . . . would be appropriate." *Genetic Technologies Ltd. v. Interleukin Genetics Inc.*, 2010 U.S. Dist. LEXIS 82707 at *7.

Plaintiffs have also alleged, "[o]n information and belief, WAGO is a subsidiary of WAGO [Kontakttechnik] GmbH [& Co. KG]" (Docket 1, ¶ 5); however, "corporate ownership alone is not sufficient for personal jurisdiction." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d at 943.

Thus, Plaintiffs have failed to establish a factual basis to support this Court's exercise of personal jurisdiction over WAGO Kontakttechnik GmbH & Co. KG.

As discussed above, even though courts have on occasion permitted discovery to determine whether there is a factual basis for personal jurisdiction, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d at 947.  That prima facie showing has not been made here.  Furthermore, at this juncture, with the attempted service of process on WAGO Kontakttechnik GmbH & Co. KG being insufficient to make it a party to this action, any discovery directed to WAGO Kontakttechnik GmbH & Co. KG in Germany (Docket 1, ¶ 4) would have to be accomplished through the Hague Convention process.

      C.     **Motion for a More Definite Statement**

As discussed above, in the alternative to this motion to dismiss, WAGO Kontakttechnik GmbH & Co. KG hereby joins in the contemporaneously filed motion by WAGO Corporation for a more definite statement and incorporates by reference the arguments made in support of the motion for a more definite statement, as if fully restated herein.  *See* Fed. R. Civ. P. 12(g)(2).

[The remainder of this page is intentionally left blank.  The signature page follows.]

## IV.    CONCLUSION

For the foregoing reasons, WAGO Kontakttechnik GmbH & Co. KG respectfully requests that the Complaint be dismissed as to WAGO Kontakttechnik GmbH & Co. KG for insufficient service of process and lack of personal jurisdiction.  In the alternative, WAGO Kontakttechnik GmbH & Co. KG joins in the contemporaneously filed motion by WAGO Corporation for a more definite statement and incorporates by reference the points and authorities presented in support of that motion, as if fully restated herein

Date: December 8, 2010                     Respectfully submitted,

/s/  John C. Scheller

_____
John C. Scheller (Bar No. 1031247)
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
(608) 283-2276 (voice)
(608) 283-2275 (fax)

Robert N. Cook (Virginia Bar No. 36411)[*]
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)

Counsel for Defendant
WAGO KONTAKTTECHNIK GMBH & CO. KG

---

[*] Application for admission to the Western District of Wisconsin pending.