IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and<br>ROCKWELL AUTOMATION TECHNOLOGIES, INC.,<br><br>   *Plaintiffs*,<br><br> v.<br><br>WAGO CORPORATION and<br>WAGO KONTAKTTECHNIK GmbH & CO. KG,<br><br>   *Defendants*. | Civil Action No. 10-cv-718-WMC<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR A MORE DEFINITE STATEMENT**

Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. respectfully submit this opposition to Defendants WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG's motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Docket Entry #7).

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION AND APPLICABLE LEGAL STANDARDS .............................. 1

II.  PATENT CASES, LIKE ALL OTHER CASES,
     ONLY REQUIRE NOTICE PLEADING ................................................................... 2

III. PLAINTIFFS' COMPLAINT SATISFIED RULE 8,
     AND THUS, DEFENDANTS' MOTION
     UNDER RULE 12(e) SHOULD BE DENIED .............................................................. 4

   A.  Plaintiffs Specifically Identified The Accused Products
       Unlike The Plaintiff In *Taurus IP* ...................................................................... 6

   B.  Federal Circuit Precedent And The Federal Rules
       Do Not Require An Identification Of Patent Claims In A Complaint .............. 8

IV.  CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009) .............................................. 1, 2, 2-3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 1, 2, 3

*Briley v. City of Trenton*, 164 F.R.D. 26 (D.N.J. 1995) ............................................................ 2

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................... 3, 3-4, 9

*Digital Tech. Licensing Corp. v. Sprint Nextel Corp.*,
    2008 WL 4068930 (D.N.J. Aug. 27, 2008) (Shipp, M.J.) .............................. 2, 4, 5, 10

*D&M Mill Work, Inc. v. Elite Trimworks Corp.*,
    2008 WL 5272471 (M.D. Tenn. Dec. 18, 2008) ............................................................ 8

*Dunlop-McCullen v. Local 1-S RWDSU-AFL-CIO*,
    1994 WL 478495, 1994 U.S. Dist. LEXIS 12245 (S.D.N.Y. Sep. 1, 1994) ............. 1-2

*Erickson v. Pardus*, 551 U.S. 89 (2007) ........................................................................... 3

*Etablissements Neyrpic v. Elmer C. Gardner, Inc.*,
    175 F. Supp. 355 (S.D. Tex. 1959) ................................................................................. 8

*Extreme Networks, Inc. v. Enterasys Networks, Inc.*,
    2007 U.S. Dist. LEXIS 95030 (W.D. Wis. 2007) ........................................................ 8

*FDIC v. Wise*, 758 F. Supp. 1414 (D. Colo. 1991) ................................................................ 2

*Hernandez v. City Wide Insulation of Madison, Inc.*,
    2006 WL 2690980 (W.D. Wis. Sep. 19, 2006) ......................................................... 1, 2

*Hodgson v. Regents of the Univ. of Wis.*, 16 F.R. Serv. 2d 972 (W.D. Wis. 1972) .................. 7

*Kuklachev v. Gelfman*, 600 F. Supp. 2d 437 (E.D.N.Y. 2009) .................................................. 1

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ............................ 1, 3, 4, 9, 11

*Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557 (N.D. Ill. 1994) .................................. 1, 2

*Paterson v. ABS Consulting, Inc.*, 2009 WL 1296679 (E.D. Mo. May 6, 2009) ....................... 2

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
    203 F.3d 790 (Fed. Cir. 2000) (*per curiam*) ....................................................... 3, 4, 9

*Ricoh Co., Ltd. v. Asustek Computer, Inc.*,
 481 F. Supp. 2d 954 (W.D. Wis. 2007) ....................................................................... 7

*Schultz v. Manor House of Madison, Inc.*, 51 F.R.D. 16 (W.D. Wis. 1970) ............................. 8

*Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122 (W.D. Wis. 2008)...................... 6, 8

*Vapac Music Publ'g, Inc. v. Tuff 'N' Rumble Mgmt.*,
 2000 WL 1006257, 2000 U.S. Dist. LEXIS 10027 (S.D.N.Y. July 19, 2000)............. 1

### *Statutes and Rules*

Fed. R. Civ. P. 8................................................................................................... 1, 3, 4, 11

Fed. R. Civ. P. 12(b)(2)................................................................................................. 1n

Fed. R. Civ. P. 12(b)(5)................................................................................................. 1n

Fed. R. Civ. P. 12(b)(6)............................................................................................... 3, 4

Fed. R. Civ. P. 12(e) ............................................................................... 1, 1n, 2, 3, 4, 7, 12

Fed. R. Civ. P. Appx. Form 18 (2010).................................................................. 1, 4, 5, 9, 10

### *Other Authorities*

2 *Moore's Federal Practice*, § 12.36[1] (Matthew Bender 3d ed. 2010)................................. 2

2 *Moore's Federal Practice*, § 12.36[1], [2], [3].................................................................... 8

5C Wright & Miller, *Federal Practice and Procedure: Civil 3d*,
 § 1375, p. 305 (3d ed. 2004) ........................................................................................ 3

5C Wright & Miller, *Federal Practice and Procedure: Civil 3d*,
 § 1376, p. 316 and § 1377, p. 364 (3d ed. 2004) ....................................................... 2

United States District Court for the Northern District of California,
 Patent Local Rule 3-1............................................................................................... 10

United States District Court for the District of New Jersey,
 Local Patent Rule 3.1 (contained in Local Civil Rule 9.3)......................................... 10

United States District Court for the Eastern District of Texas,
 Patent Rule 3-1......................................................................................................... 10

## I.     INTRODUCTION AND APPLICABLE LEGAL STANDARDS

Plaintiffs' Complaint more than satisfied the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as those requirements have been explained in general (*see Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), as those requirements have been applied in patent cases in particular (*see, e.g.*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007)), and as those requirements are exemplified in the sample complaint for patent infringement contained in Form 18 of the appendix to the Federal Rules of Civil Procedure.

"When a complaint satisfies Rule 8, then the Rule 12(e) motion should be denied." *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009) (citing *Vapac Music Publ'g, Inc. v. Tuff 'N' Rumble Mgmt.*, 2000 WL 1006257, *2, 2000 U.S. Dist. LEXIS 10027, *6 (S.D.N.Y. July 19, 2000)); *see also Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 561 (N.D. Ill. 1994). Defendants' motion under Rule 12(e) should be denied because Plaintiffs' Complaint met the requirements of Rule 8 by articulating the causes of action that form the basis of this lawsuit.[1]

As countless courts, including this Court, have explained, Defendants' desire for more detail is not a proper basis for a Rule 12(e) motion: "Rule 12(e) is designed to strike at unintelligibility, not lack of detail." *Hernandez v. City Wide Insulation of Madison, Inc.*, 2006 WL 2690980 at *1 (W.D. Wis. Sep. 19, 2006); *see also Kuklachev*, 600 F. Supp. 2d at 456 (quoting *Dunlop-McCullen v. Local 1-S RWDSU-AFL-CIO*, 1994 WL 478495 at *1, 1994 U.S.

---

[1]     Plaintiffs refer to the instant motion as being filed by both defendants because although only one defendant, WAGO Corporation, filed a motion for a more definite statement under Rule 12(e) (*see* Docket Entry #7), the other defendant, WAGO Kontakttechnik GmbH & Co. KG, moved in the alternative for a more definite statement as part of its motion to dismiss under Rules 12(b)(2) and 12(b)(5) (*see* Docket Entry #10 at 4, 8, 13).

Dist. LEXIS 12245 at *2 (S.D.N.Y. Sep. 1, 1994)); *Paterson v. ABS Consulting, Inc.*, 2009 WL 1296679 at *4 (E.D. Mo. May 6, 2009); *Digital Tech. Licensing Corp. v. Sprint Nextel Corp.*, 2008 WL 4068930 at *2 (D.N.J. Aug. 27, 2008) (Shipp, M.J.) (quoting *Briley v. City of Trenton,* 164 F.R.D. 26, 30 (D.N.J. 1995)); *Moore*, 869 F. Supp. at 559-60; *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991); *see generally* 2 *Moore's Federal Practice*, § 12.36[1], p. 12-121 (Matthew Bender 3d ed. 2010) (stating that Rule 12(e) is "not favored" and is "plainly designed to strike at unintelligibility rather than lack of detail").

As this Court has explained, "[a] motion under Rule 12(e) 'is proper only when the pleading to which it is addressed is so vague that it cannot be responded to.'" *Hernandez*, 2006 WL 2690980 at *1 (quoting 5C Wright & Miller, *Federal Practice and Procedure: Civil 3d*, § 1376, p. 316 and § 1377, p. 364 (3d ed. 2004)). Plaintiffs' complaint is not vague or unintelligible. Defendants' motion merely is an improper attempt to gain more time in which to answer and seeks details that are in Defendants' possession or rightfully obtained during discovery. Defendants' use of Rule 12(e) in these circumstances is improper. *See* 2 *Moore's Federal Practice*, § 12.36[1], pp. 12-121 to 12-122 (Matthew Bender 3d ed. 2010) ("Courts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery, or as a dilatory tactic to postpone filing an answer." (Footnotes omitted.)). Defendants' motion should be denied, and Plaintiffs should be awarded their costs and attorneys' fees that were incurred in opposing this motion.

II.     **PATENT CASES, LIKE ALL OTHER CASES,
        <u>ONLY REQUIRE NOTICE PLEADING</u>**

Notice pleading has been the norm for decades. In *Iqbal* and *Twombly*, the Supreme Court re-affirmed the concept of notice pleading, and explained that the notice given must include sufficient facts to demonstrate that the claim for relief "is plausible on its face." *Iqbal*,

129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Rule 12(e) cannot be used to try to gain factual information in addition to the facts that satisfy Rule 8.  *See* 5C Wright & Miller, *Federal Practice and Procedure:  Civil 3d*, § 1375, p. 305 (3d ed. 2004) (noting that Rule 12(e) cannot be used to "insist upon greater exactitude in the affirmative pleading than is required by Rule 8 ….").  If Rule 8 is satisfied, a motion under Rule 12(e) should be denied.

In patent cases, the required notice under Rule 8 is an identification of the asserted patent or patents and an identification of the accused product or products.  *See, e.g.*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).  In *McZeal*, the Federal Circuit found that the complaint satisfied the pleading requirements and denied a Rule 12(b)(6) motion because the complaint asserted ownership of the patent-at-issue, named the defendants, identified the patent that was allegedly infringed, described the means by which defendant allegedly infringed by identifying products and services by name ("[t]he technology cell phone product line called Motorola i930 'INTERNATIONAL WALKIE TALKIE' offered by the defendants" and the "MOTOROLA i930 and line of wireless VoIP products"), and pointed to specific sections of the patent law that were being invoked.  *McZeal*, 501 F.3d at 1357; *see also Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (*per curiam*) (finding complaint sufficient because it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked").

Based on the allegations in the complaint, the Federal Circuit concluded that "McZeal's complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion.  *See Conley*, 355 U.S. at 47-48, 78 S. Ct.

99; *Phonometrics*, 203 F.3d at 794.  Nothing more is required." *McZeal*, 501 F.3d at 1357.  The standard for a Rule 12(b)(6) is the same as that for a Rule 12(e) motion:  a complaint must meet the requirements of Rule 8.  As demonstrated in the following section, Plaintiffs' Complaint in this action met the requirements of Rule 8.  Defendants' Rule 12(e) motion should be denied.

### III.   PLAINTIFFS' COMPLAINT SATISFIED RULE 8, AND THUS, DEFENDANTS' MOTION UNDER RULE 12(e) SHOULD BE DENIED

Plaintiffs in this action met all the pleading requirements of *McZeal* and *Phonometrics* by asserting ownership of the patent (Docket Entry #1, Complaint ¶¶ 11, 14, 17, 20, 23 26), naming the defendants (*Id*. ¶¶ 3, 4), identifying the patents-at-issue (*Id*. ¶¶ 10, 13, 16, 19, 22, 25), identifying the accused products by name (*Id*.  ¶¶ 28, 36, 42, 50, 58, 66), and citing the relevant sections of the patent statute (*Id*.  ¶¶ 6, 28-32, 36-38, 42-46, 50-54, 58-62, 66-70).  As the Federal Circuit unequivocally stated in *McZeal*, "[n]othing more is required." *McZeal*, 501 F.3d at 1357.

But there is an even easier way to assess Plaintiffs' complaint in this action and conclude that Defendants' motion should be denied – Form 18 of the Federal Rules of Civil Procedure.

> Form 18 … of the Federal Rules of Civil Procedure provides an illustrative example of a claim for patent infringement.  Fed. R. Civ. P. Appx. Form 18.  The third paragraph provides an example, using electric motors, of the level of specificity that is sufficient under the Federal Rules for identifying the products that infringe upon the patent(s) at issue and the manner in which the products infringe ….

*Digital Tech.*, 2008 WL 4068930 at *2.  Form 18 shows that all that is required in a complaint alleging patent infringement is notice of the patent at issue – not an identification of the asserted claims – and notice of the type of products that are accused – not a listing of every possible infringing product.  *See McZeal*, 501 F.3d at 1356-57 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957), for the proposition that the "[the] illustrative forms appended to the Rules plainly

4

demonstrate [the pleading requirements]" (brackets in original); *Digital Tech.*, 2008 WL 4068930 at *2 ("Form 18 does not require that the Plaintiff specify the exact product name, model number, or manner in which the offending products infringe upon the patent(s) at issue, or the connection between the patent(s) and the exemplary products.").

Defendants' counsel is well-aware of these pleading requirements. As demonstrated by the following examples, when representing plaintiff patent owners, Defendants' counsel regularly only identifies the patent that is allegedly infringed, not the particular claims of the patent, and identifies the accused product or products, sometimes, but not always, by name and often with the caveat that the identified products are merely representative or exemplary of the accused products:

- *Nokia Corp. v. Apple Inc.*, Civil Action No. 3:10-cv-249-wmc (W.D. Wis.), Docket Entry #1 – a complaint identifying five patents (¶ 1) and asserting five counts of infringement (¶¶ 29-56) based on Apple's "making, using, selling and offering to sell … and importing for sale … *one or more products and services, including wireless communication devices such as* the Apple iPhone, Apple iPhone 3G, Apple iPhone 3GS, and Apple iPad 3G" (¶ 24) (emphasis added).

- *Lineage Power Corp. v. Synqor, Inc.*, Civil Action No. 3:08-cv-397-slc (W.D. Wis.), Docket Entry #1 – a complaint identifying five patents and asserting five counts of infringement (¶¶ 14-43) based on defendants "making, using, importing, offering to sell and/or selling power converters having lead-free solder" (¶ 16) and identifying "[a]ccused products, *such as* AcuQor, AdvancedTCA, BusQor, NiQor, PowerQor, DualQor and InQor modules" (¶ 17) (emphasis added).

5

- *Garmin Ltd. v. TomTom, Inc.*, Civil Action No. 3:06-cv-62-bbc (W.D. Wis.), Docket Entry #2 – a complaint identifying two patents (¶¶ 7, 8) and asserting two counts of infringement (¶¶ 10-19) based on TomTom Inc.'s "importing, making, using, selling, [and] offering for sale … *products that infringe*" the '956 patent and the '485 patent (¶¶ 11, 16) (emphasis added).

- *Garmin Ltd. v. TomTom, Inc.*, Civil Action No. 3:06-cv-63-bbc (W.D. Wis.), Docket Entry #2 – a complaint identifying three patents (¶¶ 7-9) and asserts three counts of infringement (¶¶ 11-25) based on TomTom Inc.'s having "made, used, imported, offered to sell and/or sold … *one or more products that infringe* Garmin's Patents" (¶ 10) (emphasis added).

In asserting that a more definite statement is needed in this action, Defendants rely heavily on *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122 (W.D. Wis. 2008). But on one hand *Taurus IP* is distinguishable from the facts of the instant case while on the other hand it, respectfully, wrongly adds a requirement nowhere found in Federal Circuit law or the Federal Rules of Civil Procedure.

### A. Plaintiffs Specifically Identified The Accused Products Unlike The Plaintiff In *Taurus IP*

One key difference between the instant case and *Taurus IP* relates to the identification of the accused products. The plaintiff in *Taurus IP* merely identified "products and/or services including, without limitation, products that are available for configuration" at six identified websites and at "internal websites and dealer portals." *Taurus IP*, 539 F. Supp. 2d at 1124-25. Plaintiff did not identify any products by name, model number, or any similar designation. The Court found this insufficient: "[i]n the context of alleged patent infringement, [notice] means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's

6

patent." *Id.* at 1127 (citing *Ricoh Co., Ltd. v. Asustek Computer, Inc.,* 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) (brackets in original)).

Plaintiffs in this action met this requirement by identifying Defendants' products known as "System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)." That there are different variations of these products that result in "200 different part numbers" (*see* Motion at 3-4) is of no moment. As even a cursory review of Defendants' catalog reveals, many of these different part numbers relate to minor design variations of the same product. (*See, e.g.*, attachment to the "Declaration of Gregory S. Rinn" (Docket Entry #9), pages 2-3 and 8-9 regarding different data transmission formats and rates, and pages 4-7 and 10-13 regarding different specifications for voltage or amperage). There is nothing to suggest that any of the various products within an overall product family, as identified in the Complaint, operate any differently from each other with respect to the claimed structures and functions in the asserted patents.[2]

At this point in the lawsuit, the detailed information related to the structure, function, and operation of the accused products – whether they are the products identified in Plaintiffs' Complaint or any other products – is in the hands of Defendants. The products are Defendants' products, and Defendants must know those products' components, structure, function, and operation. Defendants thus have sufficient information from which to answer the allegations in the complaint, and their Rule 12(e) motion should be denied. *See Hodgson v. Regents of the Univ. of Wis.*, 16 F.R. Serv. 2d 972, 974 (W.D. Wis. 1972) ("I see no reason why either

---

[2] Defendants complain about the use of the term "at least" in the identification of Defendants' accused products in the Complaint. (*See* Motion at 4, 5-6). The use of this phrase is entirely proper. Discovery may show that Defendants have additional infringing products. If so, Plaintiffs will follow all court-ordered procedures and deadlines to make such products a part of this action such as by filing an amended complaint or by supplementing discovery responses.

7

defendant, from its knowledge of its own records, payrolls, and operations, would be unable to frame a responsive pleading."); *Schultz v. Manor House of Madison, Inc.*, 51 F.R.D. 16, 17 (W.D. Wis. 1970) ("I see no reason why the defendant, from its knowledge of its own records, payrolls, and operations, would be unable to either admit or deny the allegations" in the complaint); *see also D&M Mill Work, Inc. v. Elite Trimworks Corp.*, 2008 WL 5272471 at *2 (M.D. Tenn. Dec. 18, 2008) ("If the plaintiff has stated a claim for relief and the defendant seeks more detailed information particularly within its own knowledge, the court should not grant a motion for a more definite statement.") (quoting *Moore's Federal Practice 3d*, § 12.36[1], [2], [3], pp. 12-94 through 12-97); *Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F. Supp. 355, 358 (S.D. Tex. 1959) (denying motion for more definite statement made against an amended patent infringement complaint because the allegations "concern matters within the knowledge of the moving parties, who should know whether they are making, selling or using such objects at the present time").

### B. Federal Circuit Precedent And The Federal Rules Do Not Require An Identification Of Patent Claims In A Complaint

The *Taurus IP* court concluded that the asserted claims of a patent should be identified in a complaint. *Taurus IP*, 539 F. Supp. 2d at 1127. But an identification of the asserted patent claims is not required under either Federal's Circuit precedent or the Federal Rules.

In reaching its conclusion, the *Taurus IP* court cited its own prior decision in *Extreme Networks, Inc. v. Enterasys Networks, Inc.,* 2007 U.S. Dist. LEXIS 95030, at 4-5 (W.D. Wis. 2007), for the proposition that "a party's failure to specify which claims of a patent allegedly infringe *may run up* against the same notice problems" (emphasis added). Thus, the Court was not stating a rule for all patent cases, nor could it – there is no Federal Circuit precedent or Federal Rule that requires a patent owner to identify the patent claims in its complaint.

8

The Federal Circuit's *McZeal* and *Phonometrics* decisions show that an identification of patent claims is *not* required in a complaint. *See McZeal*, 501 F.3d at 1357; *see also Phonometrics,* 203 F.3d at 794 (finding complaint sufficient because it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked").

Form 18 of the Federal Rules, entitled "Complaint for Patent Infringement," does not contain an identification of the asserted patent claims, and thus, such an identification is not required under the Federal Rules:

> (Caption—See Form 1.)
>
> 1. (Statement of Jurisdiction—See Form 7.)
>
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
>     (a) a preliminary and final injunction against the continuing infringement;
>     (b) an accounting for damages; and
>     (c) interest and costs.
>
> (Date and sign—See Form 2.)

Fed. R. Civ. P. Appx. Form 18 (2010) (italics and underlining in original); *see McZeal*, 501 F.3d at 1356-57 (citing former Form 16, now Form 18, and quoting *Conley*, 355 U.S. at 47, for the

proposition that the "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]" (brackets in original); *Digital Tech.*, 2008 WL 4068930 at *5 ("Form 18 does not include any provisions that specify the connection between the patent at issue and the allegedly infringing products …."). As is evident, Form 18 makes no mention of any particular patent claims. This is because no such identification is required.

All that is required under the Federal Rules of Civil Procedure is an identification of the accused product or products. Plaintiffs did that here, and in even more detail than required. *See* Fed. R. Civ. P. Appx. Form 18 (identifying the accused products as "electric motors"). Plaintiffs were not required to identify in the Complaint the specific claims of the patents that are infringed. That identification will come at a later point in the lawsuit. Defendants' counsel is well aware of this. (*See supra*, pp. 5-6).

Other district courts with a large number of patent infringement lawsuits on their dockets have local rules that require an identification of the asserted patent claims just before or just after the Rule 16 conference. *See, e.g.*, Patent L.R. 3-1, United States District Court for the Northern District of California (available at http://www.cand.uscourts.gov/cand/LocalRul.nsf/ fec20e529a5572f0882569b6006607e0/5e313c0b7e4cd680882573e20062dbcf/$FILE/Pat4-10.pdf); P.R. 3-1, United States District Court for the Eastern District of Texas (available at http://www.txed.uscourts.gov/Rules/LocalRules/Documents/Appendix%20M.pdf); L. Patent R. 3.1 in L. Civ. R. 9.3, United States District Court for the District of New Jersey (available at http://pacer.njd.uscourts.gov/rules/completeRules2010.pdf). The existence of these rules demonstrates that courts do not require patent complaints to contain an identification of the asserted patent claims, but rather, the identification of claims comes later in the lawsuit.

Plaintiffs provided all the information (and more) that was required under Rule 8. This is sufficient in light of the time-honored concepts of notice pleading and the use of discovery to provide details about claims and counterclaims. As the Federal Circuit noted in *McZeal*: "At this stage in the litigation, all McZeal has access to is Sprint Nextel's public statements and advertisements. From this information he has fashioned his complaint. In this case, the specifics of how Sprint Nextel's purportedly infringing device works is something to be determined through discovery." *McZeal*, 501 F.3d at 1358.

Defendants' motion should be denied because Plaintiffs gave fair notice as to the accused products and the allegations of infringement by the Defendants of each of the patents identified in the Complaint. The fact that there are many patents with many claims is of no moment; many patent infringement lawsuits involve multiple patents. (*See, e.g.*, *Nokia Corp. v. Apple Inc.*, Civil Action No. 3:10-cv-249-wmc (W.D. Wis.), Docket Entry #1 (complaint identifying five patents-in-suit)). Defendants are well-aware of the pleading requirements, yet they filed this motion. Plaintiffs should be awarded their costs and attorneys' fees incurred in responding to this motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion for a more definite statement under Rule 12(e) and award Plaintiffs their costs and attorneys' fees incurred in responding to the motion.

Dated:  December 15, 2010            /s/      John M. Hintz

                                              John M. Hintz (*admitted in W.D. Wisconsin*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  jhintz@chadbourne.com

**ATTORNEYS FOR PLAINTIFFS
ROCKWELL AUTOMATION, INC. AND
ROCKWELL AUTOMATION TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served this 15th day of December, 2010, with a copy of this document via the Court's CM/ECF system and by electronic mail on this same date.

                                                            /s/ John M. Hintz
                                                              John M. Hintz

CPAM: 3400715.4