IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

                      Plaintiffs,

v.

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GMBH & CO. KG,

                      Defendant.

Case No.3:10CV718-WMC

**REPLY BY WAGO KONTAKTTECHNIK GMBH & CO. KG TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

WAGO Kontakttechnik GmbH & Co. KG respectfully submits its reply to Plaintiffs' opposition to the motion by WAGO Kontakttechnik GmbH & Co. KG for dismissal of the Complaint as to WAGO Kontakttechnik GmbH & Co. KG on grounds of insufficient service of process and lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), (5), or, in the alternative, for a more definite statement.  *See* Fed. R. Civ. P. 12(e).

The issue of insufficient service of process arises as a result of Plaintiffs' decision not to employ service outside the United States under Federal Rule 4(f) in respect of WAGO Kontakttechnik GmbH & Co. KG, a German limited partnership.  As discussed below regarding insufficient service of process, Plaintiffs' efforts to justify their attempt to serve WAGO Kontakttechnik GmbH & Co. KG in Wisconsin are based on a misreading of the applicable law. Regarding personal jurisdiction, Plaintiffs' arguments are based on attributing the activities of

WAGO Corporation (a Nevada corporation headquartered in Wisconsin) to WAGO Kontakttechnik GmbH & Co. KG (a German limited partnership headquartered in Germany) without showing why the corporate veil should be pierced, or even which jurisdiction's law should be applied to a veil-piercing analysis.  Regarding jurisdictional discovery, Plaintiffs' request should be denied, because a *prima facie* showing of personal jurisdiction has not been made; furthermore, the jurisdictional discovery requested by Plaintiffs would amount to an end run around due process by authorizing, prior to valid service of process, the use of the Court's power to obtain discovery from a business outside the United States in order to determine whether there is a legally cognizable basis for subjecting that business to the Court's discovery power (and other powers).

## I.     BRIEF SUMMARY OF BACKGROUND

On November 17, 2010, Plaintiffs Rockwell Automation, Inc., whose offices are located in Milwaukee, Wisconsin (Complaint, Docket 1, ¶ 1), and Rockwell Automation Technologies, Inc., whose offices are located in Mayfield Heights, Ohio (Complaint, Docket 1, ¶ 2), commenced this civil action alleging six counts of patent infringement against WAGO Corporation, whose offices are located in Germantown, Wisconsin (Complaint, Docket 1, ¶ 3), and WAGO Kontakttechnik GmbH & Co. KG, whose offices are located in Minden, Germany. (Complaint, Docket 1, ¶ 4)

Incorporated in Nevada in 1979, "WAGO Corporation was established to represent the WAGO brand in the United States." (Rinn, Decln., Docket 12, ¶ 3)  While WAGO Kontakttechnik GmbH & Co. KG is the shareholder of WAGO Corporation (*see* Rinn, Decln., Docket 12, ¶ 3), Plaintiffs have not suggested that WAGO Kontakttechnik GmbH & Co. KG is a

necessary party to this action. Apart from a conclusory allegation of personal jurisdiction (*see id.*, ¶ 9; Motion, Docket 10 at 12), the Complaint does not allege that WAGO Kontakttechnik GmbH & Co. KG conducts activities in the United States. Plaintiffs' Opposition argues that WAGO Corporation's activities should be <u>attributed</u> to WAGO Kontakttechnik GmbH & Co. KG; however, Plaintiffs do not contend that WAGO Kontakttechnik GmbH & Co. KG conducts activities in the United States, other than the various activities of WAGO Corporation which Plaintiffs argue should be <u>attributed</u> to WAGO Kontakttechnik GmbH & Co. KG.

On November 19, 2010, Plaintiffs filed an affidavit of service stating that Gregory S. Rinn "identified himself as the Registered Agent for Wago Kontakttechnik GmbH & Co. KG and as a person authorized to accept service of process for Wago Kontakttechnik GmbH & Co. KG." (Mejaki, Aff., Docket 5 at 2) A similar affidavit, using the same language, states that the Mr. Rinn "identified himself as the Registered Agent for Wago Corporation and as a person authorized to accept service of process for Wago Corporation." (Mejaki, Aff., Docket 5 at 4) Mr. Rinn subsequently stated:

> At that time, I understood that I was being asked to accept service of process as the registered agent of WAGO Corporation. I was handed two copies of the materials. At that time, I thought that both copies were for WAGO Corporation, and I did not understand that the second copy was intended to effect service of process on WAGO Kontakttechnik GmbH & Co. KG.

(Rinn, Decln., Docket 12, ¶ 6) Mr. Rinn also stated:

- That he is the registered agent for WAGO Corporation but not for WAGO Kontakttechnik GmbH & Co. KG or its general partner;

- The he is not a general partner of WAGO Kontakttechnik GmbH & Co. KG or its general partner;

-3-

- That he is not an officer, director or managing agent of WAGO Kontakttechnik GmbH & Co. KG or its general partner; and

- That he has never been authorized to accept service of process on behalf of WAGO Kontakttechnik GmbH & Co. KG or its general partner.

(*See* Rinn, Decln., Docket 12, ¶ 7)

On December 8, 2010, WAGO Kontakttechnik GmbH & Co. KG moved for dismissal of the Complaint with respect to WAGO Kontakttechnik GmbH & Co. KG on grounds of insufficient service of process and lack of personal jurisdiction (Docket 10, the "Motion"). In the alternative, WAGO Kontakttechnik GmbH & Co. KG has joined in the motion by WAGO Corporation for a more definite statement.

On December 29, 2010, Plaintiffs filed a brief (Docket 15) in opposition to the Motion (the "Opposition"). This paper replies to Plaintiffs' opposition brief.

## II.  INSUFFICIENT SERVICE OF PROCESS

Authority relied on by Plaintiffs (*see* Opposition, Docket 15 at 1, 2, 3, 5, 9, 11, 12, 13, 14, 16) teaches: "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied.'" *Nuance Communications, Inc. v. Abbyy Software House*, 2010 U.S. App. LEXIS 23419, *28 (Fed. Cir. 2010) (quoting *Omni Capital International Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *see also Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir. 1993) ("notice cannot by itself validate an otherwise defective service . . . . Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself"); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)).

Having originally submitted an affidavit attesting to service on a "Registered Agent" of WAGO Kontakttechnik GmbH & Co. KG (Mejaki, Aff., Docket 5 at 2), Plaintiffs now argue that what really happened is that service was effected either

- "By personally serving the summons upon the defendant [or, more properly, its general partner] either within or without the state," Wis. Stat. § 801.11(1), as incorporated into Wis. Stat. § 801.11(6) (*see* Opposition, Docket 15 at 15),

or

- In the alternative, by leaving a copy of the service package in the office of an "officer, director or managing agent" of WAGO Kontakttechnik GmbH & Co. KG (or, more properly, its general partner) "with the person who is apparently in charge of the office." Wis. Stat. § 801.11(5)(a), as incorporated into Wis. Stat. § 801.11(6). (*See* Opposition, Docket 15 at 15)

Plaintiffs have misread the Wisconsin statutory scheme on which they rely. The opposition brief states:

> WAGO Germany asserts that the only proper way to affect service on WAGO Germany was to serve each general partner under Wis. Stat. § 801.11(6). (See Motion at 5). What WAGO Germany ignores is that § 801.11(6) allows for service to be made "in any manner prescribed in sub. (1), (2) or (5) where the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction under s. 801.05 (2) to (10)." Wis. Stat. § 801.11(6).

(Opposition, Docket 15 at 14) The language of the statute, however, is very different from Plaintiffs' characterization of the language of the statute:

> A summons shall be served <u>individually upon each general partner known to the plaintiff by service in any manner prescribed in sub. (1), (2) or (5) where the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction</u> under s. 801.05 (2) to (10) A judgment rendered under such circumstances is a binding adjudication individually against each partner so served and is a binding adjudication against the partnership as to its assets anywhere.

Wis. Stat. § 801.11(6) (emphasis added).  Thus, Wisconsin law does not, as the Opposition contends, relieve a plaintiff of the need to serve "each general partner" in cases "where the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction." (*See* Opposition, Docket 15 at 14)  To the contrary, under the Wisconsin statute applicable to service of process on partnerships:

- "A summons shall be served individually upon each general partner known to the plaintiff";

- General partners who are natural persons are to be served pursuant to Wis. Stat. § 801.11(1), general partners who are natural persons under disability are to be served pursuant to Wis. Stat. § 801.11(2), and general partners who are domestic or foreign corporations or limited liability companies are to be served pursuant to Wis. Stat. § 801.11(5); and

- The availability of such service is limited to cases in which "the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction" under Wis. Stat. §§ 801.05 (2)-(10).

Wis. Stat. § 801.11(6).

As discussed in the Motion, it is known in U.S. law that the designation "GmbH & Co. KG" on its face indicates that an entity is a limited partnership ("KG") which "has a limited liability company ('GmbH') as general partner." *Washington v. Expo Co. GmbH & Co. KG*, 2007 U.S. Dist. LEXIS 69198, *4, n.1  (E.D. Mich. 2007).  (*See* Motion, Docket 10 at 2) Plaintiffs do not dispute the fact that WAGO Kontakttechnik GmbH & Co. KG is a limited partnership, and Plaintiffs do not dispute the statement by Mr. Rinn (the person on whom service was made) that he is not a general partner of WAGO Kontakttechnik GmbH & Co. KG.  (*See* Rinn, Decln., Docket 12, ¶ 7, which is discussed in the Opposition, Docket 15 at 14)  Thus, there is no basis on which to conclude that sufficient service has been effected upon WAGO

Kontakttechnik GmbH & Co. KG under Wisconsin law.  "'Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh.'" *Bar Code Resources, v. Ameritech Information Systems, Inc.*, 229 Wis. 2d 287, 291 (Wis. App. 1999).

Just as Plaintiffs expressly contend that the Court should ignore any distinction between WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG, Plaintiffs implicitly contend that the Court should ignore the distinction between WAGO Kontakttechnik GmbH & Co. KG and its general partner.  Even assuming, *arguendo*, that such distinctions may properly be ignored as Plaintiffs urge, Plaintiffs have nonetheless failed to effect service of process on WAGO Kontakttechnik GmbH & Co. KG, either through its general partner or otherwise.

Wis. Stat. § 801.11(1) applies to service "upon a natural person"; however, Mr. Rinn, the natural person to whom the service package was handed by the process server, is not a defendant in this proceeding.  Nor is he a general partner of WAGO Kontakttechnik GmbH & Co. KG who might have been served under Wis. Stat. § 801.11(6).  (*See* Rinn, Decln., Docket 12, ¶ 7)  Wisconsin law does provide that a natural person may be served through "an agent authorized by appointment or by law to accept service of the summons for the defendant," Wis. Stat. § 801.11(1)(d); however, the term "'authorized by appointment' requires the principal to provide an agent with <u>actual express authority to accept service of summons for the principal</u>." *Mared Industries, Inc. v. Mansfield*, 277 Wis. 2d 350, 355 (2005) (emphasis added).  Mr. Rinn has "never been authorized to accept service of process on behalf of WAGO Kontakttechnik GmbH & Co. KG or its general partner."  (Rinn, Decln., Docket 12, ¶ 7)

Wis. Stat. § 801.11(5)(a) applies to service either "upon an officer, director or managing agent of the corporation or limited liability company either within or without this state" or by leaving a copy of the service package "in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Apparently recognizing that Mr. Rinn is not "an officer, director or managing agent" of either WAGO Kontakttechnik GmbH & Co. KG or its general partner (*see* Rinn, Decln., Docket 12, ¶ 7), Plaintiffs contend that they effected service by leaving a copy of the service package "in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Wis. Stat. § 801.11(5)(a)  (*See* Opposition, Docket 15 at 15-16)

To determine the sufficiency of such service under Wis. Stat. § 801.11(5)(a), two questions are considered. The first question is whether, objectively, the place of service is an appropriate "office" under the statute, and the second question is whether, subjectively, the person on whom service is made is "apparently" in charge of that office:

> (1) Objectively, was the location where the summons and complaint were presented "the office of such officer, director or managing agent"?
> (2) Subjectively, was it reasonable for the process server to conclude that the person presented with the summons and complaint was "the person who is apparently in charge of the office"?

*Bar Code Resources, v. Ameritech Information Systems, Inc.*, 229 Wis. 2d 287 at 292 (In addition, the court in *Bar Code Resources* quotes with approval the defendant's argument that "'only after the plaintiff demonstrates that the process server was present at the proper office may the court consider the process server's subjective understanding of who "appeared" to be in charge of that office.'" *Id.*).

Plaintiffs maintain that they served a person who was apparently in charge of <u>an</u> office. (*See* Opposition, Docket 15 at 15-16)  Plaintiffs do not, however, show that it was the office of an "officer, director or managing agent" of WAGO Kontakttechnik GmbH & Co. KG or (more properly) its general partner.  Wis. Stat. § 801.11(5)(a).  That deficiency is fatal to Plaintiffs' position that they have made valid service of process on WAGO Kontakttechnik GmbH & Co. KG, because it means that Plaintiffs cannot satisfy the statutory requirements of Wis. Stat. § 801.11(5)(a), as incorporated into Wis. Stat. § 801.11(6). "'Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh.'"  *Bar Code Resources, v. Ameritech Information Systems, Inc.*, 229 Wis. 2d at 291.

Plaintiffs have alleged (correctly) that WAGO Kontakttechnik GmbH & Co. KG is headquartered in Minden, Germany (*see* Complaint, Docket 1, ¶ 4), and they have not suggested that an "officer, director or managing agent" of WAGO Kontakttechnik GmbH & Co. KG or its general partner maintains an office either (i) at the WAGO Corporation facility in Germantown, Wisconsin, (ii) anywhere else in Wisconsin, or (iii) anywhere else in the United States.  (The term "managing agent" means "an agent having a general supervision of the affairs of" an entity. *See Richards v. First Union Securities, Inc.*, 290 Wis. 2d 620, 636 (2006)).

Mr. Rinn has stated that the offices of WAGO Corporation are not shared "with any other company."  (Rinn., Decln., Docket 12, ¶ 2)  Plaintiffs seek to divert the Court's inquiry, under Wis. Stat. § 801.11(5)(a), into whether the offices of WAGO Corporation qualify as a place of service on WAGO Kontakttechnik GmbH & Co. KG (or, more properly, its general partner), from an objective inquiry into a subjective inquiry.  In effect, Plaintiffs ask the Court erroneously to determine the sufficiency of service, not on the basis of whether an "officer, director or

managing agent" of WAGO Kontakttechnik GmbH & Co. KG or its general partner, <u>actually</u> maintains an office at the WAGO Corporation facility in Germantown, Wisconsin, but on the basis of whether it would have been reasonable for a process server to conclude that the office of WAGO Corporation was an office of an "officer, director or managing agent" of WAGO Kontakttechnik GmbH & Co. KG or its general partner.  (*See* Opposition, Docket 15 at 15-16)

In an attempt to support such erroneous reasoning, Plaintiffs (disregarding the corporate form) proffer Internet material which they characterize as purporting to show that WAGO Kontakttechnik GmbH & Co. KG is a single global entity with various regional offices throughout the world, including, but not limited to, a regional office under the name of WAGO Corporation, in Germantown, Wisconsin.  To the extent any material available on the Internet may, as Plaintiffs contend, characterize WAGO Corporation "as a 'branch office' of" WAGO Kontakttechnik GmbH & Co. KG, that characterization is plainly "inaccurate" unless the corporate form may properly be disregarded.  *Colida v. LG Electronics, Inc.*, 77 Fed. Appx. 523, 527 (Fed. Cir. 2003).  The requirements for disregarding the corporate form in determining the sufficiency of service of process have already been discussed in WAGO Kontakttechnik GmbH & Co. KG's motion to dismiss.  (*See* Motion, Docket 10 at 9-12)  Those requirements have not been satisfied by Plaintiffs.

Furthermore, even if *arguendo* Plaintiffs were correct in their characterization of WAGO Kontakttechnik GmbH & Co. KG as a single global entity regarding which the separate incorporation of operating companies such as WAGO Corporation should be ignored by this Court, none of the material proffered by Plaintiffs would suggest — even if Plaintiffs' characterization of the material is taken at face value — that an "officer, director or managing

agent," Wis. Stat. § 801.11(5)(a), of WAGO Kontakttechnik GmbH & Co. KG (or its general partner) maintains an office either (i) at the WAGO Corporation facility in Germantown, Wisconsin, (ii) anywhere else in Wisconsin, or (iii) anywhere else in the United States. (*See* Opposition, Docket 15 at 15-16)

As discussed above, "'Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh.'" *Bar Code Resources, v. Ameritech Information Systems, Inc.*, 229 Wis. 2d at 291. Plaintiff has not complied, strictly or otherwise, with the requirements of statutory service in respect of WAGO Kontakttechnik GmbH & Co. KG and, as a result, the Complaint should be dismissed as to WAGO Kontakttechnik GmbH & Co. KG.

### III.   PERSONAL JURISDICTION

In opposing the motion to dismiss the Complaint as to WAGO Kontakttechnik GmbH & Co. KG for lack of personal jurisdiction, Plaintiffs rely on Internet material which they characterize as purporting to show that WAGO Kontakttechnik GmbH & Co. KG should be viewed (regardless of separate corporate identities) as a single global entity with various regional offices around the world, including, but not limited to, a North American office going by the name of WAGO Corporation in Germantown, Wisconsin. (Opposition, Docket 15 at 3-14)

Two web sites are at issue. The www.wago.us website is the web site for WAGO Corporation, headquartered in Germantown, Wisconsin. (Hintz, Decln., Docket 17, ¶ 5) There is also a www.wago.com web site, which shows various worldwide locations on a map that bears the name and address of WAGO Kontakttechnik GmbH & Co. KG. (*See* Hintz, Decln., Docket 17, ¶ 3; Docket 17-1) Plaintiffs represent that the www.wago.us web site is brought up

-11-

by a click of the left mouse button on "USA" on the world map at the www.wago.com web site. (*See* Hintz, Decln., Docket 17, ¶ 4; Docket 17-2)

As a threshold matter, authority relied on by Plaintiffs (*see* Opposition, Docket 15 at 3) teaches that the proffered Internet material does not, by itself, establish minimum contacts with Wisconsin, because the material "is not directed at customers in [Wisconsin], but instead is available to all customers throughout the country who have access to the Internet. Thus, 'the ability of [Wisconsin] residents to access the defendants' websites . . . does not by itself show any persistent course of conduct by the defendants in [Wisconsin].'" *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000)); *see also Illinois v. Hemi Group LLC*, 622 F.3d 754, 759 (7th Cir. 2010) ("a website that provides only information does not create the minimum contacts necessary to establish personal jurisdiction over a defendant in a particular state"); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir. 2004) ("The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular").

Thus, the significance of the Internet material proffered by Plaintiffs is limited to whether that material — irrespective of its availability to people in Wisconsin or anywhere else — tends to "establish a factual basis to support this Court's exercise of personal jurisdiction over WAGO Kontakttechnik GmbH & Co. KG." (Motion, Document 10 at 13)  WAGO Kontakttechnik GmbH & Co. KG respectfully submits that the Internet material does not do that.

Taking Plaintiffs' characterization of their proffers at face value, the Internet material does not show contact by WAGO Kontakttechnik GmbH & Co. KG with Wisconsin. To the contrary, the Internet material, as characterized by Plaintiffs, shows that, instead of seeking business from potential U.S. and Canadian customers, WAGO Kontakttechnik GmbH & Co. KG seeks to refer such potential customers to WAGO Corporation. (*See* Hintz, Decln., Docket 17, ¶ 4; Docket 17-2)

The Opposition's recitation of the facts begins with an effort to build up the significance of what Plaintiffs characterize as a parent-subsidiary relationship between WAGO Corporation (a Nevada corporation with offices in Wisconsin) and WAGO Kontakttechnik GmbH & Co. KG (the German limited partnership that owns the shares of WAGO Corporation). (*See* Opposition, Docket 15 at 3)  Authority relied on by Plaintiffs (*see* Opposition, Docket 15 at 2, 5, 11), however, teaches that "the corporate form is not to be lightly cast aside," especially where the plaintiff urging the court to pierce the corporate veil to justify personal jurisdiction "has not presented us with any choice of law arguments as to which state's law should be applied in this case." *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998).

Finally, Plaintiffs have requested that the Court authorize discovery directed to WAGO Kontakttechnik GmbH & Co. KG (a German limited partnership headquartered in Germany) to determine if there is a factual basis for exercising personal jurisdiction. (*See* Opposition, Docket 15 at 14)  Such discovery should be denied, because Plaintiffs have failed to make "a showing that further discovery would elucidate the facts necessary to prove that the court had personal jurisdiction." *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1023 (Fed. Cir. 2009) (citing *Terracom v. Valley National Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). In

addition, by requesting discovery on personal jurisdiction before WAGO Kontakttechnik GmbH & Co. KG has been made a party to this action through legally sufficient service of process, Plaintiffs are attempting an end run around due process by asking this Court to authorize the use the Court's power to obtain discovery from a business outside the United States in order to determine whether there is a legally cognizable basis for subjecting that business to the Court's discovery power (and other powers).

## IV.  CONCLUSION

For the foregoing reasons, WAGO Kontakttechnik GmbH & Co. KG respectfully requests that the Complaint be dismissed as to WAGO Kontakttechnik GmbH & Co. KG for insufficient service of process and lack of personal jurisdiction.  In the alternative, WAGO Kontakttechnik GmbH & Co. KG joins in the motion by WAGO Corporation for a more definite statement.

Date: January 7, 2011

Respectfully submitted,

/s/  Robert N. Cook
_____
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

John C. Scheller
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
(608) 283-2276 (voice)
(608) 283-2275 (fax)

Counsel for Defendant
WAGO KONTAKTTECHNIK GMBH & CO. KG

## CERTIFICATE OF SERVICE

      I certify that on January 7, 2011, I caused the foregoing REPLY BY WAGO KONTAKTTECHNIK GMBH & CO. KG TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT to be electronically filed with the Clerk of Court using the Court's Case Management/Electronic Case Filing ("CM/ECF") System.  All parties are represented by attorneys of record registered with CM/ECF and will receive service electronically.  There is no party requiring a different form of service under the Court's electronic filing procedures.

                                                              /s/  Robert N. Cook
                                                    _____
                                                    Robert N. Cook
                                                    Whitham, Curtis, Christofferson & Cook, P.C.
                                                    11491 Sunset Hills Road, Suite 340
                                                    Reston, Virginia 20190
                                                    (703) 787-9400 (voice)
                                                    (703) 787-7557 (fax)
                                                    bob@wcc-ip.com

                                                    Counsel for Defendant
                                                    WAGO KONTAKTTECHNIK GMBH & CO. KG