**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

                         Plaintiffs,

v.

WAGO CORPORATION and
WAGO KONTAKTTECHNIK GmbH & CO. KG,

                         Defendants.

Case No. 10-CV-718-WMC

## REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), this Court's notice of telephone pretrial conference dated July 27, 2011, and this Court's "Standing Order Governing Preliminary Pretrial Conferences," counsel for all parties conducted a meeting by telephone on August 17, 2011. Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. were represented by John M. Hintz of Chadbourne & Parke LLP, and Defendants WAGO Corporation ("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") were represented by Robert N. Cook of Whitham, Curtis, Christofferson & Cook, P.C. and John C. Scheller of Michael Best & Friedrich LLP.

Scheduling Order

The parties respectfully request that the Court enter the following schedule for this action:

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Preliminary Pretrial Conference | August 24, 2011 (1:00 p.m. CDT) | |
| Deadline for Initial Disclosures Pursuant to Rule 26(a)(1) | September 9, 2011[1] | |
| Deadline for Submission of Proposed Stipulated Protective Order | September 9, 2011 | |
| Plaintiffs' Identification of no More than 30 Asserted Patent Claims | September 16, 2011 | |
| Defendants Identification of Prior Art Known to Defendants as of this Date | September 23, 2011 | |
| Parties Exchange Lists of Proposed Claim Terms for Construction | September 30, 2011 | December 2, 2011 |
| Deadline for Parties to Meet and Confer Regarding Proposed Terms for Construction and to Agree to Limit the Number of Terms | October 12, 2011 | December 16, 2011 |
| Parties Exchange Preliminary Claim Constructions and Supporting Materials | October 21, 2011 | December 30, 2011 |
| Deadline for Amending the Pleadings and/or Adding Additional Parties (absent a showing of good cause why such amendment or joinder could not have been sought earlier) | October 28, 2011 | January 6, 2012 |
| Parties File Opening Claim Construction Briefs | November 18, 2011 | January 27, 2012 |
| Parties File Responsive Claim Construction Briefs | December 21, 2011 | February 17, 2012 |

---

[1] Defendants' Proposal assumes a resolution of Defendants' outstanding Rule 12 motions (Dkts. 7, 10), including, but not limited to, WKT's motion contesting personal jurisdiction, before the end of August. If the Court anticipates ruling on the pending Rule 12 motions substantially later than that time, Defendants respectfully request that the Court adjust the proposed schedule accordingly.

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline for Parties to Meet and Confer Regarding Joint Claim Construction Chart | December 30, 2011 | March 2, 2012 |
| Deadline for Filing Joint Claim Construction Chart of Parties' Positions | January 6, 2012 | March 16, 2012 |
| Claim Construction ("Markman") Hearing (If Requested by the Court) | Week of January 16, 2012 | Week of April 9, 2012 |
| Last Day for Defendant to Identify Prior Art References | March 16, 2012 | May 18, 2012 |
| Close of Fact Discovery | April 6, 2012 | June 1, 2012 |
| Deadline for Expert Reports on All Issues Except Damages | April 27, 2012 | June 29, 2012 |
| Deadline for Responsive Expert Reports on All Issues Except Damages | May 18, 2012 | August 3, 2012 |
| Deadline for Dispositive Motions | May 25, 2012 | September 14, 2012 |
| Deadline for Expert Reports on Damages | June 1, 2012 | September 21, 2012 |
| Deadline for Oppositions to Dispositive Motions | June 8, 2012 | October 05, 2012 |
| Deadline for Replies on Dispositive Motions | June 15, 2012 | October 19, 2012 |
| Deadline for Responsive Expert Reports on Damages | June 15, 2012 | October 19, 2012 |
| Close of Expert Discovery | July 13, 2012 | November 16, 2012 |
| Rule 26(a)(3) Disclosures | September 14, 2012 | November 30, 2012 |
| Objections to Rule 26(a)(3) Disclosures; Cross-Designations of Deposition Testimony; Deadline for Motions *in Limine* | September 28, 2012 | December 21, 2012 |
| Proposed Jury Instructions and Voir Dire | October 3, 2012 | January 11, 2013 |
| Pre-Trial Conference; Hearing on Motions *in Limine* (if requested by the Court) | Week of October 8, 2012 | Week of January 14, 2013 |

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Trial | Week of October 15, 2012 | Week of January 28, 2013 |

In accordance with this Court's "Standing Order Governing Preliminary Pretrial Conferences," the parties report the following:

1) <u>A concise statement of the nature of the case</u>. This is an action for patent infringement. Plaintiffs allege that Defendants have infringed and are infringing six patents relating to technologies within the field of industrial process control. Plaintiff seeks permanent injunctive relief as well as damages for the alleged infringement. Because Defendants filed motions under Fed. R. Civ. P. 12, Defendants have not yet answered the Complaint.

2) <u>The names of any related cases</u>. There are no cases concerning the same technology described and claimed in the patents-in-suit. However, on February 17, 2011, *WAGO Verwaltungsgesellschaft mbH v. Rockwell Automation, Inc.*, Case No. 1:11-CV-756 (N.D. Ohio), was brought against Rockwell Automation, Inc., one of the Plaintiffs in the present case, by WAGO Verwaltungsgesellschaft mbH ("WVG"), which is a German limited liability company, the managing member of which also has a management role in WKT, one of the Defendants in the present case. That case is currently pending before The Honorable Christopher A. Boyko of the United States District Court for the Northern District of Ohio, Eastern Division after having been transferred from the Eastern District of Virginia pursuant to 28 U.S.C. § 1404. WVG, the plaintiff therein, is not a party hereto.

3) <u>A specific statement of the material factual and legal issues to be resolved at trial</u>.

- claim construction of the asserted claims from the patents-in-suit;
- the scope and content of the prior art;

- whether Defendants have proven by clear and convincing evidence that any of the asserted claims of any of the patents-in-suit is invalid;
- whether Plaintiffs have proven by a preponderance of the evidence that at least one claim of at least one of the patents-in-suit is infringed or has been infringed by Defendants (*see* 35 U.S.C. § 271);
- if any of the claims of any of the asserted patents is found not invalid and infringed, whether Defendants' infringement willful;
- if any of the claims of any of the asserted patents is found not invalid and infringed, the amount of damages, if any, owed to Plaintiffs by Defendants (*see* 35 U.S.C. § 284);
- whether Plaintiffs are entitled to injunctive relief; and
- whether this case is "exceptional" within the meaning of 35 U.S.C. § 285.

4) <u>A description of any amendments to the pleadings that any party intends to make</u>. Plaintiff presently have no intention of amending the pleadings. Defendants have not yet answered the Complaint.

5) <u>The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added</u>. The parties presently are unaware of any new parties that must be or should be added to this action. However, the parties might require discovery to determine whether all appropriate parties are named in this action.

6) <u>The estimated trial length</u>. Counsel for the parties estimate trial will take 10-15 days. At present, the parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7) <u>Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the court should take into account in setting the schedule</u>.  Counsel for the parties discussed, and reached agreement on, the following additional matters:

(a) <u>Email Service of Papers Not Required to Be Filed with the Court</u>.  The parties have agreed, pursuant to Fed. R. Civ. P. 5(b)(2)(F), that papers not required to be filed with the Court may be served by email; provided, however, that counsel receiving email service shall promptly acknowledge receipt by reply email and that, if such acknowledgment is not received within one business day, counsel making email service shall promptly contact counsel to be served by telephone, fax or email to arrange alternative service by fax or overnight delivery, which alternative service shall be considered timely if effected within the same business day as said contact for fax or email and within one additional business day of said contact for overnight delivery; and further provided that the three-day time period provided under Fed. R. Civ. P. 6(d) shall not apply to papers served by email.

(b) <u>Withheld Document Logs</u>.  The parties have agreed that no party shall be required to identify on its withheld document log prepared under Fed. R. Civ. P. 26(b)(5) any document or communication dated on or after the filing date of this action (*i.e.*, November 16, 2010) which, absent this provision, the party would have been obligated to identify on its withheld document log.

## **DISCOVERY PLAN**

In accordance with Rule 26(f)(3) and this Court's "Standing Order Governing Preliminary Pretrial Conferences," the parties discussed a discovery plan and respectfully propose the following:

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when <u>initial disclosures were made or will be made</u>**

The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), except as otherwise expressly provided herein. The parties' respective initial disclosures will be made on September 9, 2011.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted <u>in phases or be limited to or focused on particular issues</u>**

The parties foresee that discovery will be required on the usual issues in a patent infringement action, such as claim construction, validity, infringement (including willfulness), and damages. Plaintiffs recommend that fact discovery be completed by April 6, 2012, and that expert discovery be completed by July 13, 2012; Defendants recommend that the discovery deadlines should be June 1, 2012, and November 16, 2012, respectively. The parties do not propose that discovery should be conducted in phases or be limited to or focused on particular issues.

**(C) any issues about disclosure or discovery of electronically stored information, including <u>the form or forms in which it should be produced</u>**

Counsel for the parties are still in the process of determining the extent to which special procedures, if any, will be required for the discovery of electronically stored information and what form or forms should be used for the production of electronically stored information. In order to avoid discovery disputes, the parties have agreed to the following concerning the preservation of electronically stored information:

Each party has informed or will inform those employees it reasonably believes are likely to possess relevant electronic documents of the necessity to preserve such information and request that the identified employees refrain from deleting or destroying relevant electronic

7

documents for the pendency of this action. To the extent any party had a practice, prior to the initiation of this action, of not making backup tapes or backup copies of electronic documents or of recycling or deleting backup tapes or backup copies of electronic documents, no such party shall be required to suspend that prior practice unless and until such suspension is explicitly requested by a party and approved by the Court for good cause shown.

All electronically stored information, as well as all original paper documents or copies of paper documents, that are produced in this action, either by delivery or by making such information or documents available for inspection, shall be produced in the United States at the offices of counsel for Plaintiffs or counsel for Defendants.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order**

The parties anticipate addressing claims of privilege and the protection of trial-preparation material in a proposed stipulated protective order.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The parties believe the following limitations on discovery, some of which differ from the limits imposed under the Federal Rules of Civil Procedure, should govern this action. The parties reserve the right to seek leave of Court to amend or deviate from any of the limits on discovery noted below upon agreement of the parties or for good cause.

(1) <u>Interrogatories</u>

Each side may serve up to forty (40) interrogatories. Each "common interrogatory" – that is, an interrogatory served on both Plaintiffs or both Defendants that requests a response from each Plaintiff or each Defendant – shall count as one interrogatory. A "common

interrogatory" may be, but is not required to be, directed to both Plaintiffs or both Defendants in a single paper.

    (2)    <u>Requests for Admission</u>

Each side may serve up to sixty (60) substantive requests for admission and an unlimited number of requests for admission solely as to the authentication of documents. Each "common request for admission" – that is, a request for admission served on both Plaintiffs or both Defendants that requests a response from each Plaintiff or each Defendant – shall count as one request for admission.

    (3)    <u>Requests for Production</u>

Each party may serve an unlimited number of requests for production.

    (4)    <u>Depositions</u>

        (a)    <u>Fact and Third-Party Witnesses</u>

Each side may take depositions up to a total of two hundred fifty (250) hours of on-the-record time. The parties agree that leave of court under Rule 30(a)(2)(A)(ii) is not required for (1) the taking of a Rule 30(b)(6) deposition where the designated witness already testified on deposition in his or her individual capacity, (2) the taking of an individual's deposition where the witness already testified on deposition as a designated Rule 30(b)(6) witness, and (3) multiple Rule 30(b)(6) depositions of the same designated witness. Each deposition shall last no more than seven (7) hours; provided, however, time spent by one side on cross-examination of its own witness shall not be counted towards the seven-hour or 250-hour limits of the party noticing the deposition but shall count against the cross-examining party's 250-hour limit, and also provided that nothing herein shall preclude a witness from agreeing voluntarily to testify beyond the seven-hour limit as long as the additional time is counted against the 250-hour deposition limit of

the party asking questions during the additional time.  If a party or both parties on one side notices a deposition or serves a deposition subpoena on a third-party, a party or both parties on the other side must give written notice at least one day before the deposition if it intends to ask questions of the third-party witness at the deposition.  Thereafter, counsel for each side will cooperate in good faith to reach agreement on the amount of time that each side will have to ask questions of the third-party witness at the deposition.  If any witness whose deposition is being taken requires the services of a translator in order for the deposition to be conducted in English, the time spent at any such translated deposition will be divided in half for the purposes of calculating the seven-hour deposition time limit and the 250-hour limit; provided, however, no such witness shall be required to sit for more than seven (7) hours of deposition on a single day.

      (b)    <u>Expert Witnesses</u>

Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach agreement regarding limits on expert deposition time.

**(F) any other orders that the court should issue
under Rule 26(c) or under Rule 16(b) and (c)**

As noted above, the parties anticipate submitting a proposed stipulated protective order for the Court's approval.

Dated:  August 19, 2011                                         Respectfully submitted,

/s/  John M. Hintz                                                       /s/  Robert N. Cook

| | |
|---|---|
| John M. Hintz (admitted in W.D. Wis.) | Robert N. Cook (admitted in W.D. Wis.) |
| Paul J. Tanck (admitted in W.D. Wis.) | Whitham, Curtis, Christofferson & Cook, P.C. |
| Chadbourne & Parke LLP | 11491 Sunset Hills Road, Suite 340 |
| 30 Rockefeller Plaza | Reston, VA  20190 |
| New York, NY  10112 | Tel.:  (703) 787-9400 |
| Tel.:  (212) 408-5100 | Fax:  (703) 787-7557 |
| Fax:  (212) 230-8888 | Email:  bob@wcc-ip.com |
| Email:  jhintz@chadbourne.com | |
|       ptanck@chadbourne.com | |

| | |
|---|---|
| COUNSEL FOR PLAINTIFFS<br>ROCKWELL AUTOMATION, INC.<br>and ROCKWELL AUTOMATION<br>TECHNOLOGIES, INC. | John C. Scheller (SBN 1031247)<br>Michael Best & Friedrich LLP<br>One South Pinckney Street – Suite 700<br>Madison, WI 53703<br>Tel.: (608) 257-3501<br>Fax: (608) 283-2275<br>Email: jcscheller@michaelbest.com<br><br>COUNSEL FOR DEFENDANTS<br>WAGO CORPORATION and<br>WAGO KONTAKTTECHNIK<br>GmbH & CO. KG |