# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**John M. Hintz**
direct tel +1 212 408 1036
jhintz@chadbourne.com

September 26, 2011

**BY ECF**

The Honorable William M. Conley
Chief United States District Judge
United States District Court for the Western District of Wisconsin
120 North Henry Street, Room 320
P.O. Box 432
Madison, WI 53701-0432

Re:   *Rockwell Automation, Inc. et al. v. WAGO Corporation et al.*,
      Civil Action No. 3:10-cv-00718-wmc

Dear Chief Judge Conley:

    I am lead counsel for Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively, "Rockwell") in this action.

    On December 8, 2010, Defendants WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG (collectively, "WAGO") challenged the sufficiency of Rockwell's complaint by filing a "Motion for More Definite Statement." (Docket Entry #7 and #10). Rockwell timely filed an opposition on December 15, 2010 (Docket Entry #13). Last Friday, more than nine months after Rockwell filed its opposition, WAGO requested leave to file a reply brief. (*See* Docket Entry #24, "Motion to Permit Filing of Reply Brief on Motion for a More Definite Statement").

    WAGO's request for leave to file a reply brief should be denied.

    WAGO's belated reply brief fails to raise any new issues, arguments, or facts related to the sufficiency of Rockwell's Complaint, which is the subject of WAGO's underlying Motion for More Definite Statement. Instead, WAGO's reply brief challenges the sufficiency of Rockwell's infringement contentions that were served on September 16, 2011 pursuant to the Court's Preliminary Pretrial Conference Order. Because the sufficiency of Rockwell's <u>infringement contentions</u> has no bearing on whether Rockwell's <u>Complaint</u> satisfied the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, WAGO's request for leave to file a reply brief is unnecessary, improper, and a waste of this Court's time and resources. Accordingly, WAGO's motion for leave should be denied. WAGO's "Motion for More Definite Statement" also should be denied for the reasons set forth in Rockwell's opposition to that motion.

 New York  Washington  Los Angeles  Mexico City  São Paulo  London  Moscow  Warsaw  Kyiv  Almaty  Dubai  Beijing

In the event that the Court grants WAGO's motion for leave to file its Reply Brief, Rockwell respectfully requests permission to file a sur-reply in order to address the arguments contained therein.

Respectfully submitted,

John M. Hintz
Counsel for Plaintiffs

cc: Counsel for Defendants
(by email and ECF notice)