IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

         Plaintiffs,       OPINION AND ORDER

 v.

                       10-cv-718-wmc

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GmbH & CO. KG,

         Defendants.
---

  In this civil action, plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies (collectively, "Rockwell") allege six counts of patent infringement against WAGO Corporation and its parent WAGO Kontakttechnik GmbH & Co. KG ("WAGO Germany").[1] WAGO Germany has moved for dismissal of the complaint for insufficient service of process and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(5).

  The court finds personal jurisdiction over WAGO Germany exists pursuant to the specific jurisdiction provision of Wisconsin's long-arm statute, Wis. Stat. § 801.05(4), and that the court's exercise of such jurisdiction does not violate the due process clause of

---

[1] Defendants take issue with describing the relationship between the two defendants as that of a parent company and its subsidiary because WAGO Germany is a partnership, not a corporation. Since WAGO Germany is a partnership, describing it as a parent "corporation" is technically inaccurate, it is still accurately described for legal purposes as the "parent" entity, having incorporated WAGO Corporation and owning 100% of WAGO Corporation's shares.

the United States Constitution. As for WAGO's motion pursuant to Rule 12(b)(5), Rockwell recently filed notice of proof of service on WAGO Germany under the Hague Convention (dkt. #20), which addresses the arguments made in WAGO Germany's motion. Accordingly, the court will deny WAGO Germany's motion to dismiss.

Also pending before the court is defendants' motion for a more definite statement. Contrary to defendants' assertion, plaintiffs' allegations as to the defendants' alleged infringing products are sufficient to meet the requirements of Rule 8 and are not so "vague or ambiguous" to require repleading pursuant to Rule 12(e). Moreover, allegations concerning specific claims are not required under Rule 8, nor is this a case where such allegations are necessary for defendants to respond to the allegations. Accordingly, this motion will also be denied.

## ALLEGATIONS OF FACT[2]

Defendant WAGO Kontakttechnik GmbH & Co. KG is a German limited partnership with its principal place of business in Minden, Germany. WAGO Germany's general partner is WAGO Kontakttechnik GmbH. Defendant WAGO Corporation is organized under the laws of the state of Nevada with its principal place of business in Germantown, Wisconsin.

Plaintiffs allege that personal jurisdiction for WAGO Germany exists because:

---

[2] The court accepts as true all well-pleaded facts and allegations in the complaint, drawing all reasonable inferences in favor of the plaintiffs. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010).

> WAGO [Germany] is the parent . . . of WAGO [Corporation], WAGO [Germany] engaged in continuous and systematic business within this district, and/or WAGO [Germany] has placed infringing products into the stream of commerce and/or offer[ed] to sell products in this judicial district with knowledge that such products would be shipped into and/or used in this judicial district.

(Compl. (dkt. #1) ¶ 9.) Plaintiffs also allege that WAGO Corporation and WAGO Germany infringe plaintiff's patents by "providing and/or selling" various WAGO products to customers in this judicial district and elsewhere in the United States. (*See, e.g., id.* at ¶ 30.)

In support of the motion to dismiss, defendants submitted a declaration of Gregory S. Rinn, Vice President for WAGO Corporation. Rinn represents that "WAGO Corporation was established in Nevada in 1979 by WAGO [Germany] . . . to represent the WAGO brand in the United States." (Declaration of Gregory S. Rinn ("Rinn Decl.") (dkt # 12) ¶ 3.) Specifically, WAGO Corporation sells the WAGO product line in the United States.

While WAGO Germany owns all of WAGO Corporation's stock, Rinn represents that they are separate for both legal and practical purposes. WAGO Corporation is entirely funded by its own business operations and has not received capital from WAGO Germany since 1987. WAGO Germany and WAGO Corporation do not use the same offices. There are no patent licenses or contracts between the two entities. There are no intercorporate loans between WAGO Germany and WAGO Corporation. Tax returns are filed separately for each entity. WAGO Corporation maintains separate accounts and corporate records. And while WAGO Corporation's board of directors consists of two

general managers and one employee of WAGO Germany, Rinn represents that "WAGO Corporation manages its day-to-day operations without input from WAGO [Germany]." (*Id.* at ¶ 5.)

To rebut Rinn's representations, Rockwell submits various pages from WAGO's global website[3] and WAGO Corporation's website.[4] WAGO is described as a "group of companies that operates on the world stage with subsidiaries or agencies on all continents and production facilities" in various locations throughout the world. The WAGO Corporation website describes itself as "WAGO's North American headquarters." (Declaration of John M. Hintz ("Hintz Decl."), Ex. 6 (dkt. #17-6) 2; *see also* http://www.wago.us/company/4491.htm.)

On November 16, 2010, plaintiffs filed its complaint against defendants alleging infringement of six patents. Five of the patents are owned by plaintiff Rockwell Automation Technologies, and plaintiff Rockwell Automation, Inc. is the exclusive licensee of these patents. The sixth patent, the '974 patent, is owned by Rockwell Automation. Plaintiffs allege that WAGO Corporation and WAGO Germany have been and are now directly infringing the '090, '831, '461, '415 and the '974 patents "pursuant to 35 U.S.C. § 271(a) in the State of Wisconsin, this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling within the United States, and/or importing into the Unites States" a number of WAGO products. (Compl. (dkt. #1) ¶¶ 28, 42, 50, 58, 66.)

---

[3] http://www.wago.com/cps/rde/xchg/wago/style.xsl/gle-index.html,

[4] http://www.wago.us/

After filing the complaint, Rockwell attempted to effect service of process upon both defendants by serving Rinn. In his capacity as Vice President of WAGO Corporation, Rinn serves as the registered agent for WAGO Corporation in Wisconsin. At the time of service on November, 17, 2010, Rinn represented that he was the registered agent for both defendants, but later clarified in a declaration that he did not understand that he was being asked to accept service on behalf of WAGO Germany, as well as WAGO Corporation.

Rinn is not a registered agent for WAGO Germany; nor is he a general agent of WAGO Germany or its parent company. On July 26, 2011, Rockwell provided notice to the court that it has affected service of process on WAGO Germany under the Hague Convention.

OPINION

A.  **WAGO Germany's Motion to Dismiss for Lack of Personal Jurisdiction**

To exercise personal jurisdiction over an out of state defendant, two conditions must be established: (1) "service comporting with the requirements of the applicable jurisdiction statute" must be met; and (2) "the relevant state's long arm statute permits the assertion of jurisdiction without violating federal due process. *3D Sys., Inc., v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). In determining whether the court may exercise personal jurisdiction over an out-of-state defendant concerning a claim based on U.S. patent law, the court defers to the state's highest court's interpretation of that state's long-arm statute, but relies on Federal Circuit law when

analyzing whether exercise of personal jurisdiction on the facts would comply with federal due process. *3D Sys.*, 160 F.3d at 1377 ("[W]hen analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies."); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994) (explaining reason for applying Federal Circuit law rather than regional circuit law).

On a motion to dismiss, the plaintiffs bear the burden of establishing personal jurisdiction. *Hy Cite Corp. v. Badbusinessbureau.com, LLC*, 297 F. Supp. 2d 1154, 1157 (W.D. Wis. 2004). "When the court does not hold an evidentiary hearing, the plaintiff meets its burden by making out a prima facie case." *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006). The court resolves all factual disputes in plaintiffs' favor, and where plaintiffs' "factual allegations are not directly controverted, they are taken as true for purposes of determining jurisdiction." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (internal citations, quotation marks and alterations omitted).

1. **Wisconsin's Long-Arm Statute**

Rockwell contends personal jurisdiction is appropriate under Wisconsin's long-arm statute because (1) WAGO Germany's activities in Wisconsin, namely its business relationship with WAGO Corporation, are "substantial and not isolated" pursuant to § 801.05(1)(d); and (2) the injury at issue occurred within this state and WAGO Germany either carried on "solicitation or service activities" within Wisconsin or manufactured

products that are used or consumed in Wisconsin in the ordinary course of trade, pursuant to § 801.05(4).

Wisconsin courts "construe [§ 801.05] liberally in favor of exercising jurisdiction." *FL Hunts, LLC v. Wheeler*, 2010 WI App 10, ¶ 7, 322 Wis. 2d 738, 780 N.W.2d 529 (citing *Lincoln v. Seawright*, 104 Wis. 2d 4, 9, 310 N.W.2d 596 (1981)). Section 801.05(1)(d) is similar to the test for general jurisdiction under the due process clause, whereas § 801.05(4) mirrors specific jurisdiction. *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 957 (W.D. Wis. 2007).

WAGO Germany's principal argument is that general jurisdiction cannot be premised on its subsidiary WAGO Corporation's substantial and not isolated activities in Wisconsin, citing *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d 934, 943 (7th Cir. 2000), for the proposition that "corporate ownership alone is not sufficient for personal jurisdiction." There are some cases, however, which have found personal jurisdiction over a parent corporation "where the defendant has solicited, created, nurtured, or maintained, whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state." *Ricoh*, 481 F. Supp. 2d at 962 (quoting *Stauffacher v. Bennett*, 969 F.2d 455, 457 (7th Cir. 1992)); *see also Druschel v. Cloeren*, 2006 WI App 190, ¶ 7, 295 Wis. 2d 858, 723 N.W.2d 430 (citing *Stauffacher*); *FL Hunts, LLC v. Wheeler*, 2010 WI App 10, ¶ 13, 322 Wis. 2d 738, 780 N.W.2d 529 (same). Here, WAGO Germany's relationship with WAGO Corporation may suffice to meet the "substantial contacts" requirement, at least under this generous standard. But the court need not reach a

determination as to whether general jurisdiction exists because personal jurisdiction is plainly appropriate under Wisconsin's specific jurisdiction provision. Indeed, WAGO Germany presents little, if any, opposition to the court's exercise of specific jurisdiction over this patent infringement suit.

In patent cases, the location of the injury is "the place of the infringing sales." *Beverly Hills Fan Co.*, 21 F.3d at 1571. In its complaint, Rockwell asserts that it has suffered, and continues to suffer, harm in Wisconsin due to the infringement of the patents by WAGO Germany's conduct in making, offering for sale, selling, and/or importing certain products into Wisconsin. (*See, e.g.*, Compl. (dkt. #1) ¶ 28.) These allegations have not been disputed by WAGO Germany in its motion to dismiss and, are therefore, accepted as true for purposes of determining personal jurisdiction. *Nuance Commc'ns*, 626 F.3d at 1231. Moreover, WAGO Germany acknowledges that its products are sold by WAGO Corporation in the United States. (Rinn Decl. ¶ 3.) This is confirmed by WAGO's website, which reveals sales locations in Wisconsin. *See* http://www.wago.us/contact/grp_203.htm (listing sales locations in Central and Southern Wisconsin).[5] All of this evidence provides ample basis for the court's exercise of jurisdiction under the specific jurisdiction provision of Wisconsin's long-arm statute, § 801.05(4).

---

[5] Defendants' representations about the nature of its business on its corporate website are properly considered by the court. *Nuance Commc'ns*, 626 F.3d 1222 at 1229 (relying on parent company's representation on website that it was "an international company with 9 offices in difference countries," including the United States where the subsidiary was located).

## 2. Due Process

Having found personal jurisdiction proper under Wisconsin statute, the court must evaluate whether the exercise of personal jurisdiction in this case would comport with due process standards. The court's analysis of Wisconsin's long-arm statute informs the due process clause analysis, and there is a rebuttable presumption that federal due process requirements are also met when jurisdiction is found to be proper under § 801.05. *Druschel v. Cloeren*, 2006 WI App 190, ¶ 13, 295 Wis. 2d 8585, 723 N.W.2d 430 ("Our conclusions that [the defendant] falls within Wisconsin's long-arm statute creates a rebuttable presumption that federal due process is also satisfied.").

To determine if specific jurisdiction exists, the Federal Circuit has developed a three prong test: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns*, 626 F.3d at 1231. Plaintiff bears the burden by establishing a prima facie case that the first two elements exist, whereas defendant bears the burden of establishing "a compelling case" that the exercise of jurisdiction would be unreasonable under the circumstances. *Id*.

WAGO Germany may meet the first element of this test under the United States Supreme Court's stream of commerce theory. A defendant may "purposefully avail itself of a forum by 'deliver[ing] its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [s]tate.'" *Nuance Commc'ns*, 626 F.3d at 1233 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). "Marketing through a distributor" is an example of purposeful direction.

9

*Nuance Commc'ns*, 626 F.3d at 1233 (citing *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 580 U.S. 102, 107 (1987)); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-67 (Fed. Cir. 1994) (finding personal jurisdiction where manufacturer purposely shipped products through an established distribution channel with the expectation that those products would be sold in the forum).

WAGO Germany does not deny placing the allegedly infringing products into the stream of commerce, nor that those products end up in Wisconsin. Furthermore, based on its claim to be a world-wide brand composed of representative companies, with its "North American headquarters" in Wisconsin, it has arguably taken further action directed at this forum as contemplated by the Supreme Court in *Asahi*. As for the second prong of the test, plaintiffs specifically allege injury caused by the sales of infringing products in Wisconsin.

As WAGO Germany has not raised a reasonableness or fairness objection to the exercise of personal jurisdiction, the court need not address this issue. In any event, exercise of personal jurisdiction over WAGO Germany would not be unreasonable under the circumstances of this case. In recognizing WAGO Corporation as its representative in the United States, with its headquarters in Wisconsin, WAGO Germany could, or should have, reasonably anticipated that it may be haled into court here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (focus of fairness factor is on whether the defendant "reasonably anticipate[s] being haled into court there"); *see also Nuance Commc'ns*, 626 F.3d at 1231 ("[T]he third factor applies only sparingly.").

## B. Defendants' Motion for More Definite Statement

Defendants seek a court order for a more definite statement, but wisely do not argue that plaintiffs have failed to meet the pleading requirements of Fed. R. Civ. P. 8. In a case following *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Federal Circuit reiterated its holding that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

Patent plaintiffs are only required to plead which of defendants' products allegedly infringe plaintiffs' patents. Here, plaintiffs identified defendants' products by specific names -- e.g., "WAGO-I/O-System 750," "I/O-IPC," etc. (*See, e.g.*, Compl. (dkt. #1) ¶ 28.) Although these product names may encompass various product configurations, plaintiffs have adequately identified the products for Rule 8 purposes, and defendants have not explained why plaintiffs' pleadings -- both as to the alleged infringing products and implicated claims -- are so "vague or ambiguous that [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

As a rule, the court discourages these sort of motions. *Cf. Eagle Cove Camp & Conference Center Inc. v. Town of Woodboro*, No. 10-cv-118-wmc, slip op. at 19 (W.D. Wis. Mar. 24, 2011). Except in an extreme case where defendants have reason to believe the plaintiff *cannot* replead with greater specificity, a preferable solution, and one that does not involve judicial resources, is for defendants to serve interrogatories seeking information as to which claims and which specific configurations of WAGO products are

implicated in plaintiffs' patent infringement claims. The parties need not involve the court unless plaintiffs refuse to respond to reasonable discovery requests.[6]

ORDER

IT IS ORDERED that:

1) defendant WAGO Germany's motion to dismiss for lack of personal jurisdiction (dkt. #10) is DENIED;

2) defendant WAGO Germany's motion to dismiss for lack of service of process (dkt. #10) is DENIED AS MOOT;

3) defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (dkt.#7) is DENIED; and

4) defendant WAGO Corporation's motion for leave to file a reply brief in support of its motion for a more definite statement (dkt. #24) is DENIED.

Entered this 28th day of September, 2011.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[6] Recently WAGO Corporation sought leave of this court to file a reply brief on its motion for a more definite statement, arguing that Rockwell's infringement contention interrogatories "do not identify a WAGO product for each claim contended by plaintiffs as being infringed." (WAGO Corporation's Mot. for Leave to File Reply (dkt. #24) 1.) The court denies the motion. WAGO's concerns may be addressed in a properly-filed motion to compel.