# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

                           Plaintiffs,

v.

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GMBH & CO. KG,

                           Defendant.

Case No. 3:10CV718-WMC

## ANSWER AND AFFIRMATIVE DEFENSES OF WAGO CORPORATION AND WAGO KONTAKTTECHNIK GMBH & CO. KG

Defendants WAGO Corporation ("**WCP**") and WAGO Kontakttechnik GmbH & Co. KG ("**WKT**") generally deny all of the averments of the Complaint (Dkt. 1) except to the extent designated averments or paragraphs are expressly admitted in this Answer and Affirmative Defenses.

## THE PARTIES

1.      On information and belief, WCP and WKT admit the allegations of paragraph 1 of the Complaint.

2.      On information and belief, WCP and WKT admit the allegations of paragraph 2 of the Complaint.

3.      WCP is organized under the laws of the State of Nevada and therefore denies that it is organized under the laws of the State of Wisconsin; otherwise, WCP and WKT admit the allegations of paragraph 3 of the Complaint.

4. WCP and WKT deny that the U.S. legal term "corporation" appropriately characterizes the form of business organization of WAGO Kontakttechnik GmbH & Co. KG, which is organized under German law in a form that is more accurately characterized as a limited partnership; otherwise, WCP and WKT admit the allegations of paragraph 4 of the Complaint.

5. WCP and WKT deny that the term "subsidiary" accurately characterizes WCP's relationship to WKT; however, WKT does own 100% of the outstanding stock of WCP.

**NATURE OF THE ACTION, JURISDICTION, AND VENUE**

6. Paragraph 6 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response, and on that basis WCP and WKT deny the same.

7. Paragraph 7 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response, and on that basis WCP and WKT deny the same.

8. Paragraph 8 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response, and on that basis WCP and WKT deny the same.

9. Paragraph 9 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response, and on that basis WCP and WKT deny the same.

**THE PATENTS-IN-SUIT**

**U.S. Patent No. 6,745,090**

10. On information and belief, WCP and WKT admit the allegations of paragraph 10 of the Complaint.

11. On information and belief, the assignee of record of U.S. Patent No. 6,745,090 is Rockwell Automation Technologies, LLC, 1049 Camino Dos Rios, Thousand Oaks, California 91360; accordingly, WCP and WKT deny the allegations of paragraph 11 of the Complaint.

12. WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and on that basis WCP and WKT deny the same.

**U.S. Patent No. 6,745,232**

13. On information and belief, WCP and WKT admit the allegations of paragraph 13 of the Complaint.

14. On information and belief, the assignee of record of U.S. Patent No. 6,745,232 is Rockwell Automation Technologies, LLC, 1049 Camino Dos Rios, Thousand Oaks, California 91360; accordingly, WCP and WKT deny the allegations of paragraph 14 of the Complaint.

15. WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 15 of the Complaint, and on that basis WCP and WKT deny the same.

**U.S. Patent No. 6,801,813**

16. On information and belief, WCP and WKT admit the allegations of paragraph 16 of the Complaint.

17. WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 17 of the Complaint, and on that basis WCP and WKT deny the same.

18. WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 18 of the Complaint, and on that basis WCP and WKT deny the same.

**U.S. Patent No. 7,058,461**

19. On information and belief, WCP and WKT admit the allegations of paragraph 19 of the Complaint.

20. WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 20 of the Complaint, and on that basis WCP and WKT deny the same.

21.     WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 21 of the Complaint, and on that basis WCP and WKT deny the same.

**U.S. Patent No. 7,065,415**

22.     On information and belief, WCP and WKT admit the allegations of paragraph 22 of the Complaint.

23.     WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 23 of the Complaint, and on that basis WCP and WKT deny the same.

24.     WCP and WKT do not have sufficient information to admit or deny the allegations of paragraph 24 of the Complaint, and on that basis WCP and WKT deny the same.

**U.S. Patent No. 7,123,974**

25.     On information and belief, WCP and WKT admit the allegations of paragraph 25 of the Complaint.

26.     On information and belief, the assignee of record of U.S. Patent No. 7,123,974 is Rockwell Software Inc., 1201 South 2nd Street, West Allis, Wisconsin 53204; accordingly, WCP and WKT deny the allegations of paragraph 26 of the Complaint.

**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,745,090**

27.     Paragraph 27 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response; notwithstanding, WCP incorporates its foregoing responses to paragraphs 1-12 of the Complaint by reference as if fully restated herein.

28.     WCP and WKT deny the allegations of paragraph 28 of the Complaint.

29.     WCP and WKT deny the allegations of paragraph 29 of the Complaint.

30.     WCP and WKT deny the allegations of paragraph 30 of the Complaint.

31.     WCP and WKT deny the allegations of paragraph 31 of the Complaint

32. WCP and WKT deny the allegations of paragraph 32 of the Complaint.

33. WCP and WKT deny the allegations of paragraph 33 of the Complaint.

34. WCP and WKT deny the allegations of paragraph 34 of the Complaint.

**COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,745,232**

35. Paragraph 27 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response; notwithstanding, WCP incorporates its foregoing responses to paragraphs 1-9 and 13-15 of the Complaint by reference as if fully restated herein.

36. WCP and WKT deny the allegations of paragraph 36 of the Complaint.

37. WCP and WKT deny the allegations of paragraph 37 of the Complaint.

38. WCP and WKT deny the allegations of paragraph 38 of the Complaint.

39. WCP and WKT deny the allegations of paragraph 39 of the Complaint

40. WCP and WKT deny the allegations of paragraph 40 of the Complaint.

**COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,801,813**

41. Paragraph 27 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response; notwithstanding, WCP incorporates its foregoing responses to paragraphs 1-9 and 16-18 of the Complaint by reference as if fully restated herein.

42. WCP and WKT deny the allegations of paragraph 42 of the Complaint.

43. WCP and WKT deny the allegations of paragraph 43 of the Complaint.

44. WCP and WKT deny the allegations of paragraph 44 of the Complaint.

45. WCP and WKT deny the allegations of paragraph 45 of the Complaint

46. WCP and WKT deny the allegations of paragraph 46 of the Complaint.

47. WCP and WKT deny the allegations of paragraph 47 of the Complaint.

48. WCP and WKT deny the allegations of paragraph 48 of the Complaint.

**COUNT IV – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,058,461**

49. Paragraph 49 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response; notwithstanding, WCP incorporates its foregoing responses to paragraphs 1-9 and 19-21 of the Complaint by reference as if fully restated herein.

50. WCP and WKT deny the allegations of paragraph 50 of the Complaint.

51. WCP and WKT deny the allegations of paragraph 51 of the Complaint.

52. WCP and WKT deny the allegations of paragraph 52 of the Complaint.

53. WCP and WKT deny the allegations of paragraph 53 of the Complaint.

54. WCP and WKT deny the allegations of paragraph 54 of the Complaint.

55. WCP and WKT deny the allegations of paragraph 55 of the Complaint.

56. WCP and WKT deny the allegations of paragraph 56 of the Complaint.

**COUNT V – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,065,415**

57. Paragraph 57 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response; notwithstanding, WCP incorporates its foregoing responses to paragraphs 1-9 and 22-24 of the Complaint by reference as if fully restated herein.

58. WCP and WKT deny the allegations of paragraph 58 of the Complaint.

59. WCP and WKT deny the allegations of paragraph 59 of the Complaint.

60. WCP and WKT deny the allegations of paragraph 60 of the Complaint.

61. WCP and WKT deny the allegations of paragraph 61 of the Complaint.

62. WCP and WKT deny the allegations of paragraph 62 of the Complaint.

63. WCP and WKT deny the allegations of paragraph 53 of the Complaint.

64. WCP and WKT deny the allegations of paragraph 64 of the Complaint.

## COUNT VI – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,123,974

65. Paragraph 65 of the Complaint consists of legal averments to which WCP and WKT are not required to make a response; notwithstanding, WCP incorporates its foregoing responses to paragraphs 1-9 and 25-26 of the Complaint by reference as if fully restated herein.

66. WCP and WKT deny the allegations of paragraph 66 of the Complaint.

67. WCP and WKT deny the allegations of paragraph 67 of the Complaint.

68. WCP and WKT deny the allegations of paragraph 68 of the Complaint.

69. WCP and WKT deny the allegations of paragraph 69 of the Complaint.

70. WCP and WKT deny the allegations of paragraph 70 of the Complaint.

71. WCP and WKT deny the allegations of paragraph 71 of the Complaint.

72. WCP and WKT deny the allegations of paragraph 72 of the Complaint.

## GENERAL DENIAL

73. WCP generally denies all of the averments of the Complaint except to the extent designated averments or paragraphs are expressly admitted in this Answer and Affirmative Defenses.

## DEFENSES AND AFFIRMATIVE DEFENSES

### Patent Invalidity

1. U.S. Patent No. 6,745,090 is invalid and unenforceable under Title 35, United States Code, including, but not limited to, Sections 101, 102, 103 and 112 thereof.

2. U.S. Patent No. 6,745,232 is invalid and unenforceable under Title 35, United States Code, including, but not limited to, Sections 101, 102, 103 and 112 thereof.

3. U.S. Patent No. 6,801,813 is invalid and unenforceable under Title 35, United States Code, including, but not limited to, Sections 101, 102, 103 and 112 thereof.

4. U.S. Patent No. 7,058,461 is invalid and unenforceable under Title 35, United States Code, including, but not limited to, Sections 101, 102, 103 and 112 thereof.

5. U.S. Patent No. 7,065,415 is invalid and unenforceable under Title 35, United States Code, including, but not limited to, Sections 101, 102, 103 and 112 thereof.

6. U.S. Patent No. 7,123,974 is invalid and unenforceable under Title 35, United States Code, including, but not limited to, Sections 101, 102, 103 and 112 thereof.

**Non-Infringement**

7. U.S. Patent No. 6,745,090 is not infringed by Defendants' products, including, but not limited to, the "WAGO-I/O-System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)" products identified in the Complaint.

8. U.S. Patent No. 6,745,232 is not infringed by Defendants' products, including, but not limited to, the "WAGO-I/O-System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)" products identified in the Complaint.

9. U.S. Patent No. 6,801,813 is not infringed by Defendants' products, including, but not limited to, the "WAGO-I/O-System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)" products identified in the Complaint.

10. U.S. Patent No. 7,058,461 is not infringed by Defendants' products, including, but not limited to, the "WAGO-I/O-System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)" products identified in the Complaint.

11. U.S. Patent No. 7,065,415 is not infringed by Defendants' products, including, but not limited to, the "WAGO-I/O-System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)" products identified in the Complaint.

12. U.S. Patent No. 7,123,974 is not infringed by Defendants' products, including, but not limited to, the "WAGO-I/O-System 750," "I/O-IPC," "WAGO-I/O-IPC," "WAGO-I/O-IPC-G2," and "WAGO-I/O-IPC (Series 758)" products identified in the Complaint.

**Other Defenses**

13. The Court lacks personal jurisdiction over at least one of the Defendants.

14. The Complaint fails to state a claim upon which relief can be granted.

15. Plaintiffs have failed to join one or more parties under Federal Rule of Civil Procedure 19.

16. Compensatory damages, if any, are limited by Plaintiffs' failure to mark their products with patent notices in accordance with 35 U.S.C. § 287.

17. Plaintiffs' patent infringement claims are barred by the doctrines of laches, acquiescence, unclean hands, or other legal or equitable doctrines.

18. Each of the Patents in Suit includes at least one invalid claim that has not been disclaimed in accordance with 35 U.S.C. § 288; accordingly, Plaintiffs are not eligible to seek recovery of their costs in this action.

19. Plaintiffs' allegations of patent infringement are without merit, and this is an exceptional case such that an award to Defendants of costs and attorneys' fees under 35 U.S.C. § 285 is warranted.

20. Defendants avail themselves of each and every defense, in law or in equity, which becomes available or is identified throughout the course of discovery.

# JURY DEMAND

Trial by jury is respectfully demanded on all issues triable to a jury in this matter.

Date: October 12, 2011

Respectfully submitted,

/s/ Robert N. Cook

_____
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

John C. Scheller
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
(608) 283-2276 (voice)
(608) 283-2275 (fax)
jcscheller@michaelbest.com

Counsel for Defendants
WAGO CORPORATION and
WAGO KONTAKTTECHNIK GMBH & CO. KG

**CERTIFICATE OF SERVICE**

I certify that on October 12, 2011, I caused the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF WAGO CORPORATION AND WAGO KONTAKTTECHNIK GMBH & CO. KG to be electronically filed with the Clerk of Court using the Court's Case Management/Electronic Case Filing ("CM/ECF") System. All parties are represented by at least one attorney of record registered with CM/ECF and will receive service electronically. There is no party requiring a different form of service under this Court's electronic filing procedures.

/s/ Robert N. Cook
_____
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com