# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., and ROCKWELL AUTOMATION TECHNOLOGIES, INC.,<br>    Plaintiffs,<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GmbH & CO. KG,<br>    Defendants. | Case No. 10-cv-718 |

## DECLARATION OF DR. NORBERT HATKE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

I, Dr. Norbert Hatke, make this declaration in lieu of an affidavit pursuant to 28 U.S.C. § 1746:

1. My name is Dr. Norbert Hatke. I am a physicist and employed by WAGO Kontakttechnik GmbH & Co. KG as patent engineer in the legal department responsible for the "Automation" section. I report to the general head of the legal department, General Legal Counsel, Jens Adler. I have worked for more than seven years in areas related to technical aspects of patent matters.

2. WAGO Kontakttechnik GmbH & Co. KG is a German entity residing in Minden, Germany. I reside at Niedersachsenstrasse 10, 49205 Hasbergen, Germany.

3. I have personal knowledge of the facts herein, and I make this declaration in opposition to Plaintiffs' Motion to Compel.

4. I have carefully studied the patents in suit, namely US 6,745,090, US 6,745,232, US 6,801,813, US 7,058,461, US 7,065,415 and US 7,123,974, and the related prior art. Due to

my technical knowledge and education, I understand the claims asserted against Defendants. I have discussed the issues in detail with the technical staff of my employer, WAGO Kontakttechnik GmbH & Co. KG.

5. I understand that Plaintiffs filed a motion to compel against WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG (collectively, "Defendants") to force the production of certain documents responsive to Plaintiffs' Document Requests.

6. In responding to Plaintiffs document requests, I conducted or oversaw a systematic search of the company's central file system for responsive documents, but individual files were not searched because such a search could violate the German Federal Data Security Act.

7. I have conducted or overseen the search with due diligence, and I estimate that I have spent at least 45 full working days on matters related to this lawsuit.

8. Efforts are underway to have certain individuals who worked on the products at issue search their own files for responsive documents in accordance with the German Federal Data Security Act.

9. I understand that Plaintiffs also seek to compel the production of the following documents:

> Request No. 11: All documents and things related to the conception, design, research, development, and/or programming of Defendants' Accused Instrumentalities, including but not limited to sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, reports or the like.
>
> Request No. 12: Documents and things sufficient to identify all persons who participated in the design, development, or programming of Defendants' Accused Instrumentalities.
>
> Request No. 13: All documents and things related to any study, analysis, reverse engineering, and/or copying of Plaintiffs' products or the subject matter claimed in the Patents-In-Suit.

> Request No. 14: All documents and things referring or relating to all design proposals and design alternatives considered or known by Defendants for Defendants' Accused Instrumentalities.

10. With respect to Request No. 11, I instructed and supervised Mr. Werner Kositzke to search for sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, or reports related to the Programmable Logic Controller series 750. I also instructed and supervised Mr. Florian Reckmann to search for sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, or reports related to the series 758 and Mr. Stefan Zudse for similar documents related to the series 767.

11. The search produced different firmware releases, RunTime Software, CoDeSys software, documents, requirement and functional specifications, reports on hardware measures, and drawings and documentation from Kontron.

12. The documents, firmware, and CoDeSys software and documentation have been produced. The firmware releases, including operating and runtime systems, are in the process of being produced.

13. With respect to Request No. 12, I searched for documents that identify the people who participated in the design, development, or programming of products at issue in WAGO's central database.

14. We are in the process of producing a list of individuals for the relevant products.

15. With respect to Request No. 13, there is no indication that WAGO reverse engineered the products at issue or otherwise studied, analyzed, or copied Plaintiffs' products.

16. With respect to Request No. 14, there is no indication that any design proposals or alternatives related to the products at issue in this case exist.

17. I understand that Plaintiffs also seek to compel the production of the following documents, which purportedly relate to the deposition of Sven Hohorst:

3

Request No. 21: Documents sufficient to show the manner of distribution of Defendants' Accused Instrumentalities in the United States.

Request No. 28: All documents and things referring or relating to licenses to which either or both Defendants are a party for technology in the field of the Patents-In-Suit or Defendants' Accused Instrumentalities.

Request No. 31: All agreements or negotiations for agreements concerning the manufacture, use, license, or sale of Defendants' Accused Instrumentalities.

Request No. 32: All agreements or negotiations for agreements between Defendants concerning transfer pricing for Defendants' Accused

18. With respect to Request No. 21, if these documents exist, they would be found at WAGO Corporation.

19. With respect to Request No. 28, I understand that Mr. Jens Adler, General Legal Counsel, searched software license agreements for third party intellectual property. I understand that we are still in the process of reviewing these agreements for possible production.

20. With respect to Request No. 31, I understand that Mr. Jens Adler, General Legal Counsel, searched for agreements or negotiations regarding the manufacture, use, license, or sale of the relevant products. I understand that we are still in the process to manually search for relevant agreements and negotiations in different locations and of reviewing any agreement for possible production.

21. With respect to Request No. 32, it is my understanding that transfer prices are negotiated manually between general management for WAGO Kontakttechnik and WAGO Corporation. As such, I do not believe such documents exist, and if these documents exist, I believe they would be found at WAGO Corporation.

22. I understand that to date, WAGO Kontakttechnik has produced over 20,000 pages to Plaintiffs in response to Plaintiffs' document requests.

I declare under penalty of perjury that the foregoing is true and correct.

4

Executed on April 11, 2012.

                                                                 _s/ Dr. Norbert Hatke _____
                                                                 Dr. Norbert Hatke