IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., and ROCKWELL AUTOMATION TECHNOLOGIES, INC., <br>           Plaintiffs, <br><br> v. <br><br> WAGO CORPORATION and WAGO KONTAKTTECHNIK GmbH & CO. KG, <br>           Defendants. | Case No. 10-cv-718 |

DECLARATION OF GREGORY S. RINN IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL

I, Gregory S. Rinn, make this declaration in lieu of an affidavit pursuant to 28 U.S.C. 1746:

1.  My name is Gregory S. Rinn. I am employed by WAGO Corporation as Vice President of Finance and Operations.  I have personal knowledge of the facts herein, and I make this declaration in opposition to Plaintiffs' Motion to Compel.

2.  I understand that Plaintiffs filed a motion to compel against WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG (collectively, "Defendants") to force the production of certain documents.

3.  I understand that Plaintiffs seek to compel the production of unknown "correspondence and emails."  I also understand that Plaintiffs claim that Defendants were not diligent in searching individuals' computers and emails.

4.  I received and reviewed a copy of the two document requests served by Plaintiffs, dated September 7, 2011 and September 30, 2011.  Document Requests 35, 65–74 generally request communications between Defendants and other entities regarding the "Patents-In-Suit."

5. In response to these requests, I instructed and supervised Lisa Radtke, IT Manager, to perform searches for responsive emails. In searching for these emails, I directed Ms. Radtke to search the emails of: Tom Artmann, President; Mark DeCramer, Product Support Manager - Automation; Gregory S. Rinn, Vice President of Finance and Operations; Dean Norton, Vice President of Marketing; and Toby Thomann; Vice President of Sales. I understand she searched these individuals' email accounts for emails referring to the various patents at issue in this lawsuit, *e.g.*, "6,745,090" or "090 patent" or "090," and for emails referring to the various entities that Plaintiff's discovery requests referenced, *i.e*, Microsoft Corporation.

6. I understand that these searches showed there were no communications regarding the Patents-In-Suit.

7. I understand that Plaintiffs also seek to compel the production of the following documents:

> Request No. 11: All documents and things related to the conception, design, research, development, and/or programming of Defendants' Accused Instrumentalities, including but not limited to sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, reports or the like.
>
> Request No. 12: Documents and things sufficient to identify all persons who participated in the design, development, or programming of Defendants' Accused Instrumentalities.
>
> Request No. 13: All documents and things related to any study, analysis, reverse engineering, and/or copying of Plaintiffs' products or the subject matter claimed in the Patents-In-Suit.
>
> Request No. 14: All documents and things referring or relating to all design proposals and design alternatives considered or known by Defendants for Defendants' Accused Instrumentalities.

8. Because WAGO Corporation did not develop the relevant products, I understand that WAGO Corporation does not have documents responsive to these requests in its possession, custody, or control.

2

9.     I understand that Plaintiffs also seek to compel the production of the following documents, which purportedly relate to the deposition of Sven Hohorst:

Request No. 21: Documents sufficient to show the manner of distribution of Defendants' Accused Instrumentalities in the United States.

Request No. 28: All documents and things referring or relating to licenses to which either or both Defendants are a party for technology in the field of the Patents-In-Suit or Defendants' Accused Instrumentalities.

Request No. 31: All agreements or negotiations for agreements concerning the manufacture, use, license, or sale of Defendants' Accused Instrumentalities.

Request No. 32: All agreements or negotiations for agreements between Defendants concerning transfer pricing for Defendants' Accused

10. With respect to Request No. 21, I am unable to determine what documents would show WAGO Corporation's "manner of distribution" because that phrase is ambiguous. WAGO Corporation sells its products to its customers.

11.    With respect to Request No. 28, because WAGO Corporation did not develop the relevant products, I understand that WAGO Corporation does not have documents responsive to this request in its possession, custody, or control.

12.    With respect to Request No. 31, it is my understanding that WAGO Corporation has no such agreements.

13.    With respect to Request No. 32, it is my understanding that WAGO Corporation has no such agreements.

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 11, 2012.

                                                  s/ Gregory S. Rinn_____
                                                  Gregory S. Rinn