**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION TECHNOLOGIES, INC.,

       Plaintiffs,

v.

WAGO CORPORATION and
WAGO KONTAKTTECHNIK GmbH & CO. KG,

      Defendants.

Case No. 10-CV-718-WMC

**PLAINTIFFS ROCKWELL AUTOMATION, INC. AND
ROCKWELL AUTOMATION TECHNOLOGIES, INC.'S
<u>SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS</u>**

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the definitions and instructions that follow, plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. ("Plaintiffs") request that defendants WAGO Corporation and WAGO Kontakttechnik GmbH & CO. KG ("Defendants") produce the documents and things sought below that are in Defendants' possession, custody, or control within thirty (30) days of service hereof.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

   1.  "Defendants" means WAGO Corporation and WAGO Kontakttechnik GmbH & CO. KG and any related business entities, as well as their directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives. The term "related business entities" includes, but is not limited to, the entities listed on WAGO's website at www.wago.us/company/21558, including without limitation, WAGO Verwaltungsgesellschaft mbH, WAGO Holdings, WAGO Kontakttechnik GmbH & Co. KG, WAGO Kontakttechnik, WAGO Contact SAS, WAGO Limited, WAGO CONTACT SA,

WAGO ELECTRONIC Co. Ltd, WAGO Electroeletronicos Ltda, WAGO CORPORATION, WAGO Middle East, WAGO Germany, WAGO & CONTROLS (INDIA) LTD., WAGO Electronic Pte Ltd., WAGO Co. of JAPAN Ltd., WAGO SA, WAGO ELWAG, WAGO Worldwide, and all other "WAGO" entities.

      2.     "Defendants' Accused Instrumentalities" means any of the products consisting of or associated with the following products and/or systems as marketed and/or sold by Defendants:

- WAGO-I/O-System;
- WAGO-I/O-System 750;
- WAGO-I/O-System 753;
- WAGO-I/O-System 755;
- WAGO-I/O-System 757;
- WAGO-I/O-IPC (758 Series);
- I/O-Software (Series 759);
- WAGO 758-860 Controller;
- WAGO 748-870/000-110 Controller;
- WAGO 750-841 Ethernet Controller;
- WAGO TO-PASS; and
- WAGO-I/O-PRO CAA.

      3.     "Document(s)" means anything that is a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence or anything that is a "document" as set forth in or that falls under the scope of Rule 34(a) of the Federal Rules of Civil Procedure including, without limitation, the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies, different versions, or otherwise (including, without limitation, computer source code, computer executables, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, e-mails, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, voice messages, meetings, printouts, teletypes, telefax, invoices, work sheets, and all

drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, and e-mail).

4.      "Patents-In-Suit" means United States Patent Nos. 6,745,090; 6,745,232; 6,801,813; 7,058,461; 7,065,415; and 7,123,974.

5.      "Person" or "persons" shall mean and refer to the plural as well as the singular of any natural individual, or any corporation, firm, partnership, business association, legal or government entity, or any other group.

6.      "Plaintiffs" means Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. and any related business entities, as well as their directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

7.      "Prior Art" includes by way of example and without limitation the subject matter described in 35 U.S.C. § 103 and each subdivision of 35 U.S.C. § 102, including, but not limited to, patents, printed publications, prototypes, know-how, uses, sales, and offers for sale and/or any other information alleged by anyone to constitute prior art to the Patents-In-Suit.

8.      "Relate," "relating to," "refer," and "referring to" mean mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, comprising, analyzing, reflecting, depicting in any way, directly or indirectly, the subject matter of the request, including documents and things alluding to, responding to, concerning, connected with,

commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, or constituting, directly or indirectly, the subject matter of the request.

9.      "Thing(s)" means any tangible item, and shall be construed as broadly as is possible under the Federal Rules of Civil Procedure.

10.     Any word written in the singular herein shall be construed as plural or vice versa as necessary in order to bring within the scope of the discovery request all responses which otherwise might be construed to be outside its scope.

11.     "And," "or," as well as "and/or," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery request all responses which otherwise might be construed to be outside its scope.

12.     In producing documents and things responsive to these requests, Defendants shall do so in accordance with the requirements of Fed. R. Civ. P. 34(b)(2)(E) and shall furnish all documents within its possession, custody, or control, regardless of whether these documents are possessed directly by Defendants or by its present or past agents, employees, representatives, investigators, or attorneys.

13.     If any privilege and/or work product immunity is asserted as an objection to producing any requested document or thing, or if any document or thing is not produced in full, produce the document or thing to the extent the request for production is not objected to, and in so doing provide the information required by Fed. R. Civ. P. 26(b)(5)(A) and all facts that tend to show or support that a claim of attorney-client privilege may have been waived by disclosure to a third party.

14.     If Defendants maintain that any document or thing requested by Plaintiffs has been destroyed, set forth the contents of the document or thing, the date of its destruction, the name of the person who destroyed it, and the name of the person who authorized its destruction.

15.     Where an objection is made to a discovery request, state all grounds upon which Defendants' objection is based and, if applicable, the extent to which the discovery request is nonetheless being answered.

16.     No discovery request or part thereof shall be construed as a limitation on any other discovery request or part thereof.

17.     Plaintiffs' discovery requests are continuing.  Defendants shall provide, by way of supplementary responses, any additional information, most notably that specified under Rule 26(e) of the Federal Rules of Civil Procedure, that may hereinafter be obtained by Defendants, or any person acting on Defendants' behalf, which will augment or otherwise modify Defendants' responses.

18.     "Compact Industrial PCs" means any of the products consisting of or associated with the following products and/or systems as marketed and/or sold by Defendants:  Item Nos. 758-870, 758-874, 758-875, 758-876.

19.     "Fieldbus Controllers" means any of the products consisting of or associated with the following products and/or systems as marketed and/or sold by Defendants:  Item Nos. 750-804, 750-806, 750-812, 750-814, 750-815, 750-816, 750-819, 750-830, 750-833, 750-837, 750-838, 750-841, 750-842, 750-843, 750-849, 750-860, 750-863, 750-871, 750-872, 750-873.

20.     "Telecontrol Modules" means any of the products consisting of or associated with the following products and/or systems as marketed and/or sold by Defendants:  Item Nos. beginning with a 761 prefix (i.e., 761-xxx).

5

21.     "WAGO Software" means any of the products consisting of or associated with the following products:  CoDeSys, WAGO-I/O-PRO, WAGO-I/O-PRO 32, WAGO-I/O-PRO CAA, WAGO TO-PASS Configuration Software, WAGO-I/O-CHECK, WAGO Automation Cockpit and any other software used in conjunction with Compact Industrial PC's, Fieldbus Controllers, and Telecontrol Modules.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 43:**

A representative sample of each of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 44:**

All documents and things related to the conception, design, research, development, and/or programming of Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software, including but not limited to sketches, prints, images, electronic information, written disclosures, test data, notebooks, minutes, reports or the like.

**Request No. 45:**

Documents and things sufficient to identify all persons who participated in the design, development, or programming of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 46:**

All documents and things referring or relating to all design proposals and design alternatives considered or known by Defendants for Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 47:**

If Defendants contend that Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and/or WAGO Software are a result of efforts to design around the Patents-In-Suit, all documents and things referring or relating to such design-around efforts.

**Request No. 48:**

All user manuals, technical specifications, and/or design documentation related to Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 49:**

All help documentation and white papers related to Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 50:**

Documents sufficient to describe the structure, function, and operation of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 51:**

All computer source code used in, used with, or installed on Defendants' Compact Industrial PCs, Fieldbus Controllers, and Telecontrol Modules.

**Request No. 52:**

All computer source code for WAGO Software.

**Request No. 53:**

All documents and things related to the sales and marketing of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 54:**

Documents sufficient to show the manner of distribution of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 55:**

Documents sufficient to show all sales of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 56:**

Documents sufficient to show Defendants' revenues obtained from sales of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 57:**

Documents sufficient to show the costs and expenses associated with sales of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 58:**

Documents sufficient to show the profit, whether described as gross, marginal, net, or any other term, earned by Defendants on sales of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 59:**

Documents summarizing the sales and/or profitability of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software in the United States.

**Request No. 60:**

All documents and things referring or relating to cost or pricing analyses or comparisons, made by or for Defendants, between Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software and any other products.

**Request No. 61:**

All documents and things referring or relating to licenses to which either or both Defendants are a party for technology in the field of the Patents-In-Suit or Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 62:**

All agreements or negotiations for agreements concerning the manufacture, use, license, or sale of Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 63:**

All agreements or negotiations for agreements between Defendants concerning transfer pricing for Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 64:**

All documents and things concerning any notice, warning, or charge of infringement received by Defendants in relation to Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and WAGO Software.

**Request No. 65:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and third parties, including but not limited to the third parties listed in Defendants' Initial Disclosures, with regard to the Patents-In-Suit, or any other

issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 66:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and 3S-Smart Software Solutions with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 67:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and B&R Industrial Automation Corporation with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 68:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Beckhoff Automation LLC with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 69:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Kontron Modular Computers with regard to the

Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 70:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Phoenix Contact with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 71:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Siemens Corporation with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 72:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Microsoft Corporation with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 73:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Pengutronix with regard to the Patents-In-Suit, or

any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 74:**

All documents and things concerning any communications between or among Defendants, their agents, or anyone else, and Linutronix with regard to the Patents-In-Suit, or any other issues related to this lawsuit (including but not limited to discovery, document identification and collection, notifications, witness identification and preparation, notes, etc.).

**Request No. 75:**

To the extent not covered elsewhere in these requests, all opinions of counsel or studies performed by or for counsel concerning the Patents-In-Suit and Defendants' Compact Industrial PCs, Fieldbus Controllers, Telecontrol Modules, and/or WAGO Software.

Dated:  September 30, 2011                    /s/  John M. Hintz

                                             John M. Hintz (admitted in W.D. Wis.)
                                             Paul J. Tanck (admitted in W.D. Wis.)
                                             Chadbourne & Parke LLP
                                             30 Rockefeller Plaza
                                             New York, NY  10112
                                             Tel.:  (212) 408-5100
                                             Fax:  (212) 541-5369
                                             Email:  jhintz@chadbourne.com
                                                     ptanck@chadbourne.com

                                             COUNSEL FOR PLAINTIFFS
                                             ROCKWELL AUTOMATION, INC.
                                             and ROCKWELL AUTOMATION
                                             TECHNOLOGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of September, 2011, a copy of this document is

being served by electronic mail on Defendants' counsel listed below at the email addresses listed

below:

>Robert Cook, Esq.
>Whitham, Curtis, Christofferson & Cook, P.C.
>11491 Sunset Hills Road, Suite 340
>Reston, Virginia 20190
>Tel.: (703) 787-9400, ext. 122
>Fax: (703) 787-7557
>Email: bob@wcc-ip.com
>
>John C. Scheller, Esq. (SBN 1031247)
>Michael Best & Friedrich LLP
>One South Pinckney Street – Suite 700
>Madison, WI 53703
>Tel.: (608) 257-3501
>Fax: (608) 283-2275
>Email: jcscheller@michaelbest.com

Dated: September 30, 2011          /s/ John M. Hintz

>John M. Hintz
>CHADBOURNE & PARKE LLP
>30 Rockefeller Plaza
>New York, NY 10112
>Tel.: (212) 408-5100
>Fax: (212) 541-5369
>Email: jhintz@chadbourne.com
>
>COUNSEL FOR PLAINTIFFS
>ROCKWELL AUTOMATION, INC.
>and ROCKWELL AUTOMATION
>TECHNOLOGIES, INC.