**EXHIBIT D**

Reply email from R. Cook to L. Schapira (May 1, 2012) (with its attachment)

**DECLARATION OF ROBERT N. COOK**
*Rockwell Automation v. WAGO Corporation*, Case No.3:10CV00718-WMC (W.D. Wis.)

# Robert Cook

| | |
|---|---|
| **From:** | Robert Cook [Bob@WCC-IP.com] |
| **Sent:** | Tuesday, May 01, 2012 5:12 PM |
| **To:** | 'Schapira, Lisa' |
| **Cc:** | 'Nyenhuis, Christopher E (12765)'; 'Tanck, Paul' |
| **Subject:** | RE: Rockwell v. Wago: Discovery |

**Attachments:** Letter to P Tanck (as faxed) (2012-03-09).pdf

Hi, Lisa. It is incorrect to state that Defendants stripped data from otherwise searchable files. We have produced the documents in a searchable and loadable form, to the extent they were in such a form to begin with.

The non-source code documentation that was received from 3S with the CoDeSys source code inspected by Paul on April 19 appears to be the source of Plaintiffs' new demands. As I stated to you in an earlier email today: "we have determined that some of the non-source code documentation materials of which that Paul Tanck requested copies after his April 19 inspection of source code was not provided in a searchable format. That is because those materials were not searchable in the form on which they were provided on the source code hard drive, and we produced them in the form in which they were present on the hard drive."

We first informed Plaintiffs of the availability of source code for inspection on February 9 (Dkt. 73 at 5), but Plaintiffs did not take the trouble to inspect the source code until April 19. The CoDeSys source code is not owned by Defendants but is owned by 3S, and this source code was provided to Defendants by 3S with accompanying non-source code documentation solely for the purpose of enabling Defendants to comply with Plaintiffs' discovery requests. As stated in my letter dated March 9, 2012 (at 3): "Given that the CoDeSys software is owned by a non-U.S. company that is not a party to this litigation, it was not easy for WCP and WKT to obtain the owner's authorization to produce the source code. WCP and WKT did this only because Plaintiffs demanded it vehemently."

Non-source code documentation that was received from 3S with the CoDeSys source code inspected by Paul on April 19 appears to be the source of Plaintiffs' new demands. Defendants have produced the material in a reasonably usable form. Furthermore, it is our understanding that the searchability issue does not apply to many documents and that most of the non-source code material requested by Paul has been produced in a searchable and loadable form, as he requested in his email of April 19.

Finally, the fact that the declarations of N. Hatke and G. Rinn do not specify use of the term "Rockwell" does not mean that it was not used, because those declarations do not purport to provide an all-inclusive list of search terms used for electronic searching. During our April 30 telephone conference, you asked if the term "Rockwell" was used in electronic searching, and I told you that it was. That statement is correct.

Best regards,
-- Bob

---

**From:** Schapira, Lisa [mailto:LSchapira@chadbourne.com]
**Sent:** Tuesday, May 01, 2012 4:03 PM
**To:** Robert Cook
**Cc:** 'Nyenhuis, Christopher E (12765)'; Tanck, Paul
**Subject:** RE: Rockwell v. Wago: Discovery

Bob:

Defendants' April 27 production is not in a reasonably usable form as the production has converted searchable sources of information into a non or poorly searchable format. It appears Defendants' chose to strip this functionality from the documents despite Rockwell's request that the documents be produced in a searchable format. (See attached email). We will raise this issue in today's submission to the Court unless Defendants agree to re-produce the April 27, 2012 production in a format that is searchable and maintains the integrity of the document data fields.

In addition, there is a discrepancy between your letter and the statements you made during the call yesterday. Your letter states that you used the search methodologies described in the declarations of N. Hatke and G. Rinn. These declarations do not indicate that the term "Rockwell" was searched, which you confirmed Defendants searched in their search for documents. Please confirm that the term "Rockwell" was in fact searched by WCP and WKT.

Thanks,
Lisa

**Lisa Schapira**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5478 | **fax** 646-710-5478
lschapira@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/lschapira.vcf

Please consider the environment before printing this email.

**From:** Robert Cook [mailto:Bob@WCC-IP.com]
**Sent:** Tuesday, May 01, 2012 11:27 AM
**To:** Schapira, Lisa
**Cc:** 'Nyenhuis, Christopher E (12765)'
**Subject:** RE: Rockwell v. Wago: Discovery

Hi, Lisa. The attached letter has also been sent to you by fax.

Best regards,
-- Bob


Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190

(703) 787-9400, ext. 122 (office)
(703) 787-7557 (fax)
bob@wcc-ip.com (email)

---

**From:** Schapira, Lisa [mailto:LSchapira@chadbourne.com]
**Sent:** Monday, April 30, 2012 6:57 PM
**To:** bob@wcc-ip.com
**Subject:** Rockwell v. Wago: Discovery

Bob,

Please see the attached letter .



5/1/2012

Thanks,
Lisa

**Lisa Schapira**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5478 | **fax** 646-710-5478
lschapira@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/lschapira.vcf

Please consider the environment before printing this email.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

5/1/2012

**Attachment**
**To May 1, 2012 Email from R. Cook to L. Schapira**

Letter from R. Cook to P. Tanck (Mar. 9, 2012)

**WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.**
INTELLECTUAL PROPERTY LAW

*Providing Global Intellectual Property Strategies & Solutions*

March 9, 2012

FACSIMILE TRANSMISSION

Paul J. Tanck, Esq.
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, N.Y. 10112

      Re:   *Rockwell Automation, Inc. v. WAGO Corporation,*
            Case No. 3:10CV718-WMC (W.D. Wis.)

Dear Paul:

     I write to follow up on my emails of March 1, 2012, responding to your letter that date, as well as to respond to your March 7 letter, which followed up on your February 27 letter. The communications relate to responses by WAGO Corporation ("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") to Plaintiffs' discovery requests in the above-referenced litigation. Please note that WCP and WKT have provided Plaintiffs with approximately three times the amount of material that Plaintiffs have produced to WCP and WKT in discovery in the above-referenced litigation.

     Your March 1 incorrectly contends that WCP and WKT are withholding nonprivileged documents responsive to Plaintiffs' Document Request No. 35. That document request seeks:

> All documents and things concerning any communications between or among Defendants, their agents, or anyone else, including third parties, with regard to the Patents-In-Suit, or this lawsuit.

As discussed in our previous exchange of correspondence, a reasonable search has not uncovered responsive documents, except for communications involving attorneys which are covered by the common interest privilege and which post-date the filing of the Complaint. Additional efforts have been made to determine if there are responsive, non-privileged documents; no such material has been uncovered.

Paul J. Tanck, Esq.
March 9, 2012
Page 2

    The absence of pre-Complaint communications relating to the patents in suit should not be surprising, because there is no reason to expect either WCP or WKT to have been aware of the patents in suit prior to service of process in the above-referenced litigation. (Plaintiffs' products are not marked with the patent numbers, and no other notice of the existence of the patents was provided.)

    Your March 7 letter incorrectly contends that WCP and WKT are withholding or refusing to produce highly relevant material

> on matters that are at the very heart of this litigation, including (1) the conception of the accused products, (2) the design and operation of the accused products, (3) the persons involved in the developing [sic] the accused products, {4) the analysis of competitive products and design alternatives contemplated in the development of the accused products, (5) and [sic] the intended use of the accused products.

To the contrary, WKT has produced more than 19,000 pages of Bates-numbered material (plus CDs with non-Bates-numbered contents), including, but not limited to, material that addresses the issues on which your March 7 letter (incorrectly) contends documents are being withheld.

    The position of WCP and WKT is not, as your March 7 letter characterizes it, that relevance for purposes of discovery is the same as relevance at trial. Instead, the position of WCP and WKT is that a reasonable search has been conducted, substantial discovery has been produced, and Plaintiffs are incorrect in contending that there is some body of material "likely to contain highly relevant evidence that is critical to the claims and defenses asserted in this lawsuit," which supposedly is being withheld. (Letter from P. Tanck to R. Cook, Feb. 27, 2012)

    It is of concern to WCP and WKT that far more important material than what is addressed in your recent correspondence has been made available, but Plaintiffs do not appear to be interested in reviewing it.

    Based on the discovery and disclosures to date, Plaintiffs appear to be contending that WCP and WKT are infringing the patents in suit by distributing embedded PCs that are enabled to run industrial automation software, as well as a programming tool for developing industrial automation software (CoDeSys), which runs on a separate PC. So far in discovery, in addition to producing far more in the way of documents than Plaintiffs have produced, WCP and WKT have also provided samples of products themselves — samples that were specified by Plaintiffs, who apparently did not examine the accused products prior to filing suit. <u>WCP and WKT have also made available source code, including both source code for the CoDeSys run-time environment and source code for the CoDeSys programming tool.</u>

    In view of Plaintiffs' infringement contentions and their Rule 26(a)(2) expert disclosure on infringement, it is difficult to imagine how WCP and WKT could have produced anything more germane to the issues in this case. <u>Nevertheless, Plaintiffs have thus far chosen not to go to the trouble of examining the source code that has been made available.</u>

Paul J. Tanck, Esq.
March 9, 2012
Page 3

      Given that the CoDeSys software is owned by a non-U.S. company that is not a party to this litigation, it was not easy for WCP and WKT to obtain the owner's authorization to produce the source code. WCP and WKT did this only because Plaintiffs demanded it vehemently.

      Now that the source code is available, however, Plaintiffs apparently do not think it is worth examining. Under these circumstances, why should WCP and WKT believe that Plaintiffs are using discovery for any purpose other than harassment? It undermines the credibility of a party seeking discovery when something as sensitive as third-party source code is demanded, and then no effort is made to take advantage of the opportunity to review the source code after it is made available.

      WCP and WKT have made a substantial production of documents in response to Plaintiffs' discovery requests, and the search that has been conducted for responsive documents is reasonable in view of the burden of searching vis-a-vis the potential value of hypothetical documents that Plaintiffs contend they have not received.

                                    Very truly yours,

                                    Robert N. Cook

 **WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.**
INTELLECTUAL PROPERTY LAW
*Providing Global Intellectual Property Strategies & Solutions*

## *FACSIMILE TRANSMISSION*

To: Paul J. Tanck
(212) 541-5369 (fax)
(212) 408-1116 (voice)

From: Robert N. Cook
(703) 787-7557 (fax)
(703) 787-9400 (voice)

Date: March 9, 2012

Re: *Rockwell Automation, Inc. v. WAGO Corporation*,
Case No. 3:10CV718-WMC (W.D. Wis.)

Total Pages: 4     (including cover)

| Transmission Report | | | | |
|---|---|---|---|---|
| Date/Time | 03-09-2012 | 11:22:49 p.m. | Transmit Header Text | |
| Local ID 1 | 7037877557 | | Local Name 1 | Line 1 |
| Local ID 2 | 7037874774 | | Local Name 2 | line 2 |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"



**WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.**
INTELLECTUAL PROPERTY LAW
*Providing Global Intellectual Property Strategies & Solutions*

*FACSIMILE TRANSMISSION*

To:   Paul J. Tanck
      (212) 541-5369 (fax)
      (212) 408-1116 (voice)

From: Robert N. Cook
      (703) 787-7557 (fax)
      (703) 787-9400 (voice)

Date: March 9, 2012

Re:   *Rockwell Automation, Inc. v. WAGO Corporation*,
      Case No. 3:10CV718-WMC (W.D. Wis.)

Total Pages:  4   (including cover)

11491 Sunset Hills Road . Suite 340 . Reston, VA 20190 . Tel: (703) 787-9400 . Fax: (703) 787-7557 . wcc-ip.com

Total Pages Scanned : 4    Total Pages Confirmed : 4

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 128 | 12125415369 | 11:20:25 p.m. 03-09-2012 | 00:01:50 | 4/4 | 1 | G3 | HS | CP14400 |

Abbreviations:
HS: Host send           PL: Polled local       MP: Mailbox print     TU: Terminated by user
HR: Host receive        PR: Polled remote      CP: Completed         TS: Terminated by system    G3: Group 3
WS: Waiting send        MS: Mailbox save       FA: Fail              RP: Report                  EC: Error Correct