**EXHIBIT E**


Reply email from R. Cook to P. Tanck (May 1, 2012) (with its attachments)

**Robert Cook**

---

| | |
|---|---|
| **From:** | Robert Cook [Bob@WCC-IP.com] |
| **Sent:** | Tuesday, May 01, 2012 11:50 AM |
| **To:** | 'Tanck, Paul' |
| **Cc:** | 'Schapira, Lisa'; 'Balber, Scott'; 'Scheller, John C (22276)' |
| **Subject:** | RE: Rockwell v. Wago |
| **Attachments:** | Email to P Tanck regarding court-mandated meet and confer (2012-04-29).pdf; Email from J Scheller to P Tanck (2012-04-13).pdf; Letter to P Tanck re Document Production (2012-03-16).pdf |

Hi, Paul.  We would like to discuss the discovery issues raised in the attached communications.

Best regards,
-- Bob

---

**From:** Tanck, Paul [mailto:PTanck@chadbourne.com]
**Sent:** Tuesday, May 01, 2012 10:32 AM
**To:** Robert Cook; 'Scheller, John C (22276)'
**Cc:** Schapira, Lisa; Balber, Scott; Tanck, Paul
**Subject:** Rockwell v. Wago

Bob,

You have made some indication that there may be some documents that Defendants need from Plaintiff that have not been produced in discovery.  I would like to work with you so we can identify any such documents.  Please provide a description of any such document (and relate them to any particular document requests if possible) and an explanation of how such documents are relevant to the claims or defenses in this case.  Once we have a better understanding of your needs, we can hopefully resolve any remaining discovery issues, to the extent they exist.  Please feel free to continue to work with Plaintiffs' counsel, Lisa Schapira on any discovery issues, as my availability over the next few days will be limited.

Best regards,

Paul

**Paul J. Tanck**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-1116 | **fax** 212-541-5369
ptanck@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

5/1/2012

**Attachment 1**
**To May 1, 2012 Email from R. Cook to P. Tanck**


Email from R. Cook to P. Tanck (April 29, 2012)

**Robert Cook**

| | |
|---|---|
| **From:** | Robert Cook [Bob@WCC-IP.com] |
| **Sent:** | Sunday, April 29, 2012 3:13 PM |
| **To:** | 'Tanck, Paul' |
| **Cc:** | 'Balber, Scott'; 'Schapira, Lisa'; 'Scheller, John C (22276)' |
| **Subject:** | RE: Rockwell v. Wago |

Hi, Paul.  When we meet and confer on Monday about "the percolating discovery disputes and misunderstandings" (Dkt. 70), we will asking about Rockwell's responses to interrogatories and document requests, which you last spoke with John Scheller and me about on April 13.  Regarding your question of the relevance of Rockwell's design documents for products incorporating the patents in suit, to the extent Rockwell claims any lost profit damages, we have to be able to assess the products for which lost profits are claimed to determine, among other things, the extent to which profits may be attributable to features other than the patented technology.


Best regards,
-- Bob




---

**From:** Tanck, Paul [mailto:PTanck@chadbourne.com]
**Sent:** Friday, April 27, 2012 10:36 AM
**To:** Robert Cook; 'Scheller, John C (22276)'
**Cc:** Balber, Scott; Schapira, Lisa
**Subject:** RE: Rockwell v. Wago

Yes.

Best,

Paul


**Paul J. Tanck**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-1116 | **fax** 212-541-5369
ptanck@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf



---

**From:** Robert Cook [mailto:Bob@WCC-IP.com]
**Sent:** Friday, April 27, 2012 9:58 AM
**To:** Tanck, Paul; 'Scheller, John C (22276)'
**Cc:** Balber, Scott
**Subject:** RE: Rockwell v. Wago

Hi, Paul.  Are you available 11:00 on Monday for this?

Best regards,
-- Bob

**From:** Tanck, Paul [mailto:PTanck@chadbourne.com]
**Sent:** Tuesday, April 24, 2012 7:12 PM
**To:** Robert Cook; 'Scheller, John C (22276)'
**Cc:** Balber, Scott; Tanck, Paul
**Subject:** Rockwell v. Wago

Bob,

Pursuant to Judge Crocker's instructions last Friday, please let me know when you are available to discuss the scope of Defendants' document production on a request by request basis so that we can report back to Judge Crocker.

Best regards,

Paul


**Paul J. Tanck**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-1116 | **fax** 212-541-5369
ptanck@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

**Attachment 2**
**To May 1, 2012 Email from R. Cook to P. Tanck**

Email from J. Scheller to P. Tanck (April 13, 2012)

**Robert Cook**

| | |
|---|---|
| **From:** | Scheller, John C (22276) [JCScheller@michaelbest.com] |
| **Sent:** | Friday, April 13, 2012 9:55 PM |
| **To:** | Tanck, Paul; Robert Cook |
| **Cc:** | Pollack, Brian; Balber, Scott; Wiley, Fran M (27551) |
| **Subject:** | RE: Richard Hooper Deposition |

Paul,

Pursuant to our telephone call today, we understand your position is that: (1) Bob Cook's March 16, 2012 letter did not request that documents be produced because there was no question mark; and (2) you did not understand that we would be asking you to explain certain documents, such as emails, have not been produced and what documents have not been produced based upon your objections.

Based upon our telephone call, we understand that you have reviewed tens of thousands of emails but not a single one was responsive and not privileged.

We ask you to respond to the following inquiries below and provide an answer on each item, as we agreed, no later than close of business next Friday, April 20:

1.      What did Rockwell do to search for responsive email?  Did Rockwell use specific search terms to gather the tens of thousands of emails that were obtained?  If so, what are those terms and whose email folders were searched?  Additionally, how far back did Rockwell search for responsive emails?

2.      What documents, including categories and specific documents, are not being produced because of an objection other than privilege?  We understand you need a month to produce a privilege log and are agreeable to having the parties exchange privilege logs on May 11.  Please answer the question in this paragraph and confirm your agreement to mutually exchange privilege logs on May 11.

3.      Do you have test results based upon the testing of Defendants' accused products?  If so, what type of tests do you have?  Please send me the case law you have that states that test results are privileged.  I provided a citation for you during our telephone call to the CareFusion v. B. Braun Medical, Inc.; see decision on April 6, 2012.

Further, we understand, based on our call that Rockwell has produced all responsive documents for the following requests: 17, 37, 38.  This includes all documents relating to conception and reduction to practice, and that there are no responsive, non-privileged emails on these topics.  We understand you have not produced the design specifications for Rockwell's products but will relay our proposed relevance (primarily to damages) to Rockwell and ascertain whether or not they will produce those design specifications.  Please confirm.

Finally, we understand you are producing all responsive financial documents next week, and that you will respond to this email by next Friday, April 20th.

Please let me know if you have any questions.  Also, please copy my assistant, Fran Wiley, on all communications; she is copied on this email.

Thanks,

John

---

From: Tanck, Paul [PTanck@chadbourne.com]
Sent: Thursday, April 12, 2012 1:44 PM
To: Robert Cook; Scheller, John C (22276)
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition

Bob,

I am still checking on April 20th, I will get back to you later today.  Does Monday April 16 work for you?

What issues in particular are you wishing to discuss in your March 16 letter?  I can chat tomorrow afternoon anytime after 3pm.

From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Thursday, April 12, 2012 11:23 AM
To: Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

Thanks, Paul.  Let me know if April 20 is a good date for the argument on your motion to compel.  Also, are you available today, either at 3:00 or after 4:30 for a meet and confer on my attached letter dated March 16?

Best regards,
-- Bob

_____
From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Thursday, April 12, 2012 11:13 AM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition
Bob,

32nd Floor Reception
I will need a list of the people attending to give to security, including the names of the reporter/videographer.  Please let me know as soon as possible.

Thanks.

Paul

From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Tuesday, April 10, 2012 4:37 PM
To: 'Robert Cook'; Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

Hi, Paul.  Following up on the email below, attached is a Notice of Deposition for Arthur Zatarain for April 17-18.

Please let me know a room or floor number, etc. so that we can schedule the Court reporter.

Best regards,
-- Bob

_____
From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Wednesday, April 04, 2012 5:44 PM
To: 'Tanck, Paul'; 'Scheller, John C (22276)'
Cc: 'Pollack, Brian'; 'Balber, Scott'
Subject: RE: Richard Hooper Deposition
April 17-18 is good for us.

Best regards,
-- Bob

_____

From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Wednesday, April 04, 2012 5:41 PM
To: Tanck, Paul; Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

Bob,

Any updates on when you want to schedule?  Arthur's schedule is filling up.

Thanks,

Paul

From: Tanck, Paul
Sent: Friday, March 30, 2012 4:26 PM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition

I checked with Arthur, he is available April 13, 17 or May 16, 22, or 23

Please let me know if any of those dates work.

Thanks,

Paul

From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Friday, March 30, 2012 4:12 PM
To: Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

We will look into space in Austin.  Does Mr. Zatarain have availability later in April than the 17th?

Best regards,
-- Bob

_____
From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Friday, March 30, 2012 4:08 PM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition

Bob,

We will depose Dr. Hooper on April 10 in Austin.  Do you have a place in mind for the deposition, or should I book space?

Arthur Zatarain is available for deposition on April 17 in New York.

Best regards,

Paul


Paul J. Tanck
Chadbourne & Parke LLP
30 Rockefeller Plaza, New York, NY 10112 tel 212-408-1116 | fax 212-541-5369
ptanck@chadbourne.com<mailto:ptanck@chadbourne.com> | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf

3

From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Thursday, March 22, 2012 6:07 PM
To: Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

He can do it in Austin on April 10 or 11.

Best regards,
-- Bob


_____
From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Thursday, March 22, 2012 10:39 AM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition

Bob,

We would like to be able to depose Dr. Hooper in sufficient time prior to the deadline for dispositive motions, which is April 13.

Please tell us any available days prior to that date, including nights and weekends, where Dr. Hooper is available. I find it hard to believe that he is completely unavailable every single day before that date. Please include dates in March if necessary.

Please let us know any dates as soon as possible.

Best regards,

Paul


Paul J. Tanck
Chadbourne & Parke LLP
30 Rockefeller Plaza, New York, NY 10112 tel 212-408-1116 | fax 212-541-5369
ptanck@chadbourne.com<mailto:ptanck@chadbourne.com> | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf


From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Thursday, March 22, 2012 9:19 AM
To: Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

Hi, Paul. It looks like April 20 or 27 are the only available dates for April.

Best regards,
-- Bob


_____
From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Wednesday, March 21, 2012 10:27 AM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition

4

Thanks Bob,

Is there any chance Dr. Hooper is available any day in the first week of April, including nights and weekends?

Same question for the second week of April?

We will make Arthur Zatarain available within the same time frame as Dr. Hooper.

Thank you.

Best regards,

Paul


Paul J. Tanck
Chadbourne & Parke LLP
30 Rockefeller Plaza, New York, NY 10112 tel 212-408-1116 | fax 212-541-5369
ptanck@chadbourne.com<mailto:ptanck@chadbourne.com> | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf




From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Wednesday, March 21, 2012 9:04 AM
To: Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

April 20 or April 27.

Best regards,
-- Bob


From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Tuesday, March 20, 2012 7:30 PM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott; Tanck, Paul
Subject: RE: Richard Hooper Deposition
Hi Bob,

Do you have Dr. Hooper's dates?

Please let me know asap.

Thank you.

From: Robert Cook [mailto:Bob@WCC-IP.com]
Sent: Friday, March 16, 2012 2:45 PM
To: Tanck, Paul; 'Scheller, John C (22276)'
Cc: Pollack, Brian; Balber, Scott
Subject: RE: Richard Hooper Deposition

I make the same request with regard to Richard Zatarain.

Best regards,
-- Bob

_____

From: Tanck, Paul [mailto:PTanck@chadbourne.com]
Sent: Friday, March 16, 2012 12:57 PM
To: Robert Cook; 'Scheller, John C (22276)'
Cc: Tanck, Paul; Pollack, Brian; Balber, Scott
Subject: Richard Hooper Deposition

Hi Bob,

Please let me know Richard Hooper's availability for deposition in April.

Thank you.

Best regards,

Paul


Paul J. Tanck
Chadbourne & Parke LLP
30 Rockefeller Plaza, New York, NY 10112 tel 212-408-1116 | fax 212-541-5369
ptanck@chadbourne.com<mailto:ptanck@chadbourne.com> | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/ptanck.vcf



_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If

you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.


For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

_____

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

*******************************************************************

Unless otherwise expressly indicated, if this email, or any attachment hereto, contains advice concerning any federal tax issue or submission, please be advised that the advice was not intended or written to be used, and that it cannot be used, for the purpose of avoiding federal tax penalties.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately and delete the original message and any copy of it from your computer system.  If you have any questions concerning this message, please contact the sender.

**Attachment 3**
**To May 1, 2012 Email from R. Cook to P. Tanck**


Letter from R. Cook to P. Tanck (March 16, 2012)

 **WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.**
INTELLECTUAL PROPERTY LAW

*Providing Global Intellectual Property Strategies & Solutions*

March 16, 2012

Paul J. Tanck, Esq.
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, N.Y. 10112

     Re:   *Rockwell Automation, Inc. v. WAGO Corporation,*
             Case No. 3:10CV718-WMC (W.D. Wis.)

Dear Paul:

     I write in response to your letter dated March 15 and one of your two letters dated March 12, 2012 and to follow up on my letters to you dated March 9, March 5, and February 23, 2012, as well as December 19, 2011.

     The above-referenced litigation was commenced by Plaintiffs through the filing of a complaint dated November 16, 2010 alleging that WAGO Corporation ("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") infringe six patents. (Dkt. 1) The Court issued its scheduling order on August 6, 2011 (Dkt. 22), and Plaintiffs moved for dismissal of counts relating to two patents on February 23, 2012. (Dkt. 33) As you are aware, WCP and WKT view Plaintiffs' patent infringement claims as unfounded.

**OUTSTANDING ISSUE REGARDING WCP/WKT INTERROGATORY NO. 11**

     Defendants' Third Set of Interrogatories Directed to Plaintiffs consisted of one interrogatory, as follows:

> For each and every allegation of patent infringement contained in the Complaint in the above-captioned matter, identify each and every product of a Defendant inspected by or on behalf of either Plaintiff for the purpose of inquiring into the factual support for any allegation of patent infringement contained in such Complaint.

Paul J. Tanck, Esq.
March 16, 2012
Page 2

(Defendants' Interrogatory No. 11)  In response, Plaintiffs refused to provide information on the basis of privilege:

> Subject to its objections, Rockwell states that other than the information in "Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc.'s Infringement Contentions" and associated Exhibits A-F served on Defendants on September 16, 2011, the information requested by this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or other applicable privileges and immunities.

(Plaintiffs' Response to Defendants' Interrogatory No. 11)  As stated in my letter dated February 23, 2012, this interrogatory is relevant, and there is no room for an objection on the basis of privilege, because the interrogatory merely calls for an identification of products.

## THE PARTIES' RESPONSES TO EACH OTHERS' DOCUMENT REQUESTS

Our recent exchanges of correspondence have consisted primarily of accusations by Plaintiffs that WCP and WKT have not been cooperative in discovery.  Plaintiffs should examine themselves in this regard.  Plaintiffs have not, for example, produced either a single email or an iota of financial data.   WCP and WKT appreciate Plaintiffs' interest in receiving documents in discovery; however, Plaintiffs are also expected to produce documents and otherwise to respond to discovery requests, in addition to propounding discovery.

The following table briefly sets forth the parties' responses to each other's document discovery to date:

| Plaintiffs' Responses to WCP/WKT Document Requests | WCP/WKT Responses to Plaintiffs' Document Requests |
|---|---|
| Approximately 6,700 pages of Bates-numbered documents, and 2,000 pages of material obtained from WCP and/or WKT web sites | Approximately 24,000 pages of documents and approximately 5.5GB of non-Bates-numbered documents produced on Bates-numbered disks |
| No emails, no financial data | Emails and highly sensitive financial data |
|  | Product samples |
|  | Source code for the third-party software that is the focus of Plaintiffs' infringement contentions |

## WCP/WKT DOCUMENT REQUESTS TO WHICH
## PLAINTIFFS HAVE NOT RESPONDED

My December 19, 2012 letter to you states that, as of that time, Plaintiffs had not submitted documents corresponding to the following specifications of the Request for Production:  Document Requests No. 2, 4, 5, 6, 16, 18, 19, 20, 24, 25, 26, 27, 28, 29, 30, 31, 32,

Paul J. Tanck, Esq.
March 16, 2012
Page 3

33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 52, 53, and 54.  Since that time
the only documents produced by Plaintiffs have been approximately 2,000 pages of material
produced January 26, 2012 and used at the deposition of Thomas Albers on the same date.  At
the time, you stated that the documents were downloaded from the WCP and/or WKT web sites.

      **WCP/WKT Document Request No. 18.**  By way of example and not limitation,
Defendants' Document Request No. 18 provides:

> For each Patent in Suit, produce all Records in your possession, custody or
> control (including, but not limited to, communications, inventor notes, laboratory
> notebooks, project proposals, memos, notes, inventor notebooks, drawings,
> specifications, documents related to testing, status or progress reports or
> summaries, development schedules or projections, invention disclosures and/or
> technical documentation of any type) which refer to, relate to, contribute, support,
> or evidence the research, design, development, testing, evaluation, and/or
> production by Plaintiffs (or either Plaintiff), by the inventors of such Patent in
> Suit, or by any other persons who contributed to the invention with respect to:
>
> (a)    The conception of the invention;
> (b)    The reduction to practice of the invention; and
> (c)    The structure or specifications of any Industrial Controller or other
>         product or service (whether or not commercialized) ever made,
>         used, sold, provided or designed by one or both of the Plaintiffs
>         which either Plaintiff contends to be covered by any claim of such
>         Patent in Suit.

The various slide sets and similar documents produced by Plaintiffs on December 16, 2011 are
inadequate and date from too early a period of time to be an adequate response to Defendants'
Document Request No. 18.

      **WCP/WKT Document Requests No. 21-23.**  Also by way of example and not
limitation, Defendants' Document Requests No. 21-23 provide:

> 21.    For each Patent in Suit, produce all Records in your possession,
> custody or control relating to the circumstances that caused each inventor to
> conceive of the invention and/or to commence work on the invention, including,
> without limitation, Records relating to the date as of which each inventor first
> knew of such circumstances.

> 22.    For each Patent in Suit, produce all Records in your possession,
> custody or control relating to any Person's use or attempted use of the invention
> prior to the priority date of the Patent in Suit.

> 23.    For each Patent in Suit, produce all Records in your possession,
> custody or control relating to any offer for the purchase or sale of any Industrial

Paul J. Tanck, Esq.
March 16, 2012
Page 4

Controller or other product or service covered by such Patent In Suit made or received by any Person at any time on or before the priority date of such Patent in Suit.

Again, the various slide sets and similar documents produced by Plaintiffs on December 16, 2011 clearly post-date the documents sought by Defendants' Document Request No. 21-23.

**WCP/WKT Document Requests No. 36-39.** Further by way of example and not limitation, Defendants' Document Requests No. 36-39 provide:

36.    Produce all Records in your possession, custody or control relating to any steps taken or analysis performed to determined whether any Industrial Controller or other product or service made, used, sold or distributed by either Defendant directly or indirectly infringes any of the Patents in Suit, whether literally or under the doctrine of equivalents, including, but not limited to, any tests, experiments or technical analyses performed to determine whether any such Industrial Controller or other product or service infringes a Patent in Suit in connection with Plaintiffs' alleging of infringement in the above-captioned civil action.

37.    Produce all Records in your possession, custody or control supporting, contradicting, or otherwise relating to any contention that Defendants are or have ever been willfully or deliberately infringing any Patent in Suit.

38.    Produce all Records in your possession, custody or control supporting, contradicting, or otherwise relating to Plaintiffs' allegation that Defendants are directly or indirectly infringing any of the Patents in Suit pursuant to Section 271(a), 271(b) or 271(c) of Title 35 of the United States Code, 35 U.S.C. § 271(a), (b) and (c), as alleged in the Complaint in the above-captioned civil action, or any subsequent amendments thereto.

39.    Produce all Records in your possession, custody or control supporting, contradicting, or otherwise relating to any allegation that either Plaintiff has been damaged or injured by Defendants' alleged infringement of any of the Patents in Suit as alleged in the Complaint in the above-captioned civil action, or any subsequent amendments thereto.

The subject matter of Defendants' Document Requests No. 36-39 goes to the heart of what Plaintiffs are required to prove in this case; yet, no responsive documents have been produced.

### WCP/WKT RESPONSES TO PLAINTIFFS' DOCUMENT REQUESTS

While Plaintiffs have largely ignored the document requests which WCP and WKT have served on Plaintiffs, WCP and WKT have produced approximately 24,000 Bates-numbered pages of documents and approximately 5.5GB of non-Bates-numbered documents provided on

Paul J. Tanck, Esq.
March 16, 2012
Page 5

Bates-numbered disks.  Furthermore, WCP and WKT have also made product samples and
source code available.  Plaintiffs' attempt to portray WCP and WKT as uncooperative regarding
discovery in this matter is inconsistent with the facts.

      **Plaintiffs' Document Requests No. 11-14.**  Your March 12 letter contends that WCP
and WKT "apparently are unwilling to produce" documents responsive to Plaintiffs' Document
Requests No. 11-14.  That is a mischaracterization of the position of WCP and WKT.  As stated
in my correspondence to you, WCP and WKT have made a reasonable search for responsive
documents and, to the extent responsive documents were not produced, it is because the
responsive documents were not found.[1]

      As previously discussed in my letter to you dated March 5, 2012, Plaintiffs' Document
Requests No. 11-14 seek production of the following materials:

> Request No. 11:  "All documents and things related to the conception, design,
> research, development, and/or programming of Defendants' Accused
> Instrumentalities, including but not limited to sketches, prints, images, electronic
> information, written disclosures, test data, notebooks, minutes, reports or the
> like."

> Request No. 12:  "Documents and things sufficient to identify all persons who
> participated in the design, development, or programming of Defendants' Accused
> Instrumentalities."

> Request No. 13:  "All documents and things related to any study, analysis, reverse
> engineering, and/or copying of Plaintiffs' products or the subject matter claimed
> in the Patents-In-Suit."

> Request No. 14:  "All documents and things referring or relating to all design
> proposals and design alternatives considered or known by Defendants for
> Defendants' Accused Instrumentalities."

As stated in my March 5 letter, the documents produced by WCP and WKT are reasonably
responsive.

      With regard to Plaintiffs' Document Request No. 11, we have produced engineering
drawings for the WAGO 758 hardware and source code for the CoDeSys software, which goes to
the heart of Plaintiffs' contentions of infringement.  Both the hardware and the software are off-
the-shelf products sourced from outside vendors who provide extremely similar products to
companies other than WCP and WKT, so it is difficult or impossible to understand why Plaintiffs

---

[1] Please note that, in view of the position taken in John Hintz's letter dated January 24,
2012 — that Plaintiffs do not view Federal Rule 34(b)(2)(E) as requiring Plaintiffs to identify
their produced documents by document request number — WCP and WKT stopped identifying
produced documents by document request number immediately following receipt of that letter.

Paul J. Tanck, Esq.
March 16, 2012
Page 6

would expect to find extensive documentation of "the conception, design, research, development, and/or programming" of such products. The CoDeSys source code that has been made available is, by definition, the most comprehensive description of what CoDeSys is and does.

With regard to Plaintiffs' Document Request No. 12, WCP and WKT believe that their production of documents to date is "sufficient to identify" those who participated in the design, development, or programming of the accused products.

With regard to Plaintiffs' Document Request No. 13, WCP and WKT have repeatedly maintained that they have no documents discussing the patents in suit which predate the filing of the above-referenced civil action, because WCP and WKT were unaware of the patents prior to service of process in this matter (and Plaintiffs did not mark the products or otherwise provide notice).

With regard to Plaintiffs' Document Request No. 14, to the extent responsive documents were identified, they were produced. Please note, once more, that the products central to Plaintiffs' accusations are off-the-shelf hardware and software products sourced from two unrelated outside vendors that sell the products to multiple customers. It is difficult to understand what Plaintiffs believe may have been withheld.

**Plaintiffs' Document Request No. 29.** Your March 15 letter asserts that documents supposedly were not produced in response to Plaintiffs' Document Request No. 29, which seeks:

> All documents and things referring or relating to any patent applications filed by Defendants seeking to protect any features of Defendants' Accused Instrumentalities.

Neither WCP or WKT has filed such patent applications.

**Plaintiffs' Document Request No. 35.** Your March 12 letter incorrectly states that WCP and WKT are withholding documents responsive to Plaintiffs' Document Request No. 35, which seeks:

> All documents and things concerning any communications between or among Defendants, their agents, or anyone else, including third parties, with regard to the Patents-In-Suit, or this lawsuit.

Your March 12 misstates our position, and I ask you to re-read my letters dated March 5 and 9, which address this issue. Furthermore, as stated above, there will not be any documents discussing the patents in suit prior to commencement of the above-referenced litigation, because WCP and WKT were unaware of the patents prior to service of process. As far as documents post-dating the commencement of this litigation, we have not identified any non-privileged documents, and the parties previously agreed (at Plaintiffs' suggestion) that documents post-dating the Complaint do not have to be entered on a privilege log. (Dkt. 21 at 6)

Paul J. Tanck, Esq.
March 16, 2012
Page 7

   **Documents Supposedly Relevant to a Deposition of Sven Hohorst.** Your March 12 letter states that, as of that date, production of documents responsive to Plaintiffs' Document Requests No. 21, 28, 31 and 32 is now viewed by Plaintiffs as a prerequisite for deposing WKT Managing Director Sven Hohorst, as a Rule 30(b)(6) witness and in his individual capacity. That was news to WCP and WKT. Mr. Hohorst's deposition was originally requested by Plaintiffs in late 2011, and since then we have been trying to find a time for Mr. Hohorst to travel to the United States to provide this discovery. Because the relevant notices of deposition include document schedules, we had assumed that the documents identified on the document schedules were the documents Plaintiffs believed to be germane to Mr. Hohorst's deposition.

*  *  *

   Discovery is supposed to be a two-way street, but Plaintiffs have been treating it like a one-way street. WCP and WKT have been patient with Plaintiffs in this regard, but patience is not infinite. WCP and WKT are not refusing to cooperate in discovery. It's simply that WCP and WKT find it difficult to be enthusiastic about further cooperation when Plaintiffs are being so uncooperative.

   I hope this helps Plaintiffs understand the positions of WCP and WKT with regard to the discovery issues you have raised.

           Very truly yours,

           Robert N. Cook



# WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.
## INTELLECTUAL PROPERTY LAW
*Providing Global Intellectual Property Strategies & Solutions*

## *FACSIMILE TRANSMISSION*

To:   Paul J. Tanck
  (212) 541-5369 (fax)
  (212) 408-1116 (voice)

From:  Robert N. Cook
  (703) 787-7557 (fax)
  (703) 787-9400 (voice)

Date:  March 16, 2012

Re:   *Rockwell Automation, Inc. v. WAGO Corporation,*
  Case No. 3:10CV718-WMC (W.D. Wis.)

Total Pages:   8   (including cover)

| Transmission Report |
|---|

| Date/Time | 03-16-2012 | 05:26:03 p.m. | Transmit Header Text | |
|---|---|---|---|---|
| Local ID 1 | 7037877557 | | Local Name 1 | Line 1 |
| Local ID 2 | 7037874774 | | Local Name 2 | line 2 |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

**WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.**
INTELLECTUAL PROPERTY LAW
*Providing Global Intellectual Property Strategies & Solutions*

*FACSIMILE TRANSMISSION*

To:   Paul J. Tanck
       (212) 541-5369 (fax)
       (212) 408-1116 (voice)

From:  Robert N. Cook
       (703) 787-7557 (fax)
       (703) 787-9400 (voice)

Date:  March 16, 2012

Re:   *Rockwell Automation, Inc. v. WAGO Corporation,*
       Case No. 3:10CV718-WMC (W.D. Wis.)

Total Pages:  8    (including cover)

11491 Sunset Hills Road . Suite 340 . Reston, VA 20190 . Tel: (703) 787-9400 . Fax: (703) 787-7557 . wcc-ip.com

Total Pages Scanned : 8          Total Pages Confirmed : 8

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 217 | 12125415369 | 05:20:55 p.m. 03-16-2012 | 00:03:44 | 8/8 | 1 | G3 | HS | CP14400 |

Abbreviations:
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
|---|---|---|---|---|
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |