# CHADBOURNE
# &PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**Paul Tanck**
direct tel +1 212 408 1116
ptanck@chadbourne.com

July 12, 2012

*VIA ECF*

The Honorable Stephen L. Crocker
United States Magistrate Judge
United States District Court for the Western District of Wisconsin
120 North Henry Street, Room 320
Madison, WI  53703

      Re: *Rockwell Automation, Inc. et al. v. WAGO Corporation et al.*, Case No. 3:10-CV-718-WMC

Dear Judge Crocker:

      We represent Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively "Rockwell") in this action.  We write the Court to seek guidance in resolving a discovery dispute between Rockwell and defendants Wago Corporation ("WCP") and Wago Kontakttechnik GMBH ("WKT") (collectively "Wago") regarding the location for a deposition of WKT's General Counsel, Jens Adler.  Rockwell has noticed the deposition of Mr. Adler for July 24, 2012 in Waukesha, Wisconsin.[1]  While Wago is not refusing to produce Mr. Adler for a deposition pursuant to the notice, they argue that the deposition of Mr. Adler may only go forward at the United States Consulate in Frankfurt, Germany.  The parties have met and conferred regarding this issue by email and by telephone, but have been unable to resolve the issue as to the location of the deposition.

      Mr. Adler is the General Counsel of WKT and directly manages Wago's licensing, contractual and patent affairs on behalf of all Wago Group companies, which includes WCP

---

[1] "Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition." JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc., 220 F.R.D. 235, 237 (S.D.N.Y.2004); see 8 Charles Alan Wright et al., Federal Practice and Procedure § 2103 (2009).



CHADBOURNE
& PARKE LLP

-2-                                                                                     July 12, 2012

and WKT. Mr. Adler is a managing agent[2] of WKT and has personal knowledge regarding WKT's licensing activities—information about which WKT's 30(b)(6) designee was unable to testify on—a topic that is directly related to the issue of damages in this lawsuit.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) states that "the court where the action is pending may, on motion, order sanctions if a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." Accordingly, this Court has jurisdiction over Mr. Adler and has the authority to set the location of his deposition. Among the factors considered by the Court when determining whether to require a foreign corporate defendant to travel to the United States for deposition are the following: 1) the location of counsel for all parties in the forum district; 2) the number of corporate representatives a party seeks to depose; 3) the likelihood of significant discovery disputes arising that would necessitate resolution by the forum court; 4) whether the persons sought to be deposed often engage in travel for business purposes; and 5) the equities with regard to the nature of the claim and the parties' relationship. E.I. DuPont de Nemours & Co. v. Kolon Industries, Inc., 268 F.R.D. 45, 54 (E.D. Va. 2010). These factors

---

[2] The determination of whether an individual is a managing agent is subject to the following functional factors: 1) whether the individual is invested with general powers allowing him exercise judgment and discretion in corporate matters—Mr. Adler is invested with such powers and is directly responsible for monitoring and advising on all legal and intellectual property affairs of all Wago companies; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party—Wago does not dispute this factor; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination—there is no individual at Wago that has a higher title than Mr. Adler with respect to the legal and intellectual property affairs of the company; 4) the general responsibilities of the individual respecting the matters involved in the litigation—indeed, Mr. Adler has played an active role in this litigation, traveling to the United States frequently as a result, and is responsible for overseeing all contracts and licenses of the Wago companies that exceed €250,000; and 5) whether the individual can be expected to identify with the interests of the corporation—Wago cannot reasonably dispute that its General Counsel's interests are aligned with Wago. See Use Techno Corp. v. Kenko USA, Inc., 2007 WL 2403556, *1 (N.D. Cal. Aug. 20, 2007) (denying motion for protective order seeking to prevent the deposition in Los Angeles of witness living and working in Japan). Courts should resolve close questions of a deponent's status in favor of the examining party. See id.; E.I. DuPont, 268 F.R.D. at 49 ("When a person's managing agency status is debatable, 'courts in pretrial proceedings have resolved doubts under the standard in favor of the examining party.'").

CHADBOURNE
& PARKE LLP

-3-                                                                                           July 12, 2012

clearly weigh in favor of a deposition within the Court's jurisdiction. Counsel for all parties is based in the United States and WCP has its headquarters in Wisconsin. The prior 30(b)(6) depositions of WKT, one of which included a German based engineer, all took place in the U.S. Indeed, Mr. Adler attended the WKT 30(b)(6) deposition in Virginia as a spectator. Mr. Adler's travels to the United States are frequent and have included at least three trips in the last year in connection with lawsuits between the parties pending in Wisconsin and in Ohio (Wago Verwaltungsgesellschaft MBH v. Rockwell Automation Inc., 1:11-cv-756 (E.D. Ohio).

   A critical factor in determining the most appropriate location for Mr. Adler's deposition involves the ability and practicality of having the Court resolve any disputes that arise during the deposition. Discovery between the parties in this litigation has been contentious and Rockwell expects, given Mr. Adler's dual legal and business responsibilities, that numerous instructions not to answer questions based on privilege will arise during the course of his deposition that will require the Court's intervention. While Rockwell hopes to minimize the Court's involvement, having the deposition go forward in the United States provides the parties a practical solution to resolve any disputes that arise. If the deposition takes place in Germany, as is demanded by Wago, then an impasse between the parties will potentially result in the need for a second deposition after obtaining the judicial resolution of the issue. This would inconvenience all parties, including Mr. Adler. Since the inconvenience to Mr. Alder—a frequent traveler to the United States—pales in comparison to the convenience of having access to the Court to resolve disputes during the course of the deposition, the deposition should take place in the U.S.

   Finally, scheduling a deposition in Germany presents additional logistical challenges and expense as the deposition can only go forward at the Unites States Consulate in Frankfurt, Germany which has limited space and demands significant advance notice.

   For these reasons, Rockwell respectfully requests that the Court order the deposition of Mr. Adler to occur within the United States. In doing so, Rockwell agrees to pay for Mr. Adler's airfare from Germany to the United States.

Respectfully submitted,

*Paul Tanck*

Paul Tanck


cc: Defendants' Counsel by ECF

CPAM: 4819017