UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. AND ROCKWELL
AUTOMATION TECHNOLOGIES, INC.,

                                Plaintiffs,

            -against-                       Case No. 3:10-CV-718-WMC

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GmbH & CO. KG,

                                Defendants.

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNTIMELY
AND IMPROPER SUPPLEMENTAL DISCLOSURE OF CINDY HOLLENBECK AND
PRECLUDE THE INTRODUCTION OF ANY EVIDENCE RELATED THERETO**

      In a last-ditch effort to improve their otherwise deficient arguments concerning prior art in connection with the patents asserted in this case, on August 10, 2012, defendants Wago Corporation and Wago Kontakttechnik GmbH & Co. KG (together "Defendants") improperly served so-called "Supplemental Initial Disclosures" revealing for the first time witness Cindy Hollenbeck of SoftPLC Corporation ("SoftPLC"), who will testify at trial about prior art. (See August 10, 2012 Supplemental Initial Disclosures, Declaration of Paul J. Tanck Filed in Support of Motion ("Tanck Decl."), Exh. 1.) This so-called supplemental disclosure of a lay witness, as Defendants would have it, is a wholly improper attempt by Defendants to circumvent the Federal Rules, as well as the clear orders of this Court.

      As set forth more fully herein, Defendants are attempting to introduce improper expert testimony on a new theory of alleged invalidity based upon never-before disclosed prior art, which Defendants failed to include in their initial or supplemental Contentions of Invalidity and Unenforceability ("Invalidity Contentions"), or their initial or supplemental expert reports. Defendants' justification for this untimely and improper disclosure is, very simply, that they

2

failed to investigate their case within the time-frame ordered by the Court. The disclosure of Ms. Hollenbeck and alleged prior art from SoftPLC is untimely, unjustified, and extremely prejudicial to plaintiffs Rockwell Automation Inc. and Rockwell Automation Technologies Inc. (together "Plaintiffs"). As such, it should be stricken pursuant to Federal Rules of Civil Procedure 37(c) and Defendants should be precluded from introducing any evidence at trial, including testimony, related to SoftPLC.

## BACKGROUND

Pursuant to the August 26, 2011 Preliminary Pretrial Conference Order (the "Pretrial Order"), Defendants' Invalidity Contentions were due on September 30, 2011. (Pretrial Order, Docket 22, at 2.) Defendants did in fact submit Invalidity Contentions on that date. (Tanck Decl., ¶ 3.) On October 7, 2011 Defendants supplemented their initial Invalidity Contentions, though there is no provision in the Pretrial Order to do so. (See Pretrial Order, Docket 22, at 2.) On November 22, 2011 Defendants supplemented their Invalidity Contentions yet again. (Tanck Decl., ¶ 3.) The Invalidity Contentions make no mention of or reference to Ms. Hollenbeck, SoftPLC or any prior art related thereto. (Id.)

Also pursuant to the Pretrial Order, the deadline for the disclosure of liability experts and the submission of expert reports was February 24, 2012. (Pretrial Order, Docket 22, at 2.) The deadline for rebuttal reports was March 23, 2012. (Id.) On February 24, 2012, Defendants disclosed as their liability expert, Richard Hooper, Ph.D., P.E., and submitted his expert report. (Tanck Decl., ¶ 4.) On March 23, 2012 Defendants improperly served a second expert report

purporting to supplement the February 23, 2012 report on patent invalidity.[1] (Id.) None of those expert reports cite any prior art or information related to Ms. Hollenbeck or SoftPLC.

Notwithstanding the foregoing deadlines imposed by this Court's Pretrial Order, on Friday, August 10, 2012, Defendants served Plaintiffs with a so-called Supplemental Initial Disclosure that disclosed for the very first time witness Cindy Hollenbeck of SoftPLC, who Defendants intend to call at trial to testify about "[p]rior art; design and development of industrial controller." (See Supplemental Disclosure, Exh. 1 at 7; see also Tanck Decl., ¶¶ 3, 6.) In other words, Defendants intend to call Ms. Hollenbeck at trial to testify that SoftPLC's products are prior art that would invalidate the asserted patents. (Id.) Defendants failed to disclose this new theory in their Invalidity Contentions ten months ago, and there is no mention of or reference to it in Defendants' liability expert's reports. (Tanck Decl., ¶¶ 3-4.)

## ARGUMENT

### I. DEFENDANTS MUST BE HELD TO THE DEADLINES IMPOSED BY THIS COURT

There are no allowances in the Pretrial Order for extensions of this deadline or the submission of supplemental Invalidity Contentions. Presumably, this is why Defendants did not attempt to supplement their Invalidity Contentions at this late date. Courts strictly enforce deadlines concerning invalidity contentions and evidence of prior art and no exception should be made here. See Minemyer v. B-Roc Representatives, Inc., No. 07-C-1763, 2010 WL 3787093,

---

[1] The Pretrial Order expressly limits supplementation to matters raised in an expert's first report. (Pretrial Order, Docket 22, at 2.) Plaintiffs' Motion for Sanctions in connection with Defendants' untimely expert report is sub judice. (See Docket 35.)

at *5-6 (N.D. Ill. Sept. 21, 2010) (rejecting motion to reconsider trial court rulings excluding "evidence of prior art that hadn't been disclosed in a timely fashion, and essentially foreclosed any invalidity contentions"); SPX Corp. v. Bartec USA, LLC, 2008 WL 1701641, at *8-9 (E.D. Mich. Apr. 10, 2008) (excluding alleged prior art when defendants did not disclose prior art claim until shortly before discovery period ended based on failure to comply with court orders and FRCP 26(e)).  This is because, among other things, the analysis that follows disclosure of invalidity contentions is extremely burdensome to plaintiffs.  Minemyer, 2010 WL 3787093, at *5-6, citing Eaton Corp. v. Appliance Valves Corp., 790 F.2d 874, 879 (Fed. Cir. 1986).

The strict enforcement of deadlines for invalidity contentions and evidence of prior art is particularly important where, as here, Defendants disclosed this new evidence *just three weeks prior to the close of discovery*.  See Innogenetics v. Abbott Laboratories, 512 F.3d 1362 (Fed. Cir. 2008) (affirming the exclusion of prior art evidence that was disclosed on the last day of discovery); Paxar Americas, Inc. v. Zebra Tech. Corp., No. 3:03-cv-142, 2005 WL 6493791, at *2 (S.D. Ohio Aug. 31, 2005) (granting in part plaintiff's motion for sanctions and precluding prior art "evidence disclosed for the first time in its supplemental interrogatory responses"); see also SPX Corp., 2008 WL 1701641, at *8-9.

**II. MS. HOLLENBECK IS AN EXPERT WITNESS DISGUISED AS A LAY WITNESS AND SHOULD NOT BE PERMITTED TO TESTIFY**

The amendments to Federal Rule of Evidence 701 in 2000 were designed to prevent exactly what Defendants are attempting to do by calling Ms. Hollenbeck as a lay witness.  Indeed, Rule 701 now provides that lay testimony is "limited to those opinions or inferences which are … (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  The Advisory Committee Notes make it clear that Rule 701 was amended to "to eliminate the risk that the reliability requirements set forth in Rule 702

will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Comm. Notes, 2000 Amendment.

As Defendants have made clear in their Supplemental Disclosure and in the meet and confer on August 13, 2012, Ms. Hollenbeck will provide opinion testimony at trial about invalidity and infringement, based on her technical and specialized knowledge concerning "[p]rior art; design and development of industrial controller." (See Supplemental Disclosure, Exh. 1 at 7; see also Tanck Decl., ¶ 6.) This is the precise scenario that the amendments to Rule 701 were designed to prevent. Eugene Baratto, Textures, LLC v. Brushstrokes Fine Art, Inc., 701 F. Supp.2d 1068, 1074 (W.D. Wis. 2010) (excluding lay testimony in affidavit based on specialized knowledge); Applera Corp. v. MJ Research Inc., 389 F. Supp. 2d 344, 353 (D. Conn. 2005) (excluding lay testimony concerning invalidity and infringement); Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d 1356, 1363 (Fed. Cir. 2008) (holding that a witness may be permitted to testify as an expert on the issues of non-infringement or invalidity only if the witness is qualified as an expert in the pertinent art").

Presumably, Defendants did not attempt to disclose Ms. Hollenbeck as an expert because the deadline for expert disclosures passed five months ago. (Pretrial Order, Docket 22 at 2.) Federal Rule of Civil Procedure 26(a)(2)(C) mandates that "[a] party must make [its expert] disclosures at the time and in the sequence that the court orders." Fed. R. Civ. Proc. 26(a)(2)(c). If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. See Musser v. Gentiva Health Services, 356 F.3d 751, 755 (7th Cir. 2004) (excluding late-disclosed expert testimony); Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996) (affirming the

6

exclusion of rebuttal expert's testimony that was not timely disclosed, and rejecting arguments that the exclusion was harmless or justified); Fujitsu Ltd. v. NetGear, Inc., No. 0-CV-710-BBC, 2009 WL 2341810, at *1 (W.D. Wis. Jul. 29, 2009) (granting motion to strike and holding that "the declarations of lay witnesses offering evidence based on technical knowledge inadmissible because "the deadlines for submitting expert reports had passed").

Defendants bear the burden of showing substantial justification or harmlessness for their late disclosure of Ms. Hollenbeck, which they cannot do here. See Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 743 (7th Cir. 1998) (finding that the party to be sanctioned "made no showing that the violation of Rule 26 was substantially justified or harmless"). Defendants' only explanation for their failure to disclose Ms. Hollenbeck is that they did not know about her until August 2012 – nearly a year after discovery commenced – when they finally got around to investigating their case. (Tanck Decl., ¶¶ 6-7.) Further, according to Defendants' counsel, the information from SoftPLC and Ms. Hollenbeck was publicly available for more than ten years, but was not produced sooner because Defendants had failed to investigate the issue until two weeks ago. (Id.)

Defendants cannot demonstrate how the late disclosure is harmless, because it is not. See Finley, 75 F.3d at 1230-31 (noting the heavy burden imposed by disclosure of a new theory shortly before trial). To the contrary, with two weeks left before the close of discovery Plaintiffs will have no opportunity whatsoever to perform even a superficial analysis of this new theory of invalidity, will be deprived of an expert opinion on the matter, and have been deprived of the opportunity to question already deposed witnesses about the new theory.

As this Court has already held, it is critical in intellectual property cases to hold litigants to the deadlines set by its own procedures and the Federal Rules. See Z Trim Holdings, Inc., v.

7

Fiberstar, Inc., No. 07-C-161-C, 2007 WL 5462414, at *2 (W.D. Wis. Sept. 26, 2007) ("In past IP cases this court has had to clean up messes involving supplemental expert disclosures and it has determined that the only fair, predictable and efficient path to timely resolution is to enforce the federal rules and its own procedures stringently."). No exception should be made for Defendants here.

## CONCLUSION

Defendants were aware of the deadlines set forth in the Pretrial Order for invalidity contentions and expert disclosures, but chose to disregard them. There is no substantial justification for this violation of Rule 26(a) and allowing Defendants to make an end-run around the deadlines set by this Court for no other reason than to accommodate their failure to timely investigate their case would result in extreme prejudice and harm to Plaintiffs. Rule 37(c)(1) thus mandates that Defendants' supplemental disclosure of Ms. Hollenbeck be stricken and that any evidence, including testimony, concerning or related to SoftPLC in any way be precluded at trial.

Respectfully submitted,

Dated:  August 17, 2012 　　　　　　　　/s/ Scott S. Balber
　　　　　　　　　　　　　　　　　　　Scott S. Balber (admitted in W.D. Wis.)
　　　　　　　　　　　　　　　　　　　Paul J. Tanck (admitted in W.D. Wis.)
　　　　　　　　　　　　　　　　　　　Lisa Schapira (admitted in W.D. Wis.)
　　　　　　　　　　　　　　　　　　　Chadbourne & Parke LLP
　　　　　　　　　　　　　　　　　　　30 Rockefeller Plaza
　　　　　　　　　　　　　　　　　　　New York, NY  10112
　　　　　　　　　　　　　　　　　　　Tel.:  (212) 408-5100
　　　　　　　　　　　　　　　　　　　Fax:  (212) 541-5369
　　　　　　　　　　　　　　　　　　　Email:  sbalber@chadbourne.com
　　　　　　　　　　　　　　　　　　　　　　　ptanck@chadbourne.com
　　　　　　　　　　　　　　　　　　　　　　　lschapira@chadbourne.com

　　　　　　　　　　　　　　　　　　　COUNSEL FOR PLAINTIFFS ROCKWELL
　　　　　　　　　　　　　　　　　　　AUTOMATION, INC. and ROCKWELL
　　　　　　　　　　　　　　　　　　　AUTOMATION TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: August 17, 2012
/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: lschapira@chadbourne.com