UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. AND ROCKWELL AUTOMATION TECHNOLOGIES, INC.,

                          Plaintiffs,

-against-

WAGO CORPORATION AND WAGO KONTAKTTECHNIK GmbH & CO. KG,

                          Defendants.

Case No. 3:10-CV-718-WMC

## DECLARATION OF PAUL J. TANCK IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNTIMELY AND IMPROPER SUPPLEMENTAL DISCLOSURE OF CINDY HOLLENBECK AND PRECLUDE THE INTRODUCTION OF ANY EVIDENCE RELATED THERETO

I, Paul J. Tanck, declare as follows:

      1.      I am an associate with the law firm of Chadbourne & Parke LLP, counsel to Plaintiffs Rockwell Automation Technologies Inc. and Rockwell Automation Inc. (collectively "Plaintiffs" or "Rockwell") in this action. I make this declaration based on personal knowledge.

      2.      Attached hereto as Exhibit 1 is a true and correct copy of defendants Wago Corporation's and Wago Kontakttechnik GmbH & CO. KG's ("Defendants") Supplemental Initial Disclosures, dated August 10, 2012 ("Supplemental Disclosures"). The Supplemental Disclosures identify Cindy Hollenbeck of SoftPLC Corporation as an individual having knowledge relating to prior art and design and development of industrial controllers.

      3.      Defendants served their Contentions of Invalidity and Unenforceability ("Invalidity Contentions") on September 30, 2011. Defendants supplemented their Invalidity Contentions on October 7, 2012 and November 22, 2012. The Invalidity Contentions make no mention of or reference to Ms. Hollenbeck, SoftPLC, or any prior art related thereto.

4. On February 24, 2012, Defendants disclosed as their liability expert, Richard Hooper, Ph.D., P.E., and submitted a report by Mr. Hooper. On March 23, 2012 Defendants improperly served a second expert report purporting to supplement the February 23, 2012 report on patent invalidity. Hooper's expert reports make no mention of or reference to Ms. Hollenbeck, SoftPLC, or any prior art related thereto.

5. On August 13, 2012, I met and conferred by telephone with counsel for Defendants, Gilberto Espinoza of the Michael Best & Friedrich law firm regarding (1) the reasons why the alleged prior art related to Ms. Hollenbeck and SoftPLC was not disclosed earlier in discovery; (2) whether Defendants' intended to use this information at trial to prove invalidity; and (3) the prejudice to Rockwell resulting from the late disclosure to Rockwell.

6. During the August 13, 2012 meet and confer telephone call, Defendants' counsel represented that (1) Defendants intend to use information from SoftPLC and Ms. Hollenbeck at trial to prove invalidity; (2) that his law firm discovered the information from SoftPLC and Ms. Hollenbeck on or about August 3, 2012; and (3) the majority, if not all, of the information from SoftPLC and Ms. Hollenbeck had been publicly available for more than ten years prior to his law firm's discovery.

7. During the August 13, 2012 meet and confer telephone call, Mr. Espinoza's only explanation for his firm's failure to disclose Ms. Hollenbeck was that his law firm was not involved in investigating the matter earlier in discovery.

8. When asked during the August 13, 2012 meet and confer telephone call, Mr. Espinoza was unable to confirm whether Defendants' co-counsel at Whitham, Curtis, Christofferson & Cook, P.C. had been aware of the SoftPLC and Hollenbeck information prior to serving Defendants' invalidity contentions or expert report on invalidity.

9. On the August 13, 2012 meet and confer telephone call I explained to Mr. Espinoza that Rockwell was prejudiced by Defendants' extremely late disclosure of the SoftPLC

and Hollenbeck information, which came months after the Court's mandated deadlines for invalidity contentions and expert reports. I explained to Mr. Espinoza that if Defendants did not agree to limit their use of this information at trial then Plaintiffs would make a motion to preclude it. Mr. Espinoza stated that Defendants were not limiting their use of the information and that Plaintiffs should make the motion if they felt it was necessary.

10. The law firm of Michael Best & Friedrich has been counsel of record for Defendants in this lawsuit since December 8, 2010. (Docket No. 6.)

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed In New York, New York on August 17, 2012


____/s/ Paul J. Tanck_____

Paul J. Tanck (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  ptanck@chadbourne.com
COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: August 17, 2012

/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: lschapira@chadbourne.com