UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. AND ROCKWELL
AUTOMATION TECHNOLOGIES, INC.,

                Plaintiffs,

-against-

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GmbH & CO. KG,

                Defendants.

Case No. 3:10-CV-718-WMC

## PLAINTIFFS ROCKWELL AUTOMATION, INC.'S AND ROCKWELL AUTOMATION TECHNOLOGIES, INC.'S MOTION FOR A PROTECTIVE ORDER

Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. ("Plaintiffs") respectfully move the Court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to preclude defendants Wago Corporation and Wago Kontakttechnik GmbH & CO. KG ("Defendants") from taking any further depositions in this action absent good cause shown.

During the first ten months of discovery in this action, Defendants did not notice a single fact witness deposition. Instead, Defendants waited until July 9, 2012 to begin an onslaught of depositions. In fact, Defendants noticed a staggering 22 depositions, ten of which were served as late as August 6, 2012, and one which was served today, August 17, 2012 – *two weeks before the close of discovery*. Defendants are not only seeking the production of witnesses, but are also making significant demands for the production of documents. This is all occurring against the backdrop of an already demanding pretrial schedule. Trial is set to commence in this case on October 9, 2012.

There is no justification whatsoever for Defendants' failure to timely notice and schedule depositions for these witnesses, which is severely prejudicing Plaintiffs' ability to adequately and responsibly prepare for the depositions and for trial.  Compounding this problem – caused entirely by the monumental failure on Defendants' part to plan these depositions in advance, or the strategic decision to wait until the last minute to do so – Defendants are refusing to make reasonable accommodations for the schedules of counsel or witnesses.  In fact, notwithstanding Plaintiffs' efforts to meet and confer in good faith to resolve these issues, Defendants refused to do so, outright refusing to participate in a telephonic meet and confer this week.  As set forth herein, Defendants have made it abundantly clear that any further attempt to meet and confer would be futile.  Fundamentally, with just two weeks before the close of discovery there is no time left for indulging in what can fairly be described as Defendants' game-playing litigation tactics.  As such, Plaintiffs respectfully request that this Court issue an order precluding any further depositions by Defendants.

**FACTUAL BACKGROUND**

This case was commenced on November 16, 2010.  (Complaint, Docket 1.)  On August 26, 2011, the Court issued the Preliminary Pretrial Conference Order (the "Pretrial Order"), which set forth the schedule of discovery and other deadlines in this action.  (Pretrial Order, Docket 22.)  Pursuant to the Pretrial Order, discovery closes in this case on August 31, 2012.  (Id.)  During the first ten months of the year allotted for discovery, Defendants failed to notice a single fact deposition.  (Declaration of Paul J. Tanck in Support of Motion ("Tanck Decl."), ¶ 2.)  Instead, since July 9, 2012, Defendants have served a staggering 22 deposition notices.  (Tanck Decl., ¶ 3.)  Plaintiffs have, since July 17, 2012, produced witnesses for fourteen depositions; to say nothing of the document demands.  (Tanck Decl., ¶ 4.)  Defendants noticed these depositions

without inquiring about the availability of any of the witnesses or Rockwell's counsel to prepare for, travel to, and attend these depositions.  (Tanck Decl., ¶ 8, Exh. 1.)  In addition, Defendants set these depositions on short notice, and in no instance provided more than two weeks notice.  (Tanck Decl., ¶ 3.)   The same cannot be said for Plaintiffs, who commenced fact witness depositions in November 2011, concluding with the majority of depositions in June 2012.  (Tanck Decl., ¶ 5.)

The schedule of remaining depositions, including those which were timely noticed by Plaintiffs, is as follows:[1]

|    | **Date** | **Noticed By:** | **Deponent** | **Deposition Locale** |
|----|------|-------------|-----------------------------------------------|-------------------------|
| 1. | 8/20 | Defendants  | Amy Rybacki                                   | Milwaukee, Wisconsin    |
| 2. | 8/20 | Defendants  | Rockwell Automation, Inc. 30(b)(6)            | Milwaukee, Wisconsin    |
| 3. | 8/20 | Defendants  | Rockwell Automation, Technologies, Inc. 30(b)(6) | Milwaukee, Wisconsin |
| 4. | 8/21 | Defendants  | EBSNet, Inc.                                  | Littleton, Massachusetts |
| 5. | 8/21 | Plaintiffs  | WCP                                           | Waukesha, Wisconsin     |
| 6. | 8/23 | Defendants  | Turocy & Watson LLP                           | Cleveland, Ohio         |
| 7. | 8/23 | Plaintiffs  | Jens Adler                                    | London, England         |
| 8. | 8/23 | Plaintiffs  | Sven Hohorst                                  | London, England         |
| 9. | 8/24 | Defendants  | Kurt Braun                                    | Los Angeles, California |

---

[1]  Richard Bero and Robert Vigil are Defendants' damages experts, whose reports were not provided until August 3, 2012.  (Tanck Decl., ¶ 6.)

|     | DATE | NOTICED BY: | DEPONENT | DEPOSITION LOCALE |
|-----|------|-------------|----------|-------------------|
| 10. | 8/27 | Defendants | Gregory Bell | Milwaukee, Wisconsin |
| 11. | 8/27 | Defendants | William Kegley | Minneapolis, Minnesota |
| 12. | 8/27 | Plaintiffs | WKT 30(b)(6) | Madison, Wisconsin |
| 13. | 8/27 | Plaintiffs | Richard Bero | Waukesha, Wisconsin |
| 14. | 8/28 | Plaintiffs | Robert Vigil | Washington, D.C. |
| 15. | TBD  | Defendants | Alan Cribbs | Cleveland, Ohio |
| 16. | TBD  | Defendants | Shelley Urdaneta | Cleveland, Ohio |
| 17. | 8/27 | Defendants | EBS Inc. | Groton, Massachusetts |

(Tanck Decl., ¶ 7.) This chart does not include the depositions Defendants sought from third-parties, which are the subject of motions to quash. The logistical quagmire resulting from Defendants' attempt to take all of its fact witness depositions at the last possible moment is plain on the face of the schedule; *there are more depositions than there are days before the close of discovery on August 31, 2012*.

On August 8, 2012, shortly after Defendants had served Plaintiffs with notice of at least ten additional fact witness depositions, Plaintiffs requested a meet and confer. (Tanck Decl., ¶ 8, Exh. 1.) The purpose of the meet and confer was to address the logistical impossibility of preparing and producing witnesses for and appearing at depositions to take place across four states, during a one-week period of time between August 14 and August 21, for which no advance notice was provided. (Id.) The parties did meet and confer in an attempt to resolve the scheduling conflicts caused by Defendants' failure to take any depositions for nearly eleven

4

months. (Tanck Decl., ¶¶ 8-12 & Exhs. 1-5.) The parties were able to resolve some of the more immediate scheduling conflicts. (Id.)

On Tuesday, August 14, 2012, counsel for Plaintiffs informed counsel for Defendants that it was not possible to proceed with the simultaneous depositions of Plaintiffs' 30(b)(6) witnesses and Amy Rybacki on August 20, 2012, and proposed rescheduling one of the depositions for August 28, 2012. (Tanck Decl., ¶ 10, Exh. 3.) The need to reschedule one of the simultaneous depositions resulted from a scheduling conflict unknown to Plaintiffs' counsel until that time. (Id.) Defendants' counsel responded by refusing to reschedule one of the depositions unless Plaintiffs produced an un-redacted version of a spreadsheet that – as Defendants' counsel had already been advised – contained attorney work-product.[2] (Tanck Decl., ¶ 11, Exh. 4.) This barter is what Defendants' counsel has referred to as "reasonable conditions" for accommodating Plaintiffs' scheduling conflict. (Tanck Decl., ¶ 12, Exh. 5.)

In light of the apparent impasse concerning the depositions scheduled for August 20, 2012, counsel for Plaintiffs proposed an immediate telephonic meet and confer to address that issue, as well as the other significant outstanding scheduling matters. (Tanck Decl., ¶ 10, Exh. 3; ¶ 12, Exh. 5.) Counsel for Defendants, however, refused to meet and confer by telephone, instead engaging in the wholly unproductive and time-consuming exercise of sending a series of self-serving emails, which speak for themselves. (Tanck Decl., ¶¶ 11-12, Exhs. 4-5.) Notwithstanding Plaintiffs' efforts, the scheduling conflicts were not resolved. (Id.)

---

[2] If Defendants believe they are entitled to the redacted information identified as attorney work-product, they are entitled to make a motion to compel. They are not, however, entitled to engage it what amounts to litigation extortion, demanding that a party waive protections it is entitled to under the law or be forced to appear for a deposition without counsel.

**ARGUMENT**

I.   **PLAINTIFFS DEMONSTRATE GOOD CAUSE JUSTIFYING THE ISSUANCE OF A PROTECTIVE ORDER**

Upon a showing of good cause, this Court may issue a protective order to protect a party from whom discovery is sought "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  This order may provide a variety of relief, including "forbidding the disclosure or discovery" or "specifying terms, including time and place, for the disclosure or discovery."  Id.  Pursuant to Rule 26(c), the moving party must demonstrate "good cause" to justify entry of a protective order.  See Bloodworth v. Village of Greendale, No. 10-cv-0273, 2011 WL 98835, at *6 (E.D. Wis. Jan. 12, 2011).  The moving party may satisfy this burden through specific allegations of harm.  See id.  In addition, "[i]n determining whether good cause exists, a court may balance the need of the party seeking the discovery against the burden on the party responding."  Id.

Plaintiffs have unequivocally shown good cause.  If Defendants are permitted to pursue their current discovery demands, among other things:  (i) Plaintiffs' witnesses will not be adequately prepared to give deposition testimony; (ii) Plaintiffs' counsel will be unable to attend all of the depositions as currently scheduled and will be unable prepare for the depositions that Plaintiffs timely noticed; (iii) Plaintiffs will be unable to meet the demands of the pretrial schedule, pursuant to which Rule 26(a)(3) Disclosures, motions in limine, voir dire questions, jury instructions and verdict forms are due on August 31, 2012; and (iv) Plaintiffs will be unable to effectively prepare for trial.  Plaintiffs should not be forced to forfeit the adequate and responsible preparation of their case because of Defendants' dilatory approach to discovery in this case.  To do so would result in severe prejudice and harm to Plaintiffs.

**II.     DEFENDANTS' DISCOVERY DEMANDS ARE UNDULY BURDENSOME AND DEFENDANTS' NEED FOR DISCOVERY DOES NOT OUTWEIGH THE PREJUDICE TO PLAINTIFFS CAUSED BY DEFENDANTS' DELAY**

Pursuant to Rule 26(c) a court may issue a protective order to protect a party from oppression, or undue burden or expense.  Defendants' tactical decision to wait until the tail-end of discovery to begin taking depositions has resulted in an unduly burdensome schedule, which is severely prejudicing Plaintiffs' ability to adequately prepare for those depositions, the depositions Plaintiffs timely noticed, or to prepare for the imminent pretrial conference and trial.  This Court has previously made clear that it will not reward this kind of dilatory conduct by litigants.  See, e.g., Silicon Graphics, Inc. v. ATI Technologies, Inc., No. 06-cv-611-C,  2007 WL 5507391, at *3 (W.D. Wis. Dec. 26, 2007) (Crocker, M.J.) (denying motion to compel depositions when defendant "declined to make [witnesses] available due to the number of other depositions already scheduled in the short time left before trial").  This is particularly so where, as here, Defendants had "ample opportunity to conduct discovery," but "failed to do so properly."  Reed v. AMAX Coal Co., 971 F.2d 1295, 1301 (7th Cir. 1992).  To be certain, discovery in this case began on August 26, 2011, but Defendants chose to sit idly by for nearly a year before taking a single fact witness deposition.  (Pretrial Order, Docket 22.)  Defendants have not provided any explanation for this delay.

Where, as here, Defendants' foreseeable predicament – a logistically impossible schedule of depositions – is attributable to their own delay, Courts are loath to compel the production of witnesses.  See Silicon Graphics, Inc., 2007 WL 5507391 at *3; In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327-28 (N.D. Ill. 2005) (denying motion to compel depositions filed weeks before close of discovery deadline when "it was obvious – or at least probable – that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices").  Here it is not just probable that the schedules of the deponents and

7

lawyers will be unable to accommodate the belatedly filed notices; it is a certainty and one which was conveyed to and then summarily dismissed by Defendants' counsel. (Tanck Decl., ¶ 10, Exh. 3; ¶ 12, Exh. 5.)

Moreover, Defendants should not be permitted to take any further depositions when – in the two weeks before the close of discovery – their counsel is refusing to make reasonable scheduling accommodations, or even participate in a good faith meet and confer. (Id.) Indeed, Defendants' counsel has taken the truly incredulous position that Plaintiffs are being unreasonable by failing to meet the insuperable demands caused by Defendants decision not to notice fact witness depositions in a timely fashion. (Id.) Defendants' position is absurd, unjustifiable, and should not be countenanced by this Court in the face of the resulting prejudice and certain harm to Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter a protective order preventing the Defendants from conducting any further depositions in this case, absent good cause shown.

Dated: August 17, 2012

/s/ Paul J. Tanck
Scott S. Balber (admitted in W.D. Wis.)
Paul J. Tanck (admitted in W.D. Wis.)
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: sbalber@chadbourne.com
ptanck@chadbourne.com
lschapira@chadbourne.com

COUNSEL FOR PLAINTIFFS ROCKWELL AUTOMATION, INC. & ROCKWELL AUTOMATION TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: August 17, 2012

/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: lschapira@chadbourne.com