UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. AND ROCKWELL AUTOMATION TECHNOLOGIES, INC.,

                      Plaintiffs,

          -against-

WAGO CORPORATION AND WAGO KONTAKTTECHNIK GmbH & CO. KG,

                      Defendants.

Case No. 3:10-CV-718-WMC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER**

Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (together, "Rockwell" or "Plaintiffs"), by and through their attorneys Chadbourne & Parke LLP, respectfully submit this opposition to the August 21, 2012 Motion for a Protective Order filed by defendants WAGO Corporation ("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") (together "Wago" or "Defendants").

**COUNTER-STATEMENT OF FACTS**

On November 28, 2011, Plaintiffs served WKT with notice of its Rule 30(b)(6) deposition identifying Waukesha, Wisconsin as the deposition locale. (Exh. 1.)[1] Waukesha, Wisconsin is where WKT's attorneys Michael Best & Friedrich LLP have an office. (Id.) WCP, WKT's wholly owned subsidiary, is located in Germantown, Wisconsin. (See Sept. 29, 2011

---

[1] All exhibits are to the Declaration of Paul J. Tanck filed in support of Rockwell's Opposition to Defendants' Motion ("Tanck Decl.").

2

Order Denying WKT's Motion to Dismiss based on a Lack of Jurisdiction, Docket 26, at 2.) WKT transacts business in the United States, including with WCP. (See Jan. 26, 2012 Deposition to Thomas Albers ("Albers Transcript"), Docket 63, at 23:15-24:25.) In addition to Waukesha, Wisconsin, WKT's attorneys in this litigation are based in Milwaukee, Wisconsin, Madison, Wisconsin, Chicago, Illinois, and Reston, Virginia. (See Listing of Counsel of Record, Docket Sheet.) Defendants did not object to WKT's deposition in the United States, but instead requested that the deposition proceed in Reston, Virginia, where another one of WKT's attorneys is located. (Dec. 27, 2011 Email from Robert Cook, Exh. 2.) Plaintiffs accommodated Defendants' request, and an amended notice of deposition was issued setting the deposition of WKT for January 26, 2012 in Virginia. (Exh. 3.) WKT produced its corporate representative Thomas Albers, from Germany, in Virginia on that date. (Albers Transcript, Docket 63 at 1.)

On May 29, 2012, Plaintiffs noticed the second Rule 30(b)(6) deposition of WKT, once again identifying Waukesha, Wisconsin as the deposition locale. (Exh. 4.) Defendants did not object to the location of the deposition and produced Thomas Artmann, in Wisconsin on June 12, 2012. (See June 6, 2012 Objections to Notices of Deposition, Exh. 5; Wago's Corrected Brief ("Br."), Docket 135, at 2.) Notably, Mr. Artmann works for WCP in Germantown, Wisconsin. (See Defendants' Supplemental Initial Disclosures, Exh. 7, at 6.) In other words, WKT produced as its corporate representative a resident of the United States, who works for WKT's United States subsidiary. (Id.) Now, months after-the-fact, Defendants paint a picture of the hardship they purportedly suffered accommodating those two 30(b)(6) depositions of WKT, notwithstanding the fact that the witness WKT produced for the second Rule 30(b)(6) deposition was located in the United States. (Br. 2; Exh. 7.) At no point did WKT object to appearing for the prior Rule 30(b)(6) depositions in the United States, or even suggest that so doing was a

3

hardship of any kind. (Exhs. 2 & 5.) For that reason alone, Plaintiffs had no reason to anticipate that the subject 30(b)(6) deposition of WKT would be any different. On August 10, Rockwell served WKT with a third Rule 30(b)(6) deposition notice. (Exh. 6.)

What Defendants omit from their motion, however, is any mention of the hardship that will occur if the WKT deposition goes forward in Germany; namely that the WKT deposition will not take place before the close of discovery and, in all likelihood, will not take place even before the commencement of the trial in this action on October 9, 2012. This is because according to bilateral agreements between Germany and the United States, the German Ministry of Justice must pre-approve all requests for depositions, which are required take place on United States Consulate grounds in Germany. (See generally Instructions from the U.S. Consulate in Germany for Taking Depositions, Exh. 8.) The pre-approval process requires a notice of deposition and payment of a $1,283 scheduling fee to be received by the German Consulate at least six weeks in advance of the deposition. (Id. at 2.) In addition, there are fees for a Consular Officer to administer the required oath. (Id. at 3.) Even if Plaintiffs sent the notice and fee to be received today, a deposition could not take place in Germany any earlier than October 5, 2012; four days prior to the commencement of trial.

## ARGUMENT

While there is a presumption that a deposition of a corporation will be taken at the corporation's place of business, when a defendant's place of business is in a foreign jurisdiction courts are less inclined to grant a protective order directing a plaintiff to take a deposition outside of the United States. Moreover, such a protective order is even less likely to be granted when the defendant fails to demonstrate any particular hardship of taking the deposition in the United States and when the plaintiff can show substantial burden of conducting the deposition abroad.

In this case, Defendants' motion for a protective order should be denied because their request that the deposition of WKT take place in Germany does not fall within the ordinary presumption, the Defendants have failed to demonstrate good cause for the relief they seek, and Plaintiffs will show that substantial time and expense is required to move the deposition to Germany.

> **I. WKT'S FOREIGN LOCATION MODIFIES THE PRESUMPTION THAT A DEPOSITION TAKE PLACE AT A CORPORATION'S PLACE OF BUSINESS**

The general presumption that depositions of a corporation through its agents should be taken at the corporation's principal place of business "is merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000) (citing Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (granting motion to compel foreign corporation's agents to appear for deposition in the United States)). Furthermore, it is not a mandatory presumption. New Medium Tech. LLC v. Barco, N.V., 242 F.R.D. 460 (N.D. Ill. 2007); see also In re Vitamin Antitrust Litig., No. 99-197 TFH, 2001 WL 35814436, at *3 (D.D.C. Sept. 11, 2001) ("[T]here are numerous cases in which courts have ordered depositions of foreign defendants taken in the United States, rather than at the defendant's principal place of business."). In fact, courts have substantial discretion to specify the time and place of any deposition. Id. This is particularly so, where as here, the foreign corporation is doing business in the United States. (See Order Denying Motion to Dismiss based on a Lack of Jurisdiction, Docket 26, at 10.) "Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil." Custom Form Mfg., Inc., 196 F.R.D. at 336; see also M&C Corp. v. Erwin Behr GmbH & Co., 165 F.R.D. 65, 68 (E.D. Mich. 1996) (requiring a German corporate defendant's agents to appear for depositions in Detroit where the German corporate defendant conducted business in the United States).

5

Defendants demand that the deposition be taken in Germany because WKT's principal place of business is located there. However, Defendants do business in the United States, WKT designees have previously traveled to the United States for depositions without objection, and WKT has previously produced as its designee a WCP executive located in Wisconsin. (See Exhs. 2 & 5; Albers Transcript, Docket 63, at 23:15-24:25; and Br. at 4.) "Part of the cost of doing business in the United States is the responsibility to respond to the orderly demands of litigation, one of which is responding to an appropriate notice of deposition." New Medium Tech. LLC, 242 F.R.D. at 469. As such, this case presents the precise circumstance where exception should be made to the general presumption that a corporate party's deposition be taken at the corporation's principal place of business.

## II. DEFENDANTS HAVE FAILED TO SHOW GOOD CAUSE FOR THE ISSUANCE OF A PROTECTIVE ORDER CHANGING THE LOCATION OF THE DEPOSITION TO GERMANY

Pursuant to, inter alia, Fed. R. Civ. P. 26(c), the burden is on Defendants to show good cause for the issuance of a protective order requiring that the deposition take place in Germany, and not in Wisconsin, where it was noticed. Fed. R. Civ. P. 26(c); see Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625 (C.D. Cal. 2005). To meet that burden, Defendants must show "specific prejudice or harm will result if no protective order is granted." Id. at 629. Defendants have failed to meet that burden, however, and as such their motion for a protective order should be denied.

As a threshold matter, Defendants have failed to supply the Court with any declarations from WKT's corporate officers (or anyone for that matter) attesting to the purported hardship of appearing in Wisconsin for a deposition. Cadent, 232 F.R.D. at 629 (denying motion for protective order where the defendant failed to "provide[] the Court with declarations from its corporate officers attesting to either the expense or undue burden" of the Rule 30(b)(6)

6

depositions). Indeed, Defendants have failed to even identify the WKT witnesses who will be produced for the deposition. Id. at 629 n. 3 (noting that where a party failed to even identify the individual(s) it would designate to appear for the Rule 30(b)(6) deposition "it has presented no evidence regarding the residency or work or travel schedules of that individual"). Instead, without citing to any factual support, Defendants simply argue that WKT's deposition should be moved to Germany due to vague notions of cost and convenience. (Br. 4-5.)

With respect to cost, Defendants contend that "[t]he costs of travel and having high-ranking employees out of the office for multiple days are significant." (Br. 4.) With respect to convenience, Defendants contend that:

> WKT will need to produce multiple representatives to reasonably respond to the range of topics identified. The information needed for their preparation is in Germany, not the United States. Accordingly, WKT's counsel will need to travel to Germany to assist in the preparation, return with multiple witnesses to Madison for the deposition.

(Id.) Defendants fail to provide any factual support whatsoever for either of those bald contentions. Furthermore, "[h]ighly placed executives are not immune from discovery, and the fact that an executive has a busy schedule cannot shield him or her from being deposed." New Medium Tech. LLC, 242 F.R.D. at 469.

In addition to the fact that Defendants did not provide a single declaration from WKT, they make no attempt to explain why the WKT deposition requires the employees to be out of the office for multiple days, why preparation cannot take place in Wisconsin or by phone or video conference, or why WKT's representatives require their counsel to accompany them on their trip to the United States. The failure to provide a factual basis demonstrating good cause for issuing a protective order is itself enough to merit denial of their motion. See Cadent, 232 F.R.D. at 629.

Moreover, neither applicable law nor logic, supports Defendants' argument. Indeed, courts have found that "the travel expenses of the deponents are not the only relevant expenses considered in determining the site of a deposition" and also factor into their consideration the travel of counsel. Custom Form Mfg., Inc., 196 F.R.D. at 337. In Kasper v. Cooper Canada Ltd., 120 F.R.D. 58, 60 (N.D. Ill 1988), the court ordered Canadian deponents to travel to Chicago because the expenses would be the same for the defendant whether it brought its corporate officers to Chicago or its Chicago lawyers to Canada. The Court's reasoning in Kasper is applicable here because WKT will bear the same costs whether it brings its officers to Wisconsin or its lawyers to Germany. This is assuming that there are no appropriate designees in the United States, for example, Mr. Artmann.

### III. PLAINTIFFS HAVE SHOWN UNUSUAL CIRCUMSTANCES SUFFICIENT TO DEFEAT THE GENERAL PRESUMPTION

Assuming arguendo that Plaintiffs bear the burden of establishing "unusual circumstances" to defeat the presumption that a deposition should be taken at a corporation's place of business as Defendants suggest (Br. 3.), the result would be no different and the Court should still deny Defendants' motion. "A number of factors serve to dissipate the presumption [that a corporate party's deposition should be held at its principal place of business] and may persuade the Court to require the deposition to be conducted in the forum district or some other place. Cadent Ltd., 232 F.R.D. at 628-29 (granting motion to compel corporate defendant to produce witnesses from New Jersey and Israel in Los Angeles and denying motion for protective order regarding same).

If the protective order is granted here, Plaintiffs will suffer an undue burden in having to obtain pre-approval from the consulate in Germany and pay over $1,000 in fees just to schedule the deposition, and then have to wait at least six weeks to take the deposition. (See Exh. 7.)

8

Moreover, both parties will be burdened by delay if any dispute arises requiring judicial intervention.  See New Medium Tech. LLC, 242 F.R.D. at 467 ("[C]onducting depositions in Japan . . . would severely compromise-to put it mildly-the court's ability to intervene should problems arise."); In re Vitamin Antitrust Litig., 2001 WL 35814436 at *5 ("Requiring depositions to occur in Washington, D.C., [instead of in Germany, Japan or France] would increase the chances that [] disputes could be resolved promptly.").

It is not enough for Defendants to argue that because "Rockwell chose to sue a German company in an United States federal court [it] should not be surprised that it must travel to Germany to pursue its case." (Br. 4).  As a threshold matter, Plaintiffs *were* surprised because the prior Rule 30(b)(6) depositions of WKT were noticed for, and took place in, the United States without objection.  (See Exhs. 1-5.)  Moreover, WKT previously produced a United States resident as its corporate designee.  (Id.)  WKT's argument is not only unpersuasive, but it resembles the type of rhetoric that courts have previously admonished.  See M&C Corp., 165 F.R.D. at 67-68 (noting that defendant's "'you knew we were a German company, so you should have expected this hassle' attitude is disgraceful [and] reflects a cultivated and blatant lack of respect for the authority of this nation's judicial process").  Accordingly, Defendants' motion for a protective order should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for a Protective Order and instead order Defendants to produce witnesses in Wisconsin, for WKT's 30(b)(6) deposition as noticed, or at another location mutually agreed to by the parties, in the Unite States.

Respectfully submitted,

Dated:  August 24, 2012　　　　　　　　/s/ Scott S. Balber_____
　　　　　　　　　　　　　　　　　　　　Scott S. Balber (admitted in W.D. Wis.)
　　　　　　　　　　　　　　　　　　　　Paul J. Tanck (admitted in W.D. Wis.)
　　　　　　　　　　　　　　　　　　　　Lisa Schapira (admitted in W.D. Wis.)
　　　　　　　　　　　　　　　　　　　　Chadbourne & Parke LLP
　　　　　　　　　　　　　　　　　　　　30 Rockefeller Plaza
　　　　　　　　　　　　　　　　　　　　New York, NY  10112
　　　　　　　　　　　　　　　　　　　　Tel.:  (212) 408-5100
　　　　　　　　　　　　　　　　　　　　Fax:  (212) 541-5369

　　　　　　　　　　　　　　　　　　　　Email:  sbalber@chadbourne.com
　　　　　　　　　　　　　　　　　　　　　　　　ptanck@chadbourne.com
　　　　　　　　　　　　　　　　　　　　　　　　lschapira@chadbourne.com

　　　　　　　　　　　　　　　　　　　　COUNSEL FOR PLAINTIFFS ROCKWELL
　　　　　　　　　　　　　　　　　　　　AUTOMATION, INC.
　　　　　　　　　　　　　　　　　　　　and ROCKWELL AUTOMATION
　　　　　　　　　　　　　　　　　　　　TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: August 24, 2012

/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: lschapira@chadbourne.com