IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10-CV-718-WMC |

**WAGO'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' SUPPLEMENTAL DISCLOSURE OF CINDY HOLLENBECK
AND PRECLUDE THE INTRODUCTION OF ANY EVIDENCE RELATED THERETO**

Rockwell Automation, Inc. and Rockwell Automation Techs., Inc. (collectively, "Rockwell") have filed a motion to strike WAGO's disclosure of Cindy Hollenbeck as a person with knowledge of discoverable information, and to preclude in-limine evidence she could provide, styling the motion as "Plaintiff's Motion to Strike Defendants' Untimely and Improper Supplemental Disclosure of Cindy Hollenbeck and Preclude the Introduction of Any Evidence Related Thereto" ("the Motion"). Defendants Wago Corporation ("WCP") and Wago Kontakttechnik GmbH & Co. KG ("WKT") (collectively, "WAGO") respectfully oppose the Motion because supplementing Rule 26(a) disclosures to add newly discovered *fact* witnesses who have discoverable information is not only proper but required by Rule 26(a)(3) and 26(e) of the Federal Rules of Civil Procedure. Further, Rockwell offers no legitimate basis for excluding the evidence Ms. Hollenbeck can provide because she has not been disclosed to offer expert opinion testimony and her factual testimony regarding a prior art product her company sold, and

of which it appears Rockwell was aware, is both highly relevant and appropriate for supplementation under the Rules and in this case.

Upon disclosing Ms. Hollenbeck and her company on August 10, 2012, WAGO advised Rockwell that she was generally available to testify for the remainder of August and that WAGO would agree to her testifying when available in September if necessary to accommodate schedules. (Espinoza Decl. at ¶ 6; Dkt. # 130-28; Dkt. # 124-1.)[1] Instead of accepting this offer to get to the truth, Rockwell brought this Motion. The Motion should be denied.

## BACKGROUND

In early August, WAGO's counsel's investigation uncovered the existence of a company called SoftPLC Corporation, which has been producing open architecture programmable automation controllers since the late1980s. (Espinoza Decl. at ¶¶ 2–3; Dkt. # 130-19 at WCP032931.) SoftPLC was formed originally under the name Tele-Denken by two engineers, Cynthia and Richard Hollenbeck, who left Allen-Bradley (a predecessor to Rockwell) during the 1980s. (Dkt. # 130-20 at WCP033005.) Rockwell did business with Tele-Denken as an Allen-Bradley partner and licensed Tele-Denken software to provide off-line programming support for Rockwell PLC-3 controllers. (Dkt. # 130-24.) The licensed product was for use on a computer running an early DOS operating system. (*Id.* at SOFTPLC000311.)

Tele-Denken developed a PLC based on Real Time DOS and started to sell these PLCs under the SoftPLC name. (Dkt. # 130-21 at SOFTPLC000165; Dkt. # 130-22 at SOFTPLC000171.) Because these PLCs ran a DOS operating system on the PLC, they included a file system with file system services as claimed in the '813 patent. (*See, e.g.*, Dkt. # 130-21 at SOFTPLC000165.) These PLCs were able to use this file system in programs that would be

---

[1] "Dkt. #" shall refer to court filings in this matter. "Espinoza Decl." shall refer to the declarations of Gilberto E. Espinoza being filed with this Motion.

2

loaded into the PLC. (Dkt. # 130-25 at SOFTPLC000013.) These systems, which embody the technology described and claimed in the '813 patent, were available at least as early as 1993. (Dkt. # 130-23 at SOFTPLC000106.)

Because Tele-Denken was evolving into a competitor, Rockwell took notice. (Dkt. # 130-26.) On August 12, 1991, J. Monte Roach, Manager, Pyramid Solutions Program, ICCG, Rockwell, wrote to Mr. Hollenbeck expressing "serious concerns within Allen-Bradley" about the SoftPLC product, characterizing its marketing efforts "alarming" and stating there "may be patent issues." (*Id.* at SOFTPLC000299.) On August 23, 1991, Mrs. Hollenbeck responded. (*Id.* at SOFTPLC000301–03.) On October 18, 1993, Mr. Roach followed up on a personal discussion and sent Mr. Hollenbeck a letter enclosing patent abstracts. (*Id.* at SOFTPLC000306.) Mr. Hollenbeck responded stating Tele-Denken was investigating the nine patents asserted by Rockwell that remained in force. (*Id.* at SOFTPLC000307.)

When WAGO finally obtained documents relevant to this prior art through its own continued investigation, it promptly produced the documents to Rockwell and amended its disclosures on August 10 to list Ms. Hollenbeck as a possible person with knowledge of relevant facts. (Espinoza Decl. at ¶ 2–8; Dkt. # 130-28; Dkt. # 124-1.) Although Rockwell was aware of the SoftPLC prior art, it has produced no documents related to this important prior art during this litigation. WAGO has accordingly filed a motion to compel Rockwell's production of such documents, requesting as relief leave to serve supplemental invalidity contentions and a supplemental expert report of Dr. Richard Hooper. (Dkt. # 128.)

## ARGUMENT

Rockwell's Motion is in reality a motion-in-limine to preclude WAGO from offering at trial evidence relating to SoftPLC. Rule 26 disclosures are a mechanism to help the opposing party identify witnesses and documents that the opposing party will use at trial and to obtain

3

discovery through those witnesses and documents. Fed. R. Civ. P. 26(e)(1) 1993 Advisory Committee Notes ("Note to Subdivision (e). This subdivision is revised to provide that the requirement for supplementation applies to all disclosures required by subdivisions (a)(1)–(3). Like the former rule, the duty, while imposed on a 'party,' applies whether the corrective information is learned by the client or by the attorney. Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches. It may be useful for the scheduling order to specify the time or times when supplementations should be made"); *see also* Fed. R. Civ. P. 26(e)(1) 2000 Advisory Committee Notes ("Subdivision (e)(1), which is unchanged, requires supplementation if information later acquired would have been subject to the disclosure requirement. As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use.") As such, both WAGO and Rockwell have an on-going duty to supplement their disclosures under Rule 26(e), which is exactly what WAGO did here. Accordingly, there is no basis to strike the disclosures.

    Whether the Court should bar WAGO from offering at trial evidence of SoftPLC is a much larger question, namely, should Rockwell be entitled to benefit because SoftPLC came to WAGO's attention late in discovery even though Rockwell has been aware of the existence, business, and products of SoftPLC since the late 1980s when the company originally came into existence? The answer is apparent – Rockwell should not benefit, and patents that are clearly invalid should not remain viable, where evidence of invalidity remained hidden until late in discovery, especially where a party like Rockwell knew of the evidence but failed to disclose it in discovery.

Rockwell's Motion should be denied.

### A. WAGO Properly Supplemented Its Initial Disclosures

Rockwell takes issue with an action that WAGO was obligated to take. WAGO simply complied with its obligations to supplement WAGO's Rule 26(a)(1)(A) initial disclosures. Rule 26(a)(1)(A) requires that a party "must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A). These disclosures must be made even where a party has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E). This obligation "does not demand an exhaustive investigation" at the early stages of the litigation. Fed. R. Civ. P. 26, 1993 Advisory Committee Notes. The Federal Rules contemplate that such disclosures will require supplementation as the discovery process proceeds. *See id.* ("As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures as required by subdivision (e)(1)."). Rule 26(a)(3) requires that a party must "promptly file" information concerning persons the party may call at trial.

Rule 26(e)(1) obligates a party to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Under Rule 26(e)(2), such supplementation is permitted at any time before the pretrial disclosure deadlines set forth in Rule 26(a)(3), *i.e.*, 30 days before trial. Fed. R. Civ. P. 26(e)(2). This Court's Preliminary Pretrial Conference Order does not seek to restrict a party's ability to supplement its initial disclosures, other than by setting the Discovery Cutoff in this case for August 31, 2012, *i.e.*, more than 30 days before trial. (Docket No. 22 ¶ 8.)

On August 10, 2012, three weeks before the discovery deadline, WAGO properly supplemented its initial Rule 26(a)(1)(A) initial disclosures to add Ms. Hollenbeck as a witness likely to have discoverable information that WAGO may use to support its claims or defenses. (Espinoza Decl. at ¶ 6; Dkt. # 130-28.) WAGO also facilitated discovery of Ms. Hollenbeck by advising of her availability for deposition, which included generally the remainder of August, as well as representing WAGO's willingness to negotiate an agreement allowing such discovery of her after August 31, 2012. (*Id.*)

Rockwell decided to forego discovery regarding Ms. Hollenbeck. Instead, Rockwell seeks here to exclude Ms. Hollenbeck as a witness by mischaracterizing Ms. Hollenbeck as being proffered by WAGO to provide expert testimony supporting WAGO's invalidity contentions. Rockwell claims Ms. Hollenbeck is being offered as an expert not because of any disclosure WAGO has made, but because Rockwell knows of the Hollenbecks and of their products. It is those facts of which she has personal knowledge that she should be permitted to testify to, compelling evidence of invalidating prior art that she sold.

### B.   Ms. Hollenbeck Will Testify As To Invalidating Prior Art Of Which Rockwell Has Long Been Aware

Rockwell will suffer no undue prejudice given Rockwell's familiarity with Ms. Hollenbeck and the opportunity, which Rockwell chose to forego, to depose her. As the co-founder of SoftPLC, she has personal knowledge of its prior art technology, including a PLC product that ran a DOS operating system on the PLC and was sold or offered for sale as early as 1993 ("the DOS PLC"). This product embodies all of the elements of U.S. Patent No. 6,801,813 ("the '813 patent"), one of the patents in suit. The priority date of the '813 patent is July 30, 2001, which means the DOS PLC is prior art that invalidates claims of the '813 patent.

Rockwell seeks to preclude Ms. Hollenbeck from offering any testimony whatsoever under the auspice of Rule 701 of the Federal Rules of Evidence and Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Rule 701 provides:  "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.[2]  Subsection (c) was added to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  Fed. R. Evid. 701, 2000 Committee Note.  It was not added to exclude a witness' testimony based on his or her "particularized knowledge" of relevant facts.  *Id.*   Indeed, it has long been the rule that any witness (regardless of their educational background, training, or experience) can testify to "those things they ha[ve] seen, heard, felt, smelled, tasted, or done."  *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1195 (3d Cir. 1995); *see also Blameuser v. Hasenfang*, 345 Fed. Appx. 184, 187 (7th Cir. 2009) ("Neither the district court nor Officer Hasenfang makes clear why Dr. Prieto's testimony amounts to "expert" testimony.  His testimony . . . concerns his treatment of Blameuser and his putative diagnosis of assault, which he reached during the course of his treatment.").  That a person may have relevant expertise does not justify excluding relevant fact testimony.

Ms. Hollenbeck will testify about her personal knowledge regarding the DOS PLC, including how her company designed it to operate, its capabilities, and the timing of its development and sale.  These facts are not opinions.

---

[2] Rule 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rockwell cites *Baratto v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068 (W.D. Wis. 2010), to support the apparent proposition that *any* testimony from a witness having scientific, technical, or other specialized knowledge necessarily constitutes expert testimony. (*See* Dkt # 123 at 6.) Rockwell then attacks WAGO for violating Rule 26(a) by failing to disclose Ms. Hollenbeck before the expert disclosure deadlines set forth in the Court's Preliminary Pretrial Conference Order. (*Id.*) To support this self-serving reasoning, Rockwell is forced to mischaracterize the Court's ruling in *Baratto*. In *Baratto*, this Court acknowledged the illegitimacy of the very argument that Rockwell is making here (*i.e.*, that any testimony from a witness having scientific, technical, or other specialized knowledge necessarily constitutes expert testimony) and allowed lay testimony from an inventor. *See id.* at 1074 (noting that "it is possible for the same witness to provide both lay and expert testimony") (citing Fed. R. Evid. 701, 2000 Committee Note); *see also Paxar Americas, Inc. v. Zebra Techs. Corp.*, No. 03-cv-142, 2005 U.S. Dist. LEXIS 47214, *2-4 (Aug. 31, 2005) (treating "witness on . . . prior art" as being offered to present lay testimony).

The Court's deadline for disclosure of liability experts under Rule 26(a)(2) is not applicable to WAGO's disclosure of Ms. Hollenbeck. Rule 26(a)(2) only requires a party to disclose the identity of those witnesses that "it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). WAGO has no intention of eliciting expert testimony from Ms. Hollenbeck. She will be called for the sole purpose of testifying regarding her particularized knowledge of the design and development of SoftPLC's prior art industrial controllers, as WAGO disclosed in its supplemental Rule 26(a)(1)(A) disclosures. Accordingly, Rockwell's Motion should be denied.

### C. The Court's Pretrial Order Does Not Set An Absolute Deadline For Disclosure Of Invalidity Contentions

Rockwell improperly construes this Court's Preliminary Pretrial Conference Order as setting an absolute deadline for the disclosure of all prior art to be relied on at trial. In doing so, Rockwell asks this Court to commit legal error. *See O2 Micro Int'l Ltd. v. Monolithic Power Systems*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("If a local patent rule required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well before the end of discovery, it might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules.").[3] Under Federal Circuit law, supplementing invalidity contentions is to be permitted if a party acts with diligence following the discovery of new information. *Id.* at 1365–66.

The invalidity contentions are, like the initial disclosures, designed as a discovery tool to provide the parties all knowledge regarding contentions at an early point in time. They too are subject to supplementation. Supplementation under Rule 26(e), however, is not necessary where the additional information has been made known to the other parties during the discovery process or in writing.[4]

Rockwell raises no argument that WAGO has failed to act with diligence following the discovery of the SoftPLC prior art. Nor could it. Unlike Rockwell, WAGO just learned of SoftPLC and its prior art technologies three weeks ago.

A motion regarding Rule 26 disclosures is an improper procedural mechanism to decide the admissibility of evidence so central to the merits of the case. Notably, the SoftPLC prior art technology was not the type of prior art that is typically discovered through traditional prior art

---

[3] Federal Circuit precedent governs procedural issues relating to invalidity and infringement contention deadlines. *O2 Micro Int'l Ltd.*, 467 F.3d at 1364.

[4] Further, 35 U.S.C. § 282 provides for disclosure of prior art at least 30 days before trial.

9

searches. *See Yodlee, Inc. v. Cashedge, Inc.*, No. C 05-01550, 2007 U.S. Dist. LEXIS 39564, at *6 (N.D. Cal. May 17, 2007) ("In many fields, scholarly articles provide an easily searchable source for identifying prior art. In other fields, published patent records provide the principal means for identifying prior art."). There are no comprehensive sources for locating such commercial prior art systems. Rockwell has long known about the SoftPLC prior art, but it has produced no documents to that effect in this litigation. (*See* Dkt. # 130-26.)

As this new and critical evidence has surfaced, WAGO has been working diligently to supplement its invalidity contentions and the invalidity expert report of Dr. Richard Hooper.[5]

Even Rockwell's own cited case law supports denial of its motion. For instance, in *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874 (Fed. Cir. 1986), the Federal Circuit actually affirmed the district court's decision to admit certain prior art which were formally provided to the plaintiff less than 30 days before trial. *Id.* at 879. The facts present here are eerily similar to those presented in *Eaton*. Indeed, in upholding the district court's decision, the Federal Circuit reasoned that the plaintiff and the inventor "knew or should have know of the [prior art product] . . . because it had been a competitive valve on the market for <u>over ten years</u>." *Id.* (emphasis added) As noted previously, there is no question that Rockwell knew about SoftPLC (it was a competitor and its founders were former employees) and knew about its product lines (Rockwell threatened to sue SoftPLC for patent infringement) dating back to the early 1990s. (*See* Dkt. # 130-26; *see also* Dkt. # 123 at 7 ("the information from SoftPLC and Ms. Hollenbeck was

---

[5] This is in contrast to the situation addressed in *O2 Micro*, where the Federal Circuit found that the district court had not abused its discretion in denying a motion for leave to serve amended infringement contentions. *Id.* at 1369–70. In *O2 Micro*, the defendant waited nearly *three months* to seek leave after supposedly discovering the new information that led to its amended infringement contentions. *Id.* at 1367. Here, WAGO promptly sought leave to serve such disclosures on Rockwell, the reasons for which are more fully detailed in WAGO's recent motion to compel. (*See* Dkt. # 128.)

publicly available for <u>more than ten years</u>") (emphasis added).) Under *Eaton*, admission of such prior art is appropriate.

The other case law cited by Rockwell is entirely distinguishable. For instance, in *SPX Corp.*, the prior art at issue was in defendant's hands the entire time but was not disclosed until near the end of discovery. *SPX Corp. v. Bartec USA, LLC*, No. 06-14888, 2008 U.S. Dist. LEXIS 29235, at *14-29 (E.D. Mich. Apr. 10, 2008). In fact, it was the defendant's own manuals and activities that were not disclosed. *Id.* The prior art at issue here has presumably been in Rockwell's hands — not WAGO's. Moreover, the court in *SPX Corp.* specifically addressed prejudice to the plaintiff. *Id.* at *29–33. Here, there is no showing — not even any argument — of any prejudice to Rockwell. In *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363 (Fed. Cir. 2008), the court relied heavily on the fact that the prior art reference was not disclosed until the last day of discovery, thereby precluding plaintiff from investigating the art. *Id.* at 1375. Here, there was ample time to conduct discovery into Ms. Hollenbeck's factual information. Rather than pursue her deposition, Rockwell chose to move to exclude, turning its back on its ability to obtain discovery from Ms. Hollenbeck. Again, Rockwell has not made any showing of prejudice.

Similarly, while the court in *Paxar* excluded certain evidence of prior art references disclosed on the last day of discovery as well, it permitted the defendant to add a new witness who was proffered to testify about prior art. *Paxar Americas, Inc.*, 2005 U.S. Dist. LEXIS 47214, at *4-6. In doing so, the court noted that the plaintiff failed to "demonstrate prejudice" and "take additional discovery" from the witness although "[i]t had access to [the witness'] documents to depose him." *Id.* at *3. As in *Paxar*, Ms. Hollenbeck was disclosed with sufficient time to conduct discovery and Rockwell fails to make any showing of prejudice.

Ultimately, "exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) (citations omitted); *see also Sherrod*, 223 F.3d 605, 613 (7th Cir. 2000) (exclusion of a supplemental expert report was a "drastic sanction"); *Paxar Americas, Inc.*, 2005 U.S. Dist. LEXIS 47214, at *2 (exclusion of a belatedly disclosed witness on prior art would be an "extreme sanction"). Indeed, "there is a preference in the federal system that trials be determined on the merits, and not on constructions of the Federal Rules of Civil Procedure that operate needlessly in a given case to deprive a party of its right to have a merits-based determination of a claim." *Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006) (citations omitted). That preference applies with particular force when patent invalidity is at issue given the Supreme Court's emphasis on "the importance to the public at large of resolving [such] questions." *Unique Indus., Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d 191, 204 (D.D.C. 2011) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993)); *see also Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, # 10-cv-891, 2011 U.S. Dist. LEXIS 127320, at *11-12 (M.D. Fla. Nov. 3, 2011) (recognizing "the importance of resolving questions of patent validity on their merits"); *Abbott Labs. v. Lupin Ltd.*, # 09-152, 2011 U.S. Dist. LEXIS 53846, at *13-14 (D. Del. May 19, 2011) (same).

In sum, the following facts are clear: (1) WAGO has acted with diligence in seeking to supplement its invalidity contentions and expert reports; (2) Rockwell has known about the SoftPLC prior art for years (yet produced no related documents); and (3) Rockwell has had ample opportunity to depose Ms. Hollenbeck but has chosen not to do so. In accordance with Federal Circuit precedent, Rockwell's own cited case law, and the federal judiciary's *strong*

12

preference for resolving questions of patent invalidity on their merits, Rockwell's motion should be denied.

## CONCLUSION

For the foregoing reasons, Rockwell's Motion should be denied.

Dated: August 24, 2012  Respectfully submitted,

*/s/ David L. De Bruin*

David L. De Bruin, SBN 1016776
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
T: (414) 271-6560; F: (414) 277-0656
Email: dldebruin@michaelbest.com

Marshall J. Schmitt
Gilberto E. Espinoza
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
T: 312.222.0800; F: 312.222.0818
Email: mjschmitt@michaelbest.com
Email: geespinoza@michaelbest.com

John C. Scheller
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, Wisconsin 53701-1806
T: 608.283.2276; F: 608.283.2275
Email: jcscheller@michaelbest.com

and

Robert N. Cook
WHITHAM, CURTIS, CHRISTOFFERSON &
COOK, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
T: 703.787.9400; F: 703.787.7557
Email: bob@wcc-ip.com

*Attorneys for Defendants*
*WAGO CORPORATION and*
*WAGO KONTAKTTECHNIK GMBH & CO. KG*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC |

**Certificate Of Service**

I HEREBY CERTIFY that on this 24th day of August, 2012, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>sbalber@chadbourne.com<br>ptanck@chadbourne.com<br>lschapira@chadbourne.com |

*/s/ Gilberto E. Espinoza*
Gilberto E. Espinoza