IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. AND ROCKWELL
AUTOMATION TECHNOLOGIES, INC.,

           Plaintiffs,

-against-

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GmbH & CO. KG,

           Defendants.

Case No. 3:10-CV-718-WMC

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF ANY EVIDENCE CONCERNING OR RELATED TO PURPORTED CLAIM OF "INEQUITABLE CONDUCT"**

Plaintiffs Rockwell Automation, Inc. ("RAI") and Rockwell Automation Technologies, Inc. ("RATI") (together, "Rockwell" or "Plaintiffs"), respectfully submit this motion in limine, pursuant to Federal Rules of Evidence 401, 402 and 403 for an Order excluding introduction of any evidence concerning or related to a purported claim of "inequitable conduct" by WAGO Corporation ("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") (together "Wago" or "Defendants").

**FACTUAL BACKGROUND**

On August 20, 2012, Defendants filed a Motion to Compel Discovery and for Sanctions and in Opposition to Rockwell's Motion for a Protective Order ("Motion to Compel"), in which they requested that the court grant leave to "amend its complaint to add a claim of inequitable

conduct."[1] (Dkt. No. 128.) Defendants' Answer does not include the affirmative defense of "inequitable conduct" and they did not assert any such counterclaim. (Dkt. No. 27.) Instead, four days before the close of discovery Defendants first provided their theory of inequitable conduct. See Declaration of Paul J. Tanck in Support of Plaintiffs' Motion in Limine to Exclude Introduction of any Evidence Concerning or Related to Purported Claim of "Inequitable Conduct, Exh. 1 (Defendants' Response to Plaintiffs' 7th Set of Interrogatories, Request No. 21). Thirty-six hours later, at the August 29, 2012 telephonic hearing, this Court declined Defendants' request for leave to amend their pleadings to include a claim for inequitable conduct. (Dkt. Nos. 165, 166.) In doing so, the Court stated that "WAGO is overreaching." (Dkt. No. 166 at Tr. 21:17-20.)

## ARGUMENT

### THE COURT SHOULD EXCLUDE THE INTRODUCTION OF ANY EVIDENCE CONCERNING OR RELATED TO A PURPORTED "INEQUITABLE CONDUCT" CLAIM

Defendants should not be allowed to introduce evidence related to "inequitable conduct" because it would not be relevant to any claim or defense in this action and would be more prejudicial than probative. Fed. R. Evid. 402, 403. An inequitable conduct claim asserts that a patent was procured by intentional deception of the patent examiner. See Prac. L. Inst., Pat. Litig. § 1:3.4. No such allegation was plead in this action and the jury would certainly be inflamed upon hearing such evidence. Blue v. Int'l Bros. of Elec. Workers, Local 159, No. 09-

---

[1] Because the Defendants did not file a complaint or any counterclaims in this action, for the purposes of this motion Plaintiffs assume that Defendants meant to ask for leave to amend their answer and not a complaint.

cv-398, 2010 WL 3119257, at *2 (W.D. Wis. July 30, 2010) ("To warrant exclusion under Rule 403, the probative value [of evidence] must be insignificant compared to its inflammatory nature so that the evidence *unfairly* prejudices" the opposing party) (emphasis in original) (citations omitted) (Conley, J.). Moreover, "inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent." American Calcar, Inc. v. American Honda Motor Co., 651 F.3d 1318, 1334 (Fed. Cir. 2011).

In addition, pursuant to Federal Rule of Civil Procedure 15, evidence related to inequitable conduct should be excluded because Defendants cannot properly amend their pleading at this juncture as it would introduce "a new issue into the case on the eve of trial." Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 848-49 (7th Cir. 2002); see also Magsil Corp. v. Seagate Technology, No. 08-940, 2010 WL 2710472 (D. Del. July 7, 2010) ("Were defendants permitted to add both an affirmative defense and a counterclaim for inequitable conduct at this eleventh hour, plaintiffs would likely be required to conduct additional discovery, undertake additional investigation and research, obtain an additional expert, and develop new legal strategies in an effort to defend themselves against the charge that they intentionally defrauded the United States Patent Office."). Particularly because this Court already denied the Defendants' request to add an inequitable conduct claim at the August 29, 2012 hearing, Plaintiffs would be unfairly prejudiced if Defendants are suddenly permitted to enter evidence relating to such a claim at trial.

Finally, putting aside the materiality of any reference that Defendants may attempt to raise at trial, Defendants' theory of inequitable conduct fails as a matter of law because Defendants attempt to advance this defense without any evidence that anyone involved in the

3

prosecution of the asserted patents made a deliberate decision to withhold a known material reference from the patent office. In 2011, the Federal Circuit recognized "the problems created by the expansion and overuse of the inequitable conduct doctrine" and tightened the standard for establishing that a patentee engaged in misconduct before the PTO. In <u>Therasense, Inc</u>. v. <u>Becton, Dickinson & Co.</u>, 649 F.3d 1276, 1285 (Fed. Cir. 2011), the Federal Circuit noted that the judge-made inequitable conduct doctrine emerged from a line of infringement cases that "dealt with particularly egregious misconduct, including perjury, the manufacture of false evidence, and suppression of evidence", none of which is alleged here by Defendants. The appellate court sought to redirect the overused doctrine that has come to "plague[] not only the courts but also the entire patent system." <u>Id</u>. at 1289, 1290. Accordingly, without a showing of a specific intent to deceive the PTO, which Defendants have failed to do, inequitable conduct cannot be found. <u>American Calcar</u>, 651 F.3d at1334 (citing <u>Therasense</u>, 649 F.3d at 1287). Accordingly, pursuant to Rule 403, Defendants' use of testimony and evidence to support a theory of inequitable conduct at trial poses an inherent risk of prejudice to Plaintiffs.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion in limine to exclude introduction of any evidence concerning or related to a purported claim of "inequitable conduct" should be granted in its entirety.

Dated: September 6, 2012

/s/ Paul J. Tanck
Scott S. Balber (admitted in W.D. Wis.)
Paul J. Tanck (admitted in W.D. Wis.)
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369

Email: sbalber@chadbourne.com
ptanck@chadbourne.com
lschapira@chadbourne.com

COUNSEL FOR PLAINTIFFS ROCKWELL AUTOMATION, INC.
and ROCKWELL AUTOMATION TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: September 6, 2012

/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: lschapira@chadbourne.com