UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and ROCKWELL
AUTOMATION TECHNOLOGIES, INC.,

                                    Plaintiffs,

                    -against-                                    Case No. 3:10-CV-718-WMC

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GmbH & CO. KG,

                                    Defendants.

**PLAINTIFFS' OPPOSITION TO WAGO'S MOTION FOR LEAVE TO
SUPPLEMENT THE EXPERT REPORT OF DR. RICHARD HOOPER AND
TO AMEND ACCORDINGLY ITS INVALIDITY CONTENTIONS**

Plaintiffs Rockwell Automation, Inc. ("RAI") and Rockwell Automation Technologies,

Inc. ("RATI") (together, "Rockwell" or "Plaintiffs"), by and through their attorneys, Chadbourne

& Parke LLP, respectfully submit this opposition to the September 6, 2012 Motion for Leave to

Supplement the Expert Report of Dr. Richard Hooper and to Amend Accordingly Its Invalidity

Contentions filed by defendants WAGO Corporation ("WCP") and WAGO Kontakttechnik

GmbH & Co. KG ("WKT") (together "Wago" or "Defendants").

**PRELIMINARY STATEMENT**

Defendants have asked this Court for leave to submit a supplemental expert report and to

accordingly amend their invalidity contentions.  Defendants made this same request to the Court

on August 20, 2012, and it was summarily rejected by order of this Court on August 29, 2012.

Defendants make no mention of that fact in this second request, which comes more than six

months after expert reports were due, a year after invalidity contentions were due, more than four

months after summary judgment motions were filed, and after the close of all discovery.

Moreover, the "supplemental" expert report is not actually a supplement.  Instead, the

"supplement" propounds entirely new opinions of alleged invalidity based on anticipation and obviousness grounds in view of certain purported prior art references that were never referenced in any respect in Defendants' invalidity contentions, Dr. Hooper's initial expert report, Dr. Hooper's first supplemental expert report, or in their summary judgment briefing.

Defendants offer no legitimate basis for this Court to grant the extraordinary relief they seek, which is contrary to the Federal Rules, the rules of this Court, and applicable case law. Presumably, that is why this Court declined to grant the relief in the first instance. Instead, Defendants feebly claim that the need for the supplemental report is "at least partially the result of Plaintiffs' own dilatory discovery tactics" in connection with the purported prior art references. This Court, however, also expressly rejected the notion that Plaintiffs engaged in any such dilatory conduct when it denied Defendants' request to compel the production of documents concerning that very subject matter.[1]

Not surprisingly, Defendants fail to cite to a single case that supports their request for this extreme relief; because none exist. Indeed, Defendants appear to have deliberately omitted the applicable case law, including cases from this Court. The relief requested by Defendants is unjustified and, if granted, will cause substantial harm to Plaintiffs, including delaying the trial in this action, which is set to commence on October 9, 2012. If leave is granted, the

---

[1] It is disingenuous for Defendants to claim that Plaintiffs engaged in any dilatory discovery tactics in light of the fact that Defendants (1) waited 10 months to take a single fact witness deposition, (2) attempted on August 10, 2012 to supplement their initial disclosures with the addition of Cindy Hollenbeck, an expert witness disguised as a lay witness, (3) produced 40% of all of their documents – over 130,000 pages – on the day discovery had been set to close for an entire year, and (4) are now attempting to "supplement" their expert report with entirely new theories based upon those late-disclosed documents (and documents produced thereafter) and an apparent interview with Ms. Hollenbeck, after the close of expert discovery, after the close of fact discovery, after the submission of dispositive motions, and just weeks before the commencement of this trial.

"supplemental" report will materially impact the issues to be tried in a trial set to commence in three weeks and will require significant additional document discovery and depositions, including from experts and third-parties.  As such, Plaintiffs respectfully request that Wago's Motion for Leave to Supplement the Expert Report of Dr. Richard Hooper and to Amend Accordingly Its Invalidity Contentions should be denied in its entirety.

## COUNTER-STATEMENT OF FACTS

On August 26, 2011, this Court issued a Preliminary Pretrial Conference Order (the "Pretrial Order") setting forth deadlines for discovery in this action, as follows:

- Defendants' Invalidity Contentions were due on September 30, 2011.

- Exchange of Terms and Proposed Constructions were due on November 16, 2011.

- The disclosure of liability experts and the submission of expert reports were due on February 24, 2012.

- The deadline for rebuttal reports was March 23, 2012.

- Dispositive motions were due on April 13, 2012

- The discovery cutoff was August 31, 2012.

(Pretrial Order, Docket 22, at 2.)  On August 29, 2012, the Court sua sponte extended the discovery cutoff to September 5, 2012 at noon.  (Docket 165.)

Defendants submitted invalidity contentions on September 30, 2011.  (Declaration of Paul J. Tanck in Support of Plaintiffs' Opposition to Motion for Leave to Supplement the Expert Report of Dr. Richard Hooper and to Amend Accordingly Its Invalidity Contentions, (hereinafter "Tanck Decl.") ¶ 2, Ex. 1.)  On October 7, 2011, Defendants supplemented their initial Invalidity Contentions, though there is no provision in the Pretrial Order to do so.  (See Pretrial Order, Docket 22, at 2; see also Tanck Decl. ¶ 3, Ex. 2.)  On November 22, 2011, Defendants supplemented their invalidity contentions yet again.  (Tanck Decl., ¶ 4, Ex. 3.)

On February 24, 2012, Defendants disclosed as their liability expert Dr Hooper, and submitted his expert report.  (Tanck Decl., ¶¶ 5-6, Exs. 4 & 5.)  On March 23, 2012, Defendants improperly served a second expert report purporting to supplement the February 23, 2012 report on patent invalidity.  (Tanck Decl., ¶ 7, Ex. 6.)  The Pretrial Order expressly limits supplementation to matters raised in an expert's first report.  (Pretrial Order, Docket 22, at 2.)  Plaintiffs' Motion for Sanctions in connection with Defendants' first untimely expert report is <u>sub judice</u>.  (<u>See</u> Docket 35.)

On April 10, 2012, Plaintiffs deposed Dr. Hooper.  (Deposition of Dr. Richard N. Hooper dated April 10, 2012, Docket 68.)  Dr. Hooper testified that he was not preparing any additional reports or declarations in this case, that all of his opinions were set forth in the reports submitted at the time of his deposition.  (<u>Id</u>., at 236:5-16.)

Thereafter, on April 13, 2012, Defendants filed a Motion for Summary Judgment.  (Docket 51.)  On May 4, 2012, Plaintiffs filed an Opposition to Defendants' Motion for Summary Judgment.  (Docket 83.)

On August 20, 2012, Defendants submitted a Motion to Compel Discovery and for Sanctions (the "Defendants' Motion to Compel").  (Docket 128.)  In that motion, Defendants asked, <u>inter alia</u> that this Court **"[g]rant WAGO leave within seven days after the close of discovery to amend its Rule 26 disclosures, including but not limited to expert disclosures, and invalidity contentions[.]"**  (Defendants' Motion to Compel at p. 24, ¶ 7.)  On August 29, 2012, a hearing was held before this Court and that relief was summarily denied.  (August 29, 2012 Order, Docket 165; Transcript of Telephone Motion Hearing Held on August 29, 2012 ("Aug. 29, 2012 Tr.") at 21:13-22:6, Docket 166.)

Notwithstanding the foregoing, on September 6, 2012, Defendants moved this Court for leave to supplement the expert report of Dr. Hooper and to amend their invalidity contentions accordingly.  (Docket 217.)  The so-called "supplemental" report, attached as Exhibit A to Wago's Brief in Support of Motion for Leave to Supplement the Expert Report of Dr. Richard Hooper and to Amend Accordingly Its Invalidity Contentions (hereinafter "Br."), however, is not a supplement at all.  (Declaration of Richard Hooper, Ph.D, P.E., (the "Report"), Br. at Ex. A, Docket 217-1.)  Instead, the 138-page report propounds opinions of invalidity concerning the following purported additional prior art references:  (1) ERTFS File System, (2) SoftPLC (Toolkit, TOPDOC Manual, and Controller System), (3) Rockwell 1747 Open Controller System, (4) ControlWare Guide, and (5) CoDeSys June 2001 Manual (collectively, the "New Prior Art References").  (Id., at pp. 3-10.)  These New Prior Art References were never raised in (1) Defendants' invalidity contentions, (2) Defendants' expert's reports, or (3) Defendants' summary judgment briefing.  Indeed, Dr. Hooper relies on thousands of pages of documents that have only recently been produced by Defendants – not Plaintiffs – in this case.[2]  (Tanck Decl., ¶ 8, Ex. 7.)

The only explanation provided by Defendants for "the need for Dr. Hooper's supplemental report" is that it is "*partially* the result of Rockwell's own dilatory discovery

---

[2]   Excluding approximately 200 pages of documents produced by Rockwell, Dr. Hooper relies on more than 2,700 pages of documents all of which were produced by Defendants between August 13, 2012 and September 5, 2012.  Nearly half of those documents were produced between September 1 and 5, after the date on which discovery had been set to close for over a year.  (Report at Appendix A - Additional Materials Considered ("Report Appendix"), Docket 217-2.)  Dr. Hooper also relies on an interview with Cindy Hollenbeck, whose testimony Plaintiffs seek to exclude at trial.  (See Plaintiffs' Motion to Strike Defendants' Untimely and Improper Supplemental Disclosure of Cindy Hollenbeck and Preclude the Introduction of Any Evidence Related Thereto, Docket 123.)

tactics." (Br. at 23) (emphasis added). According to Defendants, "Rockwell's failure to timely and fully produce critical evidence extends to documents concerning the conception and reduction to practice of the asserted patents, particularly ERTFS file system." (Br. at 24.) Leaving aside the fact that Defendants fail to support that broad claim with any credible facts, Defendants once again ignore the glaring fact that they (not Plaintiffs) failed to diligently pursue discovery in this case. As this Court is aware, Defendants waited ten months to take a single fact witness deposition in this case. (See Plaintiffs' Opposition to Defendants' Motion to Compel, Docket 154.) The "Additional Materials Considered" by Dr. Hooper in support of his "supplemental" expert report make clear that it was those belated depositions that Defendants could have, but did not take earlier in this case, which led to the discovery of these purported prior art references. (Report Appendix, Docket 217-2.) Indeed, the depositions relied upon by Dr. Hooper took place between July 31, 2012 and August 30, 2012. (See id. at p. A-1.) Further, in denying Defendants' Motion to Compel, this Court has already expressly rejected the notion that Plaintiffs' failed to timely produce the critical evidence concerning prior art references. **"I'm not going to require this . . . . WAGO is overreaching at the back end in terms of discovery. I'll give defendants depositions because they were previously noticed. The rest of this, I'm not buying this deception/withholding argument, that now all of a sudden it's so important."** (Aug. 29, 2012 Tr. at 21:14-21) (emphasis added).

Moreover, Defendants claim that Plaintiffs should have disclosed documents underlying the New Prior Art References earlier (or at all) is a fiction. As a threshold matter, Plaintiffs do not agree that any of the New Prior Art References are actually prior art and have never held that belief. Further, if the New Prior Art References are anything more than a red herring (and they are not), Dr. Hooper was in the best possible position to make that determination when he

provided his expert opinion in his initial expert report and then his improper supplemental report. He is, after all, an expert in this field. (See Feb. 23, 2012 Hooper Decl., at 1-2, Tanck Decl., ¶ 6, Ex. 5.) But Dr. Hooper did no such thing and Defendants have not provided any credible explanation for their failure to discover and properly disclose the New Prior Art References in a timely manner.

Defendants' half-hearted attempt to blame Plaintiffs for their own lack of diligence falls flat. For example, Defendants suggest in a footnote – though they do not state it outright – that documents concerning EBSNet would have been responsive to a document request made in September 16, 2011. (Br. at 11, Note 5.) Even if, arguendo, Defendants could legitimately claim that Plaintiffs failed to produce documents concerning EBSNet (or any of the other New Prior Art References) in response to a document request (and they have not and cannot) the appropriate remedy is not a request for leave to file a supplemental report after the close of discovery.[3] Instead, Defendants could have called for a meet and confer with Plaintiffs and, if necessary, moved this court for an order compelling the production of documents. But Defendants did no such thing. Indeed, their belated attempt to do so on August 20, 2012 was rejected out of hand. (Order, Docket 165; Aug. 29, 2012 Tr. at 21:13-22:6.)

Defendants' remaining claims of purported discovery delays by Plaintiffs are unfounded and, more to the point, are irrelevant to the issues in this motion. Indeed, the only explanation that Plaintiffs can discern for Dr. Hooper's "supplemental" report is an utter lack of diligence on

---

[3]   Defendants similarly complain that Plaintiffs failed to produce "requested source code from EBS." (Br. at 14-15.) However, Defendants' fail to identify a request to which the EBS source code – not to be confused with Rockwell source code – is legitimately responsive. Moreover, it is unclear to Plaintiffs why Defendants did not move to compel EBS for this third-party discovery.

the part of Defendants in investigating and then timely pursuing discovery in this case.  Yet, with no additional explanation for their tardiness or justification for their request, Defendants have asked this Court for a second time to grant leave to file this "supplemental" report and amend their invalidity contentions.  Defendants are grossly overreaching here and their motion should be denied.

## ARGUMENT

### I.   APPLICABLE LAW MANDATES DENYING THE RELIEF SOUGHT BY DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 26 a party must disclose expert testimony "at the times and in the sequence that the court orders," or "absent a stipulation or a court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial."  Fed. R. Civ. P. 26(a)(2).  Any supplement to an expert's report or deposition testimony "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e).  Further, a supplement is not proper unless "the party learns that in some material respect the [initial] disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).  Thus, a "new and different set of opinions" does not qualify as an actual supplement.  Z Trim Holdings, Inc. v. Fiberstar, Inc., 2007 WL 5462414, at *2 (W.D. Wis. Sept. 26, 2007) (Crocker, J.).

While Defendants have labeled Dr. Hooper's report as a "supplement," it is unequivocally a new and different set of opinions.  Indeed, the New Prior Art References that are the subject of Dr. Hooper's "supplemental report" are not mentioned in either of his prior reports, or in any other submission made by Defendants before August 2012.  (Tank Decl., ¶¶ 2-4, 6-7, Exs. 1-4 & 5-6.)  Courts do not permit parties to submit untimely expert reports that set

forth new opinions that would materially alter the case. <u>Point Prod. A.G.</u> v. <u>Sony Music Entm't,</u> <u>Inc</u>., 2004 WL 345551, at \*7-13 (S.D.N.Y. Feb. 23, 2004) (excluding expert affidavits when they were untimely and "they in fact expound a wholly new and complex approach"); <u>Beller</u> v. <u>United</u> <u>States</u>, 221 F.R.D. 689 (D.N.M. 2003) (striking supplemental expert report when it was provided more than three months after expert witness disclosure deadlines, six weeks after discovery deadline and after expert's deposition, and contained new and different opinions); <u>Baker</u> v. <u>Indian Prairie Comty. Unit, School Dist. 204</u>, 1999 WL 988799, at \*1-3 (N.D. Ill. Oct. 27, 1999) (striking untimely portions of expert affidavits because "[o]ne of the primary goals of the federal civil discovery rules and Rule 26(a) is to 'eliminate surprise' [and not ]to ambush [a party] with new expert opinions after the expert opinion disclosure deadline and after they filed for summary judgment").

In conjunction with Rule 26, Rule 37 provides that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." <u>Salgado</u> v. <u>Gen. Motors Corp</u>., 150 F.3d 735 (7th Cir. 1998).

While Defendants conclude that "there is ample time for the parties to complete any additional expert discovery . . . without any disruption to the trial" (Br. at 26), Plaintiffs respectfully disagree. Defendants' self-serving conclusion grossly miscalculates the prejudicial impact of their purported "supplement," which would require, among other things, the preparation of rebuttal reports, expert depositions, third-party depositions and document

discovery, an amended witness list, an amended exhibit list, and the submission of additional

motions in limine for a trial that is starting in three weeks.  This is precisely the type of harm that

justifies exclusion of "supplemental" expert reports.  Such exclusion is particularly warranted

here where the "supplemental" report is based upon thousands of pages of documents disclosed

by Defendants just prior to the discovery cut-off.  See Personal Audio, LLC v. Apple, Inc., 2011

WL 6148587, at *1-4 (E.D. Tex. 2011) (including sanction of not allowing defendants' experts

to rely on new documents for producing "418 documents totaling more than 6,300 pages," three

weeks before trial because plaintiff "has been prejudiced by having to review and analyze

[defendant]'s untimely disclosure, when it should be completing court-ordered pretrial filings

and making final preparations").

   This Court in particular has strictly held litigants to its deadlines in patent cases to avoid

precisely this kind of scenario.  Indeed, the Pretrial Order provides that:

> All disclosures [of liability experts] mandated by this paragraph must comply
> with the requirements of Rule 26(a)(2).  Supplementation pursuant to Rule 26(e)
> is limited to matters raised in an expert's first report, must be in writing and must
> be served not later than five calendar days before the expert's deposition, or
> before the general discovery cutoff if no one deposes the expert.  Any employee
> of a party who will be offering expert opinions during any phase of this case must
> comply with all of these disclosure requirements.
>
> Failure to comply with these deadlines and procedures could result in the court
> striking the testimony of a party's experts pursuant to Rule 37.

(Docket No. 22, at pp. 2-3.)  This Court has previously noted that "[t]his paragraph flagged and

highlighted this court's well-known antipathy to a party's post-deposition revelation of new

expert information that did not qualify as actual supplementation."  Eugene Baratto, Textures,

LLC v. Brushstrokes Fine Art, Inc., 701 F. Supp. 2d 1068, 1071 (W.D. Wis. 2010) (Crocker, J.)

(granting in part motion to strike supplemental expert affidavit and disregarding any new

opinions asserted).  Those requirements are imposed by this Court "in every patent case in order

to implement its longstanding policy of promoting fairness, efficiency and predictability by setting and strictly enforcing tight expert disclosure deadlines." <u>Id</u>.; <u>see also</u> <u>Z Trim Holdings, Inc.</u>, 2007 WL 5462414 at *1-2 (denying plaintiff's motion for leave to file a supplemental report that was actually a new and different set of opinions). To be certain, this Court has held that:

> A timely supplemental expert report is allowable, but it must be an actual *supplement*, not a new and different set of opinions. In patent lawsuits filed in this court, moving targets are highly disfavored, late-presented moving targets are anathemas."

<u>Id</u>. at *2. The rule on supplementation is not "a means of introducing completely new information or legal theories into the case." <u>Eberts</u> v. <u>Goderstad</u>, 2009 WL 101633, at *1 (E.D. Wis. Jan. 14, 2009) (barring expert from testifying instead of delaying trial date due to late disclosure). Such supplementations should be made "with special promptness as the trial date approaches." Advisory Committee Notes, Fed. R. Civ. P. 26 (1993). Defendants cannot overcome the fact that this new expert report is simply too late.

### A. This Court Strictly Enforces Deadlines Concerning Submission of Invalidity Contentions and No Exception Is Warranted Here

The law is similarly clear with respect to invalidity contentions. Indeed, courts within the Seventh Circuit strictly enforce deadlines concerning invalidity contentions and evidence of prior art and no exception should be made here. <u>See</u> <u>Minemyer</u> v. <u>B-Roc Representatives, Inc.</u>, 2010 WL 3787093, at *5-6 (N.D. Ill. Sept. 21, 2010) (rejecting motion to reconsider trial court rulings excluding "evidence of prior art that hadn't been disclosed in a timely fashion, and essentially foreclosed any invalidity contentions"); <u>SPX Corp.</u> v. <u>Bartec USA, LLC</u>, 2008 WL 1701641, at *8-9 (E.D. Mich. Apr. 10, 2008) (excluding alleged prior art when defendants did not disclose prior art claim until shortly before discovery period ended based on failure to comply with court orders and FRCP 26(e)). This is because, among other things, the analysis that follows

disclosure of invalidity contentions is extremely burdensome to plaintiffs.  <u>Minemyer</u>, 2010 WL 3787093, at *5-6, citing <u>Eaton Corp</u>. v. <u>Appliance Valves Corp</u>., 790 F.2d 874, 879 (Fed. Cir. 1986).

In <u>Illinois Computer Research, LLC</u> v. <u>Harpo Prod., Inc</u>., 2010 WL 2136665, at *12 (N.D. Ill. May 26, 2010), the court did not permit the defendant to "amend its Rule 26(a)(1) disclosures" to add "prior art / invalidity / unenforceability witnesses" because it would unfairly prejudice the plaintiff.  Specifically, the court found that after a trial date was set and preparation for trial was about to commence the defendant was "not entitled to, in effect, force a continuance of the trial or the hampering of [plaintiff]'s preparation by shifting the burden of the late disclosures to [plaintiff]."  <u>Id</u>.  Accordingly, Defendants should not be permitted to supplement their invalidity contentions here.

## II.   DEFENDANTS FAIL TO CITE A SINGLE CASE THAT SUPPORTS GRANTING LEAVE TO SUPPLEMENT EXPERT REPORTS OR AMEND INVALIDITY CONTENTIONS

Defendants do not cite a single case that actually supports granting the relief they seek in their motion.  This is because the law – particularly law that is authoritative in this Court – does not allow for parties to submit late-filed expert reports propounding new theories of evidence, or amend their invalidity contentions just weeks before trial; particularly under the circumstances presented here.  As such, Defendants simply ignored meaningful distinctions between the cases they cite and the facts at issue here, or excised language from cases where the ultimate holding is unfavorable for them.  Indeed, they take that approach with the very first case they cite, which is not only supportive of Plaintiffs' position here, but also makes it clear that ignoring critical distinctions between cases is "delusive and is as pointless as ignoring potentially dispositive authority against one's position."  <u>Talbert</u> v. <u>City of Chicago</u>, 236 F.R.D. 415, 420 (2006).

**A.   Cases Cited by Defendants for Leave to Submit Supplemental Expert Report**

In Talbert, the court took pains to distinguish the facts before it involving a timely supplemental expert report, from cases like this one in which the supplemental report is not only untimely, but is also not actually a supplement.  Id. at 423-25.  Specifically, the court noted:

> All three cases [cited by defendants] involved supplemental reports that were filed after discovery deadlines had passed.  In *Beller*, the "supplemental expert report was submitted long after the deadline was imposed by the Court and after discovery was closed."  The report in *Solaia Technology* also came after the court-ordered deadline for the close of expert discovery.  Worse still, in *Minebea*, the supplemental report was filed *one week into trial*.

> Moreover, in all three cases, the supplemental reports advanced "new opinions." The supplemental report in *Beller* was "significantly different" from the original report and actually altered the theory of the case.  In *Minebea*, the supplemental report added four completely new sections of opinions.  And finally in *Solaia Technology*, the supplemental report "contained newly disclosed opinions, certain of which contradict previously stated opinions."

Id. (citations omitted) (noting, "[i]t is no surprise that supplemental opinions that threaten to belatedly send the case on a wholly different tack are excluded").  Yet, Defendants ignore the clear message in Talbert and rely upon case after case with meaningfully distinguishable facts.

For example:

- Ashley Furniture Indus., Inc. v. Lifestyle Enter., Inc., 574 F. Supp. 2d 920, 933-34 (W.D. Wisc. 2008) (supplemental expert declaration was provided in support of defendant's summary judgment brief and "additional proffered prior art and opinion [was] a minor supplementation of the original report, raising no substantial new issues or opinions" and where plaintiff "was readily able to consider and respond to the new references").

- Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 10-cv-891, 2011 U.S. Dist. LEXIS 127320, at *11012) (M.D. Fla. Nov. 3, 2011) (court did not strike defendant's expert's testimony concerning new prior art where (1) defendant identified the new prior art prior to submission of expert reports, (2) defendant included analysis of prior art in timely expert report, (3) plaintiff submitted rebuttal report concerning contentions of invalidity about new prior art disclosures).

- Minuteman Int'l Inc. v. Nilfisk-Advance A/S, No. 03 C 223, 2004 U.S. Dist. LEXIS 19451, at *3-5 (N.D. Ill. Sept. 23, 2004) (supplement was provided three months prior to trial and before summary judgment briefing was completed) (emphasis added).

- <u>Sherrod</u> v. <u>Lingle</u>, 223 F.3d 605 (7th Circuit) (in Section 1983 action involving prisoner's personal injury, the court permitted plaintiff's expert to complete report where trial was a long way off).

- <u>Wilson</u> v. <u>Sundstrand Corp.</u>, Nos. 99 C 6946, 2003 U.S. Dist. LEXIS 14922, at *24 (N.D. Ill. Aug. 20, 2003) (court found supplemental report was not improper where (1) expert's deposition was not yet completed at time of supplement, (2) rebuttal expert report had not yet been submitted, and (3) supplement was actually correcting information from expert's original report).

   **B.   Cases Cited by Defendants for Leave to Amend Invalidity Contentions**

   Defendants fare no better with the cases they rely upon in support of their argument that this Court should grant Defendants leave to amend their invalidity contentions.  Notably, Defendants (inexplicably) rely primarily on cases analyzing a local rule from the Northern District of California, which are inapplicable to the rules of this Court.  <u>O2 Micro Int'l Ltd</u>. v. <u>Monolithic Power Sys</u>., 467 F. 3d 1355, 1362 (Fed. Cir. 2006) ("This case primarily presents questions concerning the interpretation and application of the Northern District of California's local rules for patent cases.").  The cases relied upon by Defendants are also inapplicable for other myriad reasons.  For example:

- <u>Abbott Labs</u>. v. <u>Lupin Ltd</u>., No. 09-152, 2011 U.S. Dist. LEXIS 53846, at *13-14 (D. Del. May 19, 2011) (holding that while the disclosure of additional invalidity contentions was not timely, it was not prejudicial because plaintiff "had more than three months to respond to [defendant's] opening expert reports") (emphasis added).

- <u>Golden Hour Data Sys. Inc</u>. v. <u>Health Servs. Integration, Inc</u>., No. C 06-7477, 2008 U.S. Dist. LEXIS 75495, at *12-13 (N.D. Cal. Jul. 1, 2008) (court granted defendant leave to amend its invalidity contentions where (1) expert discovery had not yet begun, (2) there were three months left prior to the fact discovery cut-off, (3) all of the new information came directly from plaintiffs, and (4) the supplemental invalidity contentions did not raise any new issues).

- <u>O2 Micro Int'l Ltd</u>. v. <u>Monolithic Power Sys</u>., 467 F. 3d 1355, 1366-68 (Fed. Cir. 2006) (denying O2 Micro leave to amend invalidity contentions and rejecting O2 Micro's apparent argument that 'good cause' must exist for amending its infringement contentions without regard to its diligence in doing so, merely because "new evidence was revealed during discovery").

- <u>Unique Indus., Inc</u>. v. <u>965207 Alberta Ltd</u>., 764 F. Supp. 2d 191, 194 (D.D.C. 2011) (disclosure of prior art on the eve of deadline for filing summary judgment motions did not prejudice defendant where the court re-opened discovery for 90-days to allow defendant an opportunity to investigate the new evidence of prior art and ordered plaintiff's counsel to pay reasonable attorney's fees and costs incurred by defendant as a result of plaintiff's failure to comply with the court's orders).

- <u>Yodlee, Inc</u>. v. <u>CashEdge, Inc</u>., No. C 05-01550, 2007 U.S. Dist. LEXIS 39564, at *5-7 (N.D. Cal. May 17, 2007) (court granted defendants leave to amend their invalidity contentions where (1) there was ample time left for discovery, (2) defendant had notified plaintiff of the new prior art more than two months before the close of fact discovery, and (3) no substantive (dispositive) motion was filed yet by plaintiff that would be impacted or rendered moot by the amendment).

Plaintiffs need not distinguish every single case relied upon by Defendants – though they could. Faced with the reality that there are no cases in which a party was permitted to "supplement" its expert report with facts like these, Defendants resorted to precisely the type of legal citation that the <u>Talbert</u> court so clearly admonished. <u>Talbert</u>, 236 F.R.D. at 420. For that reason, and the reasons set forth herein, this Court should deny Defendants' motion in its entirety.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for Leave to Supplement the Expert Report of Dr. Richard Hooper and to Amend Accordingly Its Invalidity Contentions, in its entirety, with costs and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  September 14, 2012                    /s/ Paul J. Tanck
                                              Scott S. Balber (admitted in W.D. Wis.)
                                              Paul J. Tanck (admitted in W.D. Wis.)
                                              Lisa Schapira (admitted in W.D. Wis.)
                                              Chadbourne & Parke LLP
                                              30 Rockefeller Plaza
                                              New York, NY  10112
                                              Tel.:  (212) 408-5100
                                              Fax:  (212) 541-5369

                                              Email:  sbalber@chadbourne.com
                                                      ptanck@chadbourne.com
                                                      lschapira@chadbourne.com

                                              COUNSEL FOR PLAINTIFFS ROCKWELL
                                              AUTOMATION, INC.
                                              and ROCKWELL AUTOMATION
                                              TECHNOLOGIES, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 14th day of September, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated:  September 14, 2012

/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  lschapira@chadbourne.com