# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,
                            Plaintiffs,

v.                                                          Case No.3:10CV718-WMC

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GMBH & CO. KG,
                            Defendant.

**SUPPLEMENT TO DEFENDANTS' CONTENTIONS OF INVALIDITY AND
UNENFORCEABILITY**

To:   John M. Hintz, Esq.
      Chadbourne & Parke, LLP
      30 Rockefeller Plaza
      New York, N.Y. 10112

      Counsel for Plaintiffs
      ROCKWELL AUTOMATION, INC. and
      ROCKWELL AUTOMATION TECHNOLOGIES, INC.

Defendants WAGO Corporation ("**WCP**") and WAGO Kontakttechnik GmbH & Co. KG ("**WKT**") hereby supplement their initial contentions of invalidity and unenforceability, which were served September 30, 2011 pursuant to the Preliminary Pretrial Conference Order dated August 26, 2011. (Dkt. 22)

**I.     U.S. PATENT NO. 6,745,090 (COUNT ONE)**

The following supplemental invalidity and unenforceability contentions relating to contentions relating to Claim 20 of U.S. Patent No. 6,745,090 (Count One of the Complaint) address invalidity under 35 U.S.C. § 112, second paragraph:

B.  **Invalidity and Unenforceability Under 35 U.S.C. §§ 101, 112**

| Asserted Claim of<br>U.S. Patent No. 6,745,090 | Invalidity/Unenforceability Contentions<br>Under 35 U.S.C. §§ 101, 112 |
|---|---|
| Claim 20. In an industrial control communications device, a method for sending a message from a control device to a remote device via a communications medium, comprising: obtaining trigger information via a first communications interface from the control device; determining if a trigger condition exists according to the trigger information; if a trigger condition exists, correlating the trigger condition with **a data variable**; obtaining **a data variable** from the control device via the first communications interface; creating a pager message including a text string and **the data variable**; and transmitting the pager message to a remote device via a second communications interface and the communications medium using a second communications protocol. | § 112—In derogation of the requirements of § 112, para. 2, Claim 20 refers to a new element in the same terms as a previously introduced element: "correlating the trigger condition with a data variable" and "obtaining a data variable from the control device via the first communications interface." It is unclear if it is the same or a new data variable, and it is uncertain which subsequent element "the data variable" is referencing. Thus, Claim 20 and all of its dependent claims are invalid for indefiniteness. |

### IV. U.S. PATENT NO. 7,058,461 (COUNT FOUR)

The following supplemental invalidity and unenforceability contentions, relating to Claims 14, 15 and 17 of U.S. Patent No. 7,058,461 (Count Four of the Complaint), which address invalidity under 35 U.S.C. § 102, were inadvertently omitted from Defendants' Contentions of Invalidity and Unenforceability.  The prior art relied on was also relied on with regard to Claims 1-8 and 10 of U.S. Patent No. 7,058,461 in Defendants' Contentions of Invalidity and Unenforceability served September 30, 2011.

| Asserted Claim U.S. Patent No. 7,058,461 | Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 102, 103 |
|---|---|
| **Claim 14**. A system that facilitates communication between an industrial control device and a remote user device and selective reprogramming of the industrial control device, comprising: | WO 97/30879 titled "Remote Monitoring System" describes a method for communicating between sender unit (50), which is an industrial control device, and computer workstation (56) or (57), which is a remote user device. "Workstations 56 and 57 allow remote monitoring of conditions" (Pg. 14, lines 26-27) "[T]he receiver may be used to send control signals to the sender units." (Pg. 15, lines 5-6) |
| means for detecting extant trigger conditions in an industrial automation environment; | Upon receipt of a message from sender unit (50), the receiver unit (51) interprets the received message. (Pg. 4, lines 7-9 and lines 17-19) The receiver unit (51) determines whether a trigger condition exists by checking whether "*" is present or not at the start of the received message. (Pg. 11) The invention relates to railway field equipment (Pg. 1, lines 23-25), which is an industrial automation environment. |
| means for assigning a data variable to the trigger condition: | Receiver unit (51) communicates by constructing a five word message. (Pg. 9, lines 29-30) The fifth word of the message, entitled DATA, is such a data variable. The DATA of the constructed message by the receiver unit (51) is used to acknowledge "the current status of the field unit," which represents the extant trigger condition. (Pg. 9, line 29, through Pg. 10, lines 9-11) |
| means for translating information indicative of the extant trigger condition into at least one pager message; and | The receiver unit (51) communicates by constructing a five word message. (Pg. 9, line 29, through Pg. 10, line 11) Based on the defined event message or the trigger condition, the receiver unit (51) generates alarm signals. (Pg. 2, lines 5-7) |
| means for transmitting the at least one pager message to a remote user device to alert a user to the extant trigger condition. | The receiver unit, *inter alia*, "provides a control signal for a dial up modem 54 to operate pager 55 and sends signals to two computer work stations 56, 57." For the four steps disclosed at pages 10-11, "The Receiver Unit will not initiate all four of the above steps unless the change of state contains an alarm status which is recognised by a "*" at the start of the message. Where the "*" is not present the receiver unit carries out the LED update, sends the change to the local computer interface and to the printer, but no audible alarm is initiated and no transmission is made to the CTC controller or pager." (Pg. 11, lines 3-8; see also pg. 11, lines 21-23) |

| Asserted Claim U.S. Patent No. 7,058,461 | Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 102, 103 |
|---|---|
| **Claim 15**. The system of claim 14, further comprising means for reprogramming the industrial control device via the remote user device. | Receiver unit (51) "has three bit table tables permanently installed in its software and is capable of accepting a further three tables which are input from the CPU interface"(Pg. 9, lines 24-26), which is such remote user device. Receiver unit (51) is linked to sender unit (50) and is capable of communicating with the industrial control device. (Pg. 1, lines 30-32) "[T]he receiver may be used to send control signals to the sender units." (Pg. 15, lines 5-6) |
| **Claim 17**. The system of claim 14, the at least one pager message comprising at least one text string and a data variable associated with the extant trigger condition. | Receiver unit (51) communicates by constructing a five word message, which includes a text string and a data variable associated with the trigger condition. (Pg. 9, lines 29-30) The fifth word of the message, entitled DATA, is such a data variable. The DATA of the constructed message by the receiver unit (51) is used to acknowledge "the current status of the field unit," which represents the extant trigger condition. (Pg. 9, line 29, through Pg. 10, lines 9-11) |

### VI. U.S. PATENT NO. 7,123,974 (COUNT SIX)

The following supplemental invalidity and unenforceability contentions relating to

Claim 24 of U.S. Patent No. 7,123,974 (Count Six of the Complaint) address invalidity under

35 U.S.C. § 112, second paragraph:

| Asserted Claim of U.S. Patent No. 7,123,974 | Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 101, 112 |
|---|---|
| Claim 24. A method for verifying an industrial control process, comprising: monitoring activity data directed to one or more control components; tagging at least one file that is related to **the or more control components**; logging the activity data in at least one of a local and a remote location; and aggregating the logged activity data in the at least one file. | § 112—In derogation of the requirements of § 112, para. 2, Claim 24 recites "the or more control components." This ambiguity invalidates Claim 24 for lack of definiteness. |

-4-

-5-

Date: October 7, 2011    Respectfully submitted,

/s/ Robert N. Cook
_____
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

John C. Scheller
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
(608) 283-2276 (voice)
(608) 283-2275 (fax)
jcscheller@michaelbest.com

Counsel for Defendant
WAGO CORPORATION
WAGO KONTAKTTECHNIK GMBH & CO. KG

## CERTIFICATION

I certify that on October 7, 2011, I caused the foregoing SUPPLEMENT TO DEFENDANTS' CONTENTIONS OF INVALIDITY AND UNENFORCEABILITY to be delivered by email to:

> John M. Hintz, Esq.
> Chadbourne & Parke, LLP
> 30 Rockefeller Plaza
> New York, N.Y. 10112
> jhintz@chadbourne.com

/s/ Robert N. Cook
_____

Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com