# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,
                              Plaintiffs,

v.

WAGO CORPORATION AND WAGO
KONTAKTTECHNIK GMBH & CO. KG,
                              Defendant.

Case No. 3:10CV718-WMC

**SECOND SUPPLEMENT TO DEFENDANTS' CONTENTIONS OF INVALIDITY AND UNENFORCEABILITY**

To:    John M. Hintz, Esq.
        Chadbourne & Parke, LLP
        30 Rockefeller Plaza
        New York, N.Y. 10112

        Counsel for Plaintiffs
        ROCKWELL AUTOMATION, INC. and
        ROCKWELL AUTOMATION TECHNOLOGIES, INC.

Defendants WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG hereby provide the second supplement to their contentions of invalidity and unenforceability made pursuant to the Preliminary Pretrial Conference Order dated August 26, 2011. (Dkt. 22)

**I.    U.S. PATENT NO. 6,745,090 (COUNT ONE)**

The following supplemental invalidity and unenforceability contentions are made with regard to U.S. Patent No. 6,745,090 (Count One of the Complaint), addressing the invalidity and unenforceability of Claim 15 under 35 U.S.C. §§ 102 and 103 and the invalidity and unenforceability of Claims 7 and 26 under 35 U.S.C. § 112. The prior art relied on, below, with regard to the invalidity of Claim 15 under §§ 102, 103 was previously relied on in Defendants'

Contentions of Invalidity and Unenforceability (dated September 30, 2011) with regard to

Claims 1, 7, 9, 10, 18, 20, 25 and 26 of U.S. Patent No. 6.745,090:

A.      **Invalidity and Unenforceability Under 35 U.S.C. §§ 102, 103**

| Asserted Claim of U.S. Patent No. 6,745,090 | Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 102, 103 |
|---|---|
| **Claim 15.** The industrial control system of claim 10, wherein the communications device is further adapted to receive programming messages from the communications medium via the second communications interface, whereby the communications device may be programmed via the communications medium. | The WAGO 750 prior art product, the industrial control device may be so programmed by a programming device connected to the PFC.<br><br>Moreover, WO 97/30879 titled "Remote Monitoring System" describes a system for the remote monitoring of field equipment. (Pg. 1, lines 2-3) Industrial control makes use of field equipment. (Pg. 1, lines 23-25) The specific use is described for a railway system (Pg. 1, lines 3-5), which is inherently industrial. Receiver unit (51) is such a processor. "The receiver unit is a micro processor based unit" (Pg. 9, line 23). Receiver unit (51) is linked to sender unit (50) and is capable of communicating with the industrial control device. (Pg. 1, lines 30-32) Sender unit (50) "has a CPU/modem module 30 (see Fig. 1)[, the first communications interface,] with the modem providing its output to a transmission link such as a line, voice frequency link or a radio link." (Pg. 13, lines 24-25) Computer workstation (56) or (57) is a remote user device. (See Pg. 14, lines 26-27) Modem 54 is the second communications interface; the receiver unit (51), inter alia, "provides a control signal for a dial up modem 54 to operate pager 55 and sends signals to two computer work stations 56, 57." (Pg. 14, lines 23-24) Also, receiver unit (51) has a plurality of ports with RS-232 drivers coupled to them, specifically port 72 allows the second communications interface, dial-up modem 54, to be connected to the unit. (See Pg. 15, lines 18-27) Receiver unit (51) "has three bit table tables permanently installed in its software and is capable of accepting a further three tables which are input from the CPU interface"(Pg. 9, lines 24-26), which is such a programming message via the second communications interface. "These tables relate to the alarm bit allocations." (Pg. 9, lines 26-27) Receiver unit (51) "may be used to send control signals to the sender units." (Pg. 15, lines 5-6); thus, the industrial control device may be programmed by a programming device connected to the communications medium. |

| Asserted Claim of U.S. Patent No. 6,745,090 | Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 102, 103 |
|---|---|
|  | To program an industrial control device remotely was well known. See, e.g., US Patent No. 6,201,996 to Crater et al., for "Object-oriented programmable industrial controller with distributed interface architecture," abstract ("A controller capable of interacting with a remotely located computer"), etc.<br><br>In addition, in U.S. Patent 5,127,090 to Ruehle et al., the communications apparatus, MIU 20, "can be programmed via a programming message from a programming device" with use of the apparatus's peripheral device, keyboard 32. The keyboard 32 is to provide interfacing with a user. (Col. 2, lines 64-65) The MIU software (see Fig. 3) includes a user interface routine 50. (Col. 4, line 30) If user interface routine 50 is run, among the options from which a user can select is an option to edit configuration data. (Col. 4, lines 45-59) "The user interface routine 50 permits the user to enter configuration data, such as identification of MAP nodes, LAN devices and other necessary variables, into a configuration file 59" (Col. 4, lines 38-41; see also Col. 2, lines 62-63) |

### B. Invalidity and Unenforceability Under 35 U.S.C. §§ 101, 112

| Asserted Claim of U.S. Patent No. 6,745,090 | Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 101, 112 |
|---|---|
| **Claim 7.** The apparatus of claim 1, wherein the communications apparatus is adapted to receive **a programming message** from the communications medium via the second communications interface and to transmit **the programming message** to the industrial control device via the first communications interface, whereby the industrial control device may be programmed by a programming device connected to the communications medium. | § 112—In derogation of the requirements of § 112, para. 2, Claim 7 refers to a new element in the same terms as a previously introduced element: "a programming message" recited in Claim 7 and "a programming message" recited in Claim 1, from which Claim 7 depends. It is unclear if it is the same or a new programming message, and it is uncertain which subsequent element "the programming message" recited in Claim 7 is referencing. Thus, Claim 7 is invalid for indefiniteness. |
| **Claim 26.** A communications device for sending a pager message according to a control device condition, comprising: means for obtaining trigger information | § 112—In derogation of the requirements of § 112, para. 2, Claim 26 refers to a new element in the same terms as a previously introduced element: "correlating the trigger |

-3-

| **Asserted Claim of U.S. Patent No. 6,745,090** | **Invalidity/Unenforceability Contentions Under 35 U.S.C. §§ 101, 112** |
|---|---|
| via a first communications interface from **the control device**; means for determining if a trigger condition exists according to the trigger information; means for correlating the trigger condition with **a data variable** if a trigger condition exists; means for obtaining **a data variable** from **the control device** via the first communications interface; means for creating a pager message including a text string and the data variable; and means for transmitting the pager message to a remote device via a second communications interface and **the communications medium** using a second communications protocol. | condition with a data variable" and "obtaining a data variable." It is unclear if it is the same or a new data variable, and it is uncertain which subsequent element "the data variable" is referencing. Thus, Claim 26 is invalid for indefiniteness.<br><br>§ 112—In violation of § 112, para. 4, Claim 26 recites "the control device," a limitation without antecedent basis.<br><br>§ 112—In violation of § 112, para. 4, Claim 26 recites "the communications medium," a limitation without antecedent basis. |

Date: November 22, 2011

Respectfully submitted,

/s/ Robert N. Cook

_____
Robert N. Cook
Whitham, Curtis, Christofferson & Cook, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
(703) 787-9400 (voice)
(703) 787-7557 (fax)
bob@wcc-ip.com

John C. Scheller
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison, Wisconsin 53703
(608) 283-2276 (voice)
(608) 283-2275 (fax)
jcscheller@michaelbest.com

Counsel for Defendant
WAGO CORPORATION
WAGO KONTAKTTECHNIK GMBH & CO. KG

## CERTIFICATION

I certify that on November 22, 2011, I caused the foregoing SUPPLEMENT TO DEFENDANTS' CONTENTIONS OF INVALIDITY AND UNENFORCEABILITY to be delivered by email to:

>John M. Hintz, Esq.
>Chadbourne & Parke, LLP
>30 Rockefeller Plaza
>New York, N.Y. 10112
>jhintz@chadbourne.com

>/s/ Robert N. Cook
>_____
>Robert N. Cook
>Whitham, Curtis, Christofferson & Cook, P.C.
>11491 Sunset Hills Road, Suite 340
>Reston, Virginia 20190
>(703) 787-9400 (voice)
>(703) 787-7557 (fax)
>bob@wcc-ip.com