IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCKWELL AUTOMATION, INC.
and ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

                 Plaintiffs,   OPINION AND ORDER

v.

                                          10-cv-718-wmc

WAGO CORPORATION and WAGO
KNOTAKTTECHNIK GMBH & CO. KG,

                 Defendants.

---

The court held a telephonic conference on Wednesday, September 19, 2012, to consider the following three motions presently pending before the court: (1) plaintiffs' motion for contempt and sanctions because of defendant's production of 150,000 documents on the eve of the original discovery cut-off, August 31, 2012 (dkt. #176); (2) plaintiffs' motion to strike defendants' supplemental disclosure of Cindy Hollenbeck (dkt. #123); and (3) defendants' motion for leave to supplement its expert report on invalidity (dkt. #216). For the reasons stated during the hearing and explained below, the court will grant plaintiffs' motion for contempt and sanction and motion to strike, but will deny defendants' motion for leave to supplement its expert report.

OPINION

**I. Plaintiffs' Motion for Contempt and Sanctions**

       Rockwell complains of WAGO's production of 150,000 documents on the eve of discovery, August 31, 2012. (Dkt. #176.) (Indeed, a number of the documents were not

received until September 4, 2012, because they were delivered on a Saturday, when plaintiff's counsel's office was closed.) Discovery was originally set to close on August 31, 2012. Although essentially immaterial to this motion, the court notes that on August 29, 2012, Judge Crocker extended the deadline to September 5, 2012.

Rockwell seeks an order of contempt and sanctions, arguing that WAGO violated this court's April 20, 2012, order compelling certain discovery by previously representing to the court that it had substantially complied with the order five months ago. In response, WAGO argues that the documents it produced were responsive to 101 additional document requests made since June 2012, including some served at the end of July, and therefore WAGO was not in violation of the court's order compelling discovery.

A. Background

From September 7, 2011 to July 28, 2012, Rockwell served seven formal requests, plus an email containing additional document requests (after 30(b)(6) depositions) dated June 22, 2012. (*See* Declaration of Paul J. Tanck, Exs. 1-8 (dkt. ##177-1 to 177-8).)

On April 4, 2012, Rockwell filed a motion to compel discovery, specifically seeking an order compelling:

1) "emails and correspondence response to Rockwell's document requests";

2) "all documents response to Document Request Nos. 11-14, 21, 28, 31, and 32"; and

3) "Sven Hohorst's responsive documents"

2

...

(Pl.'s Mot. to Compel (dkt. #40).)[1]

The court's resulting order covers more ground:

> Not later than April 27, 2012, defendants must complete their disclosure of all discovery responsive to plaintiff's requests for production of documents with the exception of documents that have not yet been translated from German into English.

(Dkt. #70 (emphasis added).) The transcript from the hearing also demonstrates that Judge Crocker's order concerned all document requests served in September 2011 (carving out a brief extension for German documents): "if we're talking about discovery requests that were made back in September and now I'm hearing that documents from Germany in English haven't been reviewed yet, that's concerning, so I want those produced by April 27 or there has to be a valid explanation why not." (4/20/12 Tr. (dkt. #244-1) 40:1-6.)

As instructed by Judge Crocker, WAGO submitted a timeline on April 27, 2012, showing defendants' efforts to respond, which contained the following entry:

> **April 27, 2012**: Remaining WCP documents and WKT English-language documents, as well as some WKT German-language documents are produced, including, without limitation, documents responsive to Plaintiffs' first, second, third and fourth sets of requests for production of documents (dated September 7, September 30, March 5, and March 9, 2012) respectively.

(Def.'s Timeline (dkt. #73) p.7.)

---

[1] Plaintiff also sought an order compelling interrogatory responses, but that specific request is not material to the present motion.

The parties disputed whether the June 22, 2012, requests covered new ground or whether they were related to earlier requests. In an apparent attempt to resolve the dispute, Rockwell agreed to treat the June 22 document requests as new requests under Rule 34, and wait until July 23 for the production of those documents. (Def.'s Opp'n (dkt. #243) 5-6.)

Even so, WAGO did not begin producing documents on a rolling basis until August, all of which it contends were responsive to the "101 document requests" served since June.[2] Specifically, WAGO describes the August 31, 2012 production as the culmination of its production responsive to the 101 document requests.

B. Discussion

Pursuant to Fed. R. Civ. P. 37(b), Rockwell seeks:

1. An order striking Defendants' Answer to the Complaint and entering judgment in favor of Plaintiffs;

2. A prohibition of the use of any documents produced on or after August 31, 2012 by Defendants at trial;

3. A prohibition of the offer of any live or deposition testimony by Defendant from any person who is either (i) a custodian of the documents produced on or after August 31, 2012 or (ii) a sender or recipient of the documents;

4. All attorneys' fees and costs incurred by Plaintiffs in connection with discovery since April 20, 2012 and in connection with this motion.

(Pl.'s Mot. (dkt. #176) 17.)

---

[2] The 101 requests consist of the document requests made since June: 46 (6/22/12 email) + 39 (5th set) + 13 (6th set) + 3 (7th set) = 101.

4

To succeed on a petition for contempt, a party must show by "clear and convincing evidence that: (1) the court order sets forth an unambiguous command; (2) the defendant violated that command; (3) the defendants' violation was significant, meaning they did not substantially comply with the order; and (4) the defendant failed to take steps to reasonably and diligently comply with the order." *S.E.C. v. Brewer*, 2011 WL 3584800, at *1-2 (N.D. Ill. Aug. 15, 2011) (citing *F.T.C. v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009)).

WAGO argues that the order to compel was limited to the subject of the motion to compel, namely "selected documents responsive to its First Set of Requests." (Def.'s Opp'n (dkt. #243) 13.) WAGO further argues that "Rockwell creates the false impression that the April 20 order commanded production of all documents responsive to the Second, Third and Fourth Set of Requests, even though none of these requests were the subject of . . . Rockwell's motion to compel." (*Id.* (citing Request No 54 (from 2nd set) and Nos. 79-81 (from 4th set). A fair reading of the hearing on the order to compel and Judge Crocker's text order, however, demonstrates that he was compelling all documents responsive to document requests served in September 2011 (excepting German-language documents only from the one week-deadline).

Moreover, given that the documents requested in the third and fourth sets of document requests (respectively served on March 2, 2012 and March 9, 2012) were due *prior* to the hearing on Rockwell's motion to compel, Judge Crocker's order arguably covered those requests as well. Regardless, WAGO offers no justification for serving documents responsive to the March requests nearly five months after they were due.

5

Indeed, WAGO represented in its April 27, 2012 report to the court that defendants had produced documents "responsive to Plaintiffs' first, second, third and fourth sets of requests for production of documents (dated September 7, September 30, March 5, and March 9, 2012) respectively." (Def.'s Timeline (dkt. #73) p.7.)

While the documents produced on August 31, 2012, may also have been responsive to the 101 document request served in June and July, WAGO fails to rebut Rockwell's assertion that many of the documents were responsive to the earlier requests and should have been produced in response to the court's April 20 order. Instead, WAGO argues that *Rockwell* should have taken steps to further push for compliance of the April 20 order, noting that "Rockwell did not complain about the substance of WAGO's production" and arguing that "Rockwell was free to seek relief from the Court if it believed it could establish noncompliance." (Def.'s Opp'n (dkt. #243) 4, 19.)

The court finds this argument specious. How could Rockwell have complained about WAGO's failure to produce documents of which it was unaware? Following Judge Crocker's order, Rockwell had every right to assume all responsive documents covered by the order had been produced, and any failure to produce falls squarely on WAGO, as do the consequences of its failure to produce these documents timely.

While Rockwell's numerous, seemingly overlapping requests may have muddied WAGO's production obligations, the court's April 20th order was unambiguous: WAGO was ordered to produce all English documents responsive to the September 2011 requests no later than April 27, 2012, and WAGO represented to the court that it had substantially complied with that order. WAGO's August 31, 2012 production of

6

150,000 pages of documents, at least some of which are covered by the court order, is therefore sanctionable.

While there is no justification for this last-minute data dump, the court will not order the ultimate sanction of judgment in Rockwell's favor. Instead, the court will bar WAGO from introducing at trial any of the documents produced for the first time on August 31, 2012, if they responsive to September 2011 and March 2012 discovery requests. Rockwell, however, may use those documents for all purposes. The parties dispute which documents fall within the scope of the September 2011 and March 2012 document requests.

Accordingly, on or before September 29, 2012, Rockwell shall file a list of documents it maintains in good faith fall within the scope of these early document requests. WAGO shall file a good faith response to that list on or before October 6, 2012. After receipt of the parties' respective lists, the court will issue an order before the start of trial, indicating those documents which may not be used affirmatively by WAGO.

The court will also shift Rockwell's costs associated with bringing this motion for contempt and sanctions to WAGO. The court may shift other costs associated with the review of WAGO's untimely production depending on the portion of the August 31, 2012 production impacted by this court's earlier order and evidence of good faith by the parties. All such awards shall be sought at the close of the case in this court.

## II. Plaintiffs' Motion to Strike; Defendants' Motion to File Supplemental Report

There are two other related motions before the court. In the first motion, Rockwell seeks to strike a supplemental disclosure of Cindy Hollenbeck. (Dkt. #123.) Rockwell contends that on August 10, 2012, WAGO improperly served supplemental initial disclosures revealing for the first time witness Cindy Hollenback of SoftPLC Corporation, who will testify about prior art. Relatedly, WAGO seeks leave to file a supplemental expert report by its expert Richard Hopper opining on the invalidity of Rockwell's patents based on newly-discovered prior art references, including a product that SoftPLC used to sell, which predates the '813 patent. (Dkt. #216.)

In support of its motion to strike Hollenbeck as a witness, Rockwell contends that WAGO is actually trying to "introduce improper expert testimony on a new theory of alleged invalidity based on never-before disclosed prior art." (Pl.'s Mot. to Strike (dkt. #123) 1.) Rockwell also contends that her testimony is irrelevant since Rockwell's invalidity contentions make no reference to Hollenback, SoftPLC, or any prior art related thereto.

In response, WAGO contends that Hollenbeck's testimony will be limited to lay issues, namely "her personal knowledge regarding the DOS PLC, including how her company designed it to operate, its capabilities, and the timing of its development and sale," and that the timing of the amendment was appropriate given that they did not learn of Hollenback and SoftPLC's prior product until August 3, 2012. (Def.'s Opp'n (dkt. #150) 2, 7; Espinoza Decl. (dkt. #151) ¶ 2.) WAGO supplemented its initial disclosures on August 10, 2012.

8

The court is willing to take WAGO at its word that Hollenbeck's testimony will be limited to lay issues, but the problem for WAGO is that her testimony concerns purported prior art references WAGO failed to disclose timely as part of its invalidity contentions. Recognizing this problem, WAGO seeks leave to supplement its expert report on invalidity to add theories of invalidity based on recently-discovered prior art and to supplement its invalidity contentions. (Dkt. #216.) WAGO contends that these supplements are appropriate because it just discovered these prior art references.

To further justify such a late supplementation, WAGO also maintains that (1) Rockwell should have disclosed an open controller it previously produced (the 1747 controller) in response to WAGO's first set of interrogatories directed to Rockwell in September 2011; and (2) this disclosure would have lead WAGO to conduct sooner the internet research it only recently conducted in August 2012. (Pl.'s Mot. to Supplement (dkt. #217) 10.) In response, Rockwell argues that according to its interpretation of the interrogatory request, disclosure of the 1741 controller was not required.

The court rejects WAGO's attempt to shoe-horn its discovery of the SoftPLC controller and other related open controllers into an interrogatory request concerning Rockwell's products. WAGO could have, and should have, timely conducted its own independent research of third-party products which pre-date the asserted patents for prior art references to support its invalidity contentions. Its failure to do so undermines any justification for its last-minute attempt to supplement its invalidity contentions and an expert opinion based on those theories. As such, the court will grant Rockwell's motion to strike Hollenbeck's testimony about prior art references which were not

previously disclosed and will deny WAGO's motion to supplement its invalidity contentions and its expert report on invalidity.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for contempt and sanctions (dkt. #176) is GRANTED IN PART AND DENIED IN PART. Defendants are barred from using any documents produced on August 31, 2012, affirmatively if they were responsive to the first, second, third and fourth sets of document requests served by plaintiffs at trial. Plaintiffs' costs of bringing the motion are shifted to defendants; and additional costs may be shifted after the court determines the number and portion of untimely produced documents.

2. Plaintiffs shall file a list of the August 31, 2012, documents responsive to the first, second, third or fourth sets of discovery requests on or before September 29, 2012. Defendants shall respond on or before October 6, 2012.

3. Plaintiffs' motion to strike supplemental disclosure of Cindy Hollenbeck (dkt. #123) is GRANTED.

4. Defendants' motion to supplement an expert report and invalidity contentions (dkt. #216) is DENIED.

5. Defendants' motion for leave to file a reply brief in support of its motion to supplement (dkt. #251) is GRANTED.

Entered this 21st day of September, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge