IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

     *Plaintiffs*,

v.

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GMBH & CO. KG

     *Defendants*.

Case No. 3:10CV718-WMC

The Hon. William M. Conley

## WAGO'S OBJECTIONS TO PLAINTIFFS' WITNESS LISTS

Defendants WAGO Corporation and WAGO Kontakttechnik GmbH & CO. KG (collectively, "WAGO"), by its attorneys Michael Best & Friedrich LLP, respectfully submit the following objections to the Plaintiffs' Witness List and Plaintiffs' Amended Witness List filed by Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively, "Rockwell"). (Docket Nos. 206 and 250.)

WAGO objects to Plaintiffs' Witness List and its Amended Witness List for failure to comply with Rule 26(a)(3)(A). Specifically, Plaintiffs' Witness Lists do not disclose those witnesses: (1) Plaintiffs "expect[] to present" at trial; (2) Plaintiffs "may call if the need arises"; and (3) "whose testimony" Plaintiffs expect "to present by deposition". Fed. R. Civ. P. 26 (a)(3)(A)(i)-(ii).

WAGO attempted to resolve this matter informally with Plaintiffs, but Plaintiffs have refused to follow Rule 26(a)(3)(A). Specifically, WAGO notified Plaintiff of the

deficiency with their original Witness List via e-mail on September 14, and asked Rockwell's counsel to identify those witnesses it intends to present at trial separate from those it may call if the need arises.

That same day, counsel for Plaintiffs stated they would amend their witness list. Plaintiffs filed their Amended Witness List on September 17, 2012.[1] (Docket No. 250.) Plaintiffs' Amended Witness List, however, doesn't resolve the problem. Rather, Plaintiffs merely state that they intend to call 25 different witnesses at trial, as well as any additional witnesses they believe are necessary for rebuttal. Plaintiffs' Amended Witness List does not distinguish between witnesses Plaintiffs expect to present at trial as opposed to those it may call if the need arises and does not identify those witnesses it will present by deposition testimony.

As a result, Plaintiffs' Witness List and Amended Witness List violate Fed. R. Civ. P. 26(a)(3)(A). This violation severely prejudices WAGO as it must prepare for each of these witnesses to be present at trial.

Plaintiffs' Amended Witness List should be stricken and the Court should fashion an appropriate remedy. WAGO submits that an appropriate remedy, at minimum, should be for Plaintiffs to comply with Rule 26(a)(3)(A) promptly and/or for Plaintiffs to actually produce all witnesses on their Amended Witness List at trial.

---

[1] WAGO notified Plaintiffs on September 24 that their Amended Witness List still did not comply with Rule 26(a)(3)(A) and requested a response by the close of business on September 25. WAGO again emailed Plaintiffs counsel on September 26. Plaintiffs never responded to WAGO's e-mails of September 24 or September 25.

Dated: September 27, 2012    Respectfully submitted,

/s/ John C. Scheller
David L. De Bruin, SBN 1016776
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
T: (414) 271-6560; F: (414) 277-0656
Email: dldebruin@michaelbest.com

Marshall J. Schmitt
Gilberto E. Espinoza
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
T: 312.222.0800; F: 312.222.0818
Email: geespinoza@michaelbest.com

John C. Scheller
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, Wisconsin 53701-1806
T: 608.283.2276; F: 608.283.2275
Email: jcscheller@michaelbest.com

Attorneys for Defendants
WAGO CORPORATION and
WAGO KONTAKTTECHNIK GMBH & CO. KG

029280-9001\11924322.