UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and ROCKWELL
AUTOMATION TECHNOLOGIES, INC.,

                           Plaintiffs,

              -against-                        Case No. 3:10-CV-718-WMC

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GmbH & CO. KG,

                           Defendants.

## PLAINTIFFS' OPPOSITION TO
## WAGO'S MOTION FOR RECONSIDERATION

Plaintiffs Rockwell Automation, Inc. ("RAI") and Rockwell Automation Technologies, Inc. ("RATI") (together, "Rockwell" or "Plaintiffs"), by and through their attorneys, Chadbourne & Parke LLP, respectfully submit this opposition to the September 29, 2012 Motion for Reconsideration filed by defendants WAGO Corporation ("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") (together "Wago" or "Defendants").

### PRELIMINARY STATEMENT

Defendants have asked the Court to reconsider its decision to exclude evidence regarding certain alleged prior art, disclosed long after the applicable deadlines have passed, that Defendants claim invalidate two of the asserted patents in this case. Defendants' arguments, however, are no different than the arguments that were already made before and rejected by this Court. Defendants nowhere contend that this Court committed a manifest error of law or facts and do not point to any newly discovered evidence which was unavailable when Defendants made their original motion. Nor could they. For those reasons, their motion should be denied.

## **COUNTER-STATEMENT OF FACTS**

On August 26, 2011, this Court issued a Preliminary Pretrial Conference Order (the "Pretrial Order") setting forth deadlines for discovery in this action, as follows:

- Defendants' Invalidity Contentions were due on September 30, 2011.

- Exchange of Terms and Proposed Constructions were due on November 16, 2011.

- The disclosure of liability experts and the submission of expert reports were due on February 24, 2012.

- The deadline for rebuttal reports was March 23, 2012.

- Dispositive motions were due on April 13, 2012

- The discovery cutoff was set for August 31, 2012.

(Pretrial Order, Docket No. 22, at 2.) On August 29, 2012, the Court sua sponte extended the discovery cutoff to September 5, 2012 at noon. (Order, Docket No. 165.)

Defendants submitted invalidity contentions on September 30, 2011. (Docket No. 249-1.) On October 7, 2011, Defendants supplemented their initial Invalidity Contentions, though there is no provision in the Pretrial Order to do so. (See Pretrial Order, Docket No. 22, at 2; Supplemental Invalidity Contentions, Docket No. 249-2.) On November 22, 2011, Defendants supplemented their invalidity contentions yet again. (Second Supplemental Invalidity Contentions, Docket No. 249-3.)

On February 24, 2012, Defendants disclosed as their liability expert Dr. Richard Hooper, and submitted his expert report. (Docket Nos. 249-4 & 249-5.) On March 23, 2012, Defendants improperly served a second expert report purporting to supplement the February 23, 2012 report on patent invalidity. (Docket No. 249-6.) The Pretrial Order expressly limits supplementation to matters raised in an expert's first report. (Pretrial Order, Docket 22, at 2; see also October 1, 2012 Opinion and Order Regarding, granting in part, and denying in part, Defendants' Motion for Summary Judgment ("October 1, 2012, Order and Opinion"), Docket No. 333 at p. 13.)

On October 1, 2012, this Court granted Plaintiffs' Motion for Sanctions in connection with Defendants' first untimely expert report, excluding the report in its entirety and noting that to permit the supplemental report "would 'justify' untimely new opinions on invalidity anytime a party failed to 'discover' prior art references no matter how negligent or late in discovery." (See id.; see also, Plaintiffs' March 30, 2012 Motion for Sanctions, Docket No. 35.)

On April 10, 2012, Plaintiffs deposed Dr. Hooper. (Deposition of Dr. Richard N. Hooper dated April 10, 2012, Docket No. 68.) Dr. Hooper testified that he was not preparing any additional reports or declarations in this case, that all of his opinions were set forth in the reports submitted at the time of his deposition. (Id., at 236:5-16.)

Thereafter, on April 13, 2012, Defendants filed a Motion for Summary Judgment. (Docket No. 51.) On May 4, 2012, Plaintiffs filed an Opposition to Defendants' Motion for Summary Judgment. (Docket No. 83.) On October 1, 2012, this Court rendered its Opinion and Order on Defendants' Motion for Summary Judgment. (Docket No. 333.)

On August 20, 2012, Defendants submitted a Motion to Compel Discovery and for Sanctions (the "Defendants' Motion to Compel"). (Docket No. 128.) In that motion, Defendants asked, inter alia that this Court "[g]rant WAGO leave within seven days after the close of

3

discovery to amend its Rule 26 disclosures, including but not limited to expert disclosures, and invalidity contentions[.]" (Id., at 24, ¶ 7.) On August 29, 2012, a hearing was held before this Court and that relief was denied. (August 29, 2012 Order, Docket 165; Transcript of August 29, 2012 Hearing ("Aug. 29, 2012 Tr.") at 21:13-22:6, Docket 166.)

On September 6, 2012, Defendants moved this Court for leave to supplement the expert report of Dr. Hooper and to amend their invalidity contentions accordingly. (Docket No. 217.) The so-called "supplemental" report, attached as Exhibit A to Wago's Brief in Support of Motion for Leave to Supplement the Expert Report of Dr. Richard Hooper and to Amend Accordingly Its Invalidity Contentions (hereinafter "Br."), however, is not a supplement at all. (Docket No. 217-1.) Instead, the 138-page report propounds opinions of invalidity concerning never-before raise prior art references: (Id., at pp. 3-10.) These purported prior art references were never raised in (1) Defendants' invalidity contentions, (2) Defendants' expert's reports, or (3) Defendants' summary judgment briefing.

In support of its motion, Defendants posited that "the need for Dr. Hooper's supplemental report" is "*partially* the result of Rockwell's own dilatory discovery tactics." (Br. at 23) (emphasis added). On September 19, 2012, after extensive argument, this Court rejected Defendants' argument, holding:

> **I've ruled. Both Hollenbeck is out as are these other prior art all because this was discovery that the defendants could and should have obtained earlier in the case for use by their experts. And trying to introduce it at the last minute as a result of trying to shoehorn a response to a single interrogatory back in September of 2011 is simply not credible, particularly given the fact that this was easily available, and in fact defendants did discovery it, by a simple internet search . . . .**

(Transcript of September 19, 2012 Telephone Hearing ("Sept. 19, 2012 Tr."), Docket 301 at 40:15-24 (emphasis added).) In the September 21, 2012 Opinion and Order that followed, the Court granted Rockwell's motion to strike Hollenbeck's testimony about prior art references

4

which were not previously disclosed and denied WAGO's motion to supplement its invalidity contentions and its expert report on invalidity, holding that,

> **WAGO could have, and should have, timely conducted its own independent research of third-party products which pre-date the asserted patents for prior art references to support its invalidity contentions. Its failure to do so undermines any justification for its last minute attempt to supplement its invalidity contents and an expert opinion based on those theories.**

(Docket No. 300 at 9-10) (emphasis added).[1]

Defendants' third attempt to blame Plaintiffs for their own lack of diligence is no more convincing than their first two attempts. The only apparent addition to Defendants' argument – raised for the first time on September 19, 2012 during the telephonic hearing with this Court – is their theory that the Rockwell 1747 Open Controller should have been disclosed in response to Defendants' Interrogatory No. 2, which was served on or about September 16, 2011. (Sept. 19, 2012 Tr., Docket No. 301 at 21:25-26:6.) However, the 1747 Open Controller – which is a PC-based controller and ***not*** a PLC – is simply not responsive to that interrogatory. (Id. at 23:23-25.)

Moreover, like Ms. Hollenbeck and the SoftPLC that Defendants discovered by searching the internet in August 2012, the existence of the 1747 Open Controller was readily available to Defendants at all relevant times. In fact, Plaintiffs actually made it available to Defendants on December 15, 2011, by sending a letter that provided as follows:

---

[1] These rulings come after Judge Crocker had already rejected Defendants' theory that Plaintiffs' failed to timely produce the critical evidence concerning prior art references. (Aug. 29, 2012 Tr. at 21:14-21) ("I'm not going to require this . . . . WAGO is overreaching at the back end in terms of discovery. I'll give defendants depositions because they were previously noticed. The rest of this, I'm not buying this deception/withholding argument, that now all of a sudden it's so important.")

> [I]nformation regarding Plaintiffs' products and services is publically available and may be discovered via Plaintiffs' online literature library located at:
>
> http://literature.rockwellautomation.com/idc/groups/public/documents/webassets/browse_category.hcst
>
> The information contained in the online literature library is incorporated by reference into Plaintiffs' response to Defendant's document requests.

(See December 15, 2011 letter from Paul J. Tank to Robert Cook, Declaration of Paul J. Tanck in Support of Opposition to Motion for Reconsideration ("Tanck Decl."), Exh. 1.)  Even if Plaintiffs had not provided a direct link to Rockwell's literature library, a Google search – like the one Mr. Espinoza apparently conducted in August 2012 – returns a manual for the 1747 Open Controller.  (Tanck Decl., ¶ 3; Sept. 19, 2012 Tr., Docket No. 301 at 21:41-21 & 34:19-35:6.)

## ARGUMENT

### PLAINTIFFS FAIL TO IDENTIFY MANIFEST ERRORS OF LAW AND FAIL TO ASSERT EVIDENCE OF ANY NEW FACTS IN SUPPORT OF THEIR REQUEST FOR RECONSIDERATION

The purpose of a motion to reconsider is narrow and limited to bringing the court's attention to manifest errors of law or fact or newly discovered evidence.  Sheikh M.D. v. Grant Regional Health Center, No. 11-cv-1, 2012 WL 2366232, at *1 (Conley, J.) (W.D. Wis. June 20, 2012) (affirming denial of motion to reconsider where plaintiff "simply reiterates, albeit in more detail, the same arguments made in the first motion . . . ."); Sunbeam Prods. v. HoMedics, Inc., No. 08-cv-376-SLC, 2009 WL 2045221, at *1 (W.D. Wis. July 6, 2009) citing Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir.2000); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) ("Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited").  A motion for reconsideration is not intended

6

as an opportunity for a party to reargue the merits their previous position, to introduce evidence previously available, tender new legal theories or rehash old arguments. Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003); Easypower Corp. v. Alden Corp., 522 F.Supp.2d 1060, 1063 (N.D.Ill.2007). A motion for reconsideration is left to the discretion of the district court and will only be reversed if the court abuses its discretion. Billups v. Methodist Hosp., 922 F.2d 1300, 1305 (7th Cir.1991).

Here, plaintiffs fail to identify any manifest error of law or fact in the Court's well-reasoned orders surrounding the issues rehashed yet again – for a third time – in Defendants' motion for reconsideration. (Docket No. 325.) Indeed, Defendants do not point to any errors of law. Instead, Defendants set forth in greater detail and with more emphasis the exact same arguments that they made previously. Defendants have provided no basis in fact or in law warranting this Court's reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion for Reconsideration in its entirety, with costs and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  October 2, 2012 /s/ Paul J. Tanck
Scott S. Balber (admitted in W.D. Wis.)
Paul J. Tanck (admitted in W.D. Wis.)
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369

Email:  sbalber@chadbourne.com
ptanck@chadbourne.com
lschapira@chadbourne.com

COUNSEL FOR PLAINTIFFS ROCKWELL
AUTOMATION, INC.
and ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2012 a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

I declare under the penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated:  October 2, 2012

/s/ Lisa Schapira
Lisa Schapira (admitted in W.D. Wis.)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  lschapira@chadbourne.com