IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

                                  Plaintiffs,                    OPINION AND ORDER

v.

                                                          10-cv-718-wmc

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GMBH & CO. KG,

                                  Defendants.

---

The court held a final pretrial conference in this matter on October 3, 2012, during which the court addressed defendants' motion for reconsideration, the parties' respective motions in limine, and other issues. Consistent with those rulings, and in light of the parties' submissions, argument at the hearing, and rulings at the conference, the court enters the following opinion and order.

OPINION

**I. Defendants' Motion for Reconsideration**

In the hearing on September 19, 2012, the court granted the defendants an opportunity to file a motion to reconsider the court's orders (1) denying their motion to supplement invalidity contentions and their expert report on invalidity; and (2) granting plaintiffs' motion to strike Cindy Hollenbeck as a witness. (Defendants intended to call her to testify about one of the prior art references that was the subject of their motion to supplement.) Not surprisingly, defendants took the court up on its offer.

In their motion for reconsideration, defendants principally argue that (1) these prior art references are relevant and important; and (2) plaintiffs were obligated to disclose them in response to September 2011 interrogatory responses. However, the court denied defendants' motion to supplement because it was untimely, finding no justification for defendants untimely disclosure of these prior art references, which underlie new invalidity theories a month before trial. Specifically, the court rejected defendants' argument that plaintiffs' arguable failure to disclose these prior art references in response to defendants' Interrogatory No. 2 was sufficient to explain their complete failure to uncover these references by other means until the end of discovery. The interrogatory at issue asked, in relevant part, for plaintiffs to disclose "each and every Industrial Controller made, used sold, or otherwise provided to you . . . before November 19, 2002 which was capable of running or otherwise using an operating system for a reprogrammable computer, including, but not limited to, any version of Windows, Linux or Unix . . . ."

Plaintiffs represented in their opposition brief to defendants' original motion to supplement and again during oral argument on that motion that the so-called 1747 Open Controller is a "soft controller," which was not asked about in the interrogatory and the reason plaintiffs did not disclose it in response.

Defendants contended, and contend again in their motion to reconsider, that plaintiffs' failure to list the Open Controller was unjustified, questioning plaintiffs' good

faith in failing to do so.[1]  More specifically, they now assert that the Open Controller was "not a software product, but a physical industrial controller like all of the other controllers that were listed in both interrogatory answers."  (Defs.' Mot. to Reconsider (dkt. #324) 11.)  In opposition to defendants' motion for reconsideration, plaintiffs primarily argue that the motion fails to raise a manifest error of law or fact and the court should reject it on that basis alone.  On the merits, plaintiffs maintain that "the 1747 Open Controller – which is a PC-based controller and *not* a PLC – is simply not responsive to that interrogatory."  (Pls.' Opp'n (dkt. #337) 5.)  Plaintiffs also contend that they directed defendants to Rockwell's website in a December 2011 letter, and that the website contains information about the 1747 Open Controller.

Having had a chance to consider plaintiff's response to defendant's Interrogatory No. 2, the court finds plaintiffs' representations that the 1747 Open Controller was not responsive dubious.  Still, the court continues to reject defendants' attempt to depict any failure to disclose this single prior art reference, as a substantial hindrance to defendants' doing so on their own, much less doing so with respect to other prior art references from third parties.  Since all were on sale and information about them was publicly available on line, defendants could have and should have discovered this category of prior art references much earlier in discovery.  To allow supplementation of defendants' invalidity contentions and their expert report on invalidity at this late date is not justified, nor would it be harmless.  The court will, however, consider any motion defendants wish to

---

[1] For the first time in the motion to reconsider, defendants also argue that plaintiffs should have produced documents regarding the Open Controller and the EBS file system in response to WAGO's first document requests.

bring post-trial motions seeking an appropriate sanction for plaintiffs' apparent failure to disclose the 1747 Open Controller in response to discovery requests. In doing so, defendants may also submit a proffer on the relevance of this prior art.

**II. Plaintiffs' Submission on August 31, 2012, Document Production**

The court granted plaintiffs' motion for contempt sanctions, specifically ordering that defendants would not be allowed to use affirmatively at trial any documents produced by defendants on August 31, 2012, that should have been produced in response to earlier discovery requests (i.e., September 2011 and March 2012). Plaintiffs were ordered to submit a list of documents they believed were responsive to earlier document requests. Plaintiffs have since filed a more than 1,000-page list of each such document by bates number, indicating to which earlier document request it was responsive. Given the volume of documents and impending trial, a global response by defendants within a short time-frame seems unworkable and unnecessary. Instead, from this list, defendants are directed to submit its position with respect to only those documents they maintain were non-responsive to the discovery requests cited by plaintiff *and* that they wish to use at trial. By doing so, defendants in no way waive their right to challenge plaintiffs' representations for the purpose of determining an appropriate monetary sanction as to any other unchallenged documents.

**III. Plaintiffs' Motions in Limine**

    **A. No. 1 (dkt. #185)**

4

Plaintiffs seek an order precluding defendants from making any comparison of accused products to the commercial embodiments of plaintiffs' patents. Defendants do not appear to oppose this motion. Accordingly, the court will grant this motion as opposed.

### B. No. 2 (dkt. #187)

Plaintiffs seek an order precluding defendants from introducing duplicative expert testimony on damages. Defendants represent that the two experts' testimony will not be duplicative: (1) Vigil will critique Rockwell's damages expert's opinion; and (2) Bero will offer an alternative damages calculation. Accordingly, the court will deny this motion so long as Vigil's and Bero's testimony does not overlap and without prejudice to Rockwell raising cumulative objections if they do.

### C. No. 3 (dkt. #189)

Plaintiffs seek an order precluding defendants from introducing evidence relating or referring to any dismissed claim and claims not asserted. The court will grant this motion as unopposed.

### D. No. 4 (dkt. #191)

Plaintiffs seek an order precluding defendants from introducing evidence relating to unanswered interrogatories nos. 25-38. Defendants contend that plaintiffs' first 24 interrogatories actually exceed the 40 allowed by this court, relieving them of any obligation to respond to others. Plaintiffs make a compelling argument if only it had been brought as a motion to compel. By waiting until trial to complain and then seeking

a Draconian sanction smacks of pure sandbagging, which this court declines to reward. Accordingly, the court will deny this motion.

### E.  No. 5 (dkt. #194)

Plaintiffs seek an order excluding the introduction of evidence concerning or related to "inequitable conduct."  Specifically, plaintiffs contend that any evidence related to inequitable conduct is not relevant to the remaining issues for the jury, because defendants did not include inequitable conduct as a defense in their answer and because Judge Crocker denied them leave to add a counterclaim.  Defendants point out, however, that they pled the equitable defense of unclean hands and, therefore, the evidence relevant to that claim should be allowed.  The court will grant this motion with respect to presentation to the jury, but will hear evidence of unclean hands while they are deliberating on liability.

### F.  No. 6 (dkt. #197)

Plaintiffs also seek an order precluding defendants from introducing evidence related to "practicing the prior art."  Defendants contend that this defense is limited to plaintiffs' claim of infringement under the doctrine of equivalents and claims of invalidity.  The court will (1) grant the motion in part to exclude any argument by defendants that they do not literally infringe the patents at issue because they practice the prior art; and (2) deny the motion in part to the extent defendants seek to introduce prior art and argue noninfringement under the doctrine of equivalents or invalidity.

### G. No. 7 (dkt. #199)

Plaintiffs seek an order excluding evidence at trial contrary to this court's claims construction order or the "claims construction process," which appears to mean any evidence or arguments relating to the parties' respective positions relating to claims construction. The court will grant this motion as unopposed, but the inventors of plaintiffs' patents may explain the technology, as well as what constituted their invention.

### H. No. 8 (dkt. #201)

Plaintiffs seek an order incorporating the relief sought in their motion for contempt sanctions: excluding defendants from using any of the documents produced on August 31, 2012 and prohibiting live or deposition testimony of a custodian of the documents or sender or recipient of the documents. This motion is mooted by the court's order on contempt sanctions, which will govern the appropriate use, if any, of these documents at trial.

### I. No. 9 (dkt. #203)

Plaintiffs seek an order precluding evidence relating to purported prior art or invalidity not previously raised in defendants' invalidity contentions or expert reports. This motion is also mooted by the court's prior order denying defendants' motion to supplement which will govern the appropriate use, if any, of these documents at trial.

## IV. Defendants' Motions in Limine

### A. No. 1 (dkt. #207)

Defendants seek an order excluding plaintiffs' damages expert Emmett Murtha on *Daubert* grounds. The court will reserve on this motion pending further review of Murtha's report.

### B. No. 2 (dkt. #208)

Defendants seek an order precluding plaintiffs' expert Arthur Zatarain from testifying about a number of different areas.

*First*, defendants argue that Zatarain should be precluded from testifying about the knowledge or intent of another party because (1) he is not qualified to do so, (2) it is based on speculation, and (3) it is not helpful to the jury. In response, plaintiffs contend that expert testimony as to the defendant's knowledge and intent is permissible to demonstrate inducement to infringe and contributory infringement. The court will grant this request in part and deny it in part. Zatarain may not opine as to defendants' intent, but may opine that defendants should have known that their customers would use the products in the manner described and/or in a manner that would result in infringement based on his review of relevant documents, the accused products and customers' use of those products.

*Second*, defendants seek to strike Zatarain's testimony about plaintiffs' customer's use of defendants' products and his conclusion that this use directly infringes plaintiffs' patents. Defendants argue that Zatarain has failed to "substantiate his opinions with evidence of actual instances of infringement by WAGO or its customers," instead relying on how WAGO's customers *could* use WAGO's products. Zatarain's testimony is admissible since infringement of the apparatus claims of the '813 patent can be proven

8

by demonstrating that the accused product is *capable* of performing the recited function. Accordingly, the court will deny this motion.

*Third*, defendants contend that the court should exclude Zatarain's infringement opinions regarding the '813 patent because these claims are indefinite. Specifically, defendants contend that the word "utilizing" in claim 1 of the '813 patent requires an act as an element of the claim and is, therefore, indefinite. As an initial matter, defendants should have moved for summary judgment if the '813 patent claims were invalid because they are indefinite. Regardless, whether a patent is indefinite, and thus invalid under 35 U.S.C. § 112, ¶ 2, is a question of law. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1303 (Fed. Cir. 2005). Accordingly, the court will deny defendants' motion, but reserve on the issue of whether the '813 patent claims are indefinite. The court will also hear testimony, if any, on this issue during the jury's deliberation on liability.

*Fourth*, defendants seek to exclude Zatarain's "bottom line" opinions about infringement of the claim 29 of the '974 patent, arguing that these opinions lack "any analysis or explanation of the methodologies and principles supporting them." (Defs.' Br. in Supp. of Mot. in Limine. (dkt. #208) 32.) Zatarain's infringement discussion of claim 29 cross-references other portions of his report. In light of Zatarain's entire discussion, the court finds his opinion of infringement of claim 29 to be adequately supported. The court will deny this motion as well.

*Fifth*, defendants seek to exclude Zatarain's opinions about infringement under the doctrine of equivalents, arguing that they lack the required specificity to be admissible

under Federal Circuit law. A review of Zatarain's report demonstrates that his testimony as to the similarities between WAGO's products and the claimed requirements, however, is sufficiently detailed and tied to the functions of the accused products to be presented to the jury. Regardless, this motion appears to have been mooted by plaintiffs' representation at the final pretrial conference that they are no longer pursuing infringement under the doctrine of equivalents.. Accordingly, the court will deny this motion as moot.

*Sixth*, defendants seek to limit Zatarain's opinions to those WAGO products he actually tested. In response, plaintiffs argue that this would be unfair based on the parties' agreement that defendants would only provide a few samples of certain of defendants' products. Moreover, defendants submitted answers to requests for admissions, stating that "the infringement analysis under Claim 1 of U.S. Patent No. 6,801,813 is substantially similar for each of the products identified in Defendants' Responses to Plaintiffs' Requests for Admission No. 19-21." (*Id.*) Finally, Defendants' 30(b)(6) deponents similarly testified that there are very few meaningful differences between the alleged infringing products. (*Id.* at 30-31.) Defendants represented at the hearing that its admissions were limited to a certain category of products. Accordingly, the court will deny the motion as this time, but will allow defendants to submit a proffer as to the limits of its admissions and the impact this might have on the Zatarain's testimony about his testing and infringement opinions.

C. No 3 (dkt. #209)

Defendants seek to exclude evidence of indirect infringement, arguing that plaintiffs "have failed to provide any meaningful information in response to WAGO's numerous discovery requests specifically directed to Rockwell's indirect infringement contentions." (Defs.' Mot. in Supp. of Mot. in Limine (dkt. #209) 1.) However, defendants did not submit discovery requests on plaintiffs' indirect infringement theory until late July and did not raise any issue with the court until late August. (Defendants filed a motion to compel on August 28, 2012.) This appears to be yet another example of defendants not being diligent in seeking discovery. Accordingly, the court will deny this motion.

### D. No. 4 (dkt. #211)

Defendants seek an order precluding any witness, including plaintiffs' infringement expert and the inventors of the patents-in-suit, from offering opinions, evidence or argument as to how claims should be construed. The court will reserve on this motion.

## V. Plaintiffs' Objections to Defendants' Witnesses

Plaintiffs object to three of defendants' witnesses. *First*, plaintiffs object to Cindy Hollenbeck. The court previously struck her testimony, and therefore plaintiffs' objection is mooted by that ruling.

*Second*, plaintiffs object to Werner Kositzke. Plaintiffs represent that defendants disclosed Kositzke for the first time on August 6, 2012, when defendants served their supplemental disclosures. At the hearing, defendants demonstrated that Kositzke was

11

actually disclosed in April 2012. Accordingly, the court denies plaintiffs' request to strike Kositzke as a witness.

*Third*, plaintiffs object to Bernhard Werner. Werner is an employee of 3S-Smart Software Solutions GmbH, the company that makes the CoDeSys software, and is a resident of Germany. Defendants only disclosed Werner as a witness on August 6, 2012; however, defendants previously disclosed Werner's company 3S-Smart as using the technology covered by one or both of the patents. At this time, the court will grant plaintiffs' request to strike Werner, but will consider a proffer from defendants as to possible, limited testimony regarding 3S-Smart's 1.5 or other product that had been timely disclosed as prior art.

**VI. Expert Narratives**

The court is in receipt of the parties' expert narratives. Neither party objects to the submitted expert narratives. The court directs, however, that plaintiffs submit a shortened narrative for Murtha by this Friday.

ORDER

IT IS ORDERED that:

1) Defendants' motion for reconsideration (dkt. #325) is DENIED.

2) Plaintiffs' motion in limine no. 1 (dkt. #185) is GRANTED as unopposed.

3) Plaintiffs' motion in limine no. 2 (dkt. #187) is DENIED without prejudice to plaintiffs raising cumulative objections.

4) Plaintiffs' motion in limine no. 3 (dkt. #189) is GRANTED as unopposed.

5) Plaintiffs' motion in limine no. 4 (dkt. #191) is DENIED.

6) Plaintiffs' motion in limine no. 5 (dkt. #194) is GRANTED. The court, however, will hear any evidence specific to defendants' unclean hands defense, outside of the presence of the jury.

7) Plaintiffs' motion in limine no. 6 (dkt. #197) is GRANTED IN PART AND DENIED IN PART as detailed in the opinion above.

8) Plaintiffs' motion in limine no. 7 (dkt. #199) is GRANTED as unopposed.

9) Plaintiffs' motion in limine no. 8 (dkt. #201) is MOOTED by the court's previous order on plaintiffs' motion for contempt sanctions.

10) Plaintiffs' motion in limine no. 9 (dkt. #203) is MOOTED by this court's previous order on defendants' motion to supplement invalidity contentions and expert report.

11) The court RESERVES on ruling on defendants' motion in limine no. 1 (dkt. #207).

12) Defendants' motion in limine no. 2 (dkt. #208) is GRANTED IN PART AND DENIED IN PART as detailed in the opinion above.

13) Defendants' motion in limine no. 3 (dkt. #209) is DENIED.

14) The court RESERVES on ruling on defendants' motion in limine no. 4 (dkt. #217).

15) The court will hold a telephonic conference at 10:00 a.m. on Friday, October 5, 2012 to discuss objections to exhibits, the court's preliminary rulings on defendants' objections to plaintiffs' deposition designations, and other remaining issues.

16) The court anticipates voir dire will begin on Tuesday morning at 11:00 a.m. Accordingly, the court will hold a hearing at 10:00 a.m. to address any remaining issues.

Entered this 4th day of October, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge