IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

                                  Plaintiffs,                  OPINION AND ORDER

   v.

                                                  10-cv-718-wmc

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GMBH & CO. KG,

                                Defendants.

---

The court held a final pretrial conference in this matter on October 3, 2012, and issued an opinion addressing defendants' motion for reconsideration, most of the parties' respective motions in limine, and other issues. (Dkt. #342.) The court reserved on two of defendants' motions in limine (dkt. ##207, 211), which it will now address in this opinion and order.

OPINION

I. **Defendants' Motions in Limine No. 1 (dkt. #207)**

Defendants seek an order excluding plaintiffs' damages expert Emmett Murtha on *Daubert* grounds. Defendants posit three reasons. *First*, Murtha attempts to opine on lost profits even though plaintiffs did not disclose such a theory and, even if such an opinion were allowed, Murtha fails to follow the *Panduit* analysis.[1] *Second*, defendants

---

[1] *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152 (6th Cir. 1978).

contend that Murtha misapplied the *Georgia-Pacific* factors.[2] *Third*, defendants contend that Murtha's opinions violate the entire market value rule by failing to disaggregate the patented features from the non-patented features and apportioning his reasonable royalty rate based on that. The court rejects all three bases and will deny this motion in its entirety.

As for defendants' first basis, plaintiffs do not seek damages for lost profits. Profits from comparable products are, however, one factor to be considered in determining a reasonable royalty under *Georgia-Pacific*. Defendants are free to challenge (1) whether Murtha's assumptions as to Rockwell's gross profit margin are applicable or accurate; and (2) whether it was reasonable for Murtha to ignore WAGO's gross and net profit margins. But, that is not grounds to exclude Murtha from testifying that these claimed margins are relevant to a hypothetical royalty calculation.

For that same reason, the court also rejects defendants' second basis for excluding Murtha's testimony -- that it violates the *Georgia-Pacific* analysis. Murtha's analysis of the factors is sufficiently detailed and grounded in information provided to him by plaintiffs' expert Zatarain corporate representatives and others to allow for his testimony, if proven, to be considered by the jury. Defendants' critique of Murtha's analysis goes to its weight, but not its admissibility. To the extent his opinions are based on unproven or wrong assumptions, the jury may choose to ignore them, but he is qualified to testify which of the Georgia Pacific factors are most important here and why.

---

[2] *Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

Finally, the court also rejects defendants' challenge to Murtha's testimony because of his alleged failure to account for the entire market value rule. Recently, the Federal Circuit explained the entire market value as follows:

> Where small elements of multi-component products are accused of infringement, calculating a royalty on the entire product carries a considerable risk that the patentee will be improperly compensated for non-infringing components of that product. Thus, it is generally required that royalties be based not on the entire product, but instead on the "smallest salable patent-practicing unit."

*LaserDynamics, Inc. v. Quanta Computer, Inc.,* Nos. 2011-1440, 2011-1470, at *11 (Fed. Cir. Aug. 30, 2012).

This rule applies only in limited circumstances. If the patentee can demonstrate that "the patented feature drives the demand for an entire multi-component product, a patentee may be awarded damages as a percentage of revenues or profits attributable to the entire product." *Id.* (citing *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1549, 1551 (Fed. Cir. 1995)); *see also Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1336 (Fed. Cir. 2009) ("The entire market value rule allows for the recovery of damages based on the value of an entire apparatus containing several features, when the feature patented constitutes the basis for customer demand."). Here, plaintiffs assert that Murtha's calculations are based on the smallest salable patent-practicing unit, and included is the same unit used by WAGO.

Regardless of the basis of the royalty -- units sold versus revenue or profits -- plaintiffs must provide some apportionment based on the patented component *if* the patented component does not constitute the basis for customer demand. Plaintiffs

intend to prove that the patented components of WAGO's alleged infringing products drive customer demand; as such plaintiffs seek to recover a royalty reflecting the value of the entire commercial embodiment. Defendants challenge this premise and Murtha's conclusion based on it, but that alone does not render Murtha's opinion unreliable under *Daubert*, nor does it warrant striking her opinion altogether.

To the extent any of the underlying factual assumptions upon which Murtha or any other experts render an opinion, remain unproven, the jury will be directed to ignore that opinion.[3]

**II. Defendants' Motion in Limine No. 4 (dkt. #211)**

Defendants seek an order precluding any witness--including plaintiffs' infringement expert and the inventors of the patents-in-suit--from offering opinions, evidence or argument as to how claims should be construed. The court will grant in part and deny in part this motion for the following reasons, as well as address broader issues concerning claims construction which are implicated by this motion.

*First*, the court has resolved all claims construction disputes presented to it. By expressly adopting a claim construction, or by rejecting defendants' attempt to narrow claim terms and adopting the plain and ordinary meaning, the court has sufficiently construed those terms. *See Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, (7th Cir.

---

[3] Of course, if an absence of proof is so extreme as to prevent any reasonable juror from finding a materially crucial underlying fact, then the court may have to give a curative instruction or even (in a worst case scenario) direct a verdict on damages. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1335 (Fed. Cir. 2009) (where the evidence presented under the relevant Georgia-Pacific factors did not reach the "substantial evidence" threshold, no reasonable jury could have found that the plaintiff carried its burden of proving its damage claim).

2011) (distinguishing *O2 Micro* on the basis that the district court in this case did not fail to resolve the parties' quarrel). Neither side will be able to reargue their claims constructions as to those adopted or rejected at summary judgment, nor will the jury be invited to choose between alternative meanings of words or phrases in the claims. *See Verizon Servs. Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1334 (Fed. Cir. 2010) (finding no *O2 Micro* problem where the parties "did not invite the jury to choose between alternative meanings").

*Second*, to the extent that there are additional disputes about the *meaning* of claim terms, the parties need to bring those disputes before the court. Indeed, they should have already done so. If necessary, the court can and will provide additional definitions to the jury in the closing instructions.

*Third*, to the extent that the parties do not dispute the meaning of a certain term to one of ordinary skill in the field of inventions, experts and inventors may testify consistent with that meaning. The purpose of this testimony will be to assist the jury in understanding how WAGO'S challenged products do or do not read on the claims for purposes of determining infringement, but not for the jury to resolve disputes between the parties on a claims meaning.

ORDER

IT IS ORDERED that:

1) Defendants' motion in limine no. 1 (dkt. #207) is DENIED.

2) Defendants' motion in limine no. 4 (dkt. #211) is GRANTED IN PART AND DENIED IN PART as explained in this opinion.

Entered this 5th day of October, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge