IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>   *Plaintiffs,*<br><br> v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>   *Defendants.* | Case No. 3:10CV718-WMC<br><br>The Hon. William M. Conley |

**WAGO'S RESPONSE TO PLAINTIFFS' SUBMISSION
AND AMENDED SUBMISSION REGARDING LATE-PRODUCED
DOCUMENTS RESPONSIVE TO THE COURT'S SEPTEMBER 21, 2012
CONTEMPT ORDER, AND WAGO'S MOTION TO ADMIT DTX 604–38 AND 660–63**

In its Final Pretrial Conference Order (Docket No. 342 at 4), this Court ordered defendants WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG, (collectively "WAGO") to identify documents that WAGO wishes to use at trial that are included in the over 1,000-page list of documents that plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively, "Rockwell") contend should have been produced in response to earlier document requests. (Docket No. 328-6 ("the Original Submission"); Docket No. 334-1 ("the Amended Submission"); collectively "the Submissions.") WAGO wishes to use 40 documents that appear on the Submissions.

One document is the certified file history of United States Patent No. 6,801,813 ("the '813 patent") asserted by Rockwell in this litigation. A non-certified version of this document appears on Rockwell's exhibit list, and Rockwell did not object to the version marked as a trial exhibit by WAGO. The 39 other documents reflect the prior art ("the Prior Art") that the Court has excluded because WAGO disclosed it after the deadline imposed by the Court for prior art

disclosures. It is undisputed, however, that WAGO obtained the Prior Art documents beginning in August and produced them shortly after they were obtained. Accordingly, the production of these documents in August and early September could not have violated the Court's April 20 order.[1]

But the story does not end there. In its Submissions, Rockwell affirmatively contends that the Prior Art documents should have been produced by WAGO because the Prior Art either falls within the scope of at least the '813 patent or is otherwise relevant to the validity of that patent. These Prior Art documents include Rockwell's own documents that WAGO requested but never received from Rockwell during discovery. Thus, Rockwell's own Submissions constitute admissions that the Prior Art is material to, and in some cases dispositive of, Rockwell's claims and that Rockwell failed to produce certain of the documents in violation of Rockwell's discovery obligations. Incredibly, Rockwell seeks to invoke this Court's authority to hold WAGO in contempt for not producing sooner documents Rockwell knowingly withheld in discovery. In light of this information, WAGO renews its request that the Court permit WAGO to use these documents at trial.

## DISCUSSION

Although all of the documents that WAGO seeks to use were responsive to document requests served by Rockwell, the timing of the production of the documents in no way warrants a sanction. Indeed, Rockwell's contention that certain of the documents were responsive establishes beyond dispute that the Court should admit them into evidence.

---

[1] As the Court indicated, WAGO reserves its right to respond further to the Submissions in the event it becomes necessary and reserves its right to address why the timing of the production of each document identified on the Submissions was proper and, in particular, consistent with the April 20, 2012 order.

### 1. The File History

The certified file history was obtained by WAGO in August. It is responsive to a catch-all request by Rockwell of all documents that related to the asserted patents. That this document was produced later, however, in no way can be attributed to contemptuous conduct. WAGO obtained the document in August long after the April 20 Order. (Declaration of Gilberto E. Espinoza ("Espinoza Decl.") at ¶ 2.) WAGO's production in early September in no way prejudiced Rockwell. The file history relates to Rockwell's '813 patent. Presumably, Rockwell is extremely familiar with its contents. At all times, Rockwell had full and complete access to it. File histories are frequently admitted into evidence in infringement trials, which comes as no surprise to Rockwell. The file history here should be in that number.

### 2. The Prior Art Documents

For each document listed on the Submissions, Rockwell identified the Rockwell document request that Rockwell contends sought production of the document. The two requests that are relevant here are Request Nos. 1 and 13. Request No. 1 states (Docket No. 328-2 at 6):

> All documents and things that refer to, relate to, tend to support, or tend to refute the validity or invalidity of any claim of any of the Patents-In-Suit including, but not limited to, publications, Prior Art, Prior Art searches, opinions of counsel, offers for sale, sales, or public uses of, or related to, the subject matter claimed in the Patent-In-Suit.

Request No. 13 states (*id*. at 8): "All documents and things related to any study, analysis, reverse engineering, and/or copying of Plaintiffs' products or the subject matter claimed in the Patents-In-Suit."

Each of these requests seeks documents relating to Prior Art: Request No. 1 seeks both prior art that anticipates and prior art that renders obvious the technology claimed in the patents. Request No. 13 seeks anticipatory prior art, to the extent Rockwell's own products were prior art.

3

Rockwell's Original Submission identified the documents that have been designated DTX 660, 662, and 663 as responsive to Request No. 13. In other words, Rockwell has affirmatively argued that these documents disclose the technology that falls within the scope of the patents-in-suit, meaning that the Prior Art anticipates and renders the patents-in-suit invalid. The documents for which Rockwell makes these admissions describe the Rockwell 1747 Open Controller ("the Rockwell Open Controller"). Accordingly, the Original Submission admits that the Rockwell Open Controller anticipates the patents-in-suit (in particular, the '813 patent).

DTX 624 and 626 are documents that WAGO obtained from a third party in the second half of August and are documents that should be present in Rockwell's files.[2] DTX 660–63 are documents that WAGO located deep in Rockwell's website once WAGO knew what to look for because Cindy Hollenbeck alerted WAGO of the existence of the Open Controller.[3] (Espinoza Decl. at ¶ 3.)

In short, DTX 624, 626, and 660–63 were within Rockwell's possession, custody, and control throughout this litigation. Nevertheless, Rockwell did not produce these documents in response to WAGO's Request Nos. 12 and 22, which were served on September 16, 2011. WAGO's Request No. 12 sought (Docket No. 80-1 at 5):

> For each Patent in Suit, produce all Records in your possession, custody or control relating to any offer made or received by any Person for the use, purchase, or sale of any Industrial Controller or other product or service covered by such Patent in Suit at any time on or before the priority date of such Patent in Suit.

---

[2] Indeed, within two days of learning of these documents, on August 20, WAGO asked Magistrate Judge Crocker to require Rockwell, among other things, to produce all documents relating to the Rockwell Open Controller and to allow WAGO to amend its expert report to incorporate the Rockwell Open Controller into the analysis of Richard Hooper. (Docket No. 128 at 24.) Magistrate Judge Crocker deferred on this matter because he considered it to be "above his pay grade" given it would impact the contours of the trial. (Docket No. 166 at 15:14–16:7.)

[3] According to information from Ms. Hollenbeck, the Rockwell Open Controller was sold only for a limited time in the late 1990s in the United States.

4

WAGO's Request No. 22 sought: "For each Patent in Suit, produce all Records in your possession, custody or control relating to any Person's use or attempted use of the invention prior to the priority date of the Patent in Suit." (Docket No. 80-1 at 5.)

In the Amended Submission, after reviewing each of the entries for DTX 604–38, Rockwell adjusted its position slightly. With respect to DTX 604–638, Rockwell added to the relevant requests, Request No. 1. In other words, after reviewing its Original Submission, Rockwell made sure that it was asserting that DTX 604–38 were relevant to the validity of the patents-in-suit. Among these documents are DTX 624 and 626, which are additional documents that disclose and relate to the Rockwell Open Controller. Given the content of Request No. 1, Rockwell is arguing, *at a minimum*, that the Rockwell Open Controller is relevant to validity.

At the same time Rockwell asserted these admissions to obtain draconian sanctions against WAGO, Rockwell asked the Court to affirm the exclusion of these Prior Art documents even though Rockwell refused to produce any documents about the Rockwell Open Controller, "extracted" it from a response to an interrogatory that sought its disclosure, and represented to the Court and WAGO repeatedly that Rockwell's document production was complete with respect to any products that related to the patents-in-suit. (Docket No. 301 at 33:11–16.) Such conduct justifies sanctions against Rockwell, not WAGO.

After reviewing DTX 660 and 662–63 again, Rockwell amended its submission to list Request Nos. 1 and 6 instead of Request No. 13. (*Compare* Docket No. 328-6 at 895, 1009 *with* Docket No. 334-1 at 1071–72.) Although Rockwell apparently no longer contends that the Rockwell Open Controller anticipates the '813 patent, Rockwell continues to admit that it is relevant to validity. This amended contention demonstrates that Rockwell's admission in this regard is not an oversight. Whether Rockwell now admits that the Rockwell Open Controller is

merely relevant to validity rather than anticipatory makes no difference. In either case, Rockwell has acknowledged that the Prior Art evidence is highly material to this case, which means that Rockwell improperly withheld it in discovery.

Accordingly, WAGO respectfully renews its requests that DTX 604–38, 660–63 be admitted into evidence and that WAGO be permitted to amend its expert disclosure to permit Dr. Hooper to testify about the Rockwell Open Controller.

Dated: October 6, 2012                             Respectfully submitted,

/s/David L. De Bruin
David L. De Bruin, SBN 1016776
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
T: (414) 271-6560; F: (414) 277-0656
Email: dldebruin@michaelbest.com

Marshall J. Schmitt
Gilberto E. Espinoza
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
T: 312.222.0800; F: 312.222.0818
Email: mjschmit@michaelbest.com
Email: geespinoza@michaelbest.com

John C. Scheller
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, Wisconsin 53701-1806
T: 608.283.2276; F: 608.283.2275
Email: jcscheller@michaelbest.com

*Attorneys for Defendants*
*WAGO CORPORATION and*
*WAGO KONTAKTTECHNIK GMBH & CO. KG*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC |

**Certificate Of Service**

I HEREBY CERTIFY that on this 6th day of October, 2012, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>**COOLEY LLP**<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036-7798 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   sbalber@cooley.com |
| Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   ptanck@chadbourne.com<br>   lschapira@chadbourne.com |
| Kristin Graham Noel<br>Matthew J. Duchemin<br>**QUARLES & BRADY LLP**<br>33 East Main Street, Suite 900<br>Madison, WI 53703 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   kgn@quarles.com<br>   matthew.duchemin@quarles.com |

*/s/ Gilberto E. Espinoza*
Gilberto E. Espinoza