IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.,

               Plaintiffs,                             ORDER

   v.

                                                            10-cv-718-wmc

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GMBH & CO. KG,

               Defendants.

---

During the Final Pretrial Conference last Tuesday, counsel pointed out that plaintiffs had submitted a document for in camera review pursuant to the court's direction during a telephonic hearing on various discovery motions (dkt. #167). As part of an earlier motion to compel (dkt. #128), defendants sought this document -- an unredacted version of a spreadsheet prepared by a Rockwell employee and financial analyst, Amy Rybacki, at the direction of Rockwell's in-house and outside counsel for use in analyzing possible damage claims in its ongoing dispute with plaintiffs. Under these circumstances, there appears no basis to dispute that the spreadsheet is subject to the work product privilege, nor do defendants attempt to articulate one. Instead, defendants argue that this privilege was waived by virtue of the spreadsheet having been reviewed by one of plaintiffs' 30(b)6 designees, Daniel Schumacher. In advance of his deposition, there is no dispute that Schumacher reviewed Exhibit 42, which had already been produced to defendants during discovery and contained in part information taken from

the Rybacki spreadsheet. Further, there is no dispute that Schumacher also reviewed the underlying spreadsheet, at least as it related to information reflected on Exhibit 42. When all of this came out at Schumacher's deposition, defendants apparently produced a redacted copy of the spreadsheet disclosing the information used to create Exhibit 42. Redacted from this copy, however, were (1) e-mails between plaintiffs' counsel and Ms. Rybacki, and (2) sales information concerning a Rockwell product, known as the PLC5.

Having now reviewed the unredacted copy, the court is satisfied that both redactions were appropriate. First, the e-mails with counsel are subject to both attorney-client and work product privileges and there is no evidence that Schumacher reviewed, much less used or relied on, these e-mails in preparation for his deposition. Second, while Schumacher admitted looking at the unredacted spreadsheet in advance of the deposition, he testified that his purpose was only to confirm the accuracy of the information contained in Exhibit 42 and that this was the summary information he reviewed and ultimately relied upon. Under these circumstances, the court finds that defendants acted in good faith, drawing a reasonable line between information for which the work product privilege had been waived and that for which it had not been waived. The court will not second guess that line. Even if it were inclined to do so, defendants have failed to demonstrate any relevance of the PLC5 that would justify what was, at worst, an inadvertent waiver of the work product privilege. Accordingly, the court finds that an unredacted version of the Rybacki spreadsheet need not be produced, though any underlying data that formed the basis of those portions of Exhibit 42 that were taken

from the spreadsheet should be made available for inspection provided they were timely requested during discovery and not yet produced.

 Entered this 8th day of October, 2012.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge