IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

   *Plaintiffs*,

 v.

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GMBH & CO. KG

   *Defendants*.

Case No. 3:10CV718-WMC

The Hon. William M. Conley

---

## WAGO'S BRIEF REGARDING JURY INSTRUCTIONS AND THE LAW ON UNCLEAN HANDS

---

  Defendants WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG (collectively "WAGO"), respectfully submit the following brief for purposes of closing jury instructions and the law on unclean hands.

  WAGO sets forth below the law as to: (1) contributory infringement; (2) induced infringement; and (3) unclean hands. Pursuant to the Court's request today, WAGO identifies the following cases which discuss the intent and knowledge requirements for induced and contributory infringement:

1. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065–67 (2011).

2. *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293 (Fed. Cir. 2006).

3. *Mirror Worlds, LLC v. Apple Inc.*, Case No. 2011-1392, 2012 U.S. App. LEXIS 18591; 2012 WL 3800812 (Fed. Cir. Sept. 4, 2012).

In short, to prove contributory and indirect infringement, Rockwell must establish that WAGO knew of the fact that a customer actually infringes the '813 patent and had specific intent to cause that infringement. The test is not whether WAGO should have known of any infringement or whether WAGO should have known of the customer's activities, but whether WAGO actually knew that a customer directly infringed the '813 patent.

I. **INDIRECT INFRINGEMENT**

    A. **CONTRIBUTORY INFRINGEMENT**

For contributory infringement, a patentee must show actual infringement by a customer of the defendant. *Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 773–75 (Fed. Cir. 1993). Where the plaintiff does not show specific instances of infringement directly by particular customers, the plaintiff must establish that the customers using the article pursuant to instructions will *necessarily* perform all of the steps of the asserted methods. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1322 (Fed. Cir. 2009). The mere fact that an apparatus is capable of carrying out the claimed method does not render its seller or manufacturer liable for contributory infringement unless there is proof it was so used. *Global-Tech*, 131 S.Ct. at 2067–68; *i4i Ltd. v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010), aff'd 131 S.Ct. 2238 (2011); *Ormco Corp. v. Align Technology, Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006). This Court has noted that: "Contributory infringement applies to 'cases in which a party sells a particular component that is known to be intended for an infringing use and is useful only for infringement." *Douglas Dynamics, LLC v. Buyers Products Co.*, 747 F.Supp.2d 1063, 1071 (W.D. Wis. 2010).

Contributory infringement requires proof of four elements:

1. direct infringement by a third party;

2. the defendant supplied material parts of the claimed invention to that third party;

3. the defendant's products were not a staple article or commodity of commerce suitable for substantial non-infringing use; and

4. the defendant supplied its product with knowledge of the patent at issue and with knowledge that the product was especially made or adapted for use in an infringing manner.

*Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1362 (Fed. Cir. 2012); *R+L Carriers, Inc. v. DriverTech LLC*, 2012 U.S. App. LEXIS 11519 at *27–28 (Fed. Cir. June 7, 2012).

### B.    INDUCED INFRINGEMENT

35 U.S.C. § 271(b) creates liability for inducement of infringement where there is "both an underlying instance of direct infringement and a requisite showing of intent." *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) (citing *Insituform Technologies, Inc. v. Cat Contracting Inc.*, 385 F.3d 1360, 1378 (Fed. Cir. 2004) (emphasis added); *see also Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008). Accordingly, as in the case of contributory infringement under Section 271(c), liability for inducement under Section 271(b) depends on a showing that the conduct being induced constitutes direct infringement. *Global-Tech,* 131 S. Ct. at 2065–67. Indeed, the Federal Circuit has found non-infringement for want of proof of even "one instance" of direct infringement by a customer. *Lucent Technologies, Inc. v. Gateway, Inc.*, 543 F.3d 710 (Fed. Cir. 2008).

However, in addition to proof of direct infringement, liability of inducement of infringement requires an additional showing of specific intent to cause infringement. *DSU Medical,* 471 F.3d at 1305 (*en banc* in relevant part). In *DSU Medical,* the Federal Circuit clarified the intent standard for induced infringement. The Court rejected the argument that "proof of intent to cause infringing acts is all that is required in order to establish inducement of infringement." *Id.* at 1305 n.2. Instead, the Court held that proof of inducement requires proof that the accused inducer had knowledge of the patent. *Id.* at 1304. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

Proving indirect infringement through user manuals was analyzed by the Federal Circuit last month in *Mirror Worlds, LLC v. Apple Inc.*, Case No. 2011-1392, 2012 U.S. App. LEXIS 18591; 2012 WL 3800812 (Fed. Cir. Sept. 4, 2012). The Court noted that: "When manuals only teach 'customers each step of the claimed method in isolation,' but not 'all the steps of the claimed method together,' the manuals alone cannot support infringement." 2012 U.S. App. LEXIS 18591 at *21 (quoting *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007).)

In *Mirror Worlds*, there was no dispute that the accused products could be used in a non-infringing manner. *Id.* at *21. While the manuals at issue separately instructed a user how to perform each step of the claimed method, the Federal Circuit held that they were insufficient to support a finding of direct infringement. Specifically, the Court noted that: "The manuals teach customers each step of the claimed method only

4

in isolation and thus do not suffice under *E-Pass* for showing inducement of infringement." *Id.* at *22.

In particular, there was no testimony of "total use of the claimed method" from plaintiff's infringement expert. *Id.* Notably, the Federal Circuit pointed out that the infringement expert's "testimony was focused on capability, not actual use, with no discussion of inducement of infringement." *Id.* at *23. The fact that the accused product "*could* infringe," was "insufficient to find inducement of infringement of a method patent." *Id.* Instead, the Federal Circuit emphasized: "Evidence of actual use of each limitation is required." *Id.*

Accordingly, inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). The mere knowledge of possible infringement will not suffice. *DSU Medical Corp.*, 471 F.3d at 1305–06; *Lucent Technologies,* 580 F.3d at 1322.

Therefore, induced infringement requires proof of four elements:

1. direct infringement by a third party;
2. the defendant aided, instructed, or otherwise acted with the intent to cause acts by that third party that would constitute direct infringement of the patent;
3. the defendant knew of the patent, or showed willful blindness to the existence of the patent, at that time; and
4. the defendant knew, or should have known, that its actions would result in infringement of at least one claim of the patent.

35 U.S.C. § 271(b); *Global-Tech Appliances*, 131 S. Ct. 2060 (2011); *DSU Medical*, 471 F.3d at 1304–05 (Fed. Cir. 2006) (*en banc*); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370

F.3d 1354, 1365 (Fed. Cir. 2004); *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1342 (Fed. Cir. 2003); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468–69 (Fed. Cir. 1990).

## II.     UNCLEAN HANDS

The unclean hands doctrine embodies the principle that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1933). "Th[e] [Supreme] Court has declared: 'It is a principle in chancery that he who asks relief must have acted in good faith. The equitable powers of this court can never be exerted in behalf of one who has acted fraudulently or who by deceit or any unfair means has gained an advantage. To aid a party in such a case would make this court the abettor of iniquity.'" *Keystone*, 290 U.S. at 245 (citation omitted).

To succeed on an affirmative defense of unclean hands, the asserting party must demonstrate that "the doors of a court of equity" should be closed because the accused party is "tainted with inequitableness or bad faith relative to the matter in which [it] seeks relief, however improper may have been the behavior of [the asserting party]." *Abbott Point of Care, Inc. v. Epocal, Inc.*, Case No. cv-08-s-543, 2012 WL 1339982, * 4 (N.D. Ala. April 18, 2012) (quoting *Precision Instrument*, 324 U.S. at 814–15).

Unclean hands is a broad defense that is not amenable to a particular checklist of items:

> [The doctrine] necessarily gives wide range to the equity court's use of discretion . . . .  It is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion. Accordingly, one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character.  Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for invocation of the maxim.

*Precision Instrument*, 324 U.S. at 815; s*ee also France Telecom*, 2002 WL 31355255, *3 (C.D. Cal. Oct. 17, 2002)) ("Unclean hands . . . remains a broader defense less amenable to a particular checklist of elements.")

Consciously withholding highly relevant information responsive to discovery requests and causing the opposing party to be misled by such incomplete responses can constitute unclean hands. *See*, *e.g.*, *Keystone* at 245–46 ("Had the corruption of Clutter been disclosed at the trial of the *Byers* case, the court undoubtedly would have been warranted in holding it sufficient to require dismissal of the cause of action there alleged for the infringement of the Downie patent.")  Similarly, deceiving and withholding information from the PTO can constitute unclean hands. *Precision Instrument*, 324 U.S. 818; *France Telecom*, 2002 WL 31355255, at *3.

Dated: October 10, 2012                           Respectfully submitted,


                                                  */s/ Gilberto E. Espinoza*
                                                  David L. De Bruin, SBN 1016776
                                                  MICHAEL BEST & FRIEDRICH LLP
                                                  100 East Wisconsin Avenue
                                                  Suite 3300
                                                  Milwaukee, WI  53202-4108
                                                  T:  (414) 271-6560; F:  (414) 277-0656
                                                  Email:  dldebruin@michaelbest.com

                                                  Marshall J. Schmitt
                                                  Gilberto E. Espinoza
                                                  MICHAEL BEST & FRIEDRICH LLP
                                                  Two Prudential Plaza
                                                  180 N. Stetson Avenue, Suite 2000
                                                  Chicago, Illinois  60601-6710
                                                  T: 312.222.0800; F: 312.222.0818
                                                  Email: mjschmitt@michaelbest.com
                                                  Email: geespinoza@michaelbest.com

                                                  John C. Scheller
                                                  MICHAEL BEST & FRIEDRICH LLP
                                                  One South Pinckney Street, Suite 700
                                                  P.O. Box 1806
                                                  Madison, Wisconsin  53701-1806
                                                  T: 608.283.2276; F: 608.283.2275
                                                  Email: jcscheller@michaelbest.com

                                                  *Attorneys for Defendants*
                                                  *WAGO CORPORATION and*
                                                  *WAGO KONTAKTTECHNIK GMBH & CO. KG*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WISCONSIN

ROCKWELL AUTOMATION, INC. and
ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

      *Plaintiffs*,

  v.

WAGO CORPORATION and WAGO
KONTAKTTECHNIK GMBH & CO. KG

      *Defendants*.

Case No. 3:10CV718-WMC

The Hon. William M. Conley

### Certificate Of Service

    I HEREBY CERTIFY that on this 10th day of October, 2012, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>**COOLEY LLP**<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036-7798 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   sbalber@cooley.com |
| Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   ptanck@chadbourne.com<br>   lschapira@chadbourne.com |
| Kristin Graham Noel<br>Matthew J. Duchemin<br>**QUARLES & BRADY LLP**<br>33 East Main Street, Suite 900<br>Madison, WI 53703 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   kgn@quarles.com<br>   matthew.duchemin@quarles.com |

                                       */s/ Gilberto E. Espinoza*
                                       Gilberto E. Espinoza