IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC<br><br>The Hon. William M. Conley |

**WAGO'S MEMORANDUM IN SUPPORT OF ITS
MOTION PURSUANT TO RULE 12(h)(3) TO DISMISS
ROCKWELL AUTOMATION, INC. FOR LACK OF STANDING**

Throughout this case, plaintiffs have attempted to blur the distinction between the owner of U.S. Patent No. 6,801,813 ("the '813 patent"), Rockwell Automation Technologies, Inc. ("Technologies"), and the manufacturer of the ControlLogix industrial controllers, Rockwell Automation, Inc. ("Automation"). Whether Automation is a proper party or not, however, bears on the damages awarded by the jury and on whether there is a party with standing in this lawsuit that is a direct competitor of defendants, which is normally required to justify an injunction.

Notwithstanding its burden to establish standing, Automation has failed to produce any evidence that it has an interest in the '813 patent. In particular, Automation failed to produce in discovery and at trial a license, exclusive or otherwise, running from Technologies to Automation. Moreover, despite plaintiffs' promise that it would produce a witness who could testify about a license, no such witness was produced. In short, plaintiffs wholly failed to provide any evidence whatsoever that Automation is an exclusive license or otherwise has any interest in the '813 patent. Accordingly, Automation has no standing under Article III of the

United States Constitution to seek relief for patent infringement and must be dismissed as a party to this action.

Accordingly, defendants WAGO Corporation and WAGO Kontakttechnik GmbH & Co. KG (collectively, "WAGO") respectfully request under Federal Rule of Civil Procedure 12(h)(3) that the Court dismiss Automation's claims.

## STATEMENT OF FACTS

On November 16, 2010, Automation and Technologies (collectively, "Rockwell") filed a complaint against WAGO asserting six patents, including the '813 patent. (Docket No. 1 at ¶¶ 10–26.) Among other things, Rockwell alleged that Technologies was the owner by assignment of the '813 patent and that Automation was the exclusive licensee. (*Id.* at ¶¶ 17, 18.) On October 12, 2011, WAGO answered the complaint denying the allegation that Automation was the exclusive licensee of the '813 patent. (Docket No. 27 at 3.)

On September 16, 2011, WAGO served Defendants' First Set of Requests Directed to Plaintiffs. (Docket No. 80-1.) Request No. 10 stated: "For each Patent in Suit, produce all assignments, all licenses, and any other Records in your possession, custody or control which identify or otherwise discuss or relate to ownership of such Patent in Suit and whether either or both of the Plaintiffs has the right to sue for infringement of the Patent in Suit." (*Id.* at 3–4.) On October 17, 2011, Rockwell responded to Request No. 10 stating that "Rockwell will produce certain non-privileged, non-immune documents and things that are located after a reasonable search." (Docket No. 80-2 at 9.) Rockwell never produced any license showing Automation was licensed under the '813 patent.

At trial, counsel for Rockwell admitted that he had "never seen a license, . . . a written license." (Docket No. 374, Trial Tr. 4-A at 3:23–24.) Counsel for Rockwell also told the Court that Rockwell "would put a witness on to testify about the license." (*Id.* at 4:5–6.)

2

Notwithstanding this promise, Rockwell never offered a witness to testify about a license between Technologies and Automation relating to the '813 patent or any other interest Automation might have had in the '813 patent.

## ARGUMENT

The right to a remedy for patent infringement is created by the patent statute, which provides that a "patentee" shall have remedy by civil action for infringement. 35 U.S.C. § 281 (1988). The term "patentee" includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d) (1988); *Rite-Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538, 1551 (Fed. Cir. 1995) (*en banc*), *cert. denied,* 516 U.S. 867 (1995). Only a party who actually owns all substantial rights in a United States patent either through assignment or license can invoke the jurisdiction of a United States District Court to enforce that patent. *Id.* at 1551–52. Here, there is no evidence in the record that Automation possesses either an assignment or a license to the '813 patent.

Proof of a corporate relationship alone is insufficient to confer standing of a party as a co-plaintiff with the patent owner. The Federal Circuit has rejected arguments seeking to establish standing to sue based only on the organizational relationship of the parties without any evidence of an exclusive license. In *Spine Solutions v. Medtronic Sofamor Danek USA*, 620 F.3d 1305 (2010), the district court allowed the plaintiff patent owner to amend the complaint as the case went to trial to add two new parties, the parent corporation and a sister corporation, which was the company that actually practiced the invention. 620 F.3d at 1309–10. On appeal, the Federal Circuit held that the district court had abused its discretion in allowing the plaintiff to amend the complaint to add the two related parties. *Id.* at 1318. "Given that SSI fails to point to any evidence other than its current 'organization' to show that Synthes Spine is an exclusive licensee,

we conclude that SSI failed to meet its burden of establishing that Synthes Spine has standing to bring suit." *Id.*

"Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing jurisdiction." *Bhandari v. Cadence Design Sys.*, 485 F. Supp. 2d 747, 750 (E.D. Tex. 2007) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As a consequence, this Court cannot hear Automation's claims or consider its request for relief unless the Court has subject matter jurisdiction.[1] *Id.* ("If a federal court lacks subject matter jurisdiction, it must dismiss the action."); Fed. R. Civ. P. 12(h)(3). In this patent infringement lawsuit, subject matter jurisdiction over Automation's patent infringement claims exists only if Automation has standing to sue. "Article III standing, like other bases of jurisdiction, generally must be present at the inception of the lawsuit." *Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992) (plurality opinion) ("[S]tanding is to be determined as of the commencement of suit.")). "Those who do not possess Art. III standing may not litigate as suitors in the court of the United States." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475–76 (1982).

The Federal Circuit has identified "three general categories of plaintiffs encountered when analyzing the constitutional standing in patent infringement suits: those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and

---

[1] A challenge to the existence of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") comes in two forms: (1) a facial attack or (2) a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (*per curiam*). Facial attacks challenge the sufficiency of the allegations in the complaint. *Id.* The allegations of the complaint are taken as true for purposes of the Rule 12(b)(1) motion. *Id.* Factual attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977))). This motion is a factual challenge to the existence of subject matter jurisdiction.

those that cannot even participate as a party to an infringement suit." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). The first category includes plaintiffs that hold all rights or all substantial rights to the patent. *Id.* at 1339–40. Here, that party is Technologies as the owner of the '813 patent. The second category includes plaintiffs that hold exclusionary rights and interests created by the patent statutes, namely, exclusive licensees. *Id.* at 1340. Beyond a mere allegation in the Complaint that stands denied by WAGO, however, there is nothing in the record that indicates Automation is the exclusive licensee to the '813 patent. "The third category of plaintiffs includes those that hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes to meet the injury in fact requirement." *Id.* at 1340. Plaintiffs in this category, which includes Automation, lack constitutional standing. *Id.* at 1341 (citing *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed.Cir.2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement.")).

Automation has made no showing that it possesses even a non-exclusive license; Automation thus lacks standing. The presence of Technologies as co-plaintiff in the case is insufficient to cure Automation's lack of standing. *Morrow*, 499 F.3d at 1341 (citations omitted). This Court lacks subject matter jurisdiction over any claim made by Automation and must dismiss any such claims pursuant to Federal Rule of Civil Procedure 12(h)(3).

Dated: October 25, 2012            Respectfully submitted,

                                                 */s/ Marshall J. Schmitt*

David L. De Bruin, SBN 1016776
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
T: (414) 271-6560; F: (414) 277-0656
Email: dldebruin@michaelbest.com

Marshall J. Schmitt
Gilberto E. Espinoza
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
T: 312.222.0800; F: 312.222.0818
Email: mjschmitt@michaelbest.com
Email: geespinoza@michaelbest.com

John C. Scheller
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, Wisconsin 53701-1806
T: 608.283.2276; F: 608.283.2275
Email: jcscheller@michaelbest.com

*Attorneys for Defendants*
*WAGO CORPORATION and*
*WAGO KONTAKTTECHNIK GMBH & CO. KG*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC<br><br>The Hon. William M. Conley |

**Certificate Of Service**

I HEREBY CERTIFY that on this 25th day of October, 2012, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>**COOLEY LLP**<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036-7798 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   sbalber@cooley.com |
| Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   ptanck@chadbourne.com<br>   lschapira@chadbourne.com |
| Kristin Graham Noel<br>Matthew J. Duchemin<br>**QUARLES & BRADY LLP**<br>33 East Main Street, Suite 900<br>Madison, WI 53703 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>   kgn@quarles.com<br>   matthew.duchemin@quarles.com |

*/s/Gilberto E. Espinoza*
Gilberto E. Espinoza