UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

------------------------------------- X

ROCKWELL AUTOMATION, INC. and : 
ROCKWELL AUTOMATION
TECHNOLOGIES, INC., :

          Plaintiffs, :    Case No. 3:10-CV-718-WMC

   vs. :    The Hon. William M. Conley

WAGO CORPORATION and WAGO : 
KONTAKTTECHNIK GMBH & CO. KG,

         Defendants. :

------------------------------------- X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
PURSUANT TO RULE 12(H)(3) TO DISMISS ROCKWELL AUTOMATION, INC.
FOR LACK OF STANDING**

      Plaintiffs Rockwell Automation, Inc. ("Automation") and Rockwell Automation

Technologies, Inc. ("Technologies") (together, "Rockwell" or "Plaintiffs"), respectfully submit

this memorandum of law in opposition to the motion filed by defendants WAGO Corporation

("WCP") and WAGO Kontakttechnik GmbH & Co. KG ("WKT") (together "WAGO" or

"Defendants") to dismiss Automation for lack of standing pursuant to Rule 12(h)(3) of the

Federal Rules of Civil Procedure.

**<u>FACTS</u>**

      Technologies is the owner of the '813 patent and is wholly owned by Automation.  (<u>See</u>

WAGO's Memorandum of Law in Support of Its Motion Pursuant to Rule 12(h)(3) to Dismiss

Rockwell Automation, Inc. for Lack of Standing ("Brief" or "Br.") at 5; <u>see</u> Declaration of John

Miller (the "Miller Declaration" or "Miller Decl.") at ¶ 2-3.)  On or about June 29, 2001,

Technologies entered into an Intellectual Asset and Trademark Exclusive License Agreement

(the "Exclusive License") with Allen-Bradley Company, LLC ("Allen-Bradley").  (Miller Decl.,

¶ 9, Ex. A.)  Following a merger in 2002, Automation became the successor in interest to Allen-

Bradley's rights under, inter alia, the Exclusive License.  (Miller Decl., ¶ 11, Ex. B.)  Pursuant to

the Exclusive License, Technologies grants Automation, among other things:

> [A]n exclusive, royalty-bearing, world-wide right and license under the Licensed
> Intellectual Assets within the Field of Use in connection with the design, development,
> manufacture, packaging, marketing, distribution, and sale of goods and services that are
> the subject of or covered by one or more of the Licensed Intellectual Assets, and to
> undertake such activities including sublicensing the Licensed Intellectual Assets as
> may otherwise be prohibited in the absence of this grant in order for [Automation] to
> conduct its business in the Field."

(Miller Decl., ¶ 12, Ex. A, Section 2.1.)  The Exclusive License also gives Automation the right

to commence lawsuits and pursue remedies in connection with, inter alia, infringement of the

licensed patents. (Id. at ¶ 10, Ex. A., Section 1.5(f).)

Pursuant to, inter alia, the Exclusive License, Automation was the exclusive licensee of

the '813 patent when this action was filed on November 16, 2010 and continues to be the

exclusive licensee to date.  (Miller Decl., ¶¶ 2,7.)  Automation, as the exclusive licensee of the

'813 patent, manufactures and sells products that embody the '813 patent.  (Id. at ¶ 5.)

On October 1, 2012, before commencement of the trial in this action, this Court issued an

Opinion and Order on WAGO's summary judgment motion, finding Automation's status as the

exclusive licensee of the '813 patent to be an undisputed fact.[1]  (Dkt. 333 at 1.)  Notwithstanding

this Court's pre-trial ruling that Automation is the exclusive licensee of the '813 patent (Dkt. 333

---

[1]      That finding is based on, inter alia, WAGO's Proposed Findings of Fact that it filed in
this case, in which it does not dispute that Automation is the exclusive licensee the '813 patent.
(Dkt. 53 at ¶ 1.)

at 1), WAGO has now moved this Court, post-verdict, to dismiss Automation pursuant to

Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of standing.

## ARGUMENT

### I.     Both Technologies and Automation Have Article III Standing to Sue

The Federal Circuit has identified two general categories of plaintiffs that have

constitutional standing to sue for patent infringement: "those that can sue in their own name

alone [and] those that can sue as long as the patent owner is joined in the suit."  Morrow v.

Microsoft Corp., 499 F.3d 1332, 1339 (Fed. Cir. 2007).  The first category is described as

"plaintiffs that hold all legal rights to the patent as the patentee or assignee of all patent rights—

the entire bundle of sticks."  Morrow, 499 F.3d at 1339; see also WiAV Solutions LLC v.

Motorola, Inc., 631 F.3d 1257, 1264 (Fed. Cir. 2011).  The second category of plaintiffs, referred

to as "exclusive licensees," "hold exclusionary rights and interests created by the patent status,

but not all substantial rights to the patent" and are "injured by any party that makes uses, sells,

offers to sell, or imports the patented invention."  Morrow, 499 F.3d at 1339; see also WiAV

Solutions LLC, 631 F.3d at 1265 ("[T]he touchstone for constitutional standing in a patent

infringement suit is whether a party can establish that it has an exclusionary right in a patent that,

if violated by another, would cause the party holding the exclusionary right to suffer legal

injury.").

WAGO does not dispute – and readily admits – that Technologies falls into that first

category of plaintiffs, is the owner of the '813 patent and, in fact, has standing to sue for

infringement.  (Br. at 5.)  In its motion, WAGO only challenges Automation's standing because,

it contends, "there is nothing in the record that indicates that Automation is the exclusive

licensee to the '813 patent."  (Id.)  This argument, raised for the first time on the fourth day of

trial – after the Court's finding on summary judgment that Automation is the exclusive licensee of the '813 patent, after the close of the liability phase of the trial, and after the jury rendered its verdict in favor of both Technologies and Automation on their patent infringement claims – is without merit.  (Dkt. 374, Tr. 4-A-3:10-4:21; 4-A-117:11-121:5.)

First, this Court has already ruled that Automation is the exclusive licensee of the '813 patent.  (See Opinion and Order of the Court at 2, October 1, 2012, Dkt. 333.)  Specifically, the Court found that "[p]laintiff Rockwell Automation, Inc. is the exclusive licensee of . . . U.S. Patent No. 6,801,813 (the "'813 patent")." (Dkt. 333 at 2.)  Of course, this is precisely why Rockwell did not introduce evidence at trial concerning Automation's status as the exclusive licensee of the '813 patent; the Court had *already* determined that fact to be undisputed.  (Id.)  Indeed, WAGO's motion should be denied based on the "law of the case" doctrine, under which a court should be "loathe to [reconsider a prior ruling in the same case] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988); see also Dual-Temp of Ill., Inc. v. Hench Control Corp., No. 09-cv-595, 2011 WL 1642513, at *7 (N.D. Ill. May 2, 2011) (denying motion on law-of-the-case principles where movant presented no "compelling reason" to disturb prior ruling).  WAGO presents no such extraordinary circumstances here because none exist.  Automation is, as was alleged in the Complaint and later determined by the Court, the exclusive licensee of the '813 patent.  (Dkt. 1 at ¶ 18, Dkt. 333 at 1; see generally Miller Decl.)

Further, WAGO's claim that Rockwell "promise[d] that it would produce a witness who would testify about a license [, but that] no such witness was produced" is, at best, revisionist history.  (Br. at 1.)  WAGO ignores that the Court made it clear that the issue that WAGO raised

at trial concerning the exclusive license was not appropriate for trial and would not be addressed at that time.  The Court was unequivocal in delivering that message, stating that the issue raised by WAGO trial was *"not a standing question," "not for this trial,"* that the Court was *"not going to spend any more time on [it],"* and that *"they have standing."*  (Dkt. 374 Tr. 4-A-118:5-121:5) (emphasis added).  Of course, had the Court entertained WAGO's late-raised challenge to Automation's standing at trial, Rockwell would have called a witness, or otherwise made an evidentiary proffer.

Finally, even if this Court had not previously determined that Automation was the exclusive licensee of the '813 patent, there can be no genuine dispute concerning Automation's standing in this action.  Rockwell has provided the Court with unequivocal evidence demonstrating that, at all relevant times, Automation was the exclusive licensee of the '813 patent and, therefore, had standing to sue for infringement.  (See generally Miller Decl.)  Indeed, although "an exclusive license need not be in writing for the licensee to have standing if the patentee or assignee is also joined" Rockwell has nevertheless proffered a written Exclusive License.  Aspex Eyewear, Inc. v. Altair Eyewear, Inc., 288 Fed.App'x. 697, 706 (Fed. Cir. 2008); Sanofi-Aventis Deutschland GmbH v Glenmark Pharms. Inc., USA, No. 07-cv-5855(DMC-JAD), 2011 WL 2609855, at *3 (D.N.J. June 30, 2011) (inferring exclusive license through chain of agreements, though none explicitly provided for exclusive license).  In fact, the Miller Declaration alone would be sufficient to demonstrate Automation's standing in this action.  See Blumenthal Distrib., Inc. v. Exec. Chair, Inc., No. 10-cv-1280m (CBA) (SMG), 2011 WL 839546, at *2 (E.D.N.Y. Mar. 3, 2011) ("[A]ffidavits from both the licensee and the owner of the patent, swearing to the rights of the licensee, are certainly strong evidence as to the fact that an agreement, whether oral or written, was reached.")  As WAGO set forth in its

-5-

moving brief, it has made a "factual attack to the existence of subject matter jurisdiction," in the adjudication of which the court should consider "matters outside the pleadings, such as testimony and affidavits."[2]  (Br. at 4 n. 1 (quoting <u>Lawrence</u> v. <u>Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990) (<u>per curiam</u>).)  <u>See also</u> <u>Weaver</u> v. <u>Hollywood Casino-Aurora, Inc.</u>, 255 F.3d 379, 385 (7th Cir. 2001).  In light of the foregoing, WAGO's motion should be denied in its entirety.

## II.      WAGO's Motion Presents No Legitimate Challenge to Rockwell's Entitlement to Damages or Injunctive Relief

WAGO also contends, though without any supporting factual or legal basis, that "[w]hether Automation is a proper party or not . . . bears on the damages awarded by the jury and on whether there is a party with standing in this lawsuit that is a direct competitor of defendants, which is normally required to justify an injunction.  (Br. at 1.)  In the first instance, because Automation is the exclusive licensee of the '813 patent, Automation has standing in this action.  <u>See</u> Section I <u>supra</u>.  That fact alone renders moot WAGO's arguments regarding both damages and injunctive relief.  <u>Id</u>.

Further – as this Court has already made clear – WAGO's argument that Technologies on its own is not entitled to damages is without merit because it is based on the false premise that Rockwell sought damages for lost profits.  (Dkt. 374, Tr. 4-A-117:11-121:5 ("They have standing here.  The only cases in which they wouldn't have standing would be for lost profit.  That's where the federal circuit has drawn a line.").)  The Federal Court has indeed drawn a line and it is clear that even if Automation did not have standing to sue, Technologies would still be

---

[2]      WAGO relies upon cases concerning Fed. R. Civ. P. 12(b)(1), though its motion is made pursuant to Fed. R. Civ. P. 12(h)(3).  However, "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."  <u>Cal. Sportfishing Prot. Alliance</u> v. <u>USA Waste of Cal., Inc.</u>, No. CIV 2:11-2663 WBS KJN, 2012 WL 2339810, at *2 (E.D. Cal. June 19, 2012) (noting that the Court was free to "review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

able to recover reasonable royalty damages in this action.  See Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1319 (Fed. Cir. 2010); Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 425 F.3d 1366, 1378 (Fed. Cir. 2005); see also Synthes USA, LLC v. Spinal Kinectics, Inc., No. 5:09-cv-01201RMW, 2012 WL 4483158, at *12-13 (N.D. Cal. Sept. 27, 2012).

WAGO's argument concerning injunctive relief was that without Automation, Technologies would not be entitled to a permanent injunction.  (Dkt. 388.)  Because Automation has standing, however, there is no need to address that argument.  Rockwell has addressed WAGO's remaining arguments concerning Rockwell's request for a permanent injunction in its Memorandum of Law in Further Support of the Award of Permanent Injunctive Relief in Favor of Plaintiffs.  (Dkt. 399.)  Rockwell reserves all rights to supplement the record with additional evidence of Automation's standing.

## CONCLUSION

For the foregoing reasons, WAGO's motion to dismiss Automation for lack of standing should be denied in its entirety.

Dated: November 15, 2012                                    Respectfully submitted,

                                                           COOLEY LLP


                                                           By:      */s/ Scott S. Balber*
                                                                Scott S. Balber
                                                                Emily Abrahams
                                                                1114 Avenue of the Americas
                                                                New York, NY 10036
                                                                Tel: (212) 479-6000
                                                                Fax: (212) 479-6275
                                                                sbalber@cooley.com

                                                                *Attorneys for Plaintiffs*
                                                                *Rockwell Automation, Inc. and*
                                                                *Rockwell Automation Technologies, Inc.*


                                                           CHADBOURNE & PARKE LLP


                                                           By:      */s/ Paul J. Tanck*
                                                                Paul J. Tanck
                                                                30 Rockefeller Plaza
                                                                New York, NY 10112
                                                                Tel: (212) 408-5100
                                                                Fax: (212) 541-5369
                                                                ptanck@chadbourne.com

                                                                *Attorneys for Plaintiffs*
                                                                *Rockwell Automation, Inc. and*
                                                                *Rockwell Automation Technologies, Inc.*