IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>   *Plaintiffs,*<br><br>  v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>   *Defendants.* | Case No. 3:10CV718-WMC<br><br>The Hon. William M. Conley |

## DECLARATION OF MARSHALL J. SCHMITT

I, Marshall J. Schmitt, state as follows:

1. I am one of the attorneys representing Defendants WAGO Corporation and WAGO Kontakttechnik GmbH & CO. KG (collectively, "WAGO") in connection with the above-captioned matter, and I submit this declaration in support of WAGO's Motion To Hold In Abeyance Entry Of Judgment And Rulings On WAGO's Unclean Hands Affirmative Defense And Rockwell's Request For A Permanent Injunction And To Grant Additional Relief. I am over the age of 18. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I am competent to testify to those matters.

2. On July 26, 2012, I deposed Ronald Bliss as Rockwell's Rule 30(b)(6) designated witness. (Docket No. 137.) Before starting the deposition, during the breaks at the deposition, and after the deposition, I discussed with Paul Tanck, counsel for plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively, "Rockwell"), Rockwell's failure to produce any licenses regarding the patents in suit, which included U.S. Patent No. 6,802,813, and the technology disclosed in the patents-in-suit.

3.     During these discussions, Mr. Tanck explained that Rockwell's primary concern about WAGO's requests regarding the licenses was that the definitions were overly broad. Rockwell did not want to produce licenses for every conceivable product sold by Rockwell whether or not they related to industrial controllers.  We agreed on a definition of the scope of the products to be covered by the licenses that included all products consisting of industrial controllers or the peripheral equipment that was installed with or connected to industrial controllers and software used in installations of such equipment.  Throughout our discussions, I reminded Mr. Tanck that WAGO expected to receive and Rockwell was obligated to produce any license that allegedly related to any of the patents-in-suits.  Mr. Tanck said that Rockwell would produce any such licenses.

4.     Attached as Exhibit A is a true and correct copy of Defendants' Second Set of Requests For the Production of Documents and Things to Plaintiffs dated on June 19, 2012.

5.     Attached as Exhibit B is a true and correct copy of the Notice Of Deposition Of Rockwell Automation, Inc. Pursuant To Rule 30(b)(6) And For The Production Of Documents Pursuant To Rules 30(B)(2) And 34 dated June 27, 2012.

6.     Attached as Exhibit C is a true and correct copy of the Notice Of Deposition Of Rockwell Automation Technologies, Inc. Pursuant To Rule 30(b)(6) And For The Production Of Documents Pursuant To Rules 30(B)(2) And 34 dated June 27, 2012.

7.     Attached as Exhibit D is a true and correct copy of Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc.'s Responses to Defendants' Second Set of Requests For the Production of Documents and Things to Plaintiffs dated July 19, 2012.

8. Attached as Exhibit E is a true and correct copy of Plaintiffs' Responses And Objections Pursuant To Fed. R. Civ. P. 30(b)(6) And For The Production Of Documents Pursuant To Fed. R. Civ. P. 30(b)(2) And 34 date July 25, 2012.

9. Attached as Exhibit F is a true and correct copy of a document produced by Rockwell having production numbers ROCK0000234–38, and purporting to be the Assignment of Invention to Rockwell Automation Technologies, Inc. executed by James J. Kay, David Allen Johnston, Shelly Lynn Urdaneta, and Stuart Blair Siegel on July 26, 2001.

10. Attached as Exhibit G is a true and correct copy of Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc.'s Amended Initial Disclosures dated July 26, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of November 2012.

*/s/ Marshall J. Schmitt*
Marshall J. Schmitt
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
T: 312.222.0800; F: 312.222.0818
Email: mjschmitt@michaelbest.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC<br><br>The Hon. William M. Conley |

**Certificate Of Service**

I HEREBY CERTIFY that on this 20th day of November, 2012, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>**COOLEY LLP**<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036-7798 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>  sbalber@cooley.com |
| Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>  ptanck@chadbourne.com<br>  lschapira@chadbourne.com |
| Kristin Graham Noel<br>Matthew J. Duchemin<br>**QUARLES & BRADY LLP**<br>33 East Main Street, Suite 900<br>Madison, WI 53703 | ☒ Via CM/ECF Service<br>☐ Via First Class Mail<br>☐ Via E-mail:<br>  kgn@quarles.com<br>  matthew.duchemin@quarles.com |

*/s/ Marshall J. Schmitt*
Marshall J. Schmitt