# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC |

**DEFENDANTS' SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Wago Corporation ("WCP") and Wago Kontakttechnik GmBH & CO. KG ("WKT") serve these requests for the production of documents and things upon plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. (collectively "Rockwell").  Rockwell is directed to produce the documents and things listed below for inspection within 30 days of service of this request at the law offices of Michael, Best & Friedrich LLP, 100 E. Wisconsin Ave., Ste. 3300, Milwaukee, WI 53202, or as otherwise agreed in advance by the parties.  These requests for the production of documents and things shall be construed to require the fullest and most complete disclosure permitted by the Federal Rules of Civil Procedure.

**Definitions**

WCP and WKT incorporate by reference the Definitions set forth in Defendants' First Set of Requests for Production Directed to Plaintiffs as if fully restated herein unless otherwise stated herein.

The term "Industrial Controller" means a control component, a control device, an industrial control component, an industrial control device, an industrial control system, an industrial controller, an industrial controller system, a programmed logic controller, related software, and/or a programmable logic controller, including, but not limited to, any product, service or method being accused of infringement by Plaintiffs in the above-captioned litigation, as well as any product, service or method made, used, sold or otherwise provided by any person which Plaintiffs contend competes with any product, service or method being accused of infringement by Plaintiffs in the above-captioned litigation. The term expressly includes, but is not limited to, Plaintiffs' file system PLCs (control/compact logix series (L3x, L4x, L6x, L7x and L8x)) and related modules and software and the Factory Talk Asset Centre.

## Instructions

1.  Documents shall be produced as they are kept in the ordinary course of business pursuant to Rule 34, including (i) providing information maintained in the ordinary course of business that indicates the source of the documents, (ii) providing file folders, tabs, labels, directories, and other designations maintained in the ordinary course of business along with their respective documents, and (iii) including attachments to documents as stored in the ordinary course of business.

2.  Any responsive documents or things not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (i) date; (ii) author; (iii) recipient; (iv) a list of all other persons to whom the contents of the document or thing was disclosed; (v) general subject matter; and (vi) the basis upon which it is being withheld from production pursuant to Rule 26(b)(5).

3.  Where a requested document has been destroyed, or is alleged to have been destroyed, or exists but is no longer in your possession, custody or control, state the reasons for

its destruction or disposition, identify the persons now in possession of the document or the persons having any knowledge of its destruction of disposition, and identify the persons responsible for its destruction or disposition.

4. Each non-identical copy or non-identical original of a document that is produced is considered a separate document and shall be produced.

5. Each request to produce documents includes a request for, and applies to, drafts of each and every document that is responsive.

6. In responding to these document requests, you should produce all documents that are available to you or subject to your reasonable inquiry, including documents in the possession of your attorneys, advisors, accountants, agents, representatives, subsidiaries, affiliates, parents, investors, officers, directors, or other persons directly or indirectly employed by or connected with you or your attorneys and anyone else otherwise subject to your control.

7. These document requests are continuing in nature and shall be supplemented forthwith between the time of its initial response and the time of trial pursuant to Rule 26(e) unless otherwise ordered by the Court.

8. If any request, instruction, or definition is ambiguous or unclear to you, you are requested to contact undersigned counsel as soon as possible so that the request, instruction, or definition can be clarified to avoid unnecessary delays in discovery.

9. Unless otherwise stated, all responsive documents dated or in effect subsequent to January 1, 2004 should be produced.

## Documents And Things To Be Produced

56. All license agreements or offers of license agreements relating to any of the Patents in Suit, including drafts of such agreements or offers.

57. All license agreements or offers of license agreements given or taken by either Plaintiff in the field of industrial control technology.

58. All documents related to all patents or technology that Plaintiffs have acquired or licensed from third parties relating to any Industrial Controller.

59. All documents related to all patents or technology that Plaintiffs have sold or licensed to third parties relating to any Industrial Controller.

60. All agreements or offers to enter into agreements between you and third parties relating to the development of an Industrial Controller, including but not limited to joint-development agreements, confidentiality agreements, non-disclosure agreements, secrecy agreements, licensing agreements, sales agreements, supply agreements, service agreements, and maintenance agreements.

61. All documents related to the marketing, distribution, promotion, sale, or offer for sale of any Industrial Controller that is covered by at least one claim of the Patents in Suit, including but not limited to records of product demonstrations, web sites, marketing materials, presentations, videos, audio recordings, correspondence with prospective customers, press releases, trade show materials, brochures, and mailings.

62. Documents showing the dates, description, quantity, and buyer of any Industrial Controller that you have ever marketed, sold, or distributed.

63. All business plans, marketing plans, studies (prepared internally or by third parties), or other documents relating to research or analysis of the market for Industrial Controllers.

64. All documents relating to research or analyses performed by or on behalf of Plaintiffs relating to Industrial Controllers.

65. All documents relating to any valuations made by or on behalf of Plaintiffs relating to Industrial Controllers.

66. All documents relating to the identity of actual or prospective buyers of Plaintiffs' Industrial Controllers.

67. All documents relating to projected, predicted, or otherwise anticipated sales of Plaintiffs' Industrial Controllers.

68. All documents relating to your pricing for, and pricing strategies in connection with, the marketing or sale of Industrial Controllers.

69. All documents related to profits, gross margins, net margins, revenues, costs of production, overhead costs, or other costs of Plaintiffs' Industrial Controllers, including but not limited to profit/loss statements.

70. Documents identifying and describing the supplier, price, name, and function of each component of any Industrial Controller.

71. All documents that disclose or relate to the suppliers for each component or part of Plaintiffs' Industrial Controllers including the supplier's name, address, and component or part supplied.

Dated:  June 19, 2012	Respectfully submitted,


	*/s/ David L. De Bruin*
	David L. De Bruin, Esq., SBN 1016776
	MICHAEL BEST & FRIEDRICH LLP
	100 East Wisconsin Avenue
	Suite 3300
	Milwaukee, WI  53202-4108
	T:  (414) 271-6560; F:  (414) 277-0656
	Email:  dldebruin@michaelbest.com

	Gilberto E. Espinoza
	MICHAEL BEST & FRIEDRICH LLP
	Two Prudential Plaza
	180 N. Stetson Avenue, Suite 2000
	Chicago, Illinois  60601-6710
	T: 312.222.0800; F: 312.222.0818
	Email: geespinoza@michaelbest.com

	John C. Scheller
	MICHAEL BEST & FRIEDRICH LLP
	One South Pinckney Street, Suite 700
	P.O. Box 1806
	Madison, Wisconsin  53701-1806
	T: 608.283.2276; F: 608.283.2275
	Email jcscheller@michaelbest.com

	and

	Robert N. Cook
	WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.
	11491 Sunset Hills Road, Suite 340
	Reston, Virginia 20190
	T: 703.787.9400; F: 703.787.7557
	Email: bob@wcc-ip.com

	*Attorneys for Defendants*
	*WAGO CORPORATION and*
	*WAGO KONTAKTTECHNIK GMBH & CO. KG*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>      *Plaintiffs,*<br><br>  v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>      *Defendants.* | Case No. 3:10CV718-WMC |

Certificate Of Service

    I HEREBY CERTIFY that on this 19th day of June, 2012, a copy of the foregoing was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☐ Via CM/ECF Service<br>☐ Via First Class Mail<br>☒ Via E-mail:<br>  sbalber@chadbourne.com<br>  ptanck@chadbourne.com<br>  lschapira@chadbourne.com |

                                            */s/ David L. De Bruin*
                                            David L. De Bruin