# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC |

**NOTICE OF DEPOSITION OF ROCKWELL AUTOMATION TECHNOLOGIES, INC.
PURSUANT TO RULE 30(b)(6) AND FOR THE PRODUCTION OF
DOCUMENTS PURSUANT TO RULES 30(b)(2) AND 34**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"), defendants Wago Corporation ("WCP") and Wago Kontakttechnik GmBH & CO. KG ("WKT") will take the deposition upon oral examination of plaintiff Rockwell Automation Technologies, Inc. ("Rockwell Tech") commencing at 9:00 a.m. (local time) on July 26, 2012, and continuing from day to day until completed. The deposition will be taken at the offices of Michael Best & Friedrich, 100 East Wisconsin Avenue, Suite 3300, Milwaukee, Wisconsin 53202.

In accordance with Rule 30(b)(6), Rockwell is directed to designate one or more to designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth in Schedule A attached hereto.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, Rockwell is further directed to produce the documents, records, or other materials set forth in Schedule B attached

hereto at or before the deposition. All subject matter set forth in Schedules A and B are subject to the "Definitions" contained in Schedule A and the "Instructions" contained in Schedule B.

By July 19, 2012, Rockwell shall inform WCP and WKT of the person(s) who will testify on each of the matters listed on Schedule A and shall set forth for each person designated the matters upon which such person(s) will testify.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day until completed. The testimony will be recorded by audiographic, stenographic, and videographic means.

## SCHEDULE A

### Definitions

WCP and WKT incorporate by reference the Definitions set forth in Defendants' First Set of Requests for Production Directed to Plaintiffs as if fully restated herein unless otherwise defined herein.

1. The term "**Industrial Controller**" means a control component, a control device, an industrial control component, an industrial control device, an industrial control system, an industrial controller, an industrial controller system, a programmed logic controller, related software, and/or a programmable logic controller, including, but not limited to, any product, service or method being accused of infringement by Plaintiffs in the above-captioned litigation, as well as any product, service or method made, used, sold or otherwise provided by any person which Plaintiffs contend competes with any product, service or method being accused of infringement by Plaintiffs in the above-captioned litigation. The term expressly includes, but is not limited to, Plaintiffs' file system PLCs (control/compact logix series (L3x, L4x, L6x, L7x and L8x)) and related modules and software and the Factory Talk Asset Centre.

2. The term "Accused Product" refers to any Industrial Controller made or sold by either Defendant in the United States that Plaintiffs' accuse of infringing any Patent in Suit.

### Topics For Examination

1. License agreements or offers of license agreements relating to any of the Patents in Suit.

2. License agreements or offers of license agreements given or taken by either Plaintiff in the field of industrial control technology.

3

3. Patents or technology that Plaintiffs have acquired or licensed from third parties relating to any Industrial Controller.

4. Patents or technology that Plaintiffs have sold or licensed to third parties relating to any Industrial Controller.

5. Agreements or offers to enter into agreements between you and third parties relating to the development of an Industrial Controller, including but not limited to joint-development agreements, confidentiality agreements, non-disclosure agreements, secrecy agreements, licensing agreements, sales agreements, supply agreements, service agreements, and maintenance agreements.

6. Marketing, distribution, promotion, sale, or offer for sale of any Industrial Controller that is covered by at least one claim of the Patents in Suit.

7. Business plans, marketing plans, and studies (prepared internally or by third parties), relating to research or analysis of the market for Industrial Controllers.

8. Market research or analyses performed by or on behalf of either Plaintiff relating to Industrial Controllers.

9. Valuations made by or on behalf of Plaintiffs relating to Industrial Controllers.

10. Actual or prospective buyers of Plaintiffs' Industrial Controllers.

11. Sales projections or forecasts of Plaintiffs' Industrial Controllers.

12. Pricing for, and pricing strategies in connection with, the marketing or sale of Plaintiffs' Industrial Controllers.

13. Profits, gross margins, net margins, revenues, costs of production, overhead costs, or other costs of Plaintiffs' Industrial Controllers, including but not limited to profit/loss statements.

14. Suppliers for each component or part of Plaintiffs' Industrial Controllers.

15. For each Accused Product, the Industrial Controllers made or sold by Plaintiffs with which Plaintiffs contend the Accused Product compete.

16. All facts and evidence that support the Plaintiffs' contentions referred to in Topic 15.

17. The identity of all Industrial Controllers produced by third parties that compete with each Industrial Controller of Plaintiffs identified in Topic 15 and all facts and evidence showing such competition exists.

18. Each sale of an Industrial Controller or of any other product that Plaintiffs' contend they lost due to the alleged infringement of any Patent in Suit by any Accused Product, including the sale price offered and the profits, gross margins, net margins, and revenues anticipated from each such sale.

19. For each sale identified in response to Topic 18, all evidence regarding competing offers for such sales.

20. For each Patent in Suit, the identity of each of Plaintiffs' Industrial Controllers covered by at least one claim of such Patent in Suit.

21. Any valuation of any Patent in Suit for any purpose.

22. All customer requests, requests for proposals, specifications or demands for features of Plaintiff's Industrial Controllers, *e.g.*, included in product requirement specifications and orders, covered by any claim of any Patent in Suit.

## SCHEDULE B

### Instructions

1. Documents shall be produced as they are kept in the ordinary course of business pursuant to Rule 34, including (i) providing information maintained in the ordinary course of business that indicates the source of the documents, (ii) providing file folders, tabs, labels, directories, and other designations maintained in the ordinary course of business along with their respective documents, and (iii) including attachments to documents as stored in the ordinary course of business.

2. Any responsive documents or things not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (i) date; (ii) author; (iii) recipient; (iv) a list of all other persons to whom the contents of the document or thing was disclosed; (v) general subject matter; and (vi) the basis upon which it is being withheld from production pursuant to Rule 26(b)(5).

3. Where a requested document has been destroyed, or is alleged to have been destroyed, or exists but is no longer in your possession, custody or control, state the reasons for its destruction or disposition, identify the persons now in possession of the document or the persons having any knowledge of its destruction of disposition, and identify the persons responsible for its destruction or disposition.

4. Each non-identical copy or non-identical original of a document that is produced is considered a separate document and shall be produced.

5. Each request to produce documents includes a request for, and applies to, drafts of each and every document that is responsive.

6. In responding to these document requests, you should produce all documents that are available to you or subject to your reasonable inquiry, including documents in the possession

of your attorneys, advisors, accountants, agents, representatives, subsidiaries, affiliates, parents, investors, officers, directors, or other persons directly or indirectly employed by or connected with you or your attorneys and anyone else otherwise subject to your control.

7. These document requests are continuing in nature and shall be supplemented forthwith between the time of its initial response and the time of trial pursuant to Rule 26(e) unless otherwise ordered by the Court.

8. If any request, instruction, or definition is ambiguous or unclear to you, you are requested to contact undersigned counsel as soon as possible so that the request, instruction, or definition can be clarified to avoid unnecessary delays in discovery.

9. Unless otherwise stated, all responsive documents dated or in effect subsequent to January 1, 2004 should be produced.

## Documents And Things To Be Produced

All documents relating to topics 1–22 in Schedule A.

Dated:  June 27, 2012	Respectfully submitted,


/s/ [e-signature]
David L. De Bruin, Esq., SBN 1016776
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI  53202-4108
T:  (414) 271-6560; F:  (414) 277-0656
Email:  dldebruin@michaelbest.com

Gilberto E. Espinoza
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois  60601-6710
T: 312.222.0800; F: 312.222.0818
Email: geespinoza@michaelbest.com

John C. Scheller
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, Wisconsin  53701-1806
T: 608.283.2276; F: 608.283.2275
Email: jcscheller@michaelbest.com

and

Robert N. Cook
WHITHAM, CURTIS, CHRISTOFFERSON & COOK, P.C.
11491 Sunset Hills Road, Suite 340
Reston, Virginia 20190
T: 703.787.9400; F: 703.787.7557
bob@wcc-ip.com

*Attorneys for Defendants*
*WAGO CORPORATION and*
*WAGO KONTAKTTECHNIK GMBH & CO. KG*

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>WAGO CORPORATION and WAGO KONTAKTTECHNIK GMBH & CO. KG<br><br>*Defendants.* | Case No. 3:10CV718-WMC |

**Certificate Of Service**

I HEREBY CERTIFY that on this 27th day of June, 2012, a copy of the foregoing document was served on the following counsel as indicated below.

| | |
|---|---|
| Scott S. Balber<br>Paul Tanck<br>Lisa Schapira<br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112 | ☐ Via CM/ECF Service<br>☐ Via First Class Mail<br>☒ Via E-mail:<br>sbalber@chadbourne.com<br>ptanck@chadbourne.com<br>lschapira@chadbourne.com |

*/s/ David L. De Bruin*
David L. De Bruin