# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and ROCKWELL AUTOMATION TECHNOLOGIES, INC.,<br><br>         Plaintiffs,<br><br>      -against-<br><br>WAGO CORPORATION and<br>WAGO KONTAKTTECHNIK GmbH & CO. KG,<br><br>         Defendants. | Case No. 3:10-CV-718-WMC |

**PLAINTIFFS ROCKWELL AUTOMATION, INC.'S
AND ROCKWELL AUTOMATION TECHNOLOGIES, INC.'S RESPONSES TO
DEFENDANTS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF
<u>DOCUMENTS AND THINGS TO PLAINTIFFS</u>**

Pursuant to Fed. R. Civ. P. 34, Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies, Inc. ("Rockwell") respond as follows to Defendants Wago Corporation ("WCP") and Wago Kontakttechnick GmbH & Co. KG ("WKT") (collectively "Defendants") "Second Set of Requests for The Production of Documents and Things to Plaintiffs" (the "Requests").

**GENERAL OBJECTIONS**

The following objections are incorporated by reference into each of Rockwell's responses below.

1. Rockwell incorporates by reference any objections set forth in Plaintiff Rockwell Automation Inc's and Rockwell Automation Technologies' Inc.'s Objections and Responses to Defendants First Set of Requests for Production Directed to Plaintiffs.

2. Rockwell objects to each request to the extent it imposes obligations beyond or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, applicable Orders of this Court, or any stipulation or agreement between the parties in effect for this action.

3. Rockwell objects to each request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity.  Rockwell does not intend to waive any applicable objection or privilege.

4. Rockwell objects to each request to the extent it is vague and ambiguous, unintelligible, or fails to describe with reasonable particularity the matters for which discovery is sought.

5. Rockwell objects to each request to the extent it is overly broad, unduly burdensome, oppressive, harassing, and not related to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.  (*See* Fed. R. Civ. P. 26(b)(1)).

6. Rockwell objects to each request to the extent it seeks documents or information that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  (*See* Fed. R. Civ. P. 26(b)(2)(C)(i)).

7. Rockwell objects to each request to the extent it seeks documents or information already in the possession of Defendants or in the public domain and which is as readily available to Defendants as it is to Rockwell.

8. Rockwell objects to the Requests to the extent that they are being used to seek information not for the purposes of defending this litigation but rather for commercial or competitive purpose of Defendants, either to Rockwell or otherwise.

9. Statements herein to the effect that documents (or certain documents) responsive to a particular item of the Requests (if any) will be produced do not constitute a representation that any such responsive documents in fact exist or are in the possession, custody or control of Rockwell, and responsive document shall only be produced to the extent that they in fact do exist and are in the possession, custody or control of Rockwell, and shall be produced at a time and place to be mutually agreed upon by counsel and in accordance with the Federal Rules of Civil Procedure.

10. Rockwell objects to the Request as being overbroad, oppressive and unduly burdensome inasmuch as they essentially restate or fall within the scope of document requests made in Defendants' First Set of Requests for Production and to the extent these Requests require the parties to revisit these previous requests or discovery matters that have previously been resolved.

11. Rockwell objects to each request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. (*See* Fed. R. Civ. P. 26(b)(2)(C)(iii)).

## **OBJECTIONS TO DEFENDANTS' "DEFINITIONS"**

Defendants' Requests incorporate by reference definitions set forth in "Defendants' First Set of Requests for Production Directed to Plaintiffs." Accordingly, Rockwell incorporates by reference its objections and responses to those definitions as set forth in Plaintiff Rockwell

3

Automation Inc's and Rockwell Automation Technologies' Inc.'s Objections and Responses to Defendants First Set of Requests for Production Directed to Plaintiffs.

Rockwell further objects to the definition of the term "Industrial Controller" on the grounds of vagueness and imprecision. Rockwell further objects to this definition to the extent that the use of the defined term purports to encompass within the scope of any particular item of the Requests documents that are not relevant to the claim or defense of any party, and states that Industrial Controller shall mean programmable logic controllers that are either accused of infringement or that embody one or more claims of the asserted patents.

Rockwell also objects to the term "relate", "relating to", or "related" on the grounds of vagueness and imprecision, and further objects to the extent that the use of these terms purports to encompass within the scope of any particular item of the Requests documents that are not relevant to the claim or defense of any party.

### STATEMENT REGARDING ROCKWELL'S RESPONSES TO DEFENDANTS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND <u>THINGS TO PLAINTIFF</u>

To the extent documents requested were not already produced pursuant to Defendants First Set of Document Requests, Rockwell will undertake reasonable effort to search for and produce certain documents and things in response to Defendants' requests, subject to the objections stated herein, based on Rockwell's understanding and interpretation of each request. Rockwell reserves the right to supplement and amend its objections and responses. Any statement herein that Rockwell will produce certain non-privileged, non-immune documents and things that are located after a reasonable search is not an admission or representation that the requested documents or things exist, but rather is a representation that Rockwell will undertake a reasonable search for such documents and things, and then will produce responsive, non-

privileged, non-immune documents and things that are located as a result of that search. Rockwell makes no representation that it will locate and/or produce all documents that are responsive to the requests contained in Defendants' requests.

## OBJECTIONS AND RESPONSES

### REQUEST NO. 56:

All license agreements or offers of license agreements relating to any of the Patents in Suit, including drafts of such agreements or offers.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 56

Rockwell objects to this Request as being duplicative of and/or unnecessary in light of Document Request 10 and thus unduly burdensome. Rockwell incorporates by reference its response to Document Request 10 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding license agreements concerning the Patents In Suit that are located after a reasonable search.

### REQUEST NO. 57:

All license agreements or offers of license agreements given or taken by either Plaintiff in the field of industrial control technology.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 57

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking

5

information that is not relevant to this lawsuit. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request 10 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request 10 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding license agreements concerning the Patents In Suit or certain Rockwell products embodying one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 58:**

All documents related to all patents or technology that Plaintiffs have acquired or licensed from third parties relating to any Industrial Controller.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 58**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. All documents relating to any patent or technology relating to Industrial Controllers as defined by Defendants is vague and causes Rockwell to be unable to respond to this Request. Rockwell objects to the Request as overbroad and seeks material that is unrelated to any claim or defense in this action. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 2-8, 10-17, 21-25, and 52-54 and thus unduly burdensome. Rockwell adopts and

6

incorporates its responses to Document Request Nos. 2-8, 10-17, 21-25, and 52-54 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding patents or technology that Rockwell has acquired from third parties concerning certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 59:**

All documents related to all patents or technology that Plaintiffs have sold or licensed to third parties relating to any Industrial Controller.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 59**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. All documents relating to any Industrial Controller as defined by Defendants is vague and causes Rockwell to be unable to respond to this Request. Rockwell also objects to the Request as overbroad and seeks material that is unrelated to any claim or defense in this action. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 10 and 57 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 10 and 57 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding patents or technology Rockwell has sold to third parties concerning the Patents In Suit or certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 60:**

All agreements or offers to enter into agreements between you and third parties relating to the development of an Industrial Controller, including but not limited to joint-development agreements, confidentiality agreements, non-disclosure agreements, secrecy agreements, licensing agreements, sales agreements, supply agreements, service agreements, and maintenance agreements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 60**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 3, 9 and 17 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 3, 9 and 17 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding development agreements with third parties concerning the Patents In

8

Suit or certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 61:**

All documents related to the marketing, distribution, promotion, sale, or offer for sale of any Industrial Controller that is covered by at least one claim of the Patents in Suit, including but not limited to records of product demonstrations, web sites, marketing materials, presentations, videos, audio recordings, correspondence with prospective customers, press releases, trade show materials, brochures, and mailings.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 61**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 12, 23, 25 and 53 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 12, 23, 25 and 53 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged (if any), non-immune documents and things concerning the Patents In Suit or certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 62:**

Documents showing the dates, description, quantity, and buyer of any Industrial Controller that you have marketed, sold, or distributed.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 62**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product

9

doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 12, 23 and 53 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 12, 23 and 53 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged (if any), non-immune documents and things sufficient to show the sale date, description, and quantity of sales of certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 63:**

All business plans, marketing plans, studies (prepared internally or by third parties), or other documents relating to research or analysis of the market for Industrial Controllers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 63**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. To the extent this Request seeks business plans, marketing plans, studies that do not involve products covered by one or more claims of the Patents In Suit it seeks information that is not relevant to any claims or defense in this action. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request No. 3 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request No. 3 as if stated herein.

10

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding Rockwell products that are covered by one or more claims of the Patents In Suit after a reasonable search.

**REQUEST NO. 64:**

All documents relating to research or analyses performed by or on behalf of Plaintiffs relating to Industrial Controllers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 64**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. To the extent this Request seeks research and analysis unrelated to the Patents In Suit it seeks information that is not relevant to any claims or defense in this action. The phrase "research or analysis" is vague and overly broad as it is not limited in scope and therefore seeks information that is not relevant to this action. Rockwell further objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 3, 9 and 17 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 3, 9 and 17 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and

11

things (if any) regarding Rockwell products that are covered by one or more claims of the Patents In Suit after a reasonable search.

**REQUEST NO. 65:**

All documents relating to any valuations made by or on behalf of Plaintiffs relating to Industrial Controllers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 65**

Further to the objections stated above, Rockwell objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or immunity. Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. Rockwell objects on the basis that the term "valuations" is vague and causes Rockwell to be unable to respond to this Request.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding Rockwell products that are covered by one or more claims of the Patents In Suit after a reasonable search.

**REQUEST NO. 66:**

All documents relating to the identity of actual or prospective buyers of Plaintiffs' Industrial Controllers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 66**

Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information regarding its customers that is not relevant to this lawsuit. Rockwell objects to this Request as being duplicative of and/or unnecessary in light of Document Request

12

Nos. 12, 12, 23, 52 and 53 and thus unduly burdensome.  Rockwell adopts and incorporates its responses to Document Request Nos. 12, 23, 52 and 53 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged (if any), non-immune documents and things sufficient to show the sale date, description, and quantity of sales of certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 67:**

All documents relating to projected, predicted, or otherwise anticipated sales of Plaintiffs' Industrial Controllers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 67**

Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding anticipated sales of certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 68:**

All documents relating to your pricing for, and pricing strategies in connection with, the marketing or sale of Industrial Controllers.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 68**

Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit.  Rockwell objects to this Request as

13

being duplicative of and/or unnecessary in light of Document Request Nos. 12, 23, 52 and 53 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 12, 23, 52 and 53 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding the pricing of certain or certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 69:**

All documents related to profits, gross margins, net margins, revenues, costs of production, overhead costs, or other costs of Plaintiffs' Industrial Controllers, including but not limited to profit/loss statements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 69**

Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. Rockwell objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 52 and 53 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 52 and 53 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding the profit margin and revenues of certain Rockwell products that embody one or more claims of the Patents In Suit (if any) that are located after a reasonable search.

**REQUEST NO. 70:**

Documents identifying and describing the supplier, price, name, and function of each component of any Industrial Controller.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 70**

Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information that is not relevant to this lawsuit. Documents "identifying and describing the supplier, price, name, and function of each component of any industrial controllers" is vague and causes Rockwell to be unable to respond to this Request. To the extent this Request seeks documents that unrelated to the products that are covered by the asseted patents the Request is overbroad. Rockwell objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 53, 54 and 55 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 53, 54 and 55 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) regarding the pricing and description of certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

**REQUEST NO. 71:**

All documents that disclose or relate to the suppliers for each component or part of Plaintiffs' Industrial Controllers including the supplier's name, address, and component or part supplied.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 71**

Rockwell objects to this Request as overly broad and thus designed to harass Rockwell by seeking information regarding suppliers that is not relevant to this lawsuit. Rockwell further

object to this item of the Requests as being unduly burdensome and not relevant to the claim or defense of any party to the extent that it is not limited to Defendants' accused products or claims of the asserted patents of which the accused products are alleged to infringe. Rockwell objects to this Request as being duplicative of and/or unnecessary in light of Document Request Nos. 53, 54 and 55 and thus unduly burdensome. Rockwell adopts and incorporates its responses to Document Request Nos. 53, 54 and 55 as if stated herein.

Subject to, as limited by, and without waiver of or prejudice to these objections, and the foregoing General Objections, Objections to Definitions and/or Instructions, and to the extent not already produced, Rockwell will produce certain non-privileged, non-immune documents and things (if any) describing the features and functions of certain Rockwell products that embody one or more claims of the Patents In Suit that are located after a reasonable search.

Dated: July 19, 2012

/s/ Paul J. Tanck

Scott S. Balber (admitted in W.D. Wis.)
Paul Tanck (admitted in W.D. Wis.)
Lisa Schapira (admitted in W.D. Wis.)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
Email: sbalbler@chadbourne.com
       ptanck@chadbourne.com
       lschapira@chadbourne.com

COUNSEL FOR PLAINTIFFS
ROCKWELL AUTOMATION, INC.
& ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2012, pursuant to a written agreement between the parties' counsel governing service in this action, a copy of this document is being served by electronic mail on Defendants' counsel listed below at the email addresses listed below:

    Robert Cook, Esq.
    Whitham, Curtis, Christofferson & Cook, P.C.
    11491 Sunset Hills Road, Suite 340
    Reston, Virginia 20190
    Tel.: (703) 787-9400, ext. 122
    Fax: (703) 787-7557
    Email: bob@wcc-ip.com

    John C. Schaller, Esq. (SBN 1031247)
    David DeBruin, Esq.
    Michael Best & Friedrich LLP
    One South Pinckney Street – Suite 700
    Madison, WI 53703
    Tel.: (608) 257-3501
    Fax: (608) 283-2275
    Email: jcscheller@michaelbest.com
    Email: dldebruin@michaelbest.com

                                                              /s/ Lisa Schapira
                                                              Lisa Schapira