# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCKWELL AUTOMATION, INC. and<br>ROCKWELL AUTOMATION TECHNOLOGIES,<br>INC.,<br><br>                                            Plaintiffs,<br><br>                    -against-<br><br>WAGO CORPORATION and<br>WAGO KONTAKTTECHNIK GmbH & CO. KG,<br><br>                                            Defendants. | Case No. 3:10-CV-718-WMC |

**PLAINTIFFS' RESPONSES AND OBJECTIONS PURSUANT TO
FED. R. CIV. P. 30(b)(6) AND FOR THE PRODUCTION
<u>OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 30(b)(2) AND 34</u>**

Plaintiffs Rockwell Automation, Inc. and Rockwell Automation Technologies Inc. ("Rockwell") have the following objections generally applicable to each of the "Topics" set forth in defendants Wago Corporation and Wago Kontakttechnick GmbH & CO. KG ("Defendants") Notices of Deposition of Rockwell pursuant to Fed. R. Civ. P. Rule 30(b)(6) (the "Notice") that were served on June 27, 2012 and are incorporated into each and every one of Rockwell's objections as though fully set forth therein ("General Objections"), and is in addition to any specific objections stated in response to a particular Topic. Pursuant to Fed. R. Civ. P. Rule 34(b)(2), Rockwell also responds and objects to the request for documents contained in the Notice as follows:

<u>**GENERAL OBJECTIONS**</u>

1.      Rockwell objects to the Notice to the extent that it purports, through definitions or otherwise, to impose burdens and duties upon Rockwell beyond the scope contemplated, or other

limits imposed, by the requirements of the Federal Rules of Civil Procedure and the Local Rules (collectively, "the Rules").  Rockwell will construe and respond to the Notice in accordance with the requirements and limitations of the Rules.

2. Rockwell objects to the time and place of the deposition specified in the Notice. Rockwell will make any designated witness(es) available at a time and place mutually agreed upon by the parties.

3. Unless otherwise expressly stated to the contrary, nothing in Rockwell's responses to anything contained in the Notice is intended as an implicit or explicit adoption or admission of the correctness of any of the claims in this lawsuit, or of the interpretation of any of the terms or phrases that appear in the Notice or any other disputed position or interpretation in this action.

4. Rockwell objects to any Topic for examination in the Notice to the extent that it seeks information or identification of information that is protected by any form of recognized privilege, including but not limited to the attorney-client and work-product privileges and any confidentiality agreement.  Nothing in these objections is intended to be, or in any way shall be deemed, a waiver of an available privilege or immunity.

5. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks information that is not relevant to any claim or defense in the underlying action and that is not reasonably calculated to lead to the discovery of admissible evidence.

6. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks information or identification of information that does not exist, is not known to Rockwell, is not reasonably available to Rockwell, is not within the custody or control of Rockwell, or is known by or available from a third party.

7. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks information or identification of information that is already known or available to Defendants or within the custody or control of Defendants.

8. Rockwell objects to any Topics for examination in the Notice to the extent it seeks discovery that is duplicative of other discovery taken in this case, or calls for discovery that would be more easily obtained through other less burdensome means.

9. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks information, identification of information, or documents and things that are equally available to Defendants through public sources or records on grounds that such requests subject it to unreasonable and undue oppression, burden and expense.

10. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks the disclosure of trade secrets, or confidential commercial, business, financial, proprietary or competitively sensitive information. Subject to and without waiver of this or any other objection, Rockwell will provide information in response to the Notice subject to and in accordance with the Protective Order entered in this action.

11. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks information that is considered confidential and/or proprietary business information of third parties or that is subject to, or protected under, non-disclosure or confidentiality agreements that Rockwell has entered into with third parties.

12. Rockwell objects to any Topics for examination the Notice to the extent that it seeks the disclosure of information involving the privacy rights of individuals not parties to this litigation.

13. Rockwell objects to any Topics for examination in the Notice to the extent that it seeks a designee to testify as to a legal conclusion.

14.     To the extent not otherwise expressly set forth herein, Rockwell incorporates by reference the objections made in Rockwell's objections to Defendants First and Second Set of Requests for Production directed to Rockwell.

15.     Rockwell objects to the Topics to the extent they are overly broad, are vague and ambiguous or unintelligible, or fail to describe with reasonable particularity the matters for which discovery is sought.  Accordingly, the notices impose obligations beyond or inconsistent with those required by the FRCP, and are unduly burdensome as they seek information that is not relevant to any clam or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

16.     Rockwell further objects to the Topics to the extent they are being used to seek information not for the purposes of defending this litigation but rather for commercial or competitive purposes of Defendants.

17.     Rockwell objects to the definition of the term "Industrial Controller" on the grounds of vagueness and imprecision.  Rockwell further objects to this definition to the extent that the use of the defined term purports to encompass within the scope of any particular item of the Requests documents that are not relevant to the claim or defense of any party, and states that Industrial Controller shall mean programmable logic controllers that are either accused of infringement or that embody one or more claims of the asserted patents.

## OBJECTIONS TO TOPICS AND DOCUMENT REQUESTS

**Topic 1.**     License agreements or offers of license agreements relating to any of the Patents in Suit.

**OBJECTION TO TOPIC:**

Subject to the General Objections above, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request Nos. 10 and 56.


**Topic 2.**     License agreements or offers of license agreements given or taken by either Plaintiff in the field of industrial control technology.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague and ambiguous as to the use of the term "field of industrial control technology". Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request Nos. 10 and 57.

**Topic 3.**      <u>Patents or technology that Plaintiffs have acquired or licensed from third parties relating to any Industrial Controller.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 58.

**Topic 4.**      <u>Patents or technology that Plaintiffs have sold or licensed to third parties relating to any Industrial Controller.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 59.

**Topic 5.**     Agreements or offers to enter into agreements between you and third parties relating to the development of an Industrial Controller, including but not limited to joint development agreements, confidentiality agreements, non-disclosure agreements, secrecy agreements, licensing agreements, sales agreements, supply agreements, service agreements, and maintenance agreements.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 60.


**Topic 6.**     Marketing, distribution, promotion, sale, or offer for sale of any Industrial Controller that is covered by at least one claim of the Patents in Suit.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 61.

**Topic 7.** <u>Business plans, marketing plans, and studies (prepared internally or by third parties), relating to research or analysis of the market for Industrial Controllers.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague and ambiguous as to the use of the term "market for Industrial Controllers". Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 63.


**Topic 8.** <u>Market research or analyses performed by or on behalf of either Plaintiff relating to Industrial Controllers.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request Nos. 63 and 64.

**Topic 9.**     Valuations made by or on behalf of Plaintiffs relating to Industrial Controllers.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Rockwell further objects on the grounds that the term "valuations" is vague and unintelligible. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 65.

**Topic 10.**     Actual or prospective buyers of Plaintiffs' Industrial Controllers.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 66.

**Topic 11.**  Sales projections or forecasts of Plaintiffs' Industrial Controllers.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 67.


**Topic 12.**  Pricing for, and pricing strategies in connection with, the marketing or sale of Plaintiffs' Industrial Controllers.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 68.

**Topic 13.** <u>Profits, gross margins, net margins, revenues, costs of production, overhead costs, or other costs of Plaintiffs' Industrial Controllers, including but not limited to profit/loss statements.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 69.


**Topic 14.** <u>Suppliers for each component or part of Plaintiffs' Industrial Controllers.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request No. 70.

**Topic 15.** <u>For each Accused Product, the Industrial Controllers made or sold by Plaintiffs with which Plaintiffs contend the Accused Product compete.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Rockwell reserves all objections and states that this Document Request is vague and unintelligible and until Defendants clarify the documents it is seeking pursuant to this request, Rockwell is unable to respond.

**Topic 16.** <u>All facts and evidence that support the Plaintiffs' contentions referred to in Topic 15.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Rockwell reserves all objections and states that this Document Request is vague and unintelligible and until Defendants clarify the documents it is seeking pursuant to this request, Rockwell is unable to respond. Subject to and without waiver to these objections and the General Objections above, Rockwell will produce (if any) non-privileged, non-immune documents that are related to competitive analysis between the Accused Products and Rockwell's products.

**Topic 17.**   <u>The identity of all Industrial Controllers produced by third parties that compete with each Industrial Controller of Plaintiffs identified in Topic 15 and all facts and evidence showing such competition exists.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Subject to and without waiver to these objections and the General Objections above, Rockwell will produce (if any) certain relevant, non-privileged, non-immune documents that demonstrate competition between third party Industrial Controllers and Rockwell's Industrial Controllers identified in Topic 15.

**Topic 18.** <u>Each sale of an Industrial Controller or of any other product that Plaintiffs' contend they lost due to the alleged infringement of any Patent in Suit by any Accused Product, including the sale price offered and the profits, gross margins, net margins, and revenues anticipated from each such sale.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Subject to and without waiver to these objections and the General Objections above, Rockwell will produce (if any exist) certain relevant, non-privileged, non-immune documents that are located after a reasonable search.

**Topic 19.** <u>For each sale identified in response to Topic 18, all evidence regarding competing offers for such sales.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested

pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Subject to and without waiver to these objections and the General Objections above, Rockwell will produce (if any exist) certain relevant, non-privileged, non-immune documents that concerning competing offer for sales in response to Topic 18.

**Topic 20.** <u>For each Patent in Suit, the identity of each of Plaintiffs' Industrial Controllers covered by at least one claim of such Patent in Suit.</u>

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell adopts and incorporates its objections to Document Request Nos. 4 and 34.

**Topic 21.**     Any valuation of any Patent in Suit for any purpose.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Rockwell further objects to the term "valuation" as vague and unintelligible. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Subject to and without waiver to these objections and the General Objections above, Rockwell will produce (if any exist) certain relevant, non-privileged, non-immune documents that are located after a reasonable search.

**Topic 22.**     All customer requests, requests for proposals, specifications or demands for features of Plaintiff's Industrial Controllers, *e.g.*, included in product requirement specifications and orders, covered by any claim of any Patent in Suit.

**OBJECTION TO TOPIC:**

In addition to the General Objections above, Rockwell objects to this Deposition Topic as vague, ambiguous, overly broad and unduly burdensome. Subject to these general and specific objections, Rockwell will designate a witness under Fed. R. Civ. P. Rule 30(b)(6) to testify on its behalf with respect to this Deposition Topic, except to the extent that information requested pursuant to this topic is not known to Rockwell, is not reasonably available to Rockwell, or is not within the custody or control of Rockwell.

**OBJECTION TO DOCUMENT REQUEST:**

Rockwell incorporates its objections stated in its first and second set of responses and objections to Defendants' document requests. Subject to and without waiver to these objections and the General Objections above, Rockwell will produce (if any exist) certain relevant, non-privileged, non-immune documents that are found after a reasonable search.

Dated:  July 25, 2012                                    /s/  Paul J. Tanck

                                                Scott S. Balber (admitted in W.D. Wis.)
                                                Paul Tanck (admitted in W.D. Wis.)
Lisa Schapira (admitted in W.D. Wis.)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email: sbalbler@chadbourne.com
        ptanck@chadbourne.com
        lschapira@chadbourne.com

COUNSEL FOR PLAINTIFFS
ROCKWELL AUTOMATION, INC.
& ROCKWELL AUTOMATION
TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of July, 2012, pursuant to a written agreement between the parties' counsel governing service in this action, a copy of this document is being served by electronic mail on Defendants' counsel listed below at the email addresses listed below:

      Robert Cook, Esq.
      Whitham, Curtis, Christofferson & Cook, P.C.
      11491 Sunset Hills Road, Suite 340
      Reston, Virginia 20190
      Tel.: (703) 787-9400, ext. 122
      Fax: (703) 787-7557
      Email: bob@wcc-ip.com

      John C. Schaller, Esq. (SBN 1031247)
      David DeBruin, Esq.
      Michael Best & Friedrich LLP
      One South Pinckney Street – Suite 700
      Madison, WI 53703
      Tel.: (608) 257-3501
      Fax: (608) 283-2275
      Email: jcscheller@michaelbest.com
      Email: dldebruin@michaelbest.com

      I declare under the penalty of perjury under the laws of the United States that the forgoing statement is true.

                                                            /s/ Lisa Schapira
                                                           Lisa Schapira